# EXHIBIT "A"

# ALABAMA SJIS CASE DETAIL

PREPARED FOR: SCH


**alacourt.com**

County: **10**    Case Number: **CV-2022-900034.00**    Court Action:

Style: **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

**Real Time**

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **10-BUTLER** | Case Number: | **CV-2022-900034.00** | Judge: | **ADJ:ADRIAN D JOHNSON** |

Style: **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

Filed: **04/27/2022**    Case Status: **ACTIVE**    Case Type: **WRONGFUL DEATH**

Trial Type: **JURY**    Track:    Appellate Case: **0**

No of Plaintiffs: **2**    No of Defendants: **13**

### Damages

Damage Amt: **0**    Punitive Damages: **0**    General Damages: **0**

No Damages:    Compensatory Damages: **0**

Pay To:    Payment Frequency:    Cost Paid By:

### Court Action

Court Action Code:    Court Action Desc:    Court Action Date:

Num of Trial days: **0**    Num of Liens: **0**    Judgment For:

Dispositon Date of Appeal:    Disposition Judge:    :    Disposition Type:

Revised Judgement Date:    Minstral:    Appeal Date:

Date Trial Began but No Verdict (TBNV1):

Date Trial Began but No Verdict (TBNV2):

### Comments

Comment 1:    **HEARING-LOWNDES COUNTY COURTHOUSE**

Comment 2:

### Appeal Information

Appeal Date:    Appeal Case Number:    Appeal Court:

Appeal Status:    Orgin Of Appeal:

Appeal To:    Appeal To Desc:    LowerCourt Appeal Date:

Disposition Date Of Appeal:    Disposition Type Of Appeal:

### Administrative Information

Transfer to Admin Doc Date:    Transfer Reason:    Transfer Desc:

Number of Subponeas:    Last Update: **02/06/2023**    Updated By: **AJA**

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 2 | 10/03/2022 | 001 | 09:00 AM | **MOOO - MOTION** |
| 3 | 09/12/2022 | 001 | 09:00 AM | **HEAR - HEARING** |
| 4 | 11/06/2023 | 001 | 09:00 AM | **JTRL - TRIAL - JURY** |

## Parties

## Party 1 - Plaintiff INDIVIDUAL - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

### Party Information

| | | | | |
|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | Type: | I-INDIVIDUAL |
| Index: | D WOODFORK JAM | Alt Name: | | Hardship: No | JID: CLP |
| Address 1: | 6911 OAKLANE DRIVE | | | Phone: (334) 000-0000 | |
| Address 2: | | | | | |
| City: | THEODORE | State: AL | | Zip: 36582-0000 | Country: US |
| SSN: | 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 | DOB: | | Sex: | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: | |
| Answer: | Answer Type: | Notice of No Service: | | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | SMA014 | | SMALLEY JACK III | TRIP@LONGANDLONG.COM | (251) 445-6000 |
| Attorney 2 | LON026 | | LONG EARLE WALTER IV | EARLE@LONGANDLONG.COM | (251) 432-4878 |
| Attorney 3 | HIC022 | | HICKMAN WALTON WARD | WALTON@LONGANDLONG.COM | (334) 300-2696 |

## Party 2 - Plaintiff INDIVIDUAL - N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

### Party Information

| | | | | |
|---|---|---|---|---|
| Party: | C002-Plaintiff | Name: | N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | Type: | I-INDIVIDUAL |
| Index: | D WOODFORK JAM | Alt Name: | | Hardship: No | JID: ADJ |
| Address 1: | 6911 OAKLANE DRIVE | | | Phone: (334) 000-0000 | |
| Address 2: | | | | | |
| City: | THEODORE | State: AL | | Zip: 36582-0000 | Country: US |
| SSN: | 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 | DOB: | | Sex: | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: | |
| Answer: | Answer Type: | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | SMA014 | | SMALLEY JACK III | TRIP@LONGANDLONG.COM | (251) 445-6000 |
| Attorney 2 | LON026 | | LONG EARLE WALTER IV | EARLE@LONGANDLONG.COM | (251) 432-4878 |
| Attorney 3 | HIC022 | | HICKMAN WALTON WARD | WALTON@LONGANDLONG.COM | (334) 300-2696 |
| Attorney 4 | POO003 | | POOLE CALVIN III | CALVIN@POOLELAW.COM | (334) 382-3123 |

### Party 3 - Defendant INDIVIDUAL - WOODFORK JAMES B.

#### Party Information

| | | | | | | | |
|--|--|--|--|--|--|--|--|
| Party: | D001-Defendant | Name: | WOODFORK JAMES B. | | | Type: | I-INDIVIDUAL |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | 312 CATHY LANE | | | Phone: | (334) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | GARDENDALE | State: | AL | Zip: | 35071-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: | |

#### Court Action

| | | | | | |
|--|--|--|--|--|--|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | 06152022-COPY OF AM/COMP SENT TO JEFFERSON CO | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

#### Service Information

| | | | | | | |
|--|--|--|--|--|--|--|
| Issued: | 04/27/2022 | Issued Type: | A-PROCESS SERVER | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | 04/27/2022 | Service Type | V-PROCESS SERVER | Service On: | | Served By: |
| Answer: | 01/30/2023 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: | Notice of No Answer: | |

#### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | PIP005 | | PIPKIN WILLIAM EUGENE JR. | BPIPKIN@MAPLAW.COM | (251) 431-9006 |
| Attorney 2 | BRA121 | | FREDERICK BRANDI BRANTON | BFREDERICK@MAPLAW.COM | (205) 870-3767 |
| Attorney 3 | STE140 | | STEWART JOSEPH EDWARD BIS | JSTEWART@MAPLAW.COM | (205) 870-3767 |
| Attorney 4 | LEW016 | | LEWIS RICHARD WAYNE | R-LEWIS@MAPLAW.COM | (205) 870-3767 |

### Party 4 - Defendant BUSINESS - WOODFORK ENTERPRISES, INC.

#### Party Information

| | | | | | | | |
|--|--|--|--|--|--|--|--|
| Party: | D002-Defendant | Name: | WOODFORK ENTERPRISES, INC. | | | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | C/O JAMES B. WOODFORK | | | Phone: | (334) 000-0000 | | |
| Address 2: | 708 ALICE STREET SW | | | | | | |
| City: | BESSEMER | State: | AL | Zip: | 35022-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | Court Action Date: | |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | Arrest Date: | |
| Warrant Action Date: | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: 04/27/2022 Issued Type: A-PROCESS SERVER | Reissue: | Reissue Type: | |
| Return: Return Type: | Return: | Return Type: | |
| Served: Service Type | Service On: | Notice of No Answer: Served By: | |
| Answer: 01/30/2023 Answer Type: D-COMPLAINT DENIED | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | PIP005 | | PIPKIN WILLIAM EUGENE JR. | BPIPKIN@MAPLAW.COM | (251) 431-9006 |
| Attorney 2 | BRA121 | | FREDERICK BRANDI BRANTON | BFREDERICK@MAPLAW.COM | (205) 870-3767 |
| Attorney 3 | LEW016 | | LEWIS RICHARD WAYNE | R-LEWIS@MAPLAW.COM | (205) 870-3767 |
| Attorney 4 | STE140 | | STEWART JOSEPH EDWARD BIS | JSTEWART@MAPLAW.COM | (205) 870-3767 |

## Party 5 - Defendant BUSINESS - HANSEN & ADKINS, INC.

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | HANSEN & ADKINS, INC. | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: No JID: | ADJ |
| Address 1: | C/O CSC, INC. | | | Phone: (334) 000-0000 | |
| Address 2: | 251 LITTLE FALLS DRIVE | | | | |
| City: | WILMINGTON | State: | DE | Zip: 19808-0000 Country: | US |
| SSN: | 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 | DOB: | | Sex: Race: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | D-DISMISSED W/O PREJUDICE/JURIS. OR PROS. | Court Action Date: 08/05/2022 | |
| Amount of Judgement: $0.00 | Court Action For: D-DEFENDANT | Exemptions: | |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | Arrest Date: | |
| Warrant Action Date: | Warrant Action Status: | Status Description: | |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 06/14/2022 Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: | |
| Return: Return Type: | Return: | Return Type: | |
| Served: 06/22/2022 Service Type C-CERTIFIED MAIL | Service On: | Notice of No Answer: Served By: | |
| Answer: Answer Type: | Notice of No Service: | | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BRA121 | | FREDERICK BRANDI BRANTON | BFREDERICK@MAPLAW.COM | (205) 870-3767 |

## Party 6 - Defendant BUSINESS - HANSEN & ADKINS AUTO LOGISTICS, INC.

## Party Information

| | | | |
|---|---|---|---|
| Party: | **D004-Defendant** | Name: | **HANSEN & ADKINS AUTO LOGISTICS, INC.** | Type: | **B-BUSINESS** |
| Index: | **C J.A.D., A MI** | Alt Name: | | Hardship: | **No** | JID: | **ADJ** |
| Address 1: | **C/O CSC, INC.** | | Phone: | **(334) 000-0000** |
| Address 2: | **251 LITTLE FALLS DRIVE** | | | |
| City: | **WILMINGTON** | State: | **DE** | Zip: | **19808-0000** | Country: | **US** |
| SSN: | **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** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | **06/14/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | **06/22/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | | Served By: |
| Answer: | **01/30/2023** | Answer Type: | **D-COMPLAINT DENIED** | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BRA121 | | FREDERICK BRANDI BRANTON | BFREDERICK@MAPLAW.COM | (205) 870-3767 |
| Attorney 2 | LEW016 | | LEWIS RICHARD WAYNE | R-LEWIS@MAPLAW.COM | (205) 870-3767 |
| Attorney 3 | STE140 | | STEWART JOSEPH EDWARD BIS | JSTEWART@MAPLAW.COM | (205) 870-3767 |
| Attorney 4 | PIP005 | | PIPKIN WILLIAM EUGENE JR. | BPIPKIN@MAPLAW.COM | (251) 431-9006 |

## Party 7 - Defendant BUSINESS - ROYAL TRUCK LEASING, LLC

### Party Information

| | | | |
|---|---|---|---|
| Party: | **D005-Defendant** | Name: | **ROYAL TRUCK LEASING, LLC** | Type: | **B-BUSINESS** |
| Index: | **C J.A.D., A MI** | Alt Name: | | Hardship: | **No** | JID: | **ADJ** |
| Address 1: | **2710 GATEWAY OAKS DRIVE** | | Phone: | **(334) 000-0000** |
| Address 2: | **SUITE 150N** | | | |
| City: | **SACRAMENTO** | State: | **CA** | Zip: | **95833-0000** | Country: | **US** |
| SSN: | **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** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | **06/14/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | **06/21/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | | Served By: |
| Answer: | **01/30/2023** | Answer Type: | **D-COMPLAINT DENIED** | Notice of No Service: | Notice of No Answer: |

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BRA121 | | FREDERICK BRANDI BRANTON | BFREDERICK@MAPLAW.COM | (205) 870-3767 |
| Attorney 2 | LEW016 | | LEWIS RICHARD WAYNE | R-LEWIS@MAPLAW.COM | (205) 870-3767 |
| Attorney 3 | PIP005 | | PIPKIN WILLIAM EUGENE JR. | BPIPKIN@MAPLAW.COM | (251) 431-9006 |
| Attorney 4 | STE140 | | STEWART JOSEPH EDWARD BIS | JSTEWART@MAPLAW.COM | (205) 870-3767 |

## Party 8 - Defendant BUSINESS - ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D006-Defendant | Name: | ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS | | | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | C/O ALEBACHEW ADEME, RA | | | Phone: | (334) 000-0000 | | |
| Address 2: | 887 N INDIAN CREEK DR #E | | | | | | |
| City: | CLARKSTON | State: | GA | | | Zip: | 30021-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 06/14/2022 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: | |
| Return: | 07/27/2022 | Return Type: | C-UNCLAIMED CERT MAIL | Return: | | Return Type: | |
| Served: | 06/23/2022 | Service Type | C-CERTIFIED MAIL | Service On: | | Served By: | Notice of No Answer: |
| Answer: | 07/21/2022 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: | | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | ROG024 | | ROGERS JANNEA SUZANNE | JANNEA.ROGERS@ARLAW.COM | (251) 433-3234 |
| Attorney 3 | RIC105 | | RICHARDSON BLAKE TUCKER | BLAKE.RICHARDSON@ARLAW.COM | (251) 650-0868 |

## Party 9 - Defendant INDIVIDUAL - TAKELU MAMUYE AYANE

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D007-Defendant | Name: | TAKELU MAMUYE AYANE | | | Type: | I-INDIVIDUAL |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | 929 GLYNN OAKS DRIVE | | | Phone: | (334) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | CLARKSTON | State: | GA | | | Zip: | 30021-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Issued: | 06/14/2022 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | | Service Type | | Service On: | | Served by: | |
| Answer: | 07/21/2022 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: | | Notice of No Answer: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | ROG024 | | ROGERS JANNEA SUZANNE | JANNEA.ROGERS@ARLAW.COM | (251) 433-3234 |
| Attorney 3 | RIC105 | | RICHARDSON BLAKE TUCKER | BLAKE.RICHARDSON@ARLAW.COM | (251) 650-0868 |

## Party 10 - Defendant BUSINESS - SAMSARA, INC.

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D008-Defendant | Name: | SAMSARA, INC. | | | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | C/O CT CORPORATION SYSTEM | | | Phone: | (334) 000-0000 | | |
| Address 2: | 330 N BRAND BLVD #700 | | | | | | |
| City: | GLENDALE | State: | CA | | | Zip: | 91203-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Issued: | 06/14/2022 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | 06/23/2022 | Service Type | C-CERTIFIED MAIL | Service On: | | Served by: | |
| Answer: | 01/23/2023 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: | | Notice of No Answer: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | SMI219 | | SMITH SCOTT BURNETT | SSMITH@BRADLEY.COM | (256) 517-5198 |
| Attorney 2 | PEA053 | | PEARCE HUNTER WADE | HPEARCE@BRADLEY.COM | (256) 517-5104 |
| Attorney 3 | MCD082 | | MCDANIEL RILEY ALEXANDER | RMCDANIEL@BRADLEY.COM | (205) 521-8890 |
| Attorney 4 | STE067 | | STEWART CHARLES ANDREW II | CSTEWART@BRADLEY.COM | (334) 956-7608 |

## Party 11 - Defendant BUSINESS - GEICO CASUALTY COMPANY

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D009-Defendant | Name: | GEICO CASUALTY COMPANY | | | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | C/O CT CORPORATION SYSTEM | | | Phone: | (334) 000-0000 | | |
| Address 2: | 2 N JACKSON ST, STE 605 | | | | | | |
| City: | MONTGOMERY | State: | AL | | | Zip: | 36104-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: | |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | | Court Action Date: |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: |
| Comment: | | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | 06/14/2022 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | | Service Type | | Service On: | | Notice of No Answer: Served By: |
| Answer: | 01/31/2023 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | DOW015 | | DOWDY KENNETH ALDEN | KDOWDY@GEICO.COM | (205) 877-9540 |

## Party 12 - Defendant BUSINESS - AMGUARD INSURANCE COMPANY

### Party Information

| | | | | |
|---|---|---|---|---|
| Party: | D010-Defendant | Name: | AMGUARD INSURANCE COMPANY | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | C/O CT CORPORATION SYSTEM | | Phone: | (334) 000-0000 |
| Address 2: | 2 N JACKSON ST, STE 605 | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| SSN: | 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 | DOB: | | Sex: | | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | | Court Action Date: |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: |
| Comment: | | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | 06/14/2022 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | | Service Type | | Service On: | | Notice of No Answer: Served By: |
| Answer: | 01/23/2023 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | GAD004 | | GADDY JEREMY SCOTT | JGADDY@CLARKMAYPRICE.COM | (205) 414-7577 |

## Party 13 - Defendant BUSINESS - VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS

### Party Information

| | | | | |
|---|---|---|---|---|
| Party: | D011-Defendant | Name: | VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS | Type: | B-BUSINESS |
| Index: | C J.A.D., A MI | Alt Name: | | Hardship: | No | JID: | ADJ |
| Address 1: | C/O CT CORPORATION SYSTEM | | Phone: | (334) 000-0000 |

| | |
|---|---|
| Address 2: | 2 N JACKSON ST, STE 605 |
| City: | MONTGOMERY   State: AL   Zip: 36104-0000   Country: US |
| SSN: | 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   DOB:   Sex:   Race: |

## Court Action

| | |
|---|---|
| Court Action: | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For:   Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00   Date Satisfied: |
| Comment: | Arrest Date: |
| Warrant Action Date: | Warrant Action Status:   Status Description: |

## Service Information

| | |
|---|---|
| Issued: 08/29/2022   Issued Type: C-CERTIFIED MAIL | Reissue:   Reissue Type: |
| Return:   Return Type: | Return:   Return Type: |
| Served:   Service Type | Service On:   Notice of No Answer: Served By: |
| Answer: 02/06/2023   Answer Type: D-COMPLAINT DENIED | Notice of No Service: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | MOR054 | | MORROW JOHN CALHOUN | JMORROW@BURR.COM | (205) 458-5298 |
| Attorney 2 | RUS023 | | RUSSELL JAMES MACDONALD J | MACK@MACKRUSSELL.COM | (334) 399-2558 |

### Party 14 - Defendant BUSINESS - MOLO SOLUTIONS, INC.

## Party Information

| | |
|---|---|
| Party: | D012-Defendant   Name: MOLO SOLUTIONS, INC.   Type: B-BUSINESS |
| Index: | C J.A.D., A MI   Alt Name:   Hardship: No   JID: ADJ |
| Address 1: | C/O ILLINOIS CORP SERV CO   Phone: (334) 000-0000 |
| Address 2: | 801 ADLAI STEVENSON DRIVE |
| City: | SPRINGFIELD   State: IL   Zip: 62703-0000   Country: US |
| SSN: | 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   DOB:   Sex:   Race: |

## Court Action

| | |
|---|---|
| Court Action: | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For:   Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00   Date Satisfied: |
| Comment: | Arrest Date: |
| Warrant Action Date: | Warrant Action Status:   Status Description: |

## Service Information

| | |
|---|---|
| Issued: 01/19/2023   Issued Type: C-CERTIFIED MAIL | Reissue:   Reissue Type: |
| Return:   Return Type: | Return:   Return Type: |
| Served: 01/26/2023   Service Type C-CERTIFIED MAIL | Service On:   Notice of No Answer: Served By: |
| Answer:   Answer Type: | Notice of No Service: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 15 - Defendant BUSINESS - ARCBEST CORPORATION

## Party Information

| | | | | |
|---|---|---|---|---|
| Party: | **D013-Defendant** | Name: | **ARCBEST CORPORATION** | Type: | **B-BUSINESS** |
| Index: | **C J.A.D., A MI** | Alt Name: | | Hardship: **No** | JID: **ADJ** |
| Address 1: | **C/O ILLINOIS CORP SERV CO** | | | Phone: **(334) 000-0000** | |
| Address 2: | **801 ADLAI STEVENSON DRIVE** | | | | |
| City: | **SPRINGFIELD** | State: **IL** | | Zip: **62703-0000** Country: **US** | |
| SSN: | **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** | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | Court Action Date: | |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | Arrest Date: | |
| Warrant Action Date: | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: **01/19/2023** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: **01/26/2023** | Service Type **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: Served By: | |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 - J.A.D., 000 A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | | $98.79 | $98.79 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 - J.A.D., 000 A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | | $29.04 | $29.04 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CVAP | C001 - J.A.D., 000 A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 - J.A.D., 000 A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | | $346.00 | $346.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 - J.A.D., 000 A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | SERA | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | $10.00 | $10.00 | $0.00 | $0.00 0 |
| ACTIVE | N | VADM | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | $45.00 | $45.00 | $0.00 | $0.00 0 |
| | | | Total: | | | $728.83 | $728.83 | $0.00 | $0.00 |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/03/2022 | CREDIT | CONV | 2022162 | 13904800 | $24.09 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 05/03/2022 | RECEIPT | VADM | 2022162 | 13904900 | $45.00 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 05/03/2022 | RECEIPT | CVAP | 2022162 | 13905000 | $100.00 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 05/03/2022 | RECEIPT | JDMD | 2022162 | 13905100 | $100.00 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 05/03/2022 | RECEIPT | SERA | 2022162 | 13905200 | $10.00 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 05/03/2022 | RECEIPT | CV05 | 2022162 | 13905300 | $346.00 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 06/21/2022 | CREDIT | CONV | 2022198 | 13982900 | $2.85 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | | N | | | LAM |
| 06/21/2022 | RECEIPT | AOCC | 2022198 | 13983000 | $70.08 | C001 - J.A.D., A MINOR | 000 | | N | | | LAM |

| Date | Type | Code | | | Amount | Party | | | Operator |
|------|------|------|--|--|--------|-------|--|--|----------|
| | | | | | | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | | | |
| 09/01/2022 | CREDIT | CONV | 2022256 | 14103000 | $1.05 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | N | LAM |
| 09/01/2022 | RECEIPT | AOCC | 2022256 | 14103100 | $9.41 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | N | LAM |
| 01/23/2023 | CREDIT | CONV | 2023083 | 14334700 | $1.05 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | N | BOB |
| 01/23/2023 | RECEIPT | AOCC | 2023083 | 14334800 | $19.30 | C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN | 000 | N | BOB |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 4/27/2022 | 3:03 PM | ECOMP | COMPLAINT E-FILED. | SMA014 |
| 4/27/2022 | 3:04 PM | FILE | FILED THIS DATE: 04/27/2022     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | EORD | E-ORDER FLAG SET TO "Y"     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | ASSJ | ASSIGNED TO JUDGE: CLEVELAND POOLE     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | TDMJ | JURY TRIAL REQUESTED     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | SCAN | CASE SCANNED STATUS SET TO: N     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | ORIG | ORIGIN: INITIAL FILING     (AV01) | AJA |
| 4/27/2022 | 3:04 PM | C001 | C001 PARTY ADDED: J.A.D., A MINOR WHO IS NOW DECEA | AJA |
| 4/27/2022 | 3:04 PM | C001 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | C001 | LISTED AS ATTORNEY FOR C001: LONG EARLE WALTER IV | AJA |
| 4/27/2022 | 3:04 PM | C001 | LISTED AS ATTORNEY FOR C001: SMALLEY JACK III | AJA |
| 4/27/2022 | 3:04 PM | C001 | C001 E-ORDER FLAG SET TO "Y"     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | C001 | LISTED AS ATTORNEY FOR C001: HICKMAN WALTON WARD | AJA |
| 4/27/2022 | 3:04 PM | C002 | C002 PARTY ADDED: N.P.D., A MINOR WHO IS NOW DECEA | AJA |
| 4/27/2022 | 3:04 PM | C002 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | C002 | LISTED AS ATTORNEY FOR C002: SMALLEY JACK III | AJA |
| 4/27/2022 | 3:04 PM | C002 | LISTED AS ATTORNEY FOR C002: LONG EARLE WALTER IV | AJA |
| 4/27/2022 | 3:04 PM | C002 | LISTED AS ATTORNEY FOR C002: HICKMAN WALTON WARD | AJA |
| 4/27/2022 | 3:04 PM | C002 | C002 E-ORDER FLAG SET TO "Y"     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | D001 | D001 PARTY ADDED: WOODFORK JAMES B.     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | D001 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE     (AV02) | AJA |
| 4/27/2022 | 3:04 PM | D001 | D001 E-ORDER FLAG SET TO "Y"     (AV02) | AJA |

| Date | Time | Party | Description | Code |
|---|---|---|---|---|
| 4/27/2022 | 3:04 PM | D001 | PROCESS SERVE ISSUED: 04/27/2022 TO D001 (AV02) | AJA |
| 4/27/2022 | 3:04 PM | D002 | D002 PARTY ADDED: WOODFORK ENTERPRISES, INC.(AV02) | AJA |
| 4/27/2022 | 3:05 PM | D002 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 4/27/2022 | 3:05 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 4/27/2022 | 3:05 PM | D002 | PROCESS SERVE ISSUED: 04/27/2022 TO D002 (AV02) | AJA |
| 4/27/2022 | 3:05 PM | D002 | D002 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 5/9/2022 | 2:07 PM | EMISC | RETURN ON SERVICE - SERVED E-FILED | SMA014 |
| 5/10/2022 | 8:40 AM | D001 | SERVICE OF PROCESS SERVE ON 04/27/2022 FOR D001 | REJ |
| 5/27/2022 | 2:27 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | PIP005 |
| 5/27/2022 | 2:27 PM | D001 | LISTED AS ATTORNEY FOR D001: PIPKIN WILLIAM EUGEN | AJA |
| 5/27/2022 | 2:27 PM | D001 | ANSWER OF COMP DENIED ON 05/27/2022 FOR D001(AV02) | AJA |
| 6/14/2022 | 1:00 PM | EAMEN | AMENDED COMPLAINT E-FILED. | SMA014 |
| 6/14/2022 | 1:00 PM | D003 | D003 PARTY ADDED: HANSEN & ADKINS, INC. (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D003 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D003 | CERTIFIED MAI ISSUED: 06/14/2022 TO D003 (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D003 | D003 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D004 | D004 PARTY ADDED: HANSEN & ADKINS AUTO LOGISTICS, | AJA |
| 6/14/2022 | 1:00 PM | D004 | D004 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D004 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D004 | CERTIFIED MAI ISSUED: 06/14/2022 TO D004 (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D005 | D005 PARTY ADDED: ROYAL TRUCK LEASING, LLC (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D005 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D005 | CERTIFIED MAI ISSUED: 06/14/2022 TO D005 (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D005 | LISTED AS ATTORNEY FOR D005: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D005 | D005 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D006 | LISTED AS ATTORNEY FOR D006: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D006 | CERTIFIED MAI ISSUED: 06/14/2022 TO D006 (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D006 | D006 PARTY ADDED: ASMAT INVESTMENT, LLC DBA ASMAT | AJA |
| 6/14/2022 | 1:00 PM | D006 | D006 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D006 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D007 | D007 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D007 | LISTED AS ATTORNEY FOR D007: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D007 | CERTIFIED MAI ISSUED: 06/14/2022 TO D007 (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D007 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:00 PM | D007 | D007 PARTY ADDED: TAKELU MAMUYE AYANE (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D008 | D008 PARTY ADDED: SAMSARA, INC. (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D008 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D008 | LISTED AS ATTORNEY FOR D008: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D008 | CERTIFIED MAI ISSUED: 06/14/2022 TO D008 (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D008 | D008 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D009 | D009 PARTY ADDED: GEICO CASUALTY COMPANY (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D009 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D009 | LISTED AS ATTORNEY FOR D009: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D009 | CERTIFIED MAI ISSUED: 06/14/2022 TO D009 (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D009 | D009 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D010 | D010 PARTY ADDED: AMGUARD INSURANCE COMPANY (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D010 | CERTIFIED MAI ISSUED: 06/14/2022 TO D010 (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D010 | LISTED AS ATTORNEY FOR D010: PRO SE (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D010 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 6/14/2022 | 1:01 PM | D010 | D010 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 6/15/2022 | 11:02 AM | JEORDE | ORDER E-FILED - ORDER - E-FILE ORDER - RENDERED & ENTERED: 6/15/2022 11:02:10 AM | J |

| 6/15/2022 | 11:15 AM | JEORDE | ORDER E-FILED - ORDER - ORDER OF RECUSAL - RENDERED & ENTERED: 6/15/2022 11:15:52 AM | J |
|---|---|---|---|---|
| 6/15/2022 | 11:21 AM | JEORDE | ORDER E-FILED - ORDER - E-FILE ORDER - RENDERED & ENTERED: 6/15/2022 11:21:29 AM | J |
| 6/16/2022 | 11:24 AM | ASSJ | ASSIGNED TO JUDGE: ADRIAN D JOHNSON       (AV01) | MAG |
| 6/16/2022 | 11:24 AM | ASSJ | DUE TO RECUSAL                (AV01) | MAG |
| 6/17/2022 | 10:09 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:09 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:10 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:10 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:10 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:10 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:11 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/17/2022 | 10:11 AM | ESCAN | SCAN - FILED 6/17/2022 - CERTIFIED MAIL | BOB |
| 6/23/2022 | 12:46 PM | D001 | LISTED AS ATTORNEY FOR D001: FREDERICK BRANDI BRA | AJA |
| 6/23/2022 | 12:46 PM | D001 | LISTED AS ATTORNEY FOR D001: STEWART JOSEPH EDWAR | AJA |
| 6/23/2022 | 12:46 PM | D001 | LISTED AS ATTORNEY FOR D001: LEWIS RICHARD WAYNE | AJA |
| 6/23/2022 | 12:46 PM | D001 | ANSWER OF COMP DENIED ON 06/23/2022 FOR D001(AV02) | AJA |
| 6/23/2022 | 12:46 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | BRA121 |
| 6/28/2022 | 2:53 PM | ESCAN | SCAN - FILED 6/22/2022 - CERTIFIED MAIL | AMT |
| 6/28/2022 | 3:03 PM | D003 | SERVICE OF CERTIFIED MAI ON 06/22/2022 FOR D003 | AMT |
| 6/28/2022 | 3:04 PM | D004 | SERVICE OF CERTIFIED MAI ON 06/22/2022 FOR D004 | AMT |
| 6/28/2022 | 3:05 PM | D005 | SERVICE OF CERTIFIED MAI ON 06/21/2022 FOR D005 | AMT |
| 6/28/2022 | 3:06 PM | D006 | SERVICE OF CERTIFIED MAI ON 06/23/2022 FOR D006 | AMT |
| 6/28/2022 | 3:07 PM | D008 | SERVICE OF CERTIFIED MAI ON 06/23/2022 FOR D008 | AMT |
| 6/30/2022 | 6:31 PM | EMOT | C001-C002-CONSOLIDATION FILED. | SMA014 |
| 7/1/2022 | 9:23 AM | MOTN | BY C001 MOTION TO CONSOLIDATE | AMT |
| 7/1/2022 | 10:55 AM | EMOT | C001-C002-CONSOLIDATION /DOCKETED | AMT |
| 7/8/2022 | 10:54 AM | EMISC | RETURN ON SERVICE - SERVED E-FILED | SMA014 |
| 7/8/2022 | 12:09 PM | JEORDE | ORDER GENERATED FOR CONSOLIDATION - RENDERED & ENTERED: 7/8/2022 12:09:11 PM - ORDER | J |
| 7/11/2022 | 8:18 AM | DAT3 | FOR: HEARING ON 07/08/2022 @ 0900A       (AV01) | AMT |
| 7/12/2022 | 2:08 PM | EANSW | D009 - COMPLAINT DENIED E-FILED. | DOW015 |
| 7/12/2022 | 2:10 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DOW015 |
| 7/12/2022 | 2:10 PM | D009 | LISTED AS ATTORNEY FOR D009: DOWDY KENNETH ALDEN | AJA |
| 7/12/2022 | 2:10 PM | D009 | ANSWER OF COMP DENIED ON 07/12/2022 FOR D009(AV02) | AJA |
| 7/12/2022 | 2:12 PM | EMOT | D009-PROTECTIVE ORDER FILED. | DOW015 |
| 7/13/2022 | 10:00 AM | EMOT | D009-PROTECTIVE ORDER /DOCKETED | AMT |
| 7/13/2022 | 10:00 AM | EMOT | D009-PROTECTIVE ORDER /DOCKETED | AMT |
| 7/14/2022 | 10:57 AM | JEORDE | ORDER GENERATED FOR PROTECTIVE ORDER - RENDERED & ENTERED: 7/14/2022 10:57:54 AM - HIPAA ORDER | J |
| 7/14/2022 | 2:21 PM | TEXT | HIPAA ORDER FILED | AMT |
| 7/15/2022 | 12:16 PM | EANSW | D002 - COMPLAINT DENIED E-FILED. | PIP005 |
| 7/15/2022 | 12:17 PM | D002 | LISTED AS ATTORNEY FOR D002: PIPKIN WILLIAM EUGEN | AJA |
| 7/15/2022 | 12:17 PM | D002 | LISTED AS ATTORNEY FOR D002: FREDERICK BRANDI BRA | AJA |
| 7/15/2022 | 12:17 PM | D002 | LISTED AS ATTORNEY FOR D002: LEWIS RICHARD WAYNE | AJA |
| 7/15/2022 | 12:17 PM | D002 | LISTED AS ATTORNEY FOR D002: STEWART JOSEPH EDWAR | AJA |
| 7/15/2022 | 12:17 PM | D002 | ANSWER OF COMP DENIED ON 07/15/2022 FOR D002(AV02) | AJA |
| 7/15/2022 | 2:35 PM | EANSW | D004 - COMPLAINT DENIED E-FILED. | BRA121 |
| 7/15/2022 | 2:35 PM | D004 | LISTED AS ATTORNEY FOR D004: FREDERICK BRANDI BRA | AJA |
| 7/15/2022 | 2:35 PM | D004 | LISTED AS ATTORNEY FOR D004: LEWIS RICHARD WAYNE | AJA |
| 7/15/2022 | 2:35 PM | D004 | LISTED AS ATTORNEY FOR D004: STEWART JOSEPH EDWAR | AJA |
| 7/15/2022 | 2:35 PM | D004 | LISTED AS ATTORNEY FOR D004: PIPKIN WILLIAM EUGEN | AJA |
| 7/15/2022 | 2:35 PM | D004 | ANSWER OF COMP DENIED ON 07/15/2022 FOR D004(AV02) | AJA |
| 7/15/2022 | 2:37 PM | D005 | LISTED AS ATTORNEY FOR D005: FREDERICK BRANDI BRA | AJA |
| 7/15/2022 | 2:37 PM | D005 | LISTED AS ATTORNEY FOR D005: LEWIS RICHARD WAYNE | AJA |

| 7/15/2022 | 2:37 PM | D005 | LISTED AS ATTORNEY FOR D005: PIPKIN WILLIAM EUGEN | AJA |
|---|---|---|---|---|
| 7/15/2022 | 2:37 PM | D005 | LISTED AS ATTORNEY FOR D005: STEWART JOSEPH EDWAR | AJA |
| 7/15/2022 | 2:37 PM | D005 | ANSWER OF COMP DENIED ON 07/15/2022 FOR D005(AV02) | AJA |
| 7/15/2022 | 2:37 PM | EANSW | D005 - COMPLAINT DENIED E-FILED. | BRA121 |
| 7/15/2022 | 2:40 PM | EMOT | D003-MOTN TO DIS. PURS. TO RULE 12(B) FILED. | BRA121 |
| 7/15/2022 | 2:55 PM | EMOT | D003-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | AMT |
| 7/15/2022 | 2:55 PM | D003 | LISTED AS ATTORNEY FOR D003: FREDERICK BRANDI BRA | AJA |
| 7/18/2022 | 9:59 AM | EANSW | D010 - COMPLAINT DENIED E-FILED. | GAD004 |
| 7/18/2022 | 10:01 AM | D010 | LISTED AS ATTORNEY FOR D010: GADDY JEREMY SCOTT | AJA |
| 7/18/2022 | 10:01 AM | D010 | ANSWER OF COMP DENIED ON 07/18/2022 FOR D010(AV02) | AJA |
| 7/18/2022 | 2:25 PM | EMOT | D001-D004-D005-CONSOLIDATION FILED. | BRA121 |
| 7/18/2022 | 2:45 PM | EMOT | D001-D004-D005-CONSOLIDATION /DOCKETED | AMT |
| 7/21/2022 | 7:41 PM | EANSW | D006 - COMPLAINT DENIED E-FILED. | ROG024 |
| 7/21/2022 | 7:42 PM | D006 | LISTED AS ATTORNEY FOR D006: ROGERS JANNEA SUZANN | AJA |
| 7/21/2022 | 7:42 PM | D006 | LISTED AS ATTORNEY FOR D006: RICE BRUCE MILLER | AJA |
| 7/21/2022 | 7:42 PM | D006 | ANSWER OF COMP DENIED ON 07/21/2022 FOR D006(AV02) | AJA |
| 7/21/2022 | 7:42 PM | EANSW | D007 - COMPLAINT DENIED E-FILED. | ROG024 |
| 7/21/2022 | 7:43 PM | D007 | LISTED AS ATTORNEY FOR D007: ROGERS JANNEA SUZANN | AJA |
| 7/21/2022 | 7:43 PM | D007 | LISTED AS ATTORNEY FOR D007: RICE BRUCE MILLER | AJA |
| 7/21/2022 | 7:43 PM | D007 | ANSWER OF COMP DENIED ON 07/21/2022 FOR D007(AV02) | AJA |
| 7/22/2022 | 4:47 PM | EMOT | D008-MOTN TO DIS. PURS. TO RULE 12(B) FILED. | SMI219 |
| 7/22/2022 | 4:49 PM | EMOT | D008-STAY FILED. | SMI219 |
| 7/25/2022 | 10:08 AM | EMOT | D008-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | AMT |
| 7/25/2022 | 10:08 AM | EMOT | D008-STAY /DOCKETED | AMT |
| 7/25/2022 | 10:08 AM | D008 | LISTED AS ATTORNEY FOR D008: SMITH SCOTT BURNETT | AJA |
| 7/29/2022 | 10:21 AM | EMOT | D006-D007-OTHER - MOTION TO CORRECT CLERK'S DOCKET FILED. | RIC105 |
| 7/29/2022 | 10:46 AM | D006 | LISTED AS ATTORNEY FOR D006: RICHARDSON BLAKE TUC | AJA |
| 7/29/2022 | 10:46 AM | D007 | LISTED AS ATTORNEY FOR D007: RICHARDSON BLAKE TUC | AJA |
| 7/29/2022 | 10:47 AM | EMOT | D006-D007-OTHER /DOCKETED | AMT |
| 7/29/2022 | 11:59 AM | ENOTA | NOTICE OF APPEARANCE E-FILED | POO003 |
| 7/29/2022 | 11:59 AM | C002 | LISTED AS ATTORNEY FOR C002: POOLE CALVIN III | AJA |
| 7/29/2022 | 4:00 PM | D008 | LISTED AS ATTORNEY FOR D008: PEARCE HUNTER WADE | AJA |
| 7/29/2022 | 4:00 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | PEA053 |
| 8/1/2022 | 10:57 AM | JEORDE | ORDER GENERATED FOR CONSOLIDATION - RENDERED & ENTERED: 8/1/2022 10:57:53 AM - ORDER | J |
| 8/2/2022 | 2:42 PM | JEORDE | ORDER GENERATED FOR OTHER - MOTION TO CORRECT CLERK'S DOCKET - RENDERED & ENTERED: 8/2/2022 2:42:54 PM - ORDER | J |
| 8/2/2022 | 2:44 PM | ---- | SCANNED - ORDER - TRANSMITTAL - E-NOTICE TRANSMITTALS | Alafile.Notices |
| 8/4/2022 | 2:48 PM | DAT4 | FOR: TRIAL - JURY ON 11/06/2023 @ 0900A    (AV01) | BOB |
| 8/5/2022 | 11:09 AM | JEORDE | ORDER GENERATED FOR MOTN TO DIS. PURS. TO RULE 12(B) - RENDERED & ENTERED: 8/5/2022 11:09:48 AM - ORDER | J |
| 8/5/2022 | 11:16 AM | JEORDE | ORDER GENERATED FOR MOTN TO DIS. PURS. TO RULE 12(B) - RENDERED & ENTERED: 8/5/2022 11:16:38 AM - ORDER | J |
| 8/5/2022 | 11:16 AM | JEMOT | D008-STAY /SET FOR 09/12/2022 09:00 AM, LOCATION = LOWNDES COUNTY COURTHOUSE | J |
| 8/5/2022 | 2:53 PM | MOTN | BY D008 DISMISS/STAY DISCOVERY | BOB |
| 8/8/2022 | 3:14 PM | DAT3 | FOR: HEARING ON 09/12/2022 @ 0900A        (AV01) | AMT |
| 8/8/2022 | 3:16 PM | D003 | D003 DISPOSED BY (DISM W/O PREJ) ON 08/05/2022 | AMT |
| 8/9/2022 | 8:56 AM | D006 | RETURN OF UNCLAIM CERT  ON 07/27/2022 FOR D006 | AMT |
| 8/9/2022 | 8:57 AM | ESERC | SERVICE RETURN | AMT |
| 8/10/2022 | 2:23 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | MCD082 |
| 8/10/2022 | 2:25 PM | D008 | LISTED AS ATTORNEY FOR D008: MCDANIEL RILEY ALEXA | AJA |
| 8/10/2022 | 3:14 PM | D008 | LISTED AS ATTORNEY FOR D008: STEWART CHARLES ANDR | AJA |
| 8/10/2022 | 3:14 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | STE067 |
| 8/17/2022 | 5:06 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | PIP005 |
| 8/25/2022 | 4:14 PM | JEMOT | D008-STAY /DISPOSED BY SEPARATE ORDER | J |

| Date | Time | Code | Description | |
|---|---|---|---|---|
| 8/29/2022 | 3:56 PM | D011 | D011 PARTY ADDED: VOLVO GROUP NORTH AMERICA LLC DB (AV02) | AJA |
| 8/29/2022 | 3:56 PM | D011 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 8/29/2022 | 3:56 PM | D011 | LISTED AS ATTORNEY FOR D011: PRO SE (AV02) | AJA |
| 8/29/2022 | 3:56 PM | D011 | CERTIFIED MAI ISSUED: 08/29/2022 TO D011 (AV02) | AJA |
| 8/29/2022 | 3:56 PM | D011 | D011 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 8/29/2022 | 3:56 PM | EAMEN | AMENDED COMPLAINT E-FILED. | SMA014 |
| 8/30/2022 | 10:19 AM | ESCAN | SCAN - FILED 8/30/2022 - CERTIFIED MAIL | AMT |
| 8/30/2022 | 3:35 PM | EMOT | D008-MOTN TO DIS. PURS. TO RULE 12(B) FILED. | SMI219 |
| 8/31/2022 | 8:08 AM | EMOT | D008-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | AMT |
| 8/31/2022 | 8:51 AM | JEMOT | D008-MOTN TO DIS. PURS. TO RULE 12(B) /SET FOR 10/03/2022 09:00 AM, LOCATION = LOWNDES COUNTY COURTHOUSE | J |
| 9/2/2022 | 12:21 PM | DAT2 | FOR: MOTION ON 10/03/2022 @ 0900A (AV01) | AMT |
| 9/7/2022 | 9:06 AM | ESCAN | SCAN - FILED 9/1/2022 - RETURN ON SERVICE - SERVED | AMT |
| 9/7/2022 | 9:59 AM | D004 | ANSWER OF COMP DENIED ON 09/07/2022 FOR D004(AV02) | AJA |
| 9/7/2022 | 10:00 AM | EANSW | D004 - COMPLAINT DENIED E-FILED. | BRA121 |
| 9/7/2022 | 10:14 AM | EANSW | D005 - COMPLAINT DENIED E-FILED. | BRA121 |
| 9/7/2022 | 10:15 AM | D005 | ANSWER OF COMP DENIED ON 09/07/2022 FOR D005(AV02) | AJA |
| 9/7/2022 | 10:44 AM | D001 | ANSWER OF COMP DENIED ON 09/07/2022 FOR D001(AV02) | AJA |
| 9/7/2022 | 10:44 AM | EANSW | D001 - COMPLAINT DENIED E-FILED. | BRA121 |
| 9/7/2022 | 11:10 AM | EANSW | D002 - COMPLAINT DENIED E-FILED. | BRA121 |
| 9/7/2022 | 11:11 AM | D002 | ANSWER OF COMP DENIED ON 09/07/2022 FOR D002(AV02) | AJA |
| 9/8/2022 | 6:35 AM | D009 | ANSWER OF COMP DENIED ON 09/08/2022 FOR D009(AV02) | AJA |
| 9/8/2022 | 6:35 AM | EANSW | D009 - COMPLAINT DENIED E-FILED. | DOW015 |
| 9/8/2022 | 1:57 PM | D010 | ANSWER OF COMP DENIED ON 09/08/2022 FOR D010(AV02) | AJA |
| 9/8/2022 | 1:57 PM | EANSW | D010 - COMPLAINT DENIED E-FILED. | GAD004 |
| 10/12/2022 | 10:31 AM | EANSW | D011 - COMPLAINT DENIED E-FILED. | MOR054 |
| 10/12/2022 | 10:31 AM | D011 | LISTED AS ATTORNEY FOR D011: MORROW JOHN CALHOUN | AJA |
| 10/12/2022 | 10:31 AM | D011 | ANSWER OF COMP DENIED ON 10/12/2022 FOR D011(AV02) | AJA |
| 11/11/2022 | 2:10 PM | JEORDE | ORDER GENERATED FOR MOTN TO DIS. PURS. TO RULE 12(B) - RENDERED & ENTERED: 11/11/2022 2:10:06 PM - ORDER | J |
| 11/14/2022 | 1:39 PM | EMOT | D008-OTHER - MOTION TO CERTIFY THE COURT'S NOVEMBER 11, 2022, ORDER FOR INTERLOCUTORY APPEAL AND MOTION TO STAY FILED. | SMI219 |
| 11/14/2022 | 1:56 PM | EPORD | PROPOSED ORDER SUBMITTED | SMI219 |
| 11/14/2022 | 3:36 PM | EMOT | D008-OTHER /DOCKETED | AMT |
| 11/15/2022 | 9:02 PM | D011 | LISTED AS ATTORNEY FOR D011: RUSSELL JAMES MACDON | AJA |
| 11/15/2022 | 9:02 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | RUS023 |
| 11/29/2022 | 1:48 PM | JEORDE | ORDER GENERATED FOR OTHER - MOTION TO CERTIFY THE COURT'S NOVEMBER 11, 2022, ORDER FOR INTERLOCUTORY APPEAL AND MOTION TO STAY - RENDERED & ENTERED: 11/29/2022 1:48:51 PM - ORDER | J |
| 12/5/2022 | 4:19 PM | D008 | ANSWER OF COMP DENIED ON 12/05/2022 FOR D008(AV02) | AJA |
| 12/5/2022 | 4:19 PM | EANSW | D008 - COMPLAINT DENIED E-FILED. | SMI219 |
| 12/8/2022 | 1:15 PM | EMISC | CASE STATUS REPORT E-FILED | STE067 |
| 1/19/2023 | 5:48 PM | D012 | D012 PARTY ADDED: MOLO SOLUTIONS, INC. (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D012 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D012 | LISTED AS ATTORNEY FOR D012: PRO SE (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D012 | CERTIFIED MAI ISSUED: 01/19/2023 TO D012 (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D012 | D012 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D013 | D013 PARTY ADDED: ARCBEST CORPORATION (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D013 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D013 | LISTED AS ATTORNEY FOR D013: PRO SE (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D013 | CERTIFIED MAI ISSUED: 01/19/2023 TO D013 (AV02) | AJA |
| 1/19/2023 | 5:48 PM | D013 | D013 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 1/19/2023 | 5:49 PM | EAMEN | AMENDED COMPLAINT E-FILED. | HIC022 |
| 1/20/2023 | 2:07 PM | ESCAN | SCAN - FILED 1/20/2023 - CERTIFIED MAIL | AMT |
| 1/20/2023 | 2:08 PM | ESCAN | SCAN - FILED 1/20/2023 - CERTIFIED MAIL | AMT |

| 1/23/2023 | 11:06 AM | EANSW | D010 - COMPLAINT DENIED E-FILED. | GAD004 |
| 1/23/2023 | 11:06 AM | D010 | ANSWER OF COMP DENIED ON 01/23/2023 FOR D010(AV02) | AJA |
| 1/23/2023 | 4:17 PM | EANSW | D008 - COMPLAINT DENIED E-FILED. | SMI219 |
| 1/23/2023 | 4:17 PM | D008 | ANSWER OF COMP DENIED ON 01/23/2023 FOR D008(AV02) | AJA |
| 1/30/2023 | 2:29 PM | D005 | ANSWER OF COMP DENIED ON 01/30/2023 FOR D005(AV02) | AJA |
| 1/30/2023 | 2:30 PM | EANSW | D005 - COMPLAINT DENIED E-FILED. | BRA121 |
| 1/30/2023 | 2:31 PM | D002 | ANSWER OF COMP DENIED ON 01/30/2023 FOR D002(AV02) | AJA |
| 1/30/2023 | 2:32 PM | EANSW | D002 - COMPLAINT DENIED E-FILED. | BRA121 |
| 1/30/2023 | 2:34 PM | EANSW | D004 - COMPLAINT DENIED E-FILED. | BRA121 |
| 1/30/2023 | 2:34 PM | D004 | ANSWER OF COMP DENIED ON 01/30/2023 FOR D004(AV02) | AJA |
| 1/30/2023 | 2:36 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | BRA121 |
| 1/30/2023 | 2:36 PM | D001 | ANSWER OF COMP DENIED ON 01/30/2023 FOR D001(AV02) | AJA |
| 1/31/2023 | 8:00 AM | EANSW | D009 - COMPLAINT DENIED E-FILED. | DOW015 |
| 1/31/2023 | 8:01 AM | D009 | ANSWER OF COMP DENIED ON 01/31/2023 FOR D009(AV02) | AJA |
| 2/1/2023 | 9:01 AM | D012 | SERVICE OF ATTY ACCEPTED ON 02/01/2023 FOR D012 | AMT |
| 2/1/2023 | 9:02 AM | ESERC | SERVICE RETURN | AMT |
| 2/1/2023 | 9:02 AM | D013 | SERVICE OF ATTY ACCEPTED ON 02/01/2023 FOR D013 | AMT |
| 2/1/2023 | 9:03 AM | ESERC | SERVICE RETURN | AMT |
| 2/1/2023 | 9:04 AM | D012 | SERVICE OF CERTIFIED MAI ON 01/26/2023 FOR D012 | AMT |
| 2/1/2023 | 9:04 AM | D013 | SERVICE OF CERTIFIED MAI ON 01/26/2023 FOR D013 | AMT |
| 2/1/2023 | 9:05 AM | ---- | SCANNED - SERVICE RETURN - TRANSMITTAL - E-NOTICE TRANSMITTALS | Alafile.Notices |
| 2/1/2023 | 9:15 AM | ESERC | SERVICE RETURN | AMT |
| 2/1/2023 | 9:20 AM | ESERC | SERVICE RETURN | AMT |
| 2/6/2023 | 11:35 AM | EANSW | D011 - COMPLAINT DENIED E-FILED. | MOR054 |
| 2/6/2023 | 11:36 AM | D011 | ANSWER OF COMP DENIED ON 02/06/2023 FOR D011(AV02) | AJA |

## Images

| Date: | Doc# | Title | Description | Pages |
| --- | --- | --- | --- | --- |
| 4/27/2022 3:03:26 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 4/27/2022 3:03:26 PM | 2 | COMPLAINT | | 4 |
| 4/27/2022 3:04:30 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 4/27/2022 3:04:30 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 5/9/2022 2:06:49 PM | 5 | RETURN ON SERVICE - SERVED | Summons - Process Server Return of Service | 2 |
| 5/9/2022 2:06:52 PM | 6 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 5/27/2022 2:26:14 PM | 7 | ANSWER | James B. Woodfork's Answer To Plaintiff's Complaint | 16 |
| 5/27/2022 2:26:18 PM | 8 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/14/2022 12:59:29 PM | 9 | AMENDED COMPLAINT | First Amended Complaint | 19 |
| 6/14/2022 12:59:35 PM | 10 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 6/14/2022 12:59:35 PM | 11 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 16 |
| 6/15/2022 11:02:02 AM | 12 | ORDER | E-FILE ORDER | 1 |
| 6/15/2022 11:02:09 AM | 13 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 6/15/2022 11:15:45 AM | 14 | ORDER | ORDER OF RECUSAL | 1 |
| 6/15/2022 11:15:48 AM | 15 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 6/15/2022 11:21:22 AM | 16 | ORDER | E-FILE ORDER | 1 |
| 6/15/2022 11:25:57 AM | 17 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 6/17/2022 10:09:37 AM | 18 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:09:56 AM | 19 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:10:13 AM | 20 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:10:27 AM | 21 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:10:43 AM | 22 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:10:59 AM | 23 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:11:14 AM | 24 | CERTIFIED MAIL | | 1 |
| 6/17/2022 10:11:32 AM | 25 | CERTIFIED MAIL | | 1 |

| Date | Seq | Document Type | Description | Pages |
|---|---|---|---|---|
| 6/23/2022 12:45:39 PM | 27 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTAL | 14 |
| 6/28/2022 2:53:44 PM | 28 | CERTIFIED MAIL | | 5 |
| 6/28/2022 2:53:40 PM | 29 | CERTIFIED MAIL - TRANSMITTAL | E-NOTICE TRANSMITTAL | 7 |
| 6/30/2022 6:31:23 PM | 30 | MOTION_COVER_SHEET | Motion Cover Sheet | 2 |
| 6/30/2022 6:31:23 PM | 31 | MOTION | Motion to Consolidate | 4 |
| 6/30/2022 6:31:27 PM | 32 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTAL | 16 |
| 7/8/2022 10:53:23 AM | 33 | RETURN ON SERVICE - SERVED | Summons - Process Server Return on Service | 2 |
| 7/8/2022 10:53:28 AM | 34 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 7/8/2022 12:09:01 PM | 35 | ORDER | MOTION OTHER - Consolidation | 1 |
| 7/8/2022 12:09:04 PM | 36 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 16 |
| 7/12/2022 2:07:43 PM | 37 | ANSWER | Answer | 7 |
| 7/12/2022 2:07:43 PM | 38 | ANSWER | Jury Demand | 3 |
| 7/12/2022 2:07:48 PM | 39 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 7/12/2022 2:09:49 PM | 40 | NOTICE OF DISCOVERY | NOD | 3 |
| 7/12/2022 2:09:49 PM | 41 | NOTICE OF DISCOVERY | Interrogatories to plt | 11 |
| 7/12/2022 2:09:49 PM | 42 | NOTICE OF DISCOVERY | RFP to plt | 5 |
| 7/12/2022 2:09:49 PM | 43 | NOTICE OF DISCOVERY | Depo Notice | 3 |
| 7/12/2022 2:09:53 PM | 44 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 7/12/2022 2:12:05 PM | 45 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 7/12/2022 2:12:05 PM | 46 | MOTION | Hipaa Motion | 3 |
| 7/12/2022 2:12:05 PM | 47 | PROPOSED ORDER | HIPAA ORDER | 2 |
| 7/12/2022 2:12:08 PM | 48 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 16 |
| 7/14/2022 10:57:44 AM | 49 | HIPAA ORDER | HIPAA ORDER | 2 |
| 7/14/2022 10:57:53 AM | 50 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 16 |
| 7/15/2022 12:15:38 PM | 51 | ANSWER | Woodfork Enterprises, Inc.'s Answer to Plaintiff's First Amended Complaint | 15 |
| 7/15/2022 12:15:43 PM | 52 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 16 |
| 7/15/2022 2:33:47 PM | 53 | ANSWER | Hansen & Adkins Auto Logistics, Inc.'s Answer to Plaintiff's First Amended Complaint | 34 |
| 7/15/2022 2:33:52 PM | 54 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 15 |
| 7/15/2022 2:36:13 PM | 55 | ANSWER | Royal Truck Leasing, LLC's Answer to Plaintiff's First Amended Complaint | 33 |
| 7/15/2022 2:36:18 PM | 56 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 14 |
| 7/15/2022 2:39:28 PM | 57 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 7/15/2022 2:39:28 PM | 58 | MOTION | Hansen & Adkins, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint | 5 |
| 7/15/2022 2:39:32 PM | 59 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 7/18/2022 9:58:57 AM | 60 | ANSWER | ANSWER TO FIRST AMENDED COMPLAINT | 24 |
| 7/18/2022 9:59:02 AM | 61 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 7/18/2022 2:24:23 PM | 62 | MOTION_COVER_SHEET | Motion Cover Sheet | 2 |
| 7/18/2022 2:24:23 PM | 63 | MOTION | Motion to Consolidate | 9 |
| 7/18/2022 2:24:30 PM | 64 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 12 |
| 7/21/2022 7:40:50 PM | 65 | ANSWER | Answer and Affirmative Defenses of Asmat Investment | 22 |
| 7/21/2022 7:41:07 PM | 66 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 7/21/2022 7:41:45 PM | 67 | ANSWER | Answer and Affirmative Defenses of Takelu | 22 |
| 7/21/2022 7:42:11 PM | 68 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 7/22/2022 4:46:41 PM | 69 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 7/22/2022 4:46:41 PM | 70 | MOTION | DEFENDANT SAMSARA INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION | 11 |
| 7/22/2022 4:46:41 PM | 71 | EXHIBIT | Exhibit 1 - Affidavit of Colin Tick and Exhibit 2 - Affidavit of George Bonaci | 11 |
| 7/22/2022 4:46:47 PM | 72 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 7/22/2022 4:48:41 PM | 73 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 7/22/2022 4:48:41 PM | 74 | MOTION | DEFENDANT SAMSARA INC.'S MOTION TO STAY MERITS DISCOVERY | 4 |
| 7/22/2022 4:48:43 PM | 75 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |

| Date/Time | No. | Type | Description | Pages |
|---|---|---|---|---|
| 8/5/2022 11:16:57 AM | 91 | SET FOR HEARING - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 7/29/2022 10:21:58 AM | 76 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 7/29/2022 10:21:58 AM | 77 | MOTION | Motion to Correct Clerk's Docket | 4 |
| 7/29/2022 10:22:05 AM | 78 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 13 |
| 7/29/2022 11:59:41 AM | 79 | NOTICE OF APPEARANCE | Notice of Appearance | 2 |
| 7/29/2022 11:59:48 AM | 80 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 14 |
| 7/29/2022 4:00:37 PM | 81 | NOTICE OF APPEARANCE | Notice of Appearance of Hunter W. Pearce on behalf of Defendant, Samsara, Inc. | 3 |
| 7/29/2022 4:00:45 PM | 82 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 15 |
| 8/1/2022 10:57:53 AM | 83 | ORDER | MOTION GRANTED - Consolidation | 2 |
| 8/1/2022 10:58:17 AM | 84 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 15 |
| 8/2/2022 2:42:54 PM | 85 | ORDER | MOTION GRANTED - Other | 1 |
| 8/2/2022 2:43:01 PM | 86 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 15 |
| 8/5/2022 11:09:48 AM | 87 | ORDER | MOTION GRANTED - Motion to Dismiss pursuant to Rule 12(b) | 1 |
| 8/5/2022 11:09:52 AM | 88 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 15 |
| 8/5/2022 11:16:38 AM | 89 | ORDER | MOTION OTHER - Motion to Dismiss pursuant to Rule 12(b) | 1 |
| 8/5/2022 11:16:41 AM | 90 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 15 |
| 8/9/2022 8:57:26 AM | 92 | SERVICE RETURN | SERVICE RETURN | 1 |
| 8/9/2022 8:57:33 AM | 93 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 8/10/2022 2:23:49 PM | 94 | NOTICE OF APPEARANCE | NOTICE OF APPEARANCE | 3 |
| 8/10/2022 2:25:02 PM | 95 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 16 |
| 8/10/2022 3:15:08 PM | 96 | NOTICE OF APPEARANCE | Notice of Appearance - Charles A. Stewart III obo Defendant Samsara, Inc. | 2 |
| 8/10/2022 3:15:14 PM | 97 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 8/17/2022 5:07:07 PM | 98 | NOTICE OF DISCOVERY | Notice of Serving Defendant Woodfork's Supplemental Discovery Responses | 6 |
| 8/17/2022 5:07:10 PM | 99 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 8/29/2022 3:56:54 PM | 100 | AMENDED COMPLAINT | Second Amended Complaint | 22 |
| 8/29/2022 3:57:01 PM | 101 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 8/29/2022 3:57:02 PM | 102 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 8/30/2022 10:19:34 AM | 103 | CERTIFIED MAIL | D011/ VOLVO GROUP NORTH AMERICA | 1 |
| 8/30/2022 3:35:23 PM | 104 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 8/30/2022 3:35:23 PM | 105 | MOTION | DEFENDANT SAMSARA INC.'S MOTION TO DISMISS PLAINTIFF BRANDY LEE DUNNAVANT'S SECOND AMENDED COMPLAINT DATED AUGUST 29, 2022 | 12 |
| 8/30/2022 3:35:23 PM | 106 | EXHIBIT | Exhibits 1 and 2 - Affidavits of Colin Tick and George Bonaci | 11 |
| 8/30/2022 3:35:26 PM | 107 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 8/31/2022 8:51:16 AM | 108 | SET FOR HEARING - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 9/7/2022 9:06:23 AM | 109 | RETURN ON SERVICE - SERVED | | 1 |
| 9/7/2022 10:00:10 AM | 110 | ANSWER | Hansen & Adkins Auto Logistics, Inc.'s Answer to Plaintiff's Second Amended Complaint (Doc. 100) | 38 |
| 9/7/2022 10:00:16 AM | 111 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 9/7/2022 10:14:58 AM | 112 | ANSWER | Royal Truck Leasing LLC's Answer to Plaintiff's Second Amended Complaint (Doc. 100) | 37 |
| 9/7/2022 10:15:04 AM | 113 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 9/7/2022 10:44:43 AM | 114 | ANSWER | James Woodfork's Answer to Plaintiff's Second Amended Complaint (Doc. 100) | 38 |
| 9/7/2022 10:44:49 AM | 115 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 9/7/2022 11:10:56 AM | 116 | ANSWER | Woodfork Enterprises, Inc.'s Answer to Plaintiff's Second Amended Complaint (Doc. 100) | 16 |
| 9/7/2022 11:11:05 AM | 117 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 9/8/2022 6:35:49 AM | 118 | ANSWER | Answer to Plaintiff's Second Amended Complaint | 3 |
| 9/8/2022 6:35:53 AM | 119 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 9/8/2022 1:57:36 PM | 120 | ANSWER | Answer to Second Amended Complaint | 26 |
| 9/8/2022 1:57:42 PM | 121 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 10/12/2022 10:31:42 AM | 122 | ANSWER | Answer of Defendant Volvo Group North America, LLC d/b/a Volvo Trucks North America to Plaintiffs' Second Amended Complaint | 30 |
| 10/12/2022 10:33:42 AM | 123 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |

| | | | | |
|---|---|---|---|---|
| 11/11/2022 2:10:06 PM | 124 | ORDER | MOTION DENIED - Motion to Dismiss pursuant to Rule 12(b) | 5 |
| 11/11/2022 2:10:13 PM | 125 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 11/14/2022 1:39:58 PM | 126 | MOTION_COVER_SHEET | Motion Cover Sheet | 2 |
| 11/14/2022 1:39:58 PM | 127 | MOTION | Defendant Samsara, Inc.'s MOTION TO CERTIFY THE COURT'S NOVEMBER 11, 2022, ORDER FOR INTERLOCUTORY APPEAL AND MOTION TO STAY | 8 |
| 11/14/2022 1:39:58 PM | 128 | PROPOSED ORDER | ORDER | 2 |
| 11/14/2022 1:40:05 PM | 129 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 11/14/2022 1:56:04 PM | 130 | PROPOSED ORDER | ORDER | 2 |
| 11/14/2022 1:56:11 PM | 131 | PROPOSED ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 17 |
| 11/15/2022 9:02:49 PM | 132 | NOTICE OF APPEARANCE | Notice of Appearance | 3 |
| 11/15/2022 9:03:19 PM | 133 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 11/29/2022 1:48:51 PM | 134 | ORDER | MOTION DENIED - Other | 2 |
| 11/29/2022 1:49:02 PM | 135 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 12/5/2022 4:19:56 PM | 136 | ANSWER | DEFENDANT SAMSARA INC.'S ANSWER TO DUNNAVANT'S SECOND AMENDED COMPLAINT | 38 |
| 12/5/2022 4:19:59 PM | 137 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 12/8/2022 1:15:57 PM | 138 | CASE STATUS REPORT | Notice of Service on the Attorney General | 4 |
| 12/8/2022 1:16:00 PM | 139 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 18 |
| 1/19/2023 5:49:18 PM | 140 | AMENDED COMPLAINT | THIRD AMENDED COMPLAINT | 26 |
| 1/19/2023 5:49:27 PM | 141 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/19/2023 5:49:27 PM | 142 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 4 |
| 1/20/2023 2:07:43 PM | 143 | CERTIFIED MAIL | | 1 |
| 1/20/2023 2:08:42 PM | 144 | CERTIFIED MAIL | | 1 |
| 1/23/2023 11:06:31 AM | 145 | ANSWER | Amguard Insurance Company's Answer to 3rd Amended Complaint | 29 |
| 1/23/2023 11:06:33 AM | 146 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/23/2023 4:17:09 PM | 147 | ANSWER | DEFENDANT SAMSARA INC.'S ANSWER TO DUNNAVANT'S THIRD AMENDED COMPLAINT | 42 |
| 1/23/2023 4:21:40 PM | 148 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/30/2023 2:30:05 PM | 149 | ANSWER | Royal Truck Leasing LLC's Answer to Plaintiff's Third Amended Complaint | 44 |
| 1/30/2023 2:30:08 PM | 150 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/30/2023 2:32:17 PM | 151 | ANSWER | Woodfork Enterprises, Inc.'s Answer to Plaintiff's Third Amended Complaint | 19 |
| 1/30/2023 2:32:23 PM | 152 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/30/2023 2:34:49 PM | 153 | ANSWER | Hansen & Adkins Auto Logistics, Inc.'s Answer to Plaintiff's Third Amended Complaint | 45 |
| 1/30/2023 2:35:21 PM | 154 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/30/2023 2:36:32 PM | 155 | ANSWER | James Woodfork's Answer to Plaintiff's Third Amended Complaint | 45 |
| 1/30/2023 2:36:36 PM | 156 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 1/31/2023 8:00:53 AM | 157 | ANSWER | Answer to Third Amended Complaint | 3 |
| 1/31/2023 8:00:57 AM | 158 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |
| 2/1/2023 9:02:29 AM | 159 | SERVICE RETURN | SERVICE RETURN | 1 |
| 2/1/2023 9:03:25 AM | 161 | SERVICE RETURN | SERVICE RETURN | 1 |
| 2/1/2023 9:03:34 AM | 162 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/1/2023 9:02:32 AM | 160 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/1/2023 9:15:49 AM | 163 | SERVICE RETURN | SERVICE RETURN | 1 |
| 2/1/2023 9:17:40 AM | 164 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/1/2023 9:20:07 AM | 165 | SERVICE RETURN | SERVICE RETURN | 1 |
| 2/1/2023 9:21:06 AM | 166 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/6/2023 11:36:03 AM | 167 | ANSWER | Answer of Volvo Group North America, LLC to Plaintiff's Third Amended Complaint | 34 |
| 2/6/2023 11:36:07 AM | 168 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 20 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
4/27/2022 3:03 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>10<br><br>Date of Filing:        Judge Code:<br>04/27/2022 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL REPRESENTATIVE OF J.**

First Plaintiff:  ☐ Business  ☑ Individual        First Defendant:  ☐ Business  ☑ Individual
☐ Government  ☐ Other        ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

ORIGIN:  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED        T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SMA014 | 4/27/2022 3:03:34 PM | /s/ JACK SMALLEY III |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☐ NO

ELECTRONICALLY FILED
4/27/2022 3:05 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED;** ) ) ) ) ) ) | **CIVIL ACTION NO.** |
| ) | **CV-2022-_____** |
| **Plaintiff,** ) ) | |
| ) | **JURY TRIAL DEMANDED** |
| **v.** ) ) | |
| **JAMES B. WOODFORK;** ) **WOODFORK ENTERPRISES, INC.** ) ) | |
| **Defendants.** ) | |

## COMPLAINT

### Statement of the Parties

1.      Plaintiff, Brandy Lee Dunnavant, is over the age of nineteen years and is a resident citizen of Mobile County, Alabama. She brings this claim as the custodial parent, next friend and legal representative of J.A.D. and N.P.D., her deceased minor children, who were also resident citizens of Alabama.

2.      Defendant James B. Woodfork was driving for Hansen & Adkins in a truck and trailer leased from Royal Truck when he caused the wreck at issue.  Woodfork is a resident citizen of Jefferson County, Alabama.

3.      Defendant Woodfork Enterprises, Inc. is a motor transportation company owned and operated by James B. Woodfork.  It is a citizen of Alabama as it is incorporated in Alabama and has its principal place of business at 708 Alice Street SW, Bessemer, Alabama, 35022.

### JURISIDICTION

4.      James B. Woodfork and his trucking company, Woodfork Enterprises, are subject to this Court's general jurisdiction as they are both domiciled in Alabama.

5.      Venue is proper in Butler County pursuant to *Ala. Code* §6-3-7 and Rule 82 of the *Alabama Rules of Civil Procedure*.

## Statement of the Facts

6.      On June 19, 2021, Candice Gulley, was driving a 2017 Ford Transit van on behalf of the Alabama Sheriff's Girls Ranch ("Ranch van") north on Interstate 65 near Greenville in Butler County, Alabama.  In addition to Ms. Gulley, the Ranch van was occupied by eight children under the age of nineteen years, including Plaintiff Dunnavant's minor children, J.A.D. and N.P.D.

7.      Ms. Gulley and all of the children were properly wearing their seatbelt restraint systems at the time of the crash.

8.      Just prior to the crash, the Ranch van was traveling in the left lane alongside a 2020 Volvo Truck tractor/trailer combination owned by Royal Truck Leasing, LLC and operated by Hansen & Adkins Auto Transport and its driver and agent, James B. Woodfork, dba Woodfork Enterprises, Inc., traveling north in the righthand (outside) lane.

9.      The Ranch van was in the left lane adjacent to the trailer portion of the Hansen Volvo 18-wheeler.

10.     Behind the Hansen truck and the Ranch van was the 18-wheeler operated by Mamuye Takelu who was employed by Asmat Investment, LLC.

11.     As the vehicles approached a bridge on Interstate 65 over Pigeon Creek Road near milepost 138, traffic north of the bridge had slowed and stopped forming a que due to a series of minor crashes.

12.     Mr. Woodfork failed to stop for the traffic and struck a 2020 Ford Explorer SUV and then veered into the left lane striking the Ranch van.

13.     After being struck by Mr. Woodfork, the Ranch van was struck by the Asmat/Takelu 18-wheeler from the rear.

2

14.    A fire erupted during the collision, which ultimately consumed the Ranch van, the 18-wheelers and other vehicles, as well as the children in the Ranch van.

15.    Ms. Gulley was pulled from the Ranch van wreckage by bystanders. She then ran around the Ranch van to try to help the children escape the burning van. Because of the fire and the significant damage caused to the Ranch van by the Hansen and Asmat trucks, she was unable to extricate any of the children.

16.    All the children were killed by the fire.

## COUNT ONE
### (Wrongful Death - James B. Woodfork and Woodfork Enterprises, Inc.)

17.    Plaintiffs incorporate the above allegations.

18.    Hansen & Adkins' agent and driver, James B. Woodfork, dba Woodfork Enterprises, Inc., negligently and wantonly operated his vehicle within the line and scope of his employment with Hansen & Adkins by:

    a)    Failing to comply with the Alabama Rules of the Road;

    b)    Failing to maintain his vehicle at a safe operating speed;

    c)    Failing to keep a proper lookout;

    d)    Being distracted and not paying proper attention;

    e)    Driving the 18-wheeler too fast for the conditions at the time;

    f)    Failing to comply with *Code of Alabama* § 32-5A-88 and § 32-5A-170;

    g)    Violating other numerous rules and regulations yet to be discovered in the course of this case.

19.    As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor children were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death

Act for the deaths J.A.D. and N.P.D., plus the costs of this action.

## JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Jack Smalley III
JACK SMALLEY III            (SMA014)
EARLE W. LONG IV            (LON026)
WALTON W. HICKMAN           (HIC022)
*Attorneys for Plaintiff, Dunnavant*

LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
T: (251) 445-6000
F: (251) 445-0282
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

/s/ Calvin Poole
CALVIN POOLE III
*Attorney for Plaintiff, Dunnavant*

POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
T: (334) 382-3123
calvin@poolelaw.com

## DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER:

JAMES B. WOODFORK
312 Cathy Lane
Gardendale, AL 35071

WOODFORK ENTERPRISES, INC.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

4



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  JACK SMALLEY III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 4/27/2022 3:03:26 PM

Notice Date:      4/27/2022 3:03:26 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: JAMES B. WOODFORK
312 CATHY LANE
GARDENDALE, AL, 35071

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 4/27/2022 3:03:26 PM

Notice Date:    4/27/2022 3:03:26 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  WOODFORK ENTERPRISES, INC.
     C/O JAMES B. WOODFORK
     708 ALICE STREET SW
     BESSEMER, AL, 35022

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 4/27/2022 3:03:26 PM

Notice Date:    4/27/2022 3:03:26 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:**  JAMES B. WOODFORK, 312 CATHY LANE, GARDENDALE, AL 35071

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
_____ ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                        *(Name(s))*

| 04/27/2022 | /s/ MATTIE GOMILLION | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.    _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .

*(Date)*

_____

*(Address of Server)*

_____    _____

*(Type of Process Server)*      *(Server's Signature)*

_____

*(Server's Printed Name)*         *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA**
**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

**NOTICE TO:** WOODFORK ENTERPRISES, INC., C/O JAMES B. WOODFORK 708 ALICE STREET SW, BESSEMER, AL 35022
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                              *(Name(s))*

| 04/27/2022 | /s/ MATTIE GOMILLION | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                              *(Name of County)*

Alabama on _____.
*(Date)*

_____    _____    _____
*(Type of Process Server)*        *(Server's Signature)*              *(Address of Server)*

_____    _____
                                            *(Server's Printed Name)*          *(Phone Number of Server)*

DOCUMENT 5

Case 2:23-cv-00103-ECM-JTA    Document 1-2    Filed 02/22/23    Page ELECTRONICALLY FILED
5/9/2022 2:07 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | |
|---|---|---|

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
## BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:**  JAMES B. WOODFORK, 312 CATHY LANE, GARDENDALE, AL 35071

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                         *[Name(s)]*

| 04/27/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

**X** I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
Kimberly Woodfork who is a person of suitable
age and discretion then residing at the defendant's address  in  Jefferson _____ County,

*(Name of Person Served)*                                        *(Name of County)*

Alabama on  27th day of April, 2022                              316 Roger Drive, Gardendale, AL
                    *(Date)*                                          35071
                                                             *(Address of Server)*
Private
*(Type of Process Server)*          *(Server's Signature)*

                                    Roger Graham                  205-612-8943
                                    *(Server's Printed Name)*      *(Phone Number of Server)*

### 10-CV-2022-900034.00
BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

| C001 - BRANDY LEE DUNNAVANT, AS THE CUSTODIAL<br>PARENT, NEXT FRIEND AND LEGAL REPRESENTATIVE OF<br>J.A.D., A MINOR WHO IS NOW DECEASED | **v.** | D001 - JAMES B. WOODFORK |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



*0086270191*

IN THE CIRCUIT COURT OF BUTLER COUNTY  ALABAMA

| | | |
|---|---|---|
| **BRANDY LEE DUNNVANT** | | Case Number: **10-CV-2022-900034.00** |
| | Plaintiff/Petitioner | Hearing Date: |
| vs. | | |
| **.** | | **Affidavit of Service of: SUMMONS; COMPLAINT; POS** |
| | Defendant/Respondent | |

Received by **Roger Graham**, on the **27th day of April, 2022 at 3:41 PM** to be served upon **James B. Woodfork** at **312 Cathy Lane, Gardendale, Jefferson County, AL 35071**.

On the **27th day of April, 2022 at 4:53 PM** I, **Roger Graham**, SERVED **James B. Woodfork** at the address of **312 Cathy Lane, Gardendale, Jefferson County, AL 35071** via Substitute Service, description as follows:

**KIMBERLY WOODFORK,** who accepted service with identity confirmed by subject stating their name, **I delivered the documents to Kimberly Woodfork who indicated they were the subject's spouse, co-resident with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 55-65 years of age, 5'4"-5'6" tall and weighing 180-200 lbs. I identified a 2021 BMW X6 JKPWR, a 2013 JAGUAR XF BEEST and a Blue 2003 CHEVROLET TAHOE YTZ937 registered to the subject.**, A PERSON OF SUITABLE AGE AND DISCRETION who stated they reside at the defendant's/respondent's usual place of abode listed above.

I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

Name:--/S/Roger Graham------------------------------------------------------------------------------------------------------------------------

April 28, 2022

Roger Graham
; 316 Roger Drive
Gardendale, AL 35071

Server ID#            Date:

Tracking #: **0086308886**



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  JACK SMALLEY III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 5/9/2022 2:06:49 PM

Notice Date:    5/9/2022 2:06:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  WOODFORK JAMES B. (PRO SE)
312 CATHY LANE
GARDENDALE, AL, 35071-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 5/9/2022 2:06:49 PM

Notice Date:     5/9/2022 2:06:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 5/9/2022 2:06:49 PM

Notice Date:      5/9/2022 2:06:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 5/9/2022 2:06:49 PM

Notice Date:    5/9/2022 2:06:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 5/9/2022 2:06:49 PM

Notice Date:     5/9/2022 2:06:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  JACK SMALLEY III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 5/9/2022 2:06:49 PM

Notice Date:    5/9/2022 2:06:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
5/27/2022 2:27 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

DOCUMENT 7

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

|  |  |
|---|---|
| **BRANDY LEE DUNNAVANT, as**<br>**mother, sole legal custodian, and next**<br>**friend of J.A.D. and N.P.D, minor**<br>**children who are now deceased,** | )<br>)<br>)<br>) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **JAMES B. WOODFORK, WOODFORK**<br>**ENTERPRISES, INC., et al.,** | )<br>) |
|  | ) |
| **Defendant.** | ) |

**CIVIL ACTION NO.**
**10-CV-2022-900034.00**

**\*JURY TRIAL DEMANDED\***

## ANSWER

COMES NOW the Defendant, JAMES B. WOODFORK, and for answer to Plaintiff's Complaint sets forth as follows:

### Statement of the Parties

1.     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.     Defendant admits that he was operating a vehicle on behalf of Hansen & Adkins Auto Transport, Inc. and further admits that he is a citizen of Jefferson County, Alabama.  Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.     Denied.

### JURISDICTION

4.     Defendant admits that he is an Alabama citizen.  Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits venue is proper in Butler County as to him.  Except as expressly admitted, the allegations in paragraph 5 are denied.

**STATEMENT OF FACTS**

6.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8.      Defendant admits that he was operating a motor vehicle on behalf of Hansen & Adkins Auto Transport, Inc., that he was an employee of Hansen & Adkins Auto Transport, Inc., and that he was traveling northbound in the righthand or outside lane.  Except as expressly admitted Defendant denies the allegations of Paragraph 8 of Plaintiff's Complaint.

9.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint.  Defendant denies all material allegations against him in paragraph 10.

11.      Defendant admits there were vehicles stopped in the northbound lane of I-65 due to a series of previous motor vehicle accidents, blocking the roadway on what is believed to be the bridge over Pigeon Creek.

12.      Denied.

13.      Defendant denies hitting the Ford Ranch van.  Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

DOCUMENT 7

2

14.    Defendant admits that there was a fire. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.    Defendant denies hitting the Ford Ranch van. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

## COUNT ONE

17.    Defendant adopts and realleges its responses to Paragraphs 1 – 16 of Plaintiff's Complaint, by reference, as if set forth fully herein.

18.    Denied.

19.    Defendant denies any material allegations against him in paragraph 19 and denies any negligent, wanton or otherwise actionable conduct.

With regard to the unnumbered paragraph following paragraph 19 of the Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## ADDITIONAL DEFENSES

### First Defense

Defendant preserves all defenses pursuant to Rule 12(b) of the Alabama Rules of Civil Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) venue; (d) insufficiency of process; (e) insufficiency of service of

3

process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party under Rule 19.

## Second Defense

Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

## Third Defense

Defendant pleads the general issue.

## Fourth Defense

Defendant pleads the applicable statute of limitations.

## Fifth Defense

Defendant pleads all applicable defenses under Rule 8 of the Alabama Rules of Civil Procedure, including but not limited to: lack of standing, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, fraud, illegality, laches, license, payment, release, unclean hands, the statute of limitations, waiver, accord and satisfaction, ratification, acquiescence, recoupment, setoff, the doctrine of estoppel, equitable estoppel, judicial estoppel, administrative estoppel, ratification and/or acquiescence.

## Sixth Defense

Defendant denies he breached any legal duty allegedly owed to Plaintiffs.

## Seventh Defense

Defendant denies he was guilty of negligence and/or wanton conduct on the occasion complained of and denies any negligence and/or wanton conduct on his part proximately caused said accident and/or Plaintiff's alleged injuries.

4

DOCUMENT 7

### Eighth Defense

Defendant denies that there is any causal relationship between his alleged activities and the accidents and/or Plaintiff's alleged injuries.

### Ninth Defense

Defendant avers the accidents and/or Plaintiff's alleged injuries were proximately caused by Plaintiff's negligence and/or negligence per se and/or the intervening acts and/or supervening of others on the occasion made the subject of this action.

### Tenth Defense

Defendant avers the accidents and Plaintiff's alleged injuries were the result of an efficient intervening and/or supervening cause or causes and/or were not proximately caused by any negligence and/or wantonness of Defendant; therefor Defendant pleads efficient intervening and/or supervening cause.

### Eleventh Defense

Defendant avers Plaintiffs were guilty of contributory negligence and/or contributory negligence per se, which proximately caused the accidents and/or alleged injuries and damages complained of.

### Twelfth Defense

Defendant states Plaintiff's claims are barred by assumption of the risk.

### Thirteenth Defense

Any injuries or damages Plaintiffs may have sustained, as alleged in Plaintiff's Complaint, to the extent not caused by Plaintiff's own negligence and fault, were proximately caused by the negligence, fault or actions of persons or entities other than Defendant, over whom Defendant had no control, and for whose negligence, fault and actions Defendant is not responsible.

**Fourteenth Defense**

Defendant avers Plaintiffs had the last clear chance to avoid the accident and/or accidents.

**Fifteenth Defense**

Defendant pleads subsequent negligence of Plaintiffs and/or third parties cuts off any duty allegedly owed by Defendant and/or proximately caused the accident and/or accidents.

**Sixteenth Defense**

Defendant avers the facts and circumstances surrounding the accidents made the basis of the Plaintiff's Complaint demonstrate Defendant had been placed in a sudden emergency due to no fault of Defendant; therefore, Plaintiffs are not entitled to any recovery against Defendant under the Sudden Emergency Doctrine.

**Seventeenth Defense**

Defendant did not engage in any conduct with a reckless or conscious disregard of the rights or safety of others.

**Eighteenth Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate the claims of damages, the existence of such damages being hereby denied.

**Nineteenth Defense**

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

**Twentieth Defense**

Defendant denies the Plaintiffs have been injured to the nature and extent claimed in the Complaint and therefore contest damages.

**Twenty-First Defense**

Plaintiffs are not entitled to recover or collect any damages from Defendant, which were paid, or are payable by any collateral source. Further, Defendant claims a credit and set-off from any settlement or payment to Plaintiffs from any co-Defendant or collateral source.

**Twenty-Second Defense**

Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) in response to Plaintiff's punitive damage claims.

**Twenty-Third Defense**

Defendant pleads Ala. Code § 6-11-21 (1975) (Cap) in response to Plaintiff's punitive damage claims.

**Twenty-Fourth Defense**

Plaintiff's claim for damages and relief sought by Plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

**Twenty-Sixth Defense**

Defendant denies that Plaintiffs are entitled to a recovery of damages.

**Twenty-Seventh Defense**

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

**Twenty-Eighth Defense**

Defendant denies Plaintiffs are entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

**Twenty-Ninth Defense**

Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case and/or in accordance with the Court's scheduling order.

**Thirtieth Defense**

To the extent they are not caused by or related to a physical injury, Plaintiff cannot recover of this Defendant for mental anguish.

**Thirty-First Defense**

Plaintiff has failed to name indispensable parties under Rule 19, ARCP.

**Thirty-Second Defense**

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

**Thirty-Third Defense**

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

**CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES**

The Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's claim for punitive damages:

8

DOCUMENT 7

1.    The claim for punitive damages as sought by the Complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

2.    The claim for punitive damages as sought by the Complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

3.    The Plaintiff should not recover punitive damages from the defendants for punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

4.    The Plaintiff should not recover punitive damages of this Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

5.    The Plaintiff should not recover punitive damages of this Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

6.    The Plaintiff should not recover punitive damages of this Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

7.    The Plaintiff should not recover punitive damages of this Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.    The Plaintiff should not recover punitive damages of this Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.    The Plaintiff should not recover punitive damages of this Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10.   A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

11.    A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

12.    The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

13.    The Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

DOCUMENT 7

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)     The award of punitive damages in this case constituted a deprivation of property without due process of law.

14.     The Plaintiff's attempt to impose punitive damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

17.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

18.     This Defendants avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

## MENTAL ANGUISH DEFENSES

1.     Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the follow grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(b)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

11

(c)    Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(d)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages, or the determination of such damages are unconstitutionally vague, indefinite, and uncertain, and they deprive this Defendant of due process of law.

(f)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)    The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)    Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages, or the determination of such damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

2.    Plaintiff's claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of the Alabama law governing the right

DOCUMENT 7

to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

    (a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

    (b)    The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite, and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

    (c)    The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

    (d)    An award of damages in this case would constitute a deprivation of property without due process of law.

    (e)    The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

    (f)    The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of its rights of equal protection and due process.

    (g)    The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors without regard to the respective enormity of alleged legal misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

    (h)    The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

    (i)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)    Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama Law with no predetermined limit and no guidelines of any sort on the amount of such damages that a jury may impose, violates this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

3.    Mental anguish damages are remote and metaphysical in nature; they are more sentimental than substantial; depending largely upon physical and nervous condition, the suffering of one under precisely the same circumstances would be no test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which any such injury can be justly compensated or even approximately measured; easily falls within all the objections to speculative damages, which are universally excluded because of their uncertain character, such damages are imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder or fact would be made to punish the Defendant and not to compensate the Plaintiff.

4.    The award of discretionary, compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages , and , it constitutes a deprivation of property without the due process of the law.

5.    Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

6.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, cannot be upheld, because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant. As such, these damages violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

7.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss. See, e.g., *Ala. Code Section 7-2-715; Lloyd Wood Coal Co. v. Clark Equipment Co.* 543 So.2d 671 (Ala. 1989), *Ford*

DOCUMENT 7

*Motor Co. v. Rice,* 726 So.2d 626 (Ala. 1998), and *Ex parte Grand Manor, Inc.,* 778 So.2d 173 (Ala. 2000).

8.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation.  If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result.  See, e.g., *Restatement of the Law of Contracts,* Section 353.

## JURY TRIAL DEMANDED

/s/ William E. Pipkin, Jr.
William E. Pipkin, Jr.  (PIP005)
Attorney for Defendant, James B. Woodfork

OF COUNSEL:
Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

/s/ Richard W. Lewis
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Defendant James B. Woodfork

OF COUNSEL:
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South
Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

DOCUMENT 7

## CERTIFICATE OF SERVICE

I hereby certify that I have on May 27, 2022 served a copy of the above and foregoing on counsel for all parties by:

 X    Using the CM/ECF system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com
    Attorneys for Dunnavant Plaintiffs

Calvin Poole III, Esq.
Attorney for Plaintiffs
Poole & Poole
P. O. Box 308
Greenville, AL  36037
334-382-3123
Calvin@poolelaw.com

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL  35022

State of Alabama Attorney General
500 Dexter Ave.
Montgomery, Alabama 36130-0001

                                        /s/ William E. Pipkin
                                        Of Counsel

DOCUMENT 7



**AlaFile E-Notice**

10-CV-2022-900034.00

To: WILLIAM E. PIPKIN, JR. JR.
bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 5/27/2022 2:26:14 PM

Notice Date:    5/27/2022 2:26:14 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice



10-CV-2022-900034.00

To:  WOODFORK JAMES B. (PRO SE)
312 CATHY LANE
GARDENDALE, AL, 35071-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 5/27/2022 2:26:14 PM

Notice Date:     5/27/2022 2:26:14 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 5/27/2022 2:26:14 PM

Notice Date:     5/27/2022 2:26:14 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 5/27/2022 2:26:14 PM

Notice Date:     5/27/2022 2:26:14 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**



10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 5/27/2022 2:26:14 PM

Notice Date:     5/27/2022 2:26:14 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 5/27/2022 2:26:14 PM

Notice Date:    5/27/2022 2:26:14 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
6/14/2022 1:00 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED;** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.** |
| ) | |
| **v.** ) | **CV-2022-900034** |
| ) | |
| **HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK; WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY;** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

### FIRST AMENDED COMPLAINT

#### Statement of the Parties

1.     Plaintiff, Brandy Lee Dunnavant, is over the age of nineteen years and is a resident citizen of Mobile County, Alabama. She brings this claim as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D., her deceased minor children, who were also resident citizens of Alabama.

2.     Defendant Hansen & Adkins Auto Transport, Inc. ("HAAT") is a citizen of California, as it is believed to be incorporated, organized, and existing with its principal place of business in Los Alamitos, California.  HAAT is an interstate motor carrier with 41 terminals throughout the United States with over 1,200 tractors and over 900 drivers.  At the time of the

subject incident, said Defendant was doing business in the State of Alabama. Steven L. Hansen and Louie R. Adkins are owners and/or officers of Hansen & Adkins Auto Transport, Inc.

3.      Defendant Royal Truck Leasing LLC ("Royal Truck") owned the subject 2020 Volvo Truck tractor/trailer driven by Hansen's driver and leased the equipment to Defendant Hansen. Upon information and belief, Steven L. Hansen and Louie R. Adkins are the members of Royal Truck. Steven L. Hansen is a citizen of California. Louie R. Adkins is a citizen of California. Therefore, Royal Truck is a citizen of California.

4.      Defendant Hansen & Adkins Auto Logistics, Inc. (f/k/a Harbor Auto Transport, Inc.) ("HAAL") is a citizen of California, as it is believed to be incorporated, organized, and existing with its principal place of business in Los Alamotis, California. Hansen's driver, James Woodfork, filled out employment and training papers with Harbor Auto Transport's logo at the top. Harbor Auto Transport changed its name to Hansen & Adkins Auto Logistics, Inc. on December 20, 2021. Steven L. Hansen and Louie R. Adkins are owners and/or officers of Hansen & Adkins Auto Logistics.

5.      Defendant James B. Woodfork was driving for Hansen & Adkins in a truck and trailer leased from Royal Truck when he caused the wreck at issue. Woodfork is a resident citizen of Jefferson County, Alabama.

6.      Defendant Woodfork Enterprises, Inc. is a motor transportation company owned and operated by James B. Woodfork. It is a citizen of Alabama as it is incorporated in Alabama and has its principal place of business at 708 Alice Street SW, Bessemer, AL 35022.

7.      Defendant Asmat Investment, LLC dba Asmat Express ("Asmat") is a citizen of Georgia as it is believed to be a limited liability company organized and existing with its principal place of business in Clarkson, Georgia. Alebachew Ademe is believed to be the single member of

the LLC and is believed to be a citizen of Georgia.  At the time of the subject incident, said Defendant was doing business in the State of Alabama.

8.      Defendant Mamuye Ayane Takelu ("Takelu"), is over the age of nineteen years and is believed to be a resident citizen of Clarkson, Georgia.  Defendant Takelu was driving the Asmat truck and doing business in the State of Alabama.

9.      Defendant Samsara, Inc., who designed, manufactured, sold, and monitored the safety alert dashcam, is incorporated in Delaware and has its principal place of business at 350 Rhode Island Street, 4th Floor, San Francisco, CA 94103.

10.      Defendant Geico Casualty Company ("Geico") is a Nebraska corporation with its principal place of business in Maryland. At the time of the subject incident, Geico was doing business in Alabama.  Geico is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

11.      Defendant Amguard Insurance Company ("Amguard") is a Pennsylvania corporation with its principal place of business in Pennsylvania. At the time of the subject incident, Amguard was doing business in Alabama.  Amguard is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

## JURISIDICTION

12.      James B. Woodfork and his trucking company, Woodfork Enterprises, are subject to this Court's general jurisdiction as they are both domiciled in Alabama.

13.      HAAT is subject to this Court's specific personal jurisdiction based on the following facts:

a)      HAAT has a trucking terminal in Birmingham, Alabama where Defendant Woodfork was based;

b)      HAAT hires, fires, trains, controls its drivers' loads, and inspects and maintains its trucks and trailers at this Birmingham terminal;

3

c)    HAAT employs Alabama residents, including Woodfork, who operate its trucks and trailers on Alabama highways;

d)    HAAT has contacts with the State of Alabama; derives revenue from the State of Alabama; and was doing business in Alabama by operating and monitoring their driver and truck in Alabama at the time of this crash. Exercising personal jurisdiction over HAAT would be fair, reasonable, and consistent with the Due Process Clause.

14.    Defendant Royal Truck leased the subject truck and trailer Woodfork was driving to HAAT for a period of five years. Royal Truck is subject to specific jurisdiction in Alabama as it:

a)    Entered into a contract with HAAT knowing it would apply to a truck and trailer driven on Alabama highways by Alabama drivers;

b)    Has an ongoing relationship with the HAAT Birmingham terminal where it regularly communicates with Alabama employees regarding its leased trucks and trailers being driven in Alabama;

c)    Makes safety decisions related to its truck and trailers being driven in Alabama, including which safety features were originally ordered on the truck and trailer;

d)    Has contacts with the State of Alabama; derives revenue from the State of Alabama; and is doing business in Alabama. Exercising personal jurisdiction over Royal Truck would be fair, reasonable, and consistent with the Due Process Clause.

15.    Defendant HAAL is a broker for Hansen & Adkins and is inextricably intertwined with the day-to-day operations at the HAAT Birmingham terminal. HAAL is subject to this Court's specific jurisdiction as it:

a)    Has employees stationed at the Birmingham terminal who work with HAAT in scheduling driver loads and dispatching HAAT drivers;

b)    Is the logistics branch of HAAT, including at the Birmingham terminal;

4

c)      Was involved in background checks, selection, hiring, and retention of Alabama driver, James B. Woodfork;

d)      Has contacts with the State of Alabama; derives revenue from the State of Alabama; and is doing business in Alabama. Exercising personal jurisdiction over HAAL would be fair, reasonable, and consistent with the Due Process Clause.

16.    Defendant Asmat had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating their truck in Alabama at the time of this crash.

17.    Defendant Takelu had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating the Asmat truck in Alabama at the time of this crash.

18.    Defendant Samsara, Inc. is subject to specific personal jurisdiction in Alabama because it:

a)      Designed, manufactured, and sold a collision avoidance system, including a dashcam and ECU communicator, to Hansen & Adkins knowing it would be installed on a truck that was domiciled and monitored in Alabama;

b)      Monitors driver activity in Alabama, including James B. Woodfork on the day of the crash, and stores that data in its Cloud;

c)      Provides initial and ongoing training to its Alabama trucking customers and their drivers on how to use Samsara technology, including to HAAT's Birmingham terminal;

d)      Provides 24/7 customer service to its Alabama trucking customers and their drivers;

e)      Routinely sells its products in Alabama; derives revenue from the State of Alabama; and is doing business in Alabama. Exercising personal jurisdiction over Samsara would be fair, reasonable, and consistent with the Due Process Clause.

19.     Defendant Geico had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by selling insurance in this State via agent or otherwise.

20.     Defendant Amguard had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by selling insurance in this State via agent or otherwise.

21.     Venue is proper in Butler County pursuant to *Ala. Code* §6-3-7 and Rule 82 of the *Alabama Rules of Civil Procedure*.

## Statement of the Facts

22.     On June 19, 2021, Candice Gulley, was driving a 2017 Ford Transit van on behalf of the Alabama Sheriff's Girls Ranch ("Ranch van") north on Interstate 65 near Greenville in Butler County, Alabama.  The Ranch van was occupied by eight children under the age of nineteen years, including Plaintiff Dunnavant's minor children, J.A.D. and N.P.D.

23.     Ms. Gulley and all of the children were properly wearing their seatbelt restraint systems at the time of the crash.

24.     Just prior to the crash, the Ranch van was traveling in the left lane alongside a 2020 Volvo Truck tractor/trailer combination owned by Defendant Royal Truck and operated by Defendant HAAT and its driver and agent, James B. Woodfork, dba Woodfork Enterprises, Inc., traveling north in the righthand (outside) lane.

25.     The Ranch van was in the left lane adjacent to the trailer portion of the Hansen Volvo 18-wheeler.

26.     Behind the Hansen truck and the Ranch van was the 18-wheeler operated by Mamuye Takelu who was employed by Asmat.  At all times material, Defendant Takelu was operating the 18-wheeler under the authority of Asmat and under Asmat's DOT number.

27.     As the vehicles approached a bridge on Interstate 65 over Pigeon Creek Road near milepost 138, traffic north of the bridge had slowed and stopped forming a que due to a series of minor crashes.

28.     The Hansen truck failed to stop for traffic and struck a 2020 Ford Explorer SUV and then veered into the left lane striking the Ranch van occupied by J.A.D. and N.P.D., and others.

29.     After being struck by the Hansen truck, the Ranch van was struck by the Asmat/Takelu 18-wheeler from the rear.

30.     A fire erupted during the collision which ultimately consumed the Ranch van, the 18-wheelers and other vehicles, as well as the children in the Ranch van.

31.     Ms. Gulley was pulled from the Ranch van wreckage by bystanders.  She then ran around the Ranch van to try to help the children escape the burning van.  Because of the fire and the significant damage caused to the Ranch van by the Hansen and Asmat trucks, she was unable to extricate any of the children.

32.     All of the children were killed by the fire.

## COUNT ONE
**(Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)**

33.     Plaintiff incorporates the above allegations.

34.     HAAT's agent and driver, James B. Woodfork, dba Woodfork Enterprises, Inc., negligently and wantonly operated his vehicle within the line and scope of his employment with HAAT by:

      a)     Failing to comply with the Alabama Rules of the Road;

      b)     Failing to maintain his vehicle at a safe operating speed;

      c)     Failing to keep a proper lookout;

      d)     Being distracted and not paying proper attention;

    e)       Driving the 18-wheeler too fast for the conditions at the time;

    f)        Failing to comply with *Code of Alabama* §32-5A-88 and §32-5A-170;

    g)       Violating other numerous rules and regulations yet to be discovered in the course of this case.

35.     As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

36.     Plaintiff incorporates the above allegations.

37.     This Count is based on Respondeat Superior in that at all times material hereto, Defendant Woodfork was an employee of HAAT and was acting as agent, employee and/or servant of HAAT and was acting within the line and scope of his employment with HAAT.

38.     Defendant Woodfork was an agent of HAAT at the aforesaid time and place. Therefore, Defendant HAAT, is liable for the negligent and/or wanton acts of Defendant Woodfork as set out herein.

39.     As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths J.A.D. and N.P.D., plus the costs of this action.

## COUNT THREE
### (Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")

40.     Plaintiff incorporates the above allegations.

41.     Defendants HAAT and HAAL are the entities listed on Defendant James B. Woodfork's employment paperwork.

42.     Defendants HAAT and HAAL are in the trucking business which requires the hauling of cargo by trucks on federal, state, and county roads and/or highways.  HAAT's DOT number is 568253 and HAAL's DOT number is 1312746.

43.     Defendants HAAT and HAAL had a duty to Plaintiffs and the motoring public to hire competent drivers.  Part of this duty included running thorough background checks and verifying employment of potential drivers.

44.     Defendants HAAT and HAAL had a duty to ensure the competency of its drivers by properly training and supervising all drivers operating vehicles in the line and scope of employment with HAAT.

45.     The acts and/or omissions of HAAT and HAAL constitute negligent and/or wanton hiring, retention, training, monitoring, and supervision.

46.     Defendants HAAT and HAAL negligently and/or wantonly hired, retained, failed to enforce, train, supervise, monitor, and implement policies and procedures that would prevent or allow Defendant Woodfork to operate the subject truck and trailer in a manner causing it to crash with the Ranch van.

47.     Defendant Woodfork was operating the subject tractor trailer owned by Royal Truck and leased by HAAT, despite his many safety infractions within the last two years while driving for HAAT; the previous revocation of his license; and his admission in his hiring paperwork that he had never been to a formal driving school.

48.     Due to the failures of Defendants HAAT and HAAL, the subject vehicle was being negligently and wantonly operated by James Woodfork, an incompetent driver.

49.     As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT FOUR
### (Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")

50.     Plaintiff incorporates the above allegations.

51.     HAAT negligently and wantonly failed to properly maintain the truck and trailer in a safe working condition.

52.     HAAT negligently and wantonly failed to equip the subject truck with computer aided technologies (CAT) such as automatic braking systems, warning systems, and other avoidance systems.

53.     HAAT installed a Samsara dash camera and ECU communicator on the subject truck that allowed them to actively monitor their truck driver and truck while the truck was moving and to coach the driver on hazards.  This technology also allowed HAAT to monitor weather conditions.  However, HAAT negligently and wantonly failed to adequately monitor the road hazards at the time of the accident and failed to coach their agent and driver on how to mitigate or avoid those hazards.

54.     As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT FIVE
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

55.     Plaintiff incorporates the above allegations.

56.     Defendant HAAL owed a duty to members of the traveling public to use reasonable care to investigate and evaluate, on an ongoing basis, the competency and safety record of any carrier hired to transport freight.

57.     Defendant HAAL negligently and/or wantonly chose to endanger the motoring public by contracting with or continuing to contract with HAAT and Defendant Woodfork.

58.     Defendant HAAL knew, or should have known HAAT and Woodfork were not competent to perform the terms of the contract on the date of the subject wreck because of numerous safety violations and Woodfork's previous driving record and lack of formal driving training.  Nevertheless, Defendant HAAL negligently and/or wantonly chose to turn a blind eye and allow HAAT and Woodfork to continue to operate because it was financially beneficial to all involved.

59.     Defendant HAAL had a continuing duty to ensure that HAAT and Woodfork were complying with local/state/federal laws and the Federal Motor Carrier Safety Regulations throughout the duration of its relationship with both defendants.

60.     Since Defendant HAAL is located at the same address as Defendant HAAT, run by the same owners, and has employees working at the HAAT Birmingham terminal, Defendant HAAL knew or should have known that Woodfork was driving the HAAT truck and trailer and the time of the accident.

61.     As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

62.     Plaintiff incorporates the above allegations.

63.     Royal Truck owned the subject truck and trailer and leased it to HAAT for a period of five years.

64.     Royal Truck negligently and wantonly failed to properly maintain the truck and trailer in a safe working condition.

65.     Royal Truck negligently and wantonly failed to equip the subject truck with computer aided technologies (CAT) such as automatic braking systems, warning systems, and other avoidance systems.

66.     Royal Truck negligently and wantonly entrusted the truck and trailer to HAAT and James Woodfork.

67.     At all times material, Royal Truck knew or should have known that HAAT's drivers were continuously receiving a high number of safety violations, including James Woodfork, as Royal Truck was owned and operated by the same two people operating HAAT.

68.     Royal Truck knew, or should have known, that leasing its truck and trailer to a motor carrier and/or contractor to perform the hazardous job of delivering automobiles, unless it is skillfully and carefully done, could result in physical harm.

69.     Royal Truck had an ongoing duty to continue to confirm whether the motor carrier and driver of its truck and trailer were competent to drive the leased truck and trailer throughout the five year duration of the contract.

70.     Royal Truck breached this duty by failing to determine, during the course of the contract, that HAAT and Woodfork were receiving safety violations and were no longer competent to operate the truck and trailer.

71.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the cost of this action.

## COUNT SEVEN
### (AEMLD – Samsara)

72.    Plaintiff incorporates the above allegations.

73.    Samsara designed, engineered, tested, manufactured, distributed, marketed, and sold the subject dashcam and ECU communicator for the purpose of detecting and alerting the driver and their trucking company to driving hazards so that wrecks like the one in this case could be avoided.

74.    Samsara reasonably expected the subject dashcam and ECU communicator to reach the ultimate user or consumer in the condition that it was in at the time of the incident.

75.    At the time of this accident, the Samsara dashcam and ECU communicator were defective in design, manufacture, and/or warnings as it did not timely and properly alert Woodfork or HAAT to the dangerous driving conditions in front of him.

76.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

77.    Plaintiff incorporates the above allegations.

78. Samsara advertises that its technology results in an 83% reduction in at-fault incidents, including those caused by following too closely as the Samsara system is supposed to alert to this violation.

79. Samsara negligently and wantonly designed, engineered, tested, manufactured, distributed, marketed, and sold the subject dashcam and ECU communicator for the purpose of detecting and alerting the driver and their trucking company to driving hazards so that wrecks like the one in this case could be avoided.

80. Samsara negligently and wantonly monitored Defendant Woodfork's driving habits and the driving hazards on the day of the wreck. As a consequence, Samsara failed to timely and properly alert Woodfork and HAAT as to the hazardous conditions in front of him at the time of the wreck, which constitutes a conscious disregard for the safety of others.

81. As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT NINE
### (Negligence and Wantonness – Takelu)

82. Plaintiff incorporates the above allegations.

83. Defendant Asmat's driver and agent, Defendant Takelu, negligently and wantonly operated the Asmat 18-wheeler vehicle within the line and scope of his employment so as to cause a collision between their vehicle and the Ranch van by:

    a)    Failing to comply with the Alabama Rules of the Road;

    b)    Failing to maintain their vehicle at the safe operating speed;

    c)    Failing to keep a proper lookout;

     d)      Following too close under *Code of Alabama* § 32-5A-89;

     e)      Being distracted and not paying proper attention;

     f)      Failing to comply with *Code of Alabama* § 32-5A-88 and § 32-5A-170;

     g)      Violating other numerous rules and regulations yet to be discovered in the course of this case.

84.     The Asmat truck was not properly maintained and was not equipped with accident avoidance and other safety systems and technology.

85.     As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT TEN
### (Respondeat Superior - Asmat)

86.     Plaintiff incorporates the above allegations.

87.     This Count is based on Respondeat Superior in that at all times material hereto, Defendant Takelu was an employee of Asmat and was acting as agent, employee and/or servant of Asmat and was acting within the line and scope of his employment with Asmat.

88.     Defendant Takelu was an agent of Asmat at the aforesaid time and place. Therefore, Defendant Asmat is liable for the negligent and/or wanton acts of Defendant Takelu.

89.     As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claim all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT ELEVEN
### (Direct Negligence and Wantonness – Asmat)

90.    Plaintiff incorporates the above allegations.

91.    Asmat negligently and wantonly maintained its truck and failed to equip it with accident avoidance and other safety systems and technology.

92.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT TWELVE
### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

93.    Plaintiff incorporates the above allegations.

94.    At the times and places set forth herein above, Plaintiffs J.A.D. and N.P.D. were insured under the terms and provisions of a policy or policies of insurance Defendants Geico and Amguard issued to them, which provided them with uninsured/underinsured motorist benefits.

95.    At the times and places set forth herein above, the at-fault parties were uninsured and/or underinsured drivers/motorists under the terms and provisions of the above-described policy or policies of insurance.

96.    At the times and places set forth herein above, the said policy or policies of insurance were in full force and effect and, under the said terms and provisions of said policy or policies, the Defendants Geico and Amguard agreed to pay all sums which Plaintiffs would be legally entitled to recover as damages from the owner or operator of any such uninsured motor vehicle because of bodily injury, including but not limited to, all actual and punitive damages.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D and N.P.D., plus the costs of this action.

16

Respectfully submitted,

/s/ Jack Smalley III
JACK SMALLEY III            (SMA014)
EARLE W. LONG IV           (LON026)
WALTON W. HICKMAN          (HIC022)
*Attorneys for Plaintiff, Dunnavant*

LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
T: (251) 445-6000
F: (251) 445-0282
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

/s/ Calvin Poole
CALVIN POOLE III
*Attorney for Plaintiff, Dunnavant*

POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
T: (334) 382-3123
calvin@poolelaw.com

## PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL

/s/ Jack Smalley III
JACK SMALLEY III

## DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER AS FOLLOWS:

William E. Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885
Mobile, Alabama 36652-2885
*Attorney for Defendant, James B. Woodfork*

17

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi B. Frederick, Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
*Attorneys for Defendant, James B. Woodfork*

WOODFORK ENTERPRISES, INC.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

HANSEN & ADKINS, INC.
c/o Corporation Service Company dba CSC - Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

HANSEN & ADKINS AUTO LOGISTICS, INC.
c/o Corporation Service Company dba CSC - Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

ROYAL TRUCK LEASING, LLC
c/o Corporation Service Company dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

ASMAT INVESTMENT, LLC
DBA ASMAT EXPRESS
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

MAMUYE AYANE TAKELU
929 Glynn Oaks Drive
Clarkston, GA 30021

SAMSARA INC.
c/o 1505 Corporation 112
C T Corporation System
330 N Brand Blvd., Ste 700
Glendale, CA 91203

GEICO CASUALTY COMPANY
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

AMGUARD INSURANCE COMPANY
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  JACK SMALLEY III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:      6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:     6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:      6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:     6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  GEICO CASUALTY COMPANY
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC.
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: SAMSARA, INC.
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: HANSEN & ADKINS AUTO LOGISTICS, INC.
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:    6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  MAMUYE AYANE TAKELU
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 6/14/2022 12:59:29 PM

Notice Date:      6/14/2022 12:59:29 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>10-CV-2022-900034.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:** ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS, C/O ALEBACHEW ADEME, RA 887 N INDIAN CREEK DR #E, CLARKSTON, GA 30021

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
_____ ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JACK SMALLEY III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .

*(Date)*

_____          *(Address of Server)*

*(Type of Process Server)*     *(Server's Signature)*

*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA**
**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

**NOTICE TO:** ROYAL TRUCK LEASING, LLC, 2710 GATEWAY OAKS DRIVE SUITE 150N, SACRAMENTO, CA 95833

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608          .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of   J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

pursuant to the Alabama Rules of the Civil Procedure.          *[Name(s)]*

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JACK SMALLEY III
                                             *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
                                                           *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                        *(Name of County)*

Alabama on _____ .
              *(Date)*

_____          *(Address of Server)*

_____          _____
*(Type of Process Server)*     *(Server's Signature)*

                    _____          _____
                    *(Server's Printed Name)*                *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA**
**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

**NOTICE TO:** GEICO CASUALTY COMPANY, C/O CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608               .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of
J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN
*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.           /s/ JACK SMALLEY III
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                         *(Name of County)*

Alabama on _____ .
*(Date)*

_____                         *(Address of Server)*

*(Type of Process Server)*     *(Server's Signature)*                         _____

_____
*(Server's Printed Name)*                         *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:** AMGUARD INSURANCE COMPANY, C/O CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of   J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ JACK SMALLEY III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                           *(Name of County)*

Alabama on _____ .

*(Date)*

_____                                   _____

                                                      *(Address of Server)*

*(Type of Process Server)*       *(Server's Signature)*

                             _____       _____

                             *(Server's Printed Name)*       *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>10-CV-2022-900034.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
## BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:** HANSEN & ADKINS, INC., C/O CSC, INC. 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608                                    .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JACK SMALLEY III
                                             *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
                                                              *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                *(Name of County)*

Alabama on _____.
              *(Date)*

_____        _____    *(Address of Server)*
*(Type of Process Server)*              *(Server's Signature)*

                                        _____    _____
                                        *(Server's Printed Name)*           *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>10-CV-2022-900034.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA**
**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

**NOTICE TO:** SAMSARA, INC., C/O CT CORPORATION SYSTEM 330 N BRAND BLVD #700, GLENDALE, CA 91203

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III

_____ ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608                                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of **J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**

pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JACK SMALLEY III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____            _____

*(Address of Server)*

_____        _____

*(Type of Process Server)*          *(Server's Signature)*

_____            _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:** HANSEN & ADKINS AUTO LOGISTICS, INC., C/O CSC, INC. 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III

_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608                         .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of

J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN
*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JACK SMALLEY III
                                          *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
                                                              *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.
                    *(Date)*

_____          _____
*(Type of Process Server)*                    *(Address of Server)*

_____          _____
*(Server's Signature)*

_____          _____
*(Server's Printed Name)*                     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900034.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA**
**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R**

**NOTICE TO:** MAMUYE AYANE TAKELU, 929 GLYNN OAKS DRIVE, CLARKSTON, GA 30021

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
_____ ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/14/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JACK SMALLEY III
                                                *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
                                                              *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .
              *(Date)*

                                        _____
                                        *(Address of Server)*

_____   _____   _____
*(Type of Process Server)*      *(Server's Signature)*

                              _____   _____
                              *(Server's Printed Name)*       *(Phone Number of Server)*

ELECTRONICALLY FILED
6/15/2022 11:02 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

J.A.D., A MINOR WHO IS NOW
DECEASED BRANDY LEE )
DUN,
N.P.D., A MINOR WHO IS NOW
DECEASED BRANDY LEE )
DUN,
Plaintiffs, )
)
V. ) Case No.:   CV-2022-900034.00
)
WOODFORK JAMES B., )
WOODFORK ENTERPRISES, )
INC.,
HANSEN & ADKINS, INC., )
HANSEN & ADKINS AUTO )
LOGISTICS, INC. ET AL,
Defendants. )

### ORDER

For reasons best known to the Court, I hereby recuse myself from
this case. The replacement judge will be assigned as per the
administrative order filed June 21, 2021

**DONE this 15th day of June, 2022.**

**/s/ CLEVELAND POOLE**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:    6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:     6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:     6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:      6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:    6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  HANSEN & ADKINS, INC. (PRO SE)
     C/O CSC, INC.
     251 LITTLE FALLS DRIVE
     WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:     6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:    6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:    6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
     C/O ALEBACHEW ADEME, RA
     887 N INDIAN CREEK DR #E
     CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:     6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:    6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:    6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:     6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:02:02 AM

Notice Date:     6/15/2022 11:02:02 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
6/15/2022 11:15 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) |
| N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.: CV-2022-900034.00 |
| | ) |
| WOODFORK JAMES B., | ) |
| WOODFORK ENTERPRISES, INC., | ) |
| HANSEN & ADKINS, INC., | ) |
| HANSEN & ADKINS AUTO | ) |
| LOGISTICS, INC. ET AL, | ) |
| Defendants. | ) |

### ORDER

For reasons best known to the Court, the undersigned judge hereby recuses herself. The Presiding Circuit Judge having entered an order of recusal, this matter shall be assigned pursuant to the administrative order entered on June 21, 2021.

**DONE this 15th day of June, 2022.**

/s/ NICKI MYRICK MCFERRIN
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:      6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:     6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:      6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:     6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:     6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:   HANSEN & ADKINS, INC. (PRO SE)
      C/O CSC, INC.
      251 LITTLE FALLS DRIVE
      WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:    6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:   HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:     6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:      6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:     6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:     6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:    6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:    6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

 AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:15:45 AM

Notice Date:    6/15/2022 11:15:45 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
6/15/2022 11:21 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **J.A.D., A MINOR WHO IS NOW DECEASED** | ) |
| **BRANDY LEE DUN,** | ) |
| **N.P.D., A MINOR WHO IS NOW DECEASED** | ) |
| **BRANDY LEE DUN,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **V.** | ) **Case No.:    CV-2022-900034.00** |
| | ) |
| **WOODFORK JAMES B.,** | ) |
| **WOODFORK ENTERPRISES, INC.,** | ) |
| **HANSEN & ADKINS, INC.,** | ) |
| **HANSEN & ADKINS AUTO LOGISTICS, INC.** | ) |
| **ET AL,** | ) |
| **Defendants.** | ) |

## ORDER OF RECUSAL

For reasons best known to the Court, the undersigned judge recuses himself from all further action in the above styled cause. Pursuant to the administrative order entered by Circuit Judge Cleveland Poole on June 21, 2021, this matter is assigned to the Honorable Adrian Johnson, District Judge, Lowndes County, Alabama.

**DONE this 15th day of June, 2022.**

/s/ **THOMAS E SPORT**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:   LONG EARLE WALTER IV
      earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:     6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:   ROYAL TRUCK LEASING, LLC (PRO SE)
      2710 GATEWAY OAKS DRIVE
      SUITE 150N
      SACRAMENTO, CA, 95833-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:     6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To: ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:    6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:      6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:     6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:      6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: CLEVELAND POOLE

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/15/2022 11:21:22 AM

Notice Date:     6/15/2022 11:21:22 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. W22 9·34
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. D003

1. Article Addressed to:

Horsen + Adkins Inc
Yo csc Inc
251 Little Falls Dr.
Wilmington, DE. 19808

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6448 0346 9285 07

2. Article Number (Transfer from service label)

7021 0950 0000 4357 6614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   (00)
☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | | |
| $ | 3.25 | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ 3.00 | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | 2.01 | |
| Total Postage and Fees | | |
| $ 8.76 | | W22 9·34  D003 |

Horsen + Adkins Inc
Yo csc Inc
251 Little Falls Dr
Wilmington DE 19808

PS Form 3800, April 20[ ]5 PSN 7530-02-000-9047      See Reverse for Instructions

7021 0950 0000 4357 6614

CERTIFIED MAIL

Case 2:23-cv-0... 1-2 F... 1081

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. CV22 9.34
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. D004

1. Article Addressed to:

Hansen & Adkins Auto Logistics
C/o csc thc.
251 Little Falls Drive
Wilmington, DE 19808

9590 9402 6448 0346 9284 84

2. Article Number (Transfer from service label)

7021 0950 0000 4357 6638

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 375

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $ 9.00
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$ 2.01

Total Postage and Fees
$ 8.76    CV22 9.34

Sent To Hansen, Adkins Auto Transport D004
Street and Apt. No., or PO Box No. 251 Little Falls Dr
City, State, ZIP+4® Wilmington DE 19808

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3 *CU22 9-34*
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *D005*

1. Article Addressed to:

*Royal Truck Leasing LLC*
*2710 Gateway Oaks Dr*
*Ste 150 N*
*Sacramento, CA. 95833*

9590 9402 6448 0346 9285 38

2. Article Number (Transfer from service label)

7019 0700 0001 3436 8557

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.75
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $ 9.60
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$ 2.01
Total Postage and Fees
$ 8.76   *CU22 9-34*

Sent To *Royal Truck Leasing LLC   D005*
Street and Apt. No., or PO Box No. *2710 Gateway Oaks Dr   Ste 150 N*
City, State, ZIP+4® *Sacramento, CA. 95833*

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.   CU 22 934
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.   D006

1. Article Addressed to:

Asmat Investments LLC
d/b/a Asmat Express
c/o Alibachew Adeno, RA
887 N. Indian Creek Dr # E
Clarkston, Ga. 30021

9590 9402 6448 0346 9285 45

2. Article Number (Transfer from service label)

7019 0700 0001 3436 8540

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee      3.75
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $    3.00
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $
Postage                  Postmark
$                         Here
      2.01
Total Postage and Fees
$     8.76        CU 22-9-34
Sent To                          D006
Asmat Investments
Street and Apt. No., or PO Box No.
887 N. Indian Creek Dr # E
City, State, ZIP+4®
Clarkston, Ga 30021

7019 0700 0001 3436 8540

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ 3.00
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$ 2.01

Total Postage and Fees
$ 8.76      CU22 9-34

Sent To  Mamuye Ayane Takelu   Door
Street and Apt. No., or PO Box No.  929 Glynn Oaks Dr.
City, State, ZIP+4®  Clarkston, GA. 30021

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 0950 0000 4357 6652

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. CU22 434
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.  Door

1. Article Addressed to:

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA. 30021

9590 9402 7371 2028 7736 16

2. Article Number (Transfer from service label)
7021 0950 0000 4357 6652

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☒ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. *CU22 4.34*
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *D008*

1. Article Addressed to:

Samsara Inc
c/o CT Corporation System
330 N. Brand Blvd # 700
Glendale, CA. 91203

9590 9402 6448 0346 9284 91

2. Article Number (Transfer from service label)

7021 0950 0000 4357 6621

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 2.01

Total Postage and Fees
$ 8.76    CU22 4.34

Sent To    CT Corp Sys    D008
Samsara Inc
Street and Apt. No., or PO Box No.
330 N Brand Blvd # 700
City, State, ZIP+4
G. Dale, CA. 91203

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

CERTIFIED MAIL®
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7021 0950 0000 4357 6621

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

CU22 9-34

0009

1. Article Addressed to:

Geico Casualty Company
C/o CT Corporation System
2 N. Jackson St Ste. 605
Montgomery, Al 36104

9590 9402 6448 0346 9285 21

2. Article Number (Transfer from service label)

7019 0700 0001 3436 8564

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)    $ 3.00
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 2.01

Total Postage and Fees
$ 8.76    CU22 9-34    0009

Sent To
Geico Casualty Company

Street and Apt. No., or PO Box No.
C/o CT Corporation System

City, State, ZIP+4®
2 N. Jackson St Ste. 605
Montgomery, Al 36104

7019 0700 0001 3436 8564

CERTIFIED MAIL

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*CU22 9:34*

*D010*

1. Article Addressed to:

Amguard Insurance Company
c/o CT Corporation System
2 N. Jackson St. Ste. 605
Montgomery, Al 36104

9590 9402 6448 0346 9285 14

2. Article Number (Transfer from service label)

7021 0950 0000 4357 6607

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
 ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery    $ _____
☐ Adult Signature Required    $ _____
☐ Adult Signature Restricted Delivery    $ _____

Postmark
Here

Postage
$ 2.01

Total Postage and Fees
$ 8.76

CU22 9:34

Sent To
Amguard Ins. Co. c/o CT Corp Sys    D010
Street and Apt. No., or PO Box No.
2 N Jackson St Ste 605
City, State, ZIP+4®
Montgomery Al 36104

7021 0950 0000 4357 6607

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®

ELECTRONICALLY FILED
6/23/2022 12:46 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY ALABAMA

**BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,**

     **Plaintiff,**

**v.**

**HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,**

     **Defendants.**

**CIVIL ACTION NO. 10-CV-2022-900034.00**

**\*JURY TRIAL DEMANDED\***

---

### JAMES WOODFORK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 9)

COMES NOW Defendant, JAMES B. WOODFORK, and files this Answer to Plaintiff's First Amended Complaint (Doc. 9) and responds as follows:

#### Statement of the Parties

1.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint and therefore denies same.

2.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's First Amended Complaint and therefore denies same.

3.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's First Amended Complaint and therefore denies same.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

4.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4

of Plaintiff's First Amended Complaint and therefore denies same.

5.      Defendant admits that he was operating a vehicle on behalf of Hansen & Adkins Auto

Transport, Inc. and further admits that he is a citizen of Jefferson County, Alabama. Defendant lacks

sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's First Amended

Complaint and therefore denies same.

6.      Denied.

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7

of Plaintiff's First Amended Complaint and therefore denies same.

8.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8

of Plaintiff's First Amended Complaint and therefore denies same.

9.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9

of Plaintiff's First Amended Complaint and therefore denies same.

10.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph

10 of Plaintiff's First Amended Complaint and therefore denies same.

11.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph

10 of Plaintiff's First Amended Complaint and therefore denies same.

## JURISDICTION

12.     Defendant admits that he is an Alabama citizen and subject to the Court's general

jurisdiction.  Except as expressly admitted, the allegations in Paragraph 12 of Plaintiff's First

Amended Complaint are denied.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

13.     Defendant admits he is employed by HAAT and operated its trucks and trailers on Alabama highways.  Except as expressly admitted, the allegations in Paragraph 13 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiff's First Amended Complaint and therefore denies same.

14.     The allegations in Paragraph 14 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's First Amended Complaint and therefore denies same.

15.     The allegations in Paragraph 15 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's First Amended Complaint and therefore denies same.

16.     The allegations in Paragraph 16 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies same.

17.     The allegations in Paragraph 17 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies same.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

18.     The allegations in Paragraph 18 of Plaintiff's First Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 18 of Plaintiff's First Amended Complaint and therefore denies same.

19.     The allegations in Paragraph 19 of Plaintiff's First Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 19 of Plaintiff's First Amended Complaint and therefore denies same.

20.     The allegations in Paragraph 20 of Plaintiff's First Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies same.

21.     This Defendant does not contest venue.

### STATEMENT OF FACTS

22.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph

22 of Plaintiff's First Amended Complaint and therefore denies same.

23.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph

23 of Plaintiff's First Amended Complaint and therefore denies same.

24.     Defendant admits that he was operating a motor vehicle on behalf of Hansen &

Adkins Auto Transport, Inc., that he was an employee of Hansen & Adkins Auto Transport, Inc., and

that he was traveling northbound in the righthand or outside lane.  Except as expressly admitted

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Defendant lacks information sufficient to admit or deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies same.

25.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies same.

26.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies same.

27.    Defendant admits there were vehicles stopped in the northbound lane of I-65 due to a series of previous motor vehicle accidents, blocking the roadway on what is believed to be the bridge over Pigeon Creek. Except as expressly admitted the allegations in Paragraph 27 of Plaintiff's First Amended Complaint are denied.

28.    Denied.

29.    Defendant denies hitting the Ford Ranch van.  In addition to the express denial, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's First Amended Complaint and therefore denies same.

30.    Defendant admits that there was a fire.  Except as expressly admitted, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies same.

31.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies same.

32.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies same.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

---

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

33.     Defendant adopts and realleges its responses to Paragraphs 1 – 32 of Plaintiff's First

Amended Complaint, by reference, as if set forth fully herein.

34.     Denied.

35.     Defendant denies all material allegations against him in paragraph 35 and denies any

negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny

the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies

Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any

damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever

against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 35 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands

strict proof thereof.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

36.     Defendant adopts and realleges its responses to Paragraphs 1 – 35 of Plaintiff's First

Amended Complaint, by reference, as if set forth fully herein.

37.     Defendant admits he was an employee of HAAT and acting as such within the line

and scope of his employment with HAAT.  Except as expressly admitted, the allegations in

Paragraph 37 of Plaintiff's First Amended Complaint are denied.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

38.    Defendant admits he was an agent of HAAT.  Defendant denies any negligent and/or wanton conduct.  In addition to the express admission and denials, Defendant denies the remaining allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

39.    Defendant denies all material allegations against him in paragraph 39 and denies any negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 39 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT THREE
### (Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")

40.    Defendant adopts and realleges its responses to Paragraphs 1 – 39 of Plaintiff's First Amended Complaint, by reference, as if set forth fully herein.

41.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiff's First Amended Complaint and therefore denies same.

42.    The allegations in Paragraph 42 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 42, Defendant denies same.

7

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

43.     The allegations in Paragraph 43 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 43, Defendant denies same.

44.     The allegations in Paragraph 44 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 44, Defendant denies same.

45.     The allegations in Paragraph 45 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 45, Defendant denies same.

46.     Denied.

47.     Defendant admits he was operating the subject tractor trailer at the time of the accident.  Except as expressly admitted, the allegations in Paragraph 47 of Plaintiff's First Amended are denied.

48.     Denied.

49.     Defendant denies all material allegations against him in Paragraph 49 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff' alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 49 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT FOUR
**(Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")**

50.     Defendant adopts and realleges his responses to Paragraphs 1-49 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

51.     The allegations in Paragraph 51 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 51, Defendant denies same.

52.     The allegations in Paragraph 52 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 52, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

53.     Defendant admits there was a dash camera in the vehicle.  Except as expressly

admitted, the allegations in Paragraph 53 of Plaintiff's First Amended Complaint do not require a

response by Defendant.  To the extent Defendant is required to plead in response to allegations in

Paragraph 53, Defendant lacks information sufficient to admit or deny the allegations and therefore

denies same.

54.     Defendant denies all material allegations against him in Paragraph 54 of Plaintiff's

First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct

and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged

injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 54 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT FIVE
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

55.    Defendant adopts and realleges his responses to Paragraphs 1-54 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

56.    The allegations in Paragraph 56 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 56, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

57.    Denied.

58.    Defendant denies all material allegations against him in Paragraph 58 of Plaintiff's First Amended Complaint.  In addition to the specific denial, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 58 of Plaintiff's First Amended Complaint and therefore denies same.

59.    Defendant denies all material allegations against him in Paragraph 59 of Plaintiff's First Amended Complaint.  In addition to the specific denial, the allegations in Paragraph 59 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required.  To the

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

extent a responsive pleading is required, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 59 of Plaintiff's First Amended Complaint and therefore denies same.

60.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 60 of Plaintiff's First Amended Complaint and therefore denies same.

61.    Defendant denies all material allegations against him in Paragraph 61 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 61 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

62.    Defendant adopts and realleges his responses to Paragraphs 1-61 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

63.    The allegations in Paragraph 63 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 63, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

64.    The allegations in Paragraph 64 of Plaintiff's First Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 64, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

65.    The allegations in Paragraph 65 of Plaintiff's First Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 65, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

66.    Defendant denies all material allegations against him in Paragraph 66 of Plaintiff's First Amended Complaint. In addition to Defendants' denials, the allegations in Paragraph 66 of Plaintiff's First Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 66, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

67.    Defendant denies all material allegations against him in Paragraph 67 of Plaintiff's First Amended Complaint. In addition to Defendants' denials, the allegations in Paragraph 67 of Plaintiff's First Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 67, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

68.    The allegations in Paragraph 68 of Plaintiff's First Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 68, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

69.     The allegations in Paragraph 69 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 69, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

70.     Defendant denies all material allegations against him in Paragraph 70 of Plaintiff's First Amended Complaint.  In addition to Defendants' denials, the allegations in Paragraph 70 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 70, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

71.     Defendant denies all material allegations against him in Paragraph 71 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 71 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

<div align="center">

**COUNT SEVEN**
**(AEMLD – Samsara)**

</div>

72.    Defendant adopts and realleges his responses to Paragraphs 1-71 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

73.    The allegations in Paragraph 73 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 73, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

74.    The allegations in Paragraph 74 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 74, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

75.    Defendant denies all material allegations against him in Paragraph 75 of Plaintiff's

First Amended Complaint.  In addition to Defendants' denials, the allegations in Paragraph 75 of

Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent

Defendant is required to plead in response to allegations in Paragraph 75, Defendant lacks

information sufficient to admit or deny the allegations and therefore denies same.

76.    Defendant denies all material allegations against him in Paragraph 76 of Plaintiff's

First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct

and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged

injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 76 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

77.     Defendant adopts and realleges his responses to Paragraphs 1-76 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

78.     The allegations in Paragraph 78 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 78, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

79.     The allegations in Paragraph 79 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 79, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

80.     Defendant denies all material allegations against him in Paragraph 80 of Plaintiff's

First Amended Complaint.  In addition to Defendants' denials, the allegations in Paragraph 80 of

Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Defendant is required to plead in response to allegations in Paragraph 80, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

81.     Defendant denies all material allegations against him in Paragraph 81 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 81 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT NINE
### (Negligence and Wantonness – Takelu)

82.     Defendant adopts and realleges his responses to Paragraphs 1-81 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

83.     The allegations in Paragraph 83 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 83, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

84.     The allegations in Paragraph 84 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

allegations in Paragraph 84, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

85.     Defendant denies all material allegations against him in Paragraph 85 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 85 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TEN
### (Respondeat Superior – Asmat)

86.     Defendant adopts and realleges his responses to Paragraphs 1-85 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

87.     The allegations in Paragraph 87 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 87, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

88.     The allegations in Paragraph 88 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

allegations in Paragraph 88, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

89.     Defendant denies all material allegations against him in Paragraph 89 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 89 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

**COUNT ELEVEN**
**(Direct Negligence and Wantonness – Asmat)**

90.     Defendant adopts and realleges his responses to Paragraphs 1-89 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

91.     The allegations in Paragraph 91 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 91, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

92.     Defendant denies all material allegations against him in Paragraph 92 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies he is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 92 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TWELVE
### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

93.     Defendant adopts and realleges his responses to Paragraphs 1-93 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

94.     The allegations in Paragraph 94 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 94, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

95.     Defendant denies all material allegations against him in Paragraph 95 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 of Plaintiff's First Amended Complaint and therefore denies same.

96.     Defendant denies all material allegations against him in Paragraph 96 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 96 of Plaintiff's

First Amended Complaint and therefore denies same.

With regard to the unnumbered paragraph following Paragraph 96 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## ADDITIONAL DEFENSES

### First Defense

Defendant preserves all defenses pursuant to Rule 12(b) of the Alabama Rules of Civil

Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of

jurisdiction over the person; (c) venue; (d) insufficiency of process; (e) insufficiency of service of

process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party

under Rule 19.

### Second Defense

Defendant denies each and every material averment not previously admitted hereinabove and

demands strict proof thereof.

### Third Defense

Defendant pleads the general issue.

### Fourth Defense

Defendant pleads the applicable statute of limitations.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Fifth Defense

Defendant pleads all applicable defenses under Rule 8 of the Alabama Rules of Civil Procedure, including but not limited to: lack of standing, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, fraud, illegality, laches, license, payment, release, unclean hands, the statute of limitations, waiver, accord and satisfaction, ratification, acquiescence, recoupment, setoff, the doctrine of estoppel, equitable estoppel, judicial estoppel, administrative estoppel, ratification and/or acquiescence.

## Sixth Defense

Defendant denies he breached any legal duty allegedly owed to Plaintiff.

## Seventh Defense

Defendant denies he was guilty of negligence and/or wanton conduct on the occasion complained of and denies any negligence and/or wanton conduct on his part proximately caused said accident and/or Plaintiff's alleged injuries.

## Eighth Defense

Defendant denies there is any causal relationship between his alleged activities and the accidents and/or Plaintiff's alleged injuries.

## Ninth Defense

Defendant avers the accidents and/or Plaintiff's alleged injuries were proximately caused by Plaintiff's negligence and/or negligence per se and/or the intervening acts and/or supervening of others on the occasion made the subject of this action.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Tenth Defense

Defendant avers the accidents and Plaintiff's alleged injuries were the result of an efficient intervening and/or supervening cause or causes and/or were not proximately caused by any negligence and/or wantonness of Defendant; therefor Defendant pleads efficient intervening and/or supervening cause.

### Eleventh Defense

Defendant avers Plaintiff was guilty of contributory negligence and/or contributory negligence per se, which proximately caused the accidents and/or alleged injuries and damages complained of.

### Twelfth Defense

Plaintiff's claims are barred by assumption of the risk.

### Thirteenth Defense

Any injuries or damages Plaintiff may have sustained, as alleged in Plaintiff's First Amended Complaint, to the extent not caused by Plaintiff's own negligence and fault, were proximately caused by the negligence, fault or actions of persons or entities other than this defendant, over whom Defendant had no control, and for whose negligence, fault and actions Defendant is not responsible.

### Fourteenth Defense

Defendant avers Plaintiff had the last clear chance to avoid the accident and/or accidents.

### Fifteenth Defense

Defendant pleads subsequent negligence of Plaintiff and/or third parties cuts off any duty allegedly owed by Defendant and/or proximately caused the accident and/or accidents.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Sixteenth Defense

Defendant avers the facts and circumstances surrounding the accidents made the basis of Plaintiff's First Amended Complaint demonstrate Defendant had been placed in a sudden emergency due to no fault of Defendant; therefore, Plaintiff is not entitled to any recovery against Defendant under the Sudden Emergency Doctrine.

## Seventeenth Defense

Defendant did not engage in any conduct with a reckless or conscious disregard of the rights or safety of others.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate the claims of damages, the existence of such damages being hereby denied.

## Nineteenth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

## Twentieth Defense

Defendant denies Plaintiff has been injured to the nature and extent claimed in the First Amended Complaint and therefore contest damages.

## Twenty-First Defense

Plaintiff is not entitled to recover or collect any damages from Defendant, which were paid, or are payable by any collateral source. Further, Defendant claims a credit and set-off from any settlement or payment to Plaintiff from any co-Defendant or collateral source.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Twenty-Second Defense

Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) in response to Plaintiff's punitive damage claims.

## Twenty-Third Defense

Defendant pleads Ala. Code § 6-11-21 (1975) (Cap) in response to Plaintiff's punitive damage claims.

## Twenty-Fourth Defense

Plaintiff's claims for damages and relief sought by Plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

## Twenty-Fifth Defense

Defendant denies Plaintiff is entitled to a recovery of damages.

## Twenty-Sixth Defense

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

## Twenty-Seventh Defense

Defendant denies Plaintiff is entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Twenty-Eighth Defense

Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case and/or in accordance with the Court's scheduling order.

### Twenty-Ninth Defense

To the extent that they are not caused by or related to a physical injury, Plaintiff cannot recover of Defendant for mental anguish.

### Thirtieth Defense

Plaintiff has failed to name indispensable parties under Rule 19, ARCP.

### Thirty-First Defense

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

### Thirty-Second Defense

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

### CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES

Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's claim for punitive damages:

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

1.     The claim for punitive damages as sought by the Complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

2.     The claim for punitive damages as sought by the Complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

3.     Plaintiff should not recover punitive damages from the defendants for punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

4.     Plaintiff should not recover punitive damages of Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

5.     Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

6.     Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

7.     Plaintiff should not recover punitive damages of Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.     Plaintiff should not recover punitive damages of Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.     Plaintiff should not recover punitive damages of Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10.    A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

11.    A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

12.    Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

13.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)     The award of punitive damages in this case constituted a deprivation of property without due process of law.

14.     Plaintiff's attempt to impose punitive damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.     The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

17.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

18.     Defendants avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

## <u>MENTAL ANGUISH DEFENSES</u>

1.     Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the follow grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

      (b)    The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

      (c)    Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

      (d)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

      (e)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages, or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

      (f)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

      (g)    The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

      (h)    Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages, or the determination of such damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of his right to a judicial resolution of this dispute.

      (i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

       (j)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

2.     Plaintiff's claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of the Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

       (a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

       (b)     The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

       (c)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

       (d)     An award of damages in this case would constitute a deprivation of property without due process of law.

       (e)     The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

       (f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of his rights of equal protection and due process.

       (g)     The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors without regard to the respective enormity of alleged legal misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

       (h)    The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

       (i)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

       (j)    Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama Law with no predetermined limit and no guidelines of any sort on the amount of such damages that a jury may impose, violates this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

       (k)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

3.    Mental anguish damages are remote and metaphysical in nature; they are more sentimental than substantial; depending largely upon physical and nervous condition, the suffering of one under precisely the same circumstances would be no test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which any such injury can be justly compensated or even approximately measured; easily falls within all the objections to speculative damages, which are universally excluded because of their uncertain character, such damages are imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder or fact would be made to punish the Defendant and not to compensate the Plaintiff.

4.    The award of discretionary, compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages , and , it constitutes a deprivation of property without the due process of the law.

5.    Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

6.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, cannot be upheld, because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant. As such, these damages violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

7.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss. See, e.g., *Ala. Code Section 7-2-715; Lloyd Wood Coal Co. v. Clark Equipment Co.* 543 So.2d 671 (Ala. 1989), *Ford Motor Co. v. Rice,* 726 So.2d 626 (Ala. 1998), and *Ex parte Grand Manor, Inc.,* 778 So.2d 173 (Ala. 2000).

8.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation. If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result. See, e.g., *Restatement of the Law of Contracts,* Section 353.

## JURY TRIAL DEMANDED

s/ *William E. Pipkin, Jr.*
_____
William E. Pipkin, Jr., Esq. (PIPKW5690)
Attorney for James Woodfork

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

s/ *Brandi B. Frederick*
_____
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for James Woodfork

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 23, 2022, served a copy of the above and foregoing on counsel for all parties by:

X    Using the Court's E-filing system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com
        Attorneys for Dunnavant Plaintiff

Calvin Poole III, Esq.
Attorney for Plaintiff
Poole & Poole
P. O. Box 308
Greenville, AL  36037
Calvin@poolelaw.com
        Attorney for Dunnavant Plaintiff


X    Via United States Mail, postage prepaid and properly addressed to the following:

State of Alabama Attorney General
500 Dexter Ave.
Montgomery, Alabama 36130-0001

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL  35022

Asmat Investment, LLC
dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

J.Woodfork Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara Inc.
c/o 1505 Corporation 112
C T Corporation System
330 N Brand Blvd., Ste 700
Glendale, CA 91203

GEICO Casualty Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

Amguard Insurance Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Brandi B. Frederick

Of Counsel



AlaFile E-Notice

10-CV-2022-900034.00

To:  BRANDI BRANTON FREDERICK
     bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:    6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC. (PRO SE)
     C/O CSC, INC.
     251 LITTLE FALLS DRIVE
     WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:      6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
     C/O ALEBACHEW ADEME, RA
     887 N INDIAN CREEK DR #E
     CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:      6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:    6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:    6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:    6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:     6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To: PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 6/23/2022 12:45:37 PM

Notice Date:       6/23/2022 12:45:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. CW22 9:34
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hersen + adkins Club 
c/o csc the.
251 Little Falls Drive
Wilmington, DE 19808

9590 9402 6448 0346 9284 84

2. Article Number (Transfer from service label)

7021 0950 0000 4357 6638

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   Ryan MacArthur      ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Ryan MacArthur

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ail
☐ ...ail Restricted Delivery

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

## SENDER: COMPLETE THIS SECTION

*waa 9·34*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *N003*

**1. Article Addressed to:**

Hansen + Adkins Inc
¼ CSC Inc
251 Little Falls Dr.
Wilmington, DE. 19808

9590 9402 6448 0346 9285 07

## COMPLETE THIS SECTION ON DELIVERY

**A. Signature**

X **Ryan MacArthur**

☐ Agent
☐ Addressee

**B. Received by (Printed Name)**    **C. Date of Delivery**

**Ryan MacArthur**

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No



**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   (00)

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**2. Article Number (Transfer from service label)**

7021 0950 0000 4357 6614

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. CU22 9-34
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. D005

1. Article Addressed to:

Royal Truck Leasing LLC
2710 Gateway Oaks Dr
Ste 150 N
Sacramento, CA. 95833



9590 9402 6448 0346 9285 38

2. Article Number (Transfer from service label)

7019 0700 0001 3436 8557

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
SHAMEEL MOHAMMED
A/A/O

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

JUN 21 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse
so that we can return the card to you.

■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Mamuye Ayane Takelu

929 Glynn Oaks Drive

Clarkston, GA. 30021

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

Mamuye Takelu

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No



9590 9402 7371 2028 7736 16

2. Article Number (Transfer from service label)

7021 0950 0000 4357 6652

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. *CU22 9:34*
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *0008*

1. Article Addressed to:

*Samsara Inc*
*c/o CT Corporation System*
*330 N. Broad Blvd #700*
*Glendale, CA. 91203*

9590 9402 6448 0346 9284 91

2. Article Number *(Transfer from service label)*

7021 0950 0000 4357 6621

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No



JUN 23 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:     6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   LONG EARLE WALTER IV
      earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:      6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:     6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:    6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:     6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:    6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following CERTIFIED MAIL was FILED on 6/28/2022 2:53:35 PM

Notice Date:    6/28/2022 2:53:35 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

Case 2:23-cv-00103-ECM-JTA    Document 1-2    Filed 02/22/23    Page 220 of 1081

**STATE OF ALABAMA**           Revised 3/5/08

Unified Judicial System

10-BUTLER                  ☐ District Court  ☑ Circuit Court

ELECTRONICALLY FILED
6/30/2022 6:31 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

CV2...

## CIVIL MOTION COVER SHEET

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

*Name of Filing Party:* C001 - J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN
C002 - N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*        ☐ Oral Arguments Requested

JACK SMALLEY III

3600 Springhill Memorial Drive N

MOBILE, AL 36608

*Attorney Bar No.:*  SMA014

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.* | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)

Date:

6/30/2022 6:30:25 PM

Signature of Attorney or Party

/s/ JACK SMALLEY III

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.*

**Motions titled Motion to Dismiss that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/30/2022 6:31 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D, DECEASED MINORS, | * * * * * | CIVIL ACTION NO. |
| Plaintiff, | * | CV-2022-900034 |
| | * | |
| v. | * * | |
| JAMES B. WOODFORK; ET AL., | * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CANDICE L. GULLEY, Individually and as a custodial parent of I.G. and B.G., minor children who are now deceased; et al. | * * * * | CIVIL ACTION NO. |
| Plaintiffs, | * | CV-2022-900033 |
| | * | |
| v. | * * | |
| HANSEN & ADKINS AUTO TRANSPORT, INC.; et al., | * * * | |
| Defendants. | * | |

## MOTION TO CONSOLIDATE

COMES NOW the Plaintiff, by and through undersigned counsel, and moves the Court, pursuant to Rule 42, *Ala. R. Civ. P.*, to consolidate the above-styled actions for the following reasons:

1.    The above-two cases are currently pending in Butler County Circuit Court in front of the Honorable Adrian D. Johnson.

2.    The cases arise from the same incident that occurred on June 19, 2021. The Plaintiffs in both cases were in the same vehicle. They have filed similar cases against the same Defendants.

3.      As such, the two cases involve common issues of law and fact, making consolidation proper under Rule 42, *Ala. R. Civ. P.* Consolidation of these cases will help to avoid unnecessary costs and delay.

4.      Because Plaintiffs Gulley; et al. filed first, the Gulley; et al. v. Hansen & Adkins Auto Transport, Inc.; et al. case should take precedent for consolidation purposes.

5.      The Gulley Plaintiffs agree to consolidation of the two cases.

WHEREFORE, the above premises considered, Plaintiff respectfully requests that the Court consolidate Dunnavant v. James B. Woodfork, et al. with the Gulley, et al. v. Hansen & Adkins Auto Transport, Inc., et al. for all discovery, pre-trial, and trial proceedings.

Respectfully submitted,

*/s/ Jack Smalley III*
JACK SMALLEY III          (SMA014)
EARLE W. LONG IV          (LON026)
WALTON W. HICKMAN         (HIC022)
*Attorneys for Plaintiff, Dunnavant*

LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
T: (251) 445-6000
F: (251) 445-0282
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

*/s/ Calvin Poole*
CALVIN POOLE III
*Attorney for Plaintiff, Dunnavant*

POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
T: (334) 382-3123
calvin@poolelaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2022, a copy of the foregoing has been electronically filed with the Clerk of the Court using the AlaFile e-filing system, which will send notification or by United States mail, properly addressed, and first class postage prepaid to the following:

Jere L. Beasley, Esq.
J. Greg Allen, Esq.
J. Cole Portis, Esq.
Benjamin E. Baker, Jr., Esq.
Stephanie Monplaisir, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
*Attorneys for Plaintiffs, Gulley; et al.*

William E. Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885
Mobile, Alabama 36652-2885
*Attorney for Defendant, James B. Woodfork*

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi B. Frederick, Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
*Attorneys for Defendant, James B. Woodfork*

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agen
708 Alice Street SW
Bessemer, AL 35022
*Pro Se Defendant*

Hansen & Adkins Auto Logistics, Inc.
c/o CSC, Inc.
251 Little Falls Drive
Wilmington, DE 19808
*Pro Se Defendant*

Royal Truck Leasing, LLC
c/o CSC, Inc.
251 Little Falls Drive
Wilmington, DE 19808
*Pro Se Defendant*

Asmat Investment, LLC d/b/a Asmat Express
c/o Alebachew Ademe, Registered Agen
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021
*Pro Se Defendant*

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021
*Pro Se Defendant*

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd, Ste 700
Glendale, CA 91203
*Pro Se Defendant*

GEICO CASUALTY COMPANY
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104
*Pro Se Defendant*

AMGUARD INSURANCE COMPANY
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104
*Pro Se Defendant*

                                        */s/ Jack Smalley III*
                                        JACK SMALLEY III



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  JACK SMALLEY III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   HANSEN & ADKINS, INC. (PRO SE)
      C/O CSC, INC.
      251 LITTLE FALLS DRIVE
      WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:      6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION
[Filer: SMALLEY JACK III]

Notice Date:     6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
     C/O CT CORPORATION SYSTEM
     330 N BRAND BLVD #700
     GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:     6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:     6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:     6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:     6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:    6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 6/30/2022 6:31:23 PM

**C001 J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
**C002 N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN**
MOTION FOR CONSOLIDATION

[Filer: SMALLEY JACK III]

Notice Date:     6/30/2022 6:31:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/8/2022 10:54 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | |
|---|---|---|

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:** WOODFORK ENTERPRISES, INC., C/O JAMES B. WOODFORK 708 ALICE STREET SW, BESSEMER, AL 35022

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 04/27/2022 | /s/ MATTIE GOMILLION | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

c/o James B Woodfork           in   Jefferson                                    County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on  15th day of June, 2022          .          316 Roger Drive, Gardendale, AL

*(Date)*                                                    35071

*(Address of Server)*

Private                          /S/Roger Graham

*(Type of Process Server)*          *(Server's Signature)*

Roger Graham                          205-612-8943

*(Server's Printed Name)*          *(Phone Number of Server)*

### 10-CV-2022-900034.00
BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

| C001 - BRANDY LEE DUNNAVANT, AS THE CUSTODIAL<br>PARENT, NEXT FRIEND AND LEGAL REPRESENTATIVE OF<br>J.A.D., A MINOR WHO IS NOW DECEASED | **v.** | D002 - WOODFORK ENTERPRISES, INC. |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



*0088428088*

IN THE CIRCUIT COURT OF BUTLER COUNTY  ALABAMA

**BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL REP OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED**

Plaintiff/Petitioner

vs.

**JAMES B WOODFORK; WOODFORK ENTERPRISES INC.**

Defendant/Respondent

Case Number: **10-CV-2022-900034**
Hearing Date:

**Affidavit of Service of: NOTICE OF ELECTRONIC FILING; SUMMONS; COMPLAINT**

Received by **Roger Graham**, on the **14th day of June, 2022 at 5:14 PM** to be served upon **Woodfork Enterprises, Inc. c/o c/o James B Woodfork** at **312 Cathy Lane, Gardendale, Jefferson County, AL 35071**.

On the **15th day of June, 2022 at 6:32 PM** I, **Roger Graham**, SERVED **Woodfork Enterprises, Inc. c/o c/o James B Woodfork** at the address of **312 Cathy Lane, Gardendale, Jefferson County, AL 35071** via PERSONAL SERVICE, by personally delivering the service, description as follows:

**C/O JAMES B WOODFORK,** who accepted service with identity confirmed by subject stating their name, **I delivered the documents to c/o James B Woodfork with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black male contact 55-65 years of age, 5'10"-6'0" tall and weighing 180-200 lbs.,** A PERSON OF SUITABLE AGE AND DISCRETION who stated they reside at the defendant's/respondent's usual place of abode listed above.

I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

*/S/Roger Graham*

06/15/2022

Name:--------------------------------------------------------------------------------------------------------------------------------------
Roger Graham                                    Server ID#                      Date:
; 316 Roger Drive
Gardendale, AL 35071

Tracking #: **0088486271**





AlaFile E-Notice

10-CV-2022-900034.00

To: JACK SMALLEY III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:      7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:      7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:     7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: JACK SMALLEY III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following RETURN ON SERVICE - SERVED was FILED on 7/8/2022 10:53:23 AM

Notice Date:    7/8/2022 10:53:23 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/8/2022 12:09 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, Plaintiffs, | )<br>)<br>)<br>) |
| V. | ) Case No.:        CV-2022-900034.00 |
| WOODFORK JAMES B., WOODFORK ENTERPRISES, INC., HANSEN & ADKINS, INC., HANSEN & ADKINS AUTO LOGISTICS, INC. ET AL, Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## ORDER

MOTION FOR CONSOLIDATION filed by J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN and N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN is hereby set for hearing July 25, 2022 at 9:00 A.M. at the Lowndes County Courthouse. In addition to pending motions, the Court will address the entry of a scheduling order.

**DONE this 8th day of July, 2022.**

**/s/ ADRIAN D JOHNSON**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LONG EARLE WALTER IV
earle@longandlong.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

| | |
|---|---|
| Disposition: | OTHER |
| Judge: | ADJ |

Notice Date:    7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:   OTHER
Judge:         ADJ

Notice Date:   7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:      OTHER
Judge:            ADJ

Notice Date:      7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/8/2022 12:09:02 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     7/8/2022 12:09:02 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/12/2022 2:08 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED,** | ) ) ) ) ) ) |
| | ) |
| **Plaintiffs,** | ) ) |
| | ) |
| **v.** | ) ) |
| | ) |
| **GEICO CASUALTY COMPANY, et al.,** | ) ) |
| | ) |
| **Defendants.** | ) |

**CASE NO.: 10-CV-2022-900034.00**

## ANSWER

COMES NOW the Defendant, identified in Plaintiff's Complaint as GEICO Casualty Company ("GEICO"), and for answer to Plaintiff's Complaint assigns the following defenses, separately and severally to each of the claims, averments, and allegations contained therein.

1.     Defendant denies each and every allegation contained in the Plaintiff's Complaint.

### FIRST DEFENSE

This Defendant pleads the general issue and "not guilty."

### SECOND DEFENSE

The Complaint fails to state grounds upon which relief can be granted.

### THIRD DEFENSE

Defendant has performed its duties as required under any alleged insurance policy at issue.

**FOURTH DEFENSE**

Defendant contests the extent of the alleged injuries to Plaintiff and demands strict proof thereof.

**FIFTH DEFENSE**

Defendant states that the Plaintiff was not insured by this Defendant and this Defendant is not legally obligated to the Plaintiff to any extent or degree now or in the future on account of the alleged incident made the basis of the Complaint.

**SIXTH DEFENSE**

The Complaint fails to allege facts that constitute a cause of action under Alabama law as to this Defendant and, therefore, the Complaint is due to be dismissed.

**SEVENTH DEFENSE**

The Complaint is vague and indefinite and does not apprise this Defendant of what it is called upon to defend against.

**EIGHTH DEFENSE**

This Defendant pleads contributory negligence and avers the Plaintiff was guilty of negligence on the occasion of and said negligence proximately caused or contributed to the injuries alleged in the Complaint.

**NINTH DEFENSE**

This Defendant pleads that the Plaintiff, on the occasion complained of, assumed the risk of the injuries and damages about which she complains.

**TENTH DEFENSE**

This Defendant states the Plaintiff lacks standing to bring the above-entitled action.

**ELEVENTH DEFENSE**

This Defendant states the Co-Defendant was not uninsured or underinsured and demands strict proof.

**TWELFTH DEFENSE**

This Defendant states the Co-Defendant did not act negligently and/or wantonly and demands strict proof.

**THIRTEENTH DEFENSE**

This Defendant states that the Plaintiff was guilty of negligence on the date of the accident made the basis of her Complaint and that such negligence proximately caused or contributed to cause the damages complained and that any recovery is therefore barred.

**FOURTEENTH DEFENSE**

This Defendant denies that the Plaintiff was injured to the degree and extent claimed in the Complaint and demands strict proof thereof.

**FIFTEENTH DEFENSE**

This Defendant contests the nature and extent of the Plaintiff's damages and demands strict proof thereof.

**SIXTEENTH DEFENSE**

This Defendant states that there existed a sudden emergency that such emergency was the proximate cause of this accident.

**SEVENTEENTH DEFENSE**

This Defendant states that any injury to the Plaintiff was not caused by this incident but was, in fact, a pre-existing condition.

**EIGHTEENTH DEFENSE**

The Defendant asserts that it is entitled to a set off or credit of any settlement amounts paid by any party or potential party to this litigation, whether named herein, pursuant to <u>Williams v. Colquitt</u>, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

**NINETEENTH DEFENSE**

This Defendant affirmatively avers that any liability against it is limited and restricted by the terms and conditions of any applicable insurance policy, and hereby raises all such limitations and restrictions, as if completely set forth in full herein.

**TWENTIETH DEFENSE**

This Defendant affirmatively avers monetary limitations upon recovery set forth by contract as well as by applicable law.

**TWENTY-FIRST DEFENSE**

This Defendant affirmatively avers failure of conditions precedent to the maintenance of this lawsuit for contractual benefits.

**TWENTY-SECOND DEFENSE**

This Defendant affirmatively avers that this case is premature as a matter of law.

**TWENTY-THIRD DEFENSE**

This Defendant reserves the right to opt out of the case in accordance with applicable law once discovery is complete in this matter.

**TWENTY-FOURTH DEFENSE**

This Defendant reserves the right to amend its Answer when discovery is completed.

/s/ Kenneth A. Dowdy
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:    205-877-9540
Facsimile:    205- 877-9546
Email:        KDowdy@geico.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL

ELECTRONICALLY FILED
7/12/2022 2:08 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED,** )<br><br>)<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**GEICO CASUALTY COMPANY, et al.,** )<br>)<br>**Defendants.** ) | **CASE NO.: 10-CV-2022-900034.00** |

## <u>REQUEST FOR JURY DEMAND</u>

COMES NOW the Defendant, GEICO Casualty Company, and demands a trial by struck jury.

/s/ Kenneth A. Dowdy
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:    205-877-9540
Facsimile:    205- 877-9546
Email:          KDowdy@geico.com

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

| | |
|---|---|
| Walton W. Hickman, Esq. | Richard W. Lewis, Esq. |
| Earl W. Long, IV, Esq. | Joseph E.B. Stewart, Esq. |
| Jack Smalley, III, Esq. | Brandi Frederick, Esq. |
| Long & Long, P.C. | Austill Lewis Pipkin & Maddox, P.C. |
| 3600 Springhill Memorial Dr. N. | 600 Century Park South, STE 100 |
| Mobile, Alabama 36608 | Birmingham, Alabama 35226 |
| | Brandi Frederick, |
| Calvin Poole, III, Esq. | |
| Poole & Poole | William Pipkin, Jr., Esq. |
| P.O. Box 308 | Austill, Lewis, Pipkin & Maddox, P.C. |
| Greenville, Alabama 36037 | P.O. Box 2885, |
| | Mobile, Alabama 36652-2885 |

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL



AlaFile E-Notice

10-CV-2022-900034.00

To: KENNETH A. DOWDY
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:    7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:      7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC. (PRO SE)
     C/O CSC, INC.
     251 LITTLE FALLS DRIVE
     WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:    7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:       7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:      7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:      7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMALLEY JACK III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:      7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:    7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/12/2022 2:07:43 PM

Notice Date:     7/12/2022 2:07:43 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

DOCUMENT 40

ELECTRONICALLY FILED
7/12/2022 2:10 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED,** ) ) ) ) ) ) | |
| ) | **CASE NO.: 10-CV-2022-900034.00** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **GEICO CASUALTY COMPANY, et al.,** ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF DISCOVERY

**COMES NOW**, this Defendant GEICO Casualty Company by and through the undersigned, and hereby notifies this honorable Court of service of the following discovery:

  1.  ***Defendant's Interrogatories and Request for Production to Plaintiff.***

  2.  ***Defendant's Notice of Deposition of Plaintiff, Brandy Lee Dunnavant.***

/s/ Kenneth A. Dowdy
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:    205-877-9540
Facsimile:    205- 877-9546
Email:    KDowdy@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL

ELECTRONICALLY FILED
7/12/2022 2:10 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED,** | ) ) ) ) ) ) | **CASE NO.: 10-CV-2022-900034.00** |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) ) | |
| **GEICO CASUALTY COMPANY, et al.,** | ) ) | |
| **Defendants.** | ) | |

## FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW, the Defendant, GEICO Casualty Company and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propound the following interrogatories to the Plaintiff:

1.      State your full name, address, date of birth, Social Security Number, driver's license number, marital status, and any other names or aliases which you have used.

**ANSWER:**

2.      State all addresses where you have lived for the past ten years.

**ANSWER:**

3.      State your travel itinerary prior to the accident made the basis of this lawsuit, including the time and place of the beginning of the trip, the time and duration of each stop, and place of destination, and expected time of arrival.

**ANSWER:**


4.      Give a concise statement of the facts as to how you contend the accident made the basis of this lawsuit occurred, including in detail the respective speeds, positions, directions and locations of the vehicles involved in the accident during the approach to, at the time of, and immediately after the collision, and state the facts you allege support your claims against this Defendant.

**ANSWER:**


5.      Describe in detail each act or omission on the part of this Defendant or any party to this lawsuit that you contend support your claims of negligence and/or wantonness against this Defendant.

**ANSWER:**


6.      If you contend this Defendant or any party to this lawsuit was guilty of wantonness at the time of the accident made the basis of this lawsuit, state what action or inaction by this Defendant or any party to this lawsuit was willful.

**ANSWER:**

7.      If you contend this Defendant or any party to this lawsuit was guilty of wantonness at the time of the accident made the basis of this lawsuit, state what action or inaction by this Defendant or any party to this lawsuit was done with a conscious disregard for the safety of others.

**ANSWER:**

8.      State the names, last known addresses and telephone numbers of all persons known to you or your attorneys who were eyewitnesses to the accident made the basis of this lawsuit.

**ANSWER:**

9.      State whether you consumed any alcoholic beverages, medication or drugs within eight (8) hours prior to said occurrence and the nature of the amount thereof. If so, state the type and amount of said alcoholic beverages, medication or drugs so consumed.

**ANSWER:**

10.     If you contend any mechanical defect in the motor vehicle you were driving or in which you were riding at the time of the accident made the basis of this lawsuit contributed to the accident, describe the nature of the defect and how it contributed to the incident.

**ANSWER:**

11.     State in detail the nature and location of any bodily injury sustained by you in the accident made the basis of this lawsuit.

**ANSWER:**


12.     State the names and addresses of all physicians, physical therapists, chiropractors or hospitals where you were examined or treated for injuries you suffered in the accident made the basis of this lawsuit and the dates of such consultations, examinations and treatments.

**ANSWER:**


13.     State the names and addresses of all physicians, physical therapists, chiropractors or hospitals with which you have a future appointment scheduled at the time of answering this interrogatory.

**ANSWER:**


14.     Give an itemized statement of all charges, expenses and losses (including property damage, if applicable) allegedly paid or incurred by you for which you intend to make claim as a result of the accident made the basis of this lawsuit.  Include in your response the total amount billed by each medical and service provider.

**ANSWER:**

15.    If the charges, expenses or losses identified in Interrogatory Number 14 were paid by any third party, such as a health insurer, auto insurer or other person or entity, state the name(s) of said third-party provider(s), the amount paid by said third party and whether said third party has a subrogation lien or interest in your claims and this lawsuit.

**ANSWER:**


16    If you had health insurance at the time of the accident made the basis of this lawsuit, state the name and address of said health insurance company, as well as the group number and policy number for said health insurance.

**ANSWER:**


17.    If the vehicle you were driving or in which you were a passenger was insured at the time of the accident made the basis of this lawsuit, state the name and address of said automobile insurance company, as well as the policy number for said automobile insurance.

**ANSWER:**


18.    If the charges, expenses or losses identified in Interrogatory Number 14 have not been paid by you or by any third party, state the amount you owe to each of your health care providers.

**ANSWER:**

19.     Describe in detail any present physical injuries which you still have at the time of answering this interrogatory, and describe any activities which you are now unable to perform as a result of the accident made the basis of this lawsuit.

**ANSWER:**


20.     If you are making a claim for lost wages, list the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

**ANSWER:**


21.     If you are making a claim for lost wages, state the dates of absence and the amount of wages or earnings lost as a result of the accident.  Attach to your Answers all documents upon which you base your claim for lost wages.

**ANSWER:**


22.     If you contend that you will lose any future income or have lost any future earning capacity as a result of the accident made the basis of this lawsuit, state the nature of the lost future income and/or future earning capacity, the amount claimed and the method that you used in computing the amount.

**ANSWER:**

23.    If you are aware of any statement or remark made by or on behalf of any party to this lawsuit that in any way relates to the accident made the basis of this lawsuit, state the name of each person who made the statement or statements and the date, time, place and substance of each statement.

**ANSWER:**


24.    Describe in detail any and all prior or subsequent accidents of any kind (other than this occurrence) in which you have been involved and in which you sustained physical injuries.  If you sought medical treatment for the injuries suffered in these accidents, state the names and addresses of all physicians, hospitals and institutions which examined and treated you.

**ANSWER:**


25.    State whether you have ever had or suffered from any disease, sickness or disability prior to the accident made the basis of this lawsuit that caused you to suffer complaints of pain, discomfort or symptoms to those parts of the body alleged to have been injured in the accident made the basis of this lawsuit.  If so, give the dates of each such conditions and the names and addresses of the physicians and hospitals that examined or treated you for such conditions.

**ANSWER:**


26.    If you intend to call any expert witnesses at the trial of this case, state as to each such witness the name and business address of the witness, the witness's qualifications

as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

27.     Please provide the telephone number, provider and the name on the account responsible for payment of the cellular telephone, two-way radio, or any other portable communication device, if any, in your possession at the time of the incident made the basis of the Complaint.

**ANSWER:**

28.     State whether you have ever been convicted of any crimes, other than minor traffic violations, and if so, give the date(s) and nature of such crimes, the sentence imposed and Courts and locations thereof.

**ANSWER:**

29.     If you ever had a license to operate a motor vehicle suspended or revoked, state the dates of such suspension or revocation, the reasons for such suspension or revocation, and whether such suspension or revocation was lifted.

**ANSWER:**

30.     State whether you have ever entered or was committed to any institution for the treatment or observation of mental conditions, alcoholism, narcotic addiction, or

disorders of any kind, the name and address of such institution, the dates of stay and the purpose or reason for entry into such institution.

**ANSWER:**


31.     If you have ever been a party in a lawsuit other than the present matter, state whether you were Plaintiff or Defendant, the nature of the action and the court in which such suit was filed.

**ANSWER:**


32.     Identify all social media accounts, including but not limited to, Facebook, Instagram, Snapchat, or Twitter, which you accessed or subscribed to as of the date of the accident.

**ANSWER:**


33.     State the names of all persons over the age of 18 years related to you by blood or marriage who reside in the county in which the accident made the basis of this lawsuit occurred.

**ANSWER:**

34.     When the accident occurred, state whether or not any part of your body struck or otherwise impacted any object or item, including anything inside or outside of the vehicle you occupied, giving specific details as to the motion of your body, if any, within the vehicle.

**ANSWER:**

/s/ Kenneth A. Dowdy
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:    205-877-9540
Facsimile:    205- 877-9546
Email:    KDowdy@geico.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL

ELECTRONICALLY FILED
7/12/2022 2:10 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED,** )<br>)<br>)<br>)<br>)<br>) | **CASE NO.: 10-CV-2022-900034.00** |
| )<br>**Plaintiffs,** )<br>) | |
| **v.** )<br>) | |
| **GEICO CASUALTY COMPANY, et al.,** )<br>) | |
| **Defendants.** ) | |

## FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW the Defendant, GEICO Casualty Company, and demands that Plaintiff produce for inspection, examination, copying and photographing within thirty (30) days, each and all of the following described documents:

1.      Documents supporting or otherwise evidencing the allegations made against this Defendant relating to the alleged personal injuries suffered by Plaintiff, including but not limited to, medical records, reports, hospital records, bills, prescriptions, files, notes, memoranda, charts, reports and x-rays.

2.      If you are making a claim for lost wages, lost future wages or a loss of future earning capacity, produce all Federal and State Income Tax Returns and W-2 forms, whether filed individually or jointly, by Plaintiff for the past five (5) years.

3.      Written party and/or witness statements obtained by or on behalf of the Plaintiff that in any way relate to the accident made the basis of this lawsuit and/or all related events.

4.      A copy of any and all photographs, slides, motion pictures or other visual portrayals made in connection with this lawsuit.

5.      A copy of the Declarations Page of any policy of insurance insuring you or the driver of the vehicle in which you were a passenger, or the vehicle itself, at the time of the accident made the basis of this lawsuit, or under which policy you claim insurance benefits as a result of the accident made the basis of this lawsuit.

6.      A copy of any and all reports, investigation, tests or other documents by whatever name called of any individual employed on plaintiff's behalf to make an investigation of the incident made the basis of this suit.

7.      A copy of each and every exhibit plaintiff or his/her attorney intends to offer at the trial of this lawsuit, and a copy of every demonstrative aid Plaintiff or his/her attorney intends to utilize at the trial of this lawsuit.

8.      A color copy of Plaintiff's driver's license.

9.      Copies of any and all disability reports, including applications for social security disability or other social security records which the Plaintiff has filed with the Department of Social Security.

10.     Copies of all maps, drawings, charts, plats, sketches, aerial photographs or other documents which reveal any information relating to the site of the accident made the basis of this lawsuit.

11.     Copies of any and all accident/incident reports you have in your possession relating to the accident made the basis of this lawsuit.

12.     Copies of any and all documents indicating proceeds you have received from any party or non-party, including automobile insurance carrier, as a result of the accident made the basis of this lawsuit.

13.     Copies of all repair estimates and repair invoices concerning the vehicle Plaintiff was operating at the time of the accident made the basis of this lawsuit.

14.     Any and all documents which indicate any expenses incurred by you in connection with the accident made the basis of this lawsuit.

15.     All documents identified or expressly referred to by Plaintiff in his/her answers to interrogatories propounded to them by this Defendant.

16.     Any and all reports from your expert(s) and all documents or other tangible things on which your expert(s) rely in support of his/her opinions.


/s/ Kenneth A. Dowdy_____
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:      205-877-9540
Facsimile:      205- 877-9546
Email:          KDowdy@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL

ELECTRONICALLY FILED
7/12/2022 2:10 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED,** ) ) ) ) ) ) | |
| ) | |
| **Plaintiffs,** ) | **CASE NO.: 10-CV-2022-900034.00** |
| ) | |
| **v.** ) | |
| ) | |
| **GEICO CASUALTY COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>NOTICE OF DEPOSITION</u>

TO:    Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

You are hereby notified that the defendant, **GEICO Casualty Company**, will take the testimony of **Brandy Lee Dunnavant** via deposition upon oral examination for the purpose of discovery, or for use as evidence in this action pursuant to the *Alabama Rules of Civil Procedure*, and shall be taken before a court reporter who is authorized to administer oath under the laws of the State of Alabama.

Said deposition will be taken on **TBD** and from time to time thereafter, as said deposition may be continued for completion. The deposition will be taken at **TBD**.

/s/ Kenneth A. Dowdy _____ _____
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:    205-877-9540
Facsimile:     205- 877-9546
Email:          KDowdy@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL



AlaFile E-Notice

10-CV-2022-900034.00

To:  KENNETH A. DOWDY
     kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:     7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC. (PRO SE)
     C/O CSC, INC.
     251 LITTLE FALLS DRIVE
     WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:     7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:      7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:   ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:     7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
     C/O ALEBACHEW ADEME, RA
     887 N INDIAN CREEK DR #E
     CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:      7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: GEICO CASUALTY COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:     7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:     7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:      7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:      7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:   FREDERICK BRANDI BRANTON
      bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:      7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 7/12/2022 2:09:49 PM

Notice Date:    7/12/2022 2:09:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/12/2022 2:12 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

**STATE OF ALABAMA**    Revised 3/5/08    Cas...

Unified Judicial System

10-BUTLER    ☐ District Court   ☑ Circuit Court    CV2...

---

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* D009 : GEICO CASUALTY COMPANY

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

KENNETH A. DOWDY

2700 Rogers Drive, Suite 204

Homewood, AL 35209

*Attorney Bar No.:* DOW015

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $  0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees.) ☐

Date:

7/12/2022 2:11:57 PM

Signature of Attorney or Party

/s/ KENNETH A. DOWDY

---

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/12/2022 2:12 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND, AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D., MINOR CHILDREN WHO ARE NOW DECEASED, | ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GEICO CASUALTY COMPANY, et al., | ) ) |
| Defendants. | ) |

CASE NO.: 10-CV-2022-900034.00

## MOTION FOR HIPAA ORDER IN CIVIL ACTIO
## FOR OBTAINING PLAINTIFF'S MEDICAL RECORDS
## PURSUANT TO THE HIPAA PRIVACY RULES, 45 C.F.R. §164.512(e)(1)

COMES NOW the Defendant, identified in the Plaintiff's Complaint as GEICO Casualty Company, and moves the Court for a Qualified Protective Order to allow Defendant to obtain from all health care providers and health plans all information relating to the past, present, or future physical condition of the Plaintiff as well as all information relating to the provision of health care to such individual and payment for the provision of such health care.

Attached is a Protective Order pursuant to the HIPAA Privacy Rules, 45 C.F.R. §164.512(e)(1) and 45 C.F.R. § 164.512(3).

/s/ Kenneth A. Dowdy
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone:    205-877-9540
Facsimile:    205- 877-9546
Email:        KDowdy@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 12th day of July, 2022.

Walton W. Hickman, Esq.
Earl W. Long, IV, Esq.
Jack Smalley, III, Esq.
Long & Long, P.C.
3600 Springhill Memorial Dr. N.
Mobile, Alabama 36608

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi Frederick, Esq.
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, STE 100
Birmingham, Alabama 35226
Brandi Frederick,

William Pipkin, Jr., Esq.
Austill, Lewis, Pipkin & Maddox, P.C.
P.O. Box 2885,
Mobile, Alabama 36652-2885

Woodfork Enterprises, Inc.
c/o James B. Woodfork, Registered Agent
708 Alice Street SW
Bessemer, AL 35022

Hansen & Adkins Auto Logistics, Inc.
c/o Corporation Service Company
dba Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Royal Truck Leasing, LLC
c/o Corporation Service Company
dba CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

Asmat Investment, LLC
Dba Asmate Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara, Inc.
c/o 1505 Corporation 112
CT Corporation System
330 N Brand Blvd., Ste. 700
Glendale, CA 91203

Amguard Insurance Company
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kenneth A. Dowdy
OF COUNSEL

ELECTRONICALLY FILED
7/12/2022 2:12 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

J.A.D., A MINOR WHO IS NOW DECEASED )
BRANDY LEE DUN, )
N.P.D., A MINOR WHO IS NOW DECEASED )
BRANDY LEE DUN, )
Plaintiffs, )
)
V. ) Case No.:      CV-2022-900034.00
)
WOODFORK JAMES B., )
WOODFORK ENTERPRISES, INC., )
HANSEN & ADKINS, INC., )
HANSEN & ADKINS AUTO LOGISTICS, INC. )
ET AL, )
Defendants. )

## HIPAA ORDER

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties are permitted to inspect and copy all health information relating to the and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any part or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under

the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the immediate conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.  If such written request are not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserves the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

A photocopy of this Order shall be deemed as an original.

**DONE this[To be filled by the Judge].**

/s/[To be filled by the Judge]
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: KENNETH A. DOWDY
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:     7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:     7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:     7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:     7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:      7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:     7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:     7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:      7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/12/2022 2:12:05 PM

**D009 GEICO CASUALTY COMPANY**

MOTION FOR PROTECTIVE ORDER

[Filer: DOWDY KENNETH ALDEN]

Notice Date:    7/12/2022 2:12:05 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/14/2022 10:57 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

|  |  |  |  |
|---|---|---|---|
| J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) | | |
| N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| V. | ) | Case No.: | CV-2022-900034.00 |
| | ) | | |
| WOODFORK JAMES B., | ) | | |
| WOODFORK ENTERPRISES, INC., | ) | | |
| HANSEN & ADKINS, INC., | ) | | |
| HANSEN & ADKINS AUTO LOGISTICS, INC. ET AL, | ) | | |
| Defendants. | ) | | |

## HIPAA ORDER

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties are permitted to inspect and copy all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any part or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the immediate conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order. If such written requests are not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserve the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

A photocopy of this Order shall be deemed as an original.

**DONE this 14th day of July, 2022.**

/s/ **ADRIAN D JOHNSON**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:   GRANTED
Judge:         ADJ

Notice Date:   7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   FREDERICK BRANDI BRANTON
      bfrederick@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   LEWIS RICHARD WAYNE
      r-lewis@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
kdowdy@geico.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
      C/O CSC, INC.
      251 LITTLE FALLS DRIVE
      WILMINGTON, DE, 19808-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:   GRANTED
Judge:         ADJ

Notice Date:   7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
      C/O ALEBACHEW ADEME, RA
      887 N INDIAN CREEK DR #E
      CLARKSTON, GA, 30021-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:   GRANTED
Judge:         ADJ

Notice Date:   7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 7/14/2022 10:57:44 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    7/14/2022 10:57:44 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/15/2022 12:16 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 10-CV-2022-900034.00** |
| **HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,** | ***JURY TRIAL DEMANDED*** |
| **Defendants.** | |

## WOODFORK ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 9)

Defendant, WOODFORK ENTERPRISES, INC., denies all material allegations in Plaintiff's First Amended Complaint (Doc. 9) and demands strict proof thereof.

### ADDITIONAL DEFENSES

### First Defense

The Defendant preserves all defenses pursuant to Rule 12(b) of the Alabama Rules of Civil Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) venue; (d) insufficiency of process; (e) insufficiency of service of process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party under Rule 19.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Second Defense

The Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

## Third Defense

The Defendant pleads the general issue.

## Fourth Defense

The Defendant pleads the applicable statute of limitations.

## Fifth Defense

The Defendant pleads all applicable defenses under Rule 8 of the Alabama Rules of Civil Procedure, including but not limited to: lack of standing, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, fraud, illegality, laches, license, payment, release, unclean hands, the statute of limitations, waiver, accord and satisfaction, ratification, acquiescence, recoupment, setoff, the doctrine of estoppel, equitable estoppel, judicial estoppel, administrative estoppel, ratification and/or acquiescence.

## Sixth Defense

The Defendant denies that it breached any legal duty allegedly owed to Plaintiff.

## Seventh Defense

The Defendant denies that it was guilty of negligence and/or wanton conduct on the occasion complained of and denies any negligence and/or wanton conduct on his part proximately caused said accident and/or Plaintiff's alleged injuries.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Eighth Defense

The Defendant denies that there is any causal relationship between his alleged activities and the accidents and/or Plaintiff's alleged injuries.

## Ninth Defense

The Defendant avers that the accidents and/or Plaintiff's alleged injuries were proximately caused by Plaintiff's negligence and/or negligence per se and/or the intervening acts and/or supervening of others on the occasion made the subject of this action.

## Tenth Defense

The Defendant avers that the accidents and the Plaintiff's alleged injuries were the result of an efficient intervening and/or supervening cause or causes and/or were not proximately caused by any negligence and/or wantonness of the Defendant; therefor Defendant pleads efficient intervening and/or supervening cause.

## Eleventh Defense

The Defendant avers that Plaintiff were guilty of contributory negligence and/or contributory negligence per se, which proximately caused the accidents and/or alleged injuries and damages complained of.

## Twelfth Defense

The Defendant states that Plaintiff's claims are barred by assumption of the risk.

## Thirteenth Defense

Any injuries or damages that Plaintiff may have sustained, as alleged in Plaintiff's First Amended Complaint, to the extent not caused by Plaintiff's own negligence and fault, were proximately caused by the negligence, fault or actions of persons or entities other than this

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

defendant, over whom this defendant had no control, and for whose negligence, fault and actions this

defendant is not responsible.

## Fourteenth Defense

The Defendant avers that Plaintiff had the last clear chance to avoid the accident and/or

accidents.

## Fifteenth Defense

The Defendant pleads that subsequent negligence of the Plaintiff and/or a third party cuts off

any duty allegedly owed by the Defendant and/or proximately caused the accident and/or accidents.

## Sixteenth Defense

Defendant avers that the facts and circumstances surrounding the accidents made the basis of

the Plaintiff's complaint demonstrate the Defendant had been placed in a sudden emergency due to

no fault of the Defendant; therefore, the Plaintiff is not entitled to any recovery against the

Defendant under the Sudden Emergency Doctrine.

## Seventeenth Defense

The Defendant did not engage in any conduct with a reckless or conscious disregard of the

rights or safety of others.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps

to mitigate the claims of damages, the existence of such damages being hereby denied.

## Nineteenth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive

damages against it.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Twentieth Defense

The Defendant denies that Plaintiff has been injured to the nature and extent claimed in the Complaint and therefore contest damages.

### Twenty-First Defense

Plaintiff is not entitled to recover or collect any damages from Defendant, which were paid, or are payable by any collateral source. Further, Defendant claims a credit and set-off from any settlement or payment to Plaintiff from any co-Defendant or collateral source.

### Twenty-Second Defense

Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) in response to Plaintiff's punitive damage claims.

### Twenty-Third Defense

Defendant pleads Ala. Code § 6-11-21 (1975) (Cap) in response to Plaintiff's punitive damage claims.

### Twenty-Fourth Defense

Plaintiff's claims for damages and relief sought by Plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

### Twenty-Fifth Defense

Defendant denies that Plaintiff is entitled to a recovery of damages.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Twenty-Sixth Defense

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

## Twenty-Seventh Defense

Defendant denies that Plaintiff is entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

## Twenty-Eighth Defense

Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case and/or in accordance with the Court's scheduling order.

## Twenty-Ninth Defense

To the extent that they are not caused by or related to a physical injury, Plaintiff cannot recover of Defendant for mental anguish.

## Thirtieth Defense

Plaintiff has failed to name indispensable parties under Rule 19, ARCP.

## CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES

Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's claim for punitive damages:

1.    The claim for punitive damages as sought by the Complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

2.    The claim for punitive damages as sought by the Complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

3.    Plaintiff should not recover punitive damages from the defendants for punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

4.    Plaintiff should not recover punitive damages of Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

5.    Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

6.    Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

7.    Plaintiff should not recover punitive damages of Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.    Plaintiff should not recover punitive damages of Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.    Plaintiff should not recover punitive damages of Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10.    A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

11.    A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

12.    Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

13.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

     (c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     (d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

     (e)     The award of punitive damages in this case constituted a deprivation of property without due process of law.

14.     Plaintiff's attempt to impose punitive damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.     The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

17.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

18.     Defendants avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

## <u>MENTAL ANGUISH DEFENSES</u>

1.     Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the follow grounds:

     (a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

     (b)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

(c)     Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(d)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)     Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages, or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f)     Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)     The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)     Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages, or the determination of such damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of his right to a judicial resolution of this dispute.

(i)     An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

2.      Plaintiff's claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of the Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

                (a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

                (b)     The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

                (c)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

                (d)     An award of damages in this case would constitute a deprivation of property without due process of law.

                (e)     The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

                (f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of his rights of equal protection and due process.

                (g)     The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors without regard to the respective enormity of alleged legal misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

                (h)     The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama Law with no predetermined limit and no guidelines of any sort on the amount of such damages that a jury may impose, violates this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

3.     Mental anguish damages are remote and metaphysical in nature; they are more sentimental than substantial; depending largely upon physical and nervous condition, the suffering of one under precisely the same circumstances would be no test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which any such injury can be justly compensated or even approximately measured; easily falls within all the objections to speculative damages, which are universally excluded because of their uncertain character, such damages are imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder or fact would be made to punish the Defendant and not to compensate the Plaintiff.

4.     The award of discretionary, compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages , and , it constitutes a deprivation of property without the due process of the law.

5.     Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

6.     The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, cannot be upheld, because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant.  As such, these damages violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

7.      The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss. See, e.g., *Ala. Code Section 7-2-715; Lloyd Wood Coal Co. v. Clark Equipment Co.* 543 So.2d 671 (Ala. 1989), *Ford Motor Co. v. Rice,* 726 So.2d 626 (Ala. 1998), and *Ex parte Grand Manor, Inc.,* 778 So.2d 173 (Ala. 2000).

8.      The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation.  If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result. See, e.g., *Restatement of the Law of Contracts,* Section 353.

## JURY TRIAL DEMANDED

s/ *William E. Pipkin, Jr.*
_____
William E. Pipkin, Jr., Esq. (PIP005)
Attorney for Woodfork Enterprises, Inc.

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

s/ *Brandi B. Frederick*
_____
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Woodfork Enterprises, Inc.

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on July 15, 2022 served a copy of the above and foregoing on counsel for all parties by:

  X    Using the Court's e-filing system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com

Calvin Poole III, Esq.
Attorney for Plaintiff
Poole & Poole
P. O. Box 308
Greenville, AL  36037
334-382-3123
Calvin@poolelaw.com

Via United States Mail, postage prepaid and properly addressed to the following:

State of Alabama Attorney General
500 Dexter Ave.
Montgomery, Alabama 36130-0001

Asmat Investment, LLC
dba Asmat Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Woodfork Enterprises Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Samsara Inc.
c/o 1505 Corporation 112
C T Corporation System
330 N Brand Blvd., Ste 700
Glendale, CA 91203

GEICO Casualty Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

Amguard Insurance Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Brandi B. Frederick

Of Counsel



AlaFile E-Notice

10-CV-2022-900034.00

To: WILLIAM E. PIPKIN, JR. JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:    7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: WOODFORK ENTERPRISES, INC. (PRO SE)
C/O JAMES B. WOODFORK
708 ALICE STREET SW
BESSEMER, AL, 35022-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:    7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:      7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:    7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:      7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

 **AlaFile E-Notice**

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:    7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:    7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:    7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
      earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 12:15:38 PM

Notice Date:     7/15/2022 12:15:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/15/2022 2:35 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY ALABAMA

**BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,**

    **Plaintiff,**

**v.**

**HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,**

    **Defendants.**

**CIVIL ACTION NO.**
**10-CV-2022-900034.00**

***JURY TRIAL DEMANDED***

---

### HANSEN & ADKINS AUTO LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 9)

COMES NOW Defendant, HANSEN & ADKINS AUTO LOGISTICS, INC. ("HAAL" or "Defendant"), and files this Answer to Plaintiff's First Amended Complaint (Doc. 9) and responds as follows:

#### Statement of the Parties

1.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint and therefore denies same.

2.    The allegations in Paragraph 2 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant. To the extent Defendant is

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 2 of Plaintiff's First Amended Complaint and therefore denies same.

3.    The allegations in Paragraph 3 of Plaintiff's First Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 3 of Plaintiff's First Amended Complaint, including the allegations regarding the

undefined term "Hansen," and therefore denies same.

4.    Defendant admits its principal place of business is in Los Alamotis, California and it

is a citizen of California.  Defendant admits it changed its name from Harbor Auto Transport to

Hansen & Adkins Auto Logistics, Inc. on December 20, 2021. Defendant admits Steven L. Hansen

and Louie R. Adkins are officers of Defendant.  Defendant lacks sufficient information to admit or

deny the allegations regarding the undefined term "Hansen," and therefore denies same. In addition

to the express admissions and denials, the remaining allegations in Paragraph 4 of Plaintiff's First

Amended Complaint are denied.

5.    The allegations in Paragraph 5 of Plaintiff's First Amended complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 5 of Plaintiff's First Amended Complaint, including the allegations regarding the

undefined term "Hansen & Adkins," and therefore denies same.

6.    The allegations in Paragraph 6 of Plaintiff's First Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 6 of Plaintiff's First Amended Complaint, and therefore denies same.

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7

of Plaintiff's First Amended Complaint and therefore denies same.

8.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8

of Plaintiff's First Amended Complaint and therefore denies same.

9.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9

of Plaintiff's First Amended Complaint and therefore denies same.

10.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph

10 of Plaintiff's First Amended Complaint and therefore denies same.

11.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph

10 of Plaintiff's First Amended Complaint and therefore denies same.

## JURISDICTION

12.      The allegations in paragraph 12 of Plaintiff's First Amended complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies same.

13.      The allegations in Paragraph 13 of Plaintiff's First Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 13 of Plaintiff's First Amended Complaint, and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

14.    The allegations in Paragraph 14 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's First Amended Complaint, and therefore denies same.

15.    Denied.

16.    The allegations in Paragraph 16 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies same.

17.    The allegations in Paragraph 17 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies same.

18.    The allegations in Paragraph 18 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint and therefore denies same.

19.    The allegations in Paragraph 19 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiff's First Amended Complaint and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

20.      The allegations in Paragraph 20 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies same.

21.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies same.

## STATEMENT OF FACTS

22.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies same.

23.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies same.

24.      The allegations in Paragraph 24 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies same.

25.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies same.

26.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies same.

27.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

28.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies same.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's First Amended Complaint and therefore denies same.

30.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies same.

31.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies same.

32.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies same.

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

33.     Defendant adopts and realleges its responses to Paragraphs 1 – 32 of Plaintiff's First Amended Complaint, by reference, as if set forth fully herein.

34.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies same.

35.     Defendant denies all material allegations against it in paragraph 35 and denies any negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

With regard to the unnumbered paragraph following paragraph 35 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

36.    Defendant adopts and realleges its responses to Paragraphs 1 – 35 of Plaintiff's First Amended Complaint, by reference, as if set forth fully herein.

37.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies same.

38.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 38 of Plaintiff's First Amended Complaint and therefore denies same.

39.    Defendant denies all material allegations against it in paragraph 39 and denies any negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 39 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT THREE
### (Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")

40.    Defendant adopts and realleges its responses to Paragraphs 1 – 39 of Plaintiff's First Amended Complaint, by reference, as if set forth fully herein.

41.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiff's First Amended Complaint and therefore denies same.

42.    Defendant admits it is a freight shipping broker and its DOT number is 1312746. Except as expressly admitted, the allegations in Paragraph 42 of Plaintiff's First Amended Complaint are denied and/or are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to plead in response to these allegations in Paragraph 42 that are not addressed to it, Defendant lacks sufficient information to admit or deny the allegations and therefore denies same.

43.    Defendant denies breaching any duties owed to Plaintiffs.  The allegations in Paragraph 43 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, denied.

44.    Defendant denies breaching any duties owed to Plaintiffs. The allegations in Paragraph 44 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a responsive pleading is required, denied.

45.    Denied.

46.    Denied.

47.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

48.    Denied.

49.    Defendant denies all material allegations against it in Paragraph 49 of Plaintiff's First

Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and

lacks sufficient information to admit or deny the allegations regarding Plaintiff' alleged injuries, and

therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is

entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 49 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT FOUR
### (Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")

50.    Defendant adopts and realleges its responses to Paragraphs 1-49 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

51.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph

51 of Plaintiff's First Amended Complaint and therefore denies same.

52.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph

52 of Plaintiff's First Amended Complaint and therefore denies same.

53.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph

53 of Plaintiff's First Amended Complaint and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

54.     Defendant denies all material allegations against it in Paragraph 54 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 54 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT FIVE
**(Broker Liability – Hansen & Adkins Auto Logistics "HAAL")**

55.     Defendant adopts and realleges its responses to Paragraphs 1-54 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

56.     Defendant denies breaching any duties owed to Plaintiffs.  The allegations in Paragraph 56 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, denied.

57.     Denied.

58.     Denied.

59.     Defendant denies breaching any duties owed to Plaintiffs.  The allegations in Paragraph 59 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, denied.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

60.    Denied.

61.    Defendant denies all material allegations against it in Paragraph 61 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 61 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

62.    Defendant adopts and realleges its responses to Paragraphs 1-61 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

63.    The allegations in Paragraph 63 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 63, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

64.    The allegations in Paragraph 64 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

allegations in Paragraph 64, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

65.    The allegations in Paragraph 65 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 65, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

66.    The allegations in Paragraph 66 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 66, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

67.    The allegations in Paragraph 67 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 67, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

68.    The allegations in Paragraph 68 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 68, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

69.    The allegations in Paragraph 69 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 69, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

70.    The allegations in Paragraph 70 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 70, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

71.    Defendant denies all material allegations against it in Paragraph 71 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 71 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT SEVEN
### (AEMLD – Samsara)

72.    Defendant adopts and realleges its responses to Paragraphs 1-71 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

73.    The allegations in Paragraph 73 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 73, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

74.    The allegations in Paragraph 74 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 74, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

75.    The allegations in Paragraph 75 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 75, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

76.    Defendant denies all material allegations against it in Paragraph 76 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 76 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

77.    Defendant adopts and realleges its responses to Paragraphs 1-76 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

78.    The allegations in Paragraph 78 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 78, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

79.    The allegations in Paragraph 79 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 79, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

80.    The allegations in Paragraph 80 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 80, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

81.    Defendant denies all material allegations against it in Paragraph 81 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 81 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT NINE
### (Negligence and Wantonness – Takelu)

82.    Defendant adopts and realleges its responses to Paragraphs 1-81 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

83.    The allegations in Paragraph 83 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 83, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

84.    The allegations in Paragraph 84 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 84, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

85.    Defendant denies all material allegations against it in Paragraph 85 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 85 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT TEN
### (Respondeat Superior – Asmat)

86.      Defendant adopts and realleges its responses to Paragraphs 1-85 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

87.      The allegations in Paragraph 87 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 87, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

88.      The allegations in Paragraph 88 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 88, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

89.      Defendant denies all material allegations against it in Paragraph 89 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 89 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT ELEVEN
### (Direct Negligence and Wantonness – Asmat)

90.    Defendant adopts and realleges its responses to Paragraphs 1-89 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

91.    The allegations in Paragraph 91 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 91, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

92.    Defendant denies all material allegations against it in Paragraph 92 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 92 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TWELVE
### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

93.    Defendant adopts and realleges its responses to Paragraphs 1-93 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

94.     The allegations in Paragraph 94 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 94, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

95.     Defendant denies all material allegations against it in Paragraph 95 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 of Plaintiff's First Amended Complaint and therefore denies same.

96.     Defendant denies all material allegations against it in Paragraph 96 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 96 of Plaintiff's First Amended Complaint and therefore denies same.

With regard to the unnumbered paragraph following Paragraph 96 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## ADDITIONAL DEFENSES

### First Defense

Defendant preserves all defenses pursuant to Rule 12(b) of the Alabama Rules of Civil Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) venue; (d) insufficiency of process; (e) insufficiency of service of process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party under Rule 19.

### Second Defense

Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

### Third Defense

Defendant pleads the general issue.

### Fourth Defense

Defendant pleads the applicable statute of limitations.

### Fifth Defense

Defendant pleads all applicable defenses under Rule 8 of the Alabama Rules of Civil Procedure, including but not limited to: lack of standing, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, fraud, illegality, laches, license, payment, release, unclean hands, the statute of limitations, waiver, accord and satisfaction, ratification, acquiescence, recoupment, setoff, the doctrine of estoppel, equitable estoppel, judicial estoppel, administrative estoppel, ratification and/or acquiescence.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Sixth Defense

Defendant denies it breached any legal duty allegedly owed to Plaintiff.

## Seventh Defense

Defendant denies it was guilty of negligence and/or wanton conduct on the occasion complained of and denies any negligence and/or wanton conduct on its part proximately caused said accident and/or Plaintiff's alleged injuries.

## Eighth Defense

Defendant denies there is any causal relationship between its alleged activities and the accidents and/or Plaintiff's alleged injuries.

## Ninth Defense

The accidents and/or Plaintiff's alleged injuries were proximately caused by Plaintiff's negligence and/or negligence per se and/or the intervening acts and/or supervening of others on the occasion made the subject of this action.

## Tenth Defense

The accidents and Plaintiff's alleged injuries were the result of an efficient intervening and/or supervening cause or causes and/or were not proximately caused by any negligence and/or wantonness of Defendant; therefor Defendant pleads efficient intervening and/or supervening cause.

## Eleventh Defense

Plaintiff was guilty of contributory negligence and/or contributory negligence per se, which proximately caused the accidents and/or alleged injuries and damages complained of.

## Twelfth Defense

Plaintiff's claims are barred by assumption of the risk.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Thirteenth Defense

Any injuries or damages Plaintiff may have sustained, as alleged in Plaintiff's First Amended

Complaint, to the extent not caused by Plaintiff's own negligence and fault, were proximately caused

by the negligence, fault or actions of persons or entities other than Defendant, over whom Defendant

had no control, and for whose negligence, fault and actions Defendant is not responsible.

### Fourteenth Defense

Plaintiff had the last clear chance to avoid the accident and/or accidents.

### Fifteenth Defense

The subsequent negligence of Plaintiff and/or third parties cuts off any duty allegedly owed

by Defendant and/or proximately caused the accident and/or accidents.

### Sixteenth Defense

The facts and circumstances surrounding the accidents made the basis of Plaintiff's First

Amended Complaint demonstrate Defendant had been placed in a sudden emergency due to no fault

of Defendant; therefore, Plaintiff is not entitled to any recovery against Defendant under the Sudden

Emergency Doctrine.

### Seventeenth Defense

Defendant did not engage in any conduct with a reckless or conscious disregard of the rights

or safety of others.

### Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps

to mitigate the claims of damages, the existence of such damages being hereby denied.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Nineteenth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

### Twentieth Defense

Defendant denies Plaintiff has been injured to the nature and extent claimed in the Complaint and therefore contest damages.

### Twenty-First Defense

Plaintiff is not entitled to recover or collect any damages from Defendant, which were paid, or are payable by any collateral source. Further, Defendant claims a credit and set-off from any settlement or payment to Plaintiff from any co-Defendant or collateral source.

### Twenty-Second Defense

Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) in response to Plaintiff's punitive damage claims.

### Twenty-Third Defense

Defendant pleads Ala. Code § 6-11-21 (1975) (Cap) in response to Plaintiff's punitive damage claims.

### Twenty-Fourth Defense

Plaintiff's claims for damages and relief sought by Plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

### Twenty-Fifth Defense

Defendant denies that Plaintiff is entitled to a recovery of damages.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Twenty-Sixth Defense

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

## Twenty-Seventh Defense

Defendant denies Plaintiff is entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

## Twenty-Eighth Defense

Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case and/or in accordance with the Court's scheduling order.

## Twenty-Ninth Defense

To the extent that they are not caused by or related to a physical injury, Plaintiff cannot recover of Defendant for mental anguish.

## Thirtieth Defense

Plaintiff has failed to name indispensable parties under Rule 19, ARCP.

## Thirty-First Defense

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Thirty-Second Defense

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES

Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's claim for punitive damages:

1.    The claim for punitive damages as sought by the Complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

2.    The claim for punitive damages as sought by the Complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

3.    Plaintiff should not recover punitive damages from the defendants for punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

4.    Plaintiff should not recover punitive damages of Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

5.    Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

6.    Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

7.      Plaintiff should not recover punitive damages of Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.      Plaintiff should not recover punitive damages of Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.      Plaintiff should not recover punitive damages of Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10.     A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

11.     A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

12.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

        (a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

        (c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

        (d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

        (e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the

26

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

<div style="margin-left:2em">

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

</div>

13.   Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

<div style="margin-left:2em">

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)     The award of punitive damages in this case constituted a deprivation of property without due process of law.

</div>

14.   Plaintiff's attempt to impose punitive damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.   The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.   The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

17.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

18.    Defendants avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

## MENTAL ANGUISH DEFENSES

1.    Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the follow grounds:

(a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(b)    The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(c)    Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(d)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages, or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)    The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)    Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages, or the determination of such damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

2.    Plaintiff's claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of the Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

(b)    The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

(c)    The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

(d)    An award of damages in this case would constitute a deprivation of property without due process of law.

(e)    The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)    The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of its rights of equal protection and due process.

(g)    The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors without regard to the respective enormity of alleged legal misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(h)    The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

(i)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)    Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama Law with no predetermined limit and no guidelines of any sort on the amount of such damages that a jury may impose, violates this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

3.    Mental anguish damages are remote and metaphysical in nature; they are more sentimental than substantial; depending largely upon physical and nervous condition, the suffering of one under precisely the same circumstances would be no test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which any such injury can be justly compensated or even approximately measured; easily falls within all the objections to speculative damages, which are universally excluded because of their uncertain character, such damages are imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder or fact would be made to punish the Defendant and not to compensate the Plaintiff.

4.    The award of discretionary, compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages , and , it constitutes a deprivation of property without the due process of the law.

5.    Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

6.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, cannot be upheld, because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant. As such, these damages violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

7.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss. See, e.g., *Ala. Code Section 7-2-715; Lloyd Wood Coal Co. v. Clark Equipment Co.* 543 So.2d 671 (Ala. 1989), *Ford Motor Co. v. Rice,* 726 So.2d 626 (Ala. 1998), and *Ex parte Grand Manor, Inc.,* 778 So.2d 173 (Ala. 2000).

8.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation.  If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result.  See, e.g., *Restatement of the Law of Contracts*, Section 353.

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## JURY TRIAL DEMANDED

s/ *William E. Pipkin, Jr.*
_____
William E. Pipkin, Jr., Esq. (PIPKW5690)
Attorney for Hansen & Adkins Auto Logistics, Inc.

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

s/ *Brandi B. Frederick*
_____
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Hansen & Adkins Auto Logistics, Inc.

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on July 15, 2022 served a copy of the above and foregoing on counsel for all parties by:

X      Using the Court's E-filing system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com
Attorneys for Dunnavant Plaintiff

Calvin Poole III, Esq.
Attorney for Plaintiff
Poole & Poole
P. O. Box 308
Greenville, AL  36037
Calvin@poolelaw.com
Attorney for Dunnavant Plaintiff

Kenneth A. Dowdy, Esq.
The Law Office of Kenneth A. Dowdy
2700 Rogers Drive, Ste. 204 Homewood,
AL 35209
kdowdy@geico.com
Attorney for GEICO

Hansen & Adkins Auto Logistics Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Via United States Mail, postage prepaid and properly addressed to the following:

State of Alabama Attorney General
500 Dexter Ave.
Montgomery, Alabama 36130-0001

Asmat Investment, LLC
dba Asmat Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021
Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara Inc.
c/o 1505 Corporation 112
C T Corporation System
330 N Brand Blvd., Ste 700
Glendale, CA 91203

Amguard Insurance Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Brandi B. Frederick
Of Counsel



AlaFile E-Notice

10-CV-2022-900034.00

To:  BRANDI BRANTON FREDERICK
     bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC. (PRO SE)
     C/O CSC, INC.
     251 LITTLE FALLS DRIVE
     WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:    7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS AUTO LOGISTICS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:    7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:      7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
     C/O CT CORPORATION SYSTEM
     330 N BRAND BLVD #700
     GLENDALE, CA, 91203-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:    7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:    7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:      7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:     7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:    7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:33:47 PM

Notice Date:      7/15/2022 2:33:47 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/15/2022 2:37 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY ALABAMA

|  |  |
|---|---|
| **BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 10-CV-2022-900034.00** |
| **HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,** | **\*JURY TRIAL DEMANDED\*** |
| **Defendants.** | |

## ROYAL TRUCK LEASING LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 9)

COMES NOW Defendant, ROYAL TRUCK LEASING LLC ("Royal" or "Defendant"), and files this Answer to Plaintiff's First Amended Complaint (Doc. 9) and responds as follows:

### Statement of the Parties

1.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint and therefore denies same.

2.      The allegations in Paragraph 2 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's First Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

  3.  Defendant admits it owned the 2020 Volvo Truck tractor/trailer involved in the accident.  Defendant admits it leased the 2020 Volvo Truck tractor/trailer to Hansen & Adkins Auto Transport, Inc.  Defendant admits Steven L. Hansen and Louie R. Adkins are its members, are resident citizens of California, and that Defendant is a citizen of California.  Defendant lacks sufficient information to admit or deny the allegations regarding the undefined term "Hansen," and therefore denies same. In addition to the express admissions and denials, the remaining allegations in Paragraph 3 of Plaintiff's First Amended Complaint are denied.

  4.  The allegations in Paragraph 4 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's First Amended Complaint, including the allegations regarding the undefined term "Hansen & Adkins," and therefore denies same.

  5.  Defendant admits it leased the truck and trailer to Hansen & Adkins Auto Transport, Inc. Except as expressly admitted, the allegations in Paragraph 5 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's First Amended Complaint, and therefore denies same.

  6.  The allegations in Paragraph 6 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's First Amended Complaint, and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's First Amended Complaint and therefore denies same.

8.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's First Amended Complaint and therefore denies same.

9.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiff's First Amended Complaint and therefore denies same.

10.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's First Amended Complaint and therefore denies same.

11.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's First Amended Complaint and therefore denies same.

## JURISDICTION

12.     The allegations in paragraph 12 of Plaintiff's First Amended complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies same.

13.     The allegations in Paragraph 13 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiff's First Amended Complaint, and therefore denies same.

14.     Defendant admits it leased the subject truck and trailer to Hansen & Adkins Auto Transport, Inc. for a 5-year term.  Except as expressly admitted, the allegations in Paragraph 18 of Plaintiff's First Amended Complaint are denied.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

15.    The allegations in Paragraph 15 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's First Amended Complaint and therefore denies same.

16.    The allegations in Paragraph 16 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies same.

17.    The allegations in Paragraph 17 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies same.

18.    The allegations in Paragraph 18 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint and therefore denies same.

19.    The allegations in Paragraph 19 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiff's First Amended Complaint and therefore denies same.

20.    The allegations in Paragraph 20 of Plaintiff's First Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies same.

21.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies same.

## STATEMENT OF FACTS

22.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies same.

23.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies same.

24.    Defendant admits it owned the 2020 Volvo Truck tractor/trailer operated by Hansen & Adkins Auto Transport, Inc. Except as expressly admitted Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies same.

25.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies same.

26.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies same.

27.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies same.

28.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

29.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

29 of Plaintiff's First Amended Complaint and therefore denies same.

30.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

30 of Plaintiff's First Amended Complaint and therefore denies same.

31.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

31 of Plaintiff's First Amended Complaint and therefore denies same.

32.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

32 of Plaintiff's First Amended Complaint and therefore denies same.

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

33.    Defendant adopts and realleges its responses to Paragraphs 1 – 32 of Plaintiff's First

Amended Complaint, by reference, as if set forth fully herein.

34.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

34 of Plaintiff's First Amended Complaint and therefore denies same.

35.    Defendant denies all material allegations against it in paragraph 35 and denies any

negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny

the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies

Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any

damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever

against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 35 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TWO
**(Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")**

36.     Defendant adopts and realleges its responses to Paragraphs 1 – 35 of Plaintiff's First Amended Complaint, by reference, as if set forth fully herein.

37.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies same.

38.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 38 of Plaintiff's First Amended Complaint and therefore denies same.

39.     Defendant denies all material allegations against it in paragraph 39 and denies any negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 39 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT THREE
### (Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")

40.    Defendant adopts and realleges its responses to Paragraphs 1 – 39 of Plaintiff's First Amended Complaint, by reference, as if set forth fully herein.

41.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiff's First Amended Complaint and therefore denies same.

42.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's First Amended Complaint and therefore denies same.

43.    The allegations in Paragraph 43 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 43 of Plaintiff's First Amended Complaint and therefore denies same.

44.    The allegations in Paragraph 44 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a responsive pleading is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiff's First Amended Complaint and therefore denies same.

45.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiff's First Amended Complaint and therefore denies same.

46.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 46 of Plaintiff's First Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

47.      Defendant admits it leased the tractor trailer to Hansen & Adkins Auto Transport, Inc.

Except as expressly admitted, Defendant lacks information sufficient to admit or deny the allegations

in Paragraph 47 of Plaintiffs' First Amended Complaint and therefore denies same.

48.      Defendant lacks information sufficient to admit or deny the allegations in Paragraph

48 of Plaintiffs' First Amended Complaint and therefore denies same.

49.      Defendant denies all material allegations against it in Paragraph 49 of Plaintiff's First

Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and

lacks sufficient information to admit or deny the allegations regarding Plaintiff' alleged injuries, and

therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is

entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 49 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT FOUR
### (Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")

50.      Defendant adopts and realleges its responses to Paragraphs 1-49 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

51.      Defendant lacks information sufficient to admit or deny the allegations in Paragraph

51 of Plaintiff's First Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

52.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 52 of Plaintiff's First Amended Complaint and therefore denies same.

53.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 53 of Plaintiff's First Amended Complaint and therefore denies same.

54.    Defendant denies all material allegations against it in Paragraph 54 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 54 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT FIVE
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

55.    Defendant adopts and realleges its responses to Paragraphs 1-54 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

56.    The allegations in Paragraph 56 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 56 of Plaintiffs' First Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

57.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 57 of Plaintiffs' First Amended Complaint and therefore denies same.

58.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 58 of Plaintiffs' First Amended Complaint and therefore denies same.

59.    The allegations in Paragraph 59 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 59 of Plaintiffs' First Amended Complaint and therefore denies same.

60.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 60 of Plaintiffs' First Amended Complaint and therefore denies same.

61.    Defendant denies all material allegations against it in Paragraph 61 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 61 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

62.    Defendant adopts and realleges its responses to Paragraphs 1-61 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

63.    Admitted

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Defendant denies breaching any duties owed to Plaintiffs.  The allegations in Paragraph 69 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, denied.

70.    Denied.

71.    Defendant denies all material allegations against it in Paragraph 71 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 71 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT SEVEN
### (AEMLD – Samsara)

72.     Defendant adopts and realleges its responses to Paragraphs 1-71 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

73.     The allegations in Paragraph 73 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 73, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

74.     The allegations in Paragraph 74 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 74, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

75.     The allegations in Paragraph 75 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 75, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

76.     Defendant denies all material allegations against it in Paragraph 76 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 76 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

77.    Defendant adopts and realleges its responses to Paragraphs 1-76 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

78.    The allegations in Paragraph 78 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 78, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

79.    The allegations in Paragraph 79 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 79, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

80.    The allegations in Paragraph 80 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 80, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

81.     Defendant denies all material allegations against it in Paragraph 81 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 81 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT NINE
**(Negligence and Wantonness – Takelu)**

82.     Defendant adopts and realleges its responses to Paragraphs 1-81 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

83.     The allegations in Paragraph 83 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 83, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

84.     The allegations in Paragraph 84 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 84, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

85.    Defendant denies all material allegations against it in Paragraph 85 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 85 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TEN
### (Respondeat Superior – Asmat)

86.    Defendant adopts and realleges its responses to Paragraphs 1-85 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

87.    The allegations in Paragraph 87 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 87, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

88.    The allegations in Paragraph 88 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 88, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

89.    Defendant denies all material allegations against it in Paragraph 89 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 89 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT ELEVEN
### (Direct Negligence and Wantonness – Asmat)

90.    Defendant adopts and realleges its responses to Paragraphs 1-89 of Plaintiff's First Amended complaint by reference, as if set forth fully herein.

91.    The allegations in Paragraph 91 of Plaintiff's First Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 91, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

92.    Defendant denies all material allegations against it in Paragraph 92 of Plaintiff's First Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 92 of Plaintiff's First

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT TWELVE
### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

93.    Defendant adopts and realleges its responses to Paragraphs 1-93 of Plaintiff's First

Amended complaint by reference, as if set forth fully herein.

94.    The allegations in Paragraph 94 of Plaintiff's First Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 94, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

95.    Defendant denies all material allegations against it in Paragraph 95 of Plaintiff's First

Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 of Plaintiff's

First Amended Complaint and therefore denies same.

96.    Defendant denies all material allegations against it in Paragraph 96 of Plaintiff's First

Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 96 of Plaintiff's

First Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

With regard to the unnumbered paragraph following Paragraph 96 of Plaintiff's First Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the First Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## ADDITIONAL DEFENSES

### First Defense

Defendant preserves all defenses pursuant to Rule 12(b) of the Alabama Rules of Civil Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) venue; (d) insufficiency of process; (e) insufficiency of service of process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party under Rule 19.

### Second Defense

Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

### Third Defense

Defendant pleads the general issue.

### Fourth Defense

Defendant pleads the applicable statute of limitations.

### Fifth Defense

Defendant pleads all applicable defenses under Rule 8 of the Alabama Rules of Civil Procedure, including but not limited to: lack of standing, accord and satisfaction, assumption of risk,

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

contributory negligence, discharge in bankruptcy, fraud, illegality, laches, license, payment, release,

unclean hands, the statute of limitations, waiver, accord and satisfaction, ratification, acquiescence,

recoupment, setoff, the doctrine of estoppel, equitable estoppel, judicial estoppel, administrative

estoppel, ratification and/or acquiescence.

**Sixth Defense**

Defendant denies it breached any legal duty allegedly owed to Plaintiff.

**Seventh Defense**

Defendant denies it was guilty of negligence and/or wanton conduct on the occasion

complained of and denies any negligence and/or wanton conduct on its part proximately caused said

accident and/or Plaintiff's alleged injuries.

**Eighth Defense**

Defendant denies there is any causal relationship between its alleged activities and the

accidents and/or Plaintiff's alleged injuries.

**Ninth Defense**

The accidents and/or Plaintiff's alleged injuries were proximately caused by Plaintiff's

negligence and/or negligence per se and/or the intervening acts and/or supervening of others on the

occasion made the subject of this action.

**Tenth Defense**

The accidents and Plaintiff's alleged injuries were the result of an efficient intervening and/or

supervening cause or causes and/or were not proximately caused by any negligence and/or

wantonness of Defendant; therefor Defendant pleads efficient intervening and/or supervening cause.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Eleventh Defense

Plaintiff was guilty of contributory negligence and/or contributory negligence per se, which proximately caused the accidents and/or alleged injuries and damages complained of.

### Twelfth Defense

Plaintiff's claims are barred by assumption of the risk.

### Thirteenth Defense

Any injuries or damages Plaintiff may have sustained, as alleged in Plaintiff's First Amended Complaint, to the extent not caused by Plaintiff's own negligence and fault, were proximately caused by the negligence, fault or actions of persons or entities other than Defendant, over whom Defendant had no control, and for whose negligence, fault and actions Defendant is not responsible.

### Fourteenth Defense

Plaintiff had the last clear chance to avoid the accident and/or accidents.

### Fifteenth Defense

The subsequent negligence of Plaintiff and/or third parties cuts off any duty allegedly owed by Defendant and/or proximately caused the accident and/or accidents.

### Sixteenth Defense

The facts and circumstances surrounding the accidents made the basis of Plaintiff's First Amended Complaint demonstrate Defendant had been placed in a sudden emergency due to no fault of Defendant; therefore, Plaintiff is not entitled to any recovery against Defendant under the Sudden Emergency Doctrine.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Seventeenth Defense

Defendant did not engage in any conduct with a reckless or conscious disregard of the rights or safety of others.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate the claims of damages, the existence of such damages being hereby denied.

## Nineteenth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

## Twentieth Defense

Defendant denies Plaintiff has been injured to the nature and extent claimed in the Complaint and therefore contest damages.

## Twenty-First Defense

Plaintiff is not entitled to recover or collect any damages from Defendant, which were paid, or are payable by any collateral source. Further, Defendant claims a credit and set-off from any settlement or payment to Plaintiff from any co-Defendant or collateral source.

## Twenty-Second Defense

Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) in response to Plaintiff's punitive damage claims.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Twenty-Third Defense

Defendant pleads Ala. Code § 6-11-21 (1975) (Cap) in response to Plaintiff's punitive damage claims.

### Twenty-Fourth Defense

Plaintiff's claims for damages and relief sought by Plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

### Twenty-Fifth Defense

Defendant denies that Plaintiff is entitled to a recovery of damages.

### Twenty-Sixth Defense

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

### Twenty-Seventh Defense

Defendant denies Plaintiff is entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

### Twenty-Eighth Defense

Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case and/or in accordance with the Court's scheduling order.

### Twenty-Ninth Defense

To the extent that they are not caused by or related to a physical injury, Plaintiff cannot recover of Defendant for mental anguish.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Thirtieth Defense

Plaintiff has failed to name indispensable parties under Rule 19, ARCP.

### Thirty-First Defense

Plaintiff's claims against Defendant are barred by the Graves Amendment, 49 U.S.C. § 30106.

### Thirty-Second Defense

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

### Thirty-Third Defense

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

### CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES

Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's claim for punitive damages:

1.  The claim for punitive damages as sought by the Complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

2.     The claim for punitive damages as sought by the Complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the defendants' rights of substantive due process.

3.     Plaintiff should not recover punitive damages from the defendants for punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

4.     Plaintiff should not recover punitive damages of Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

5.     Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

6.     Plaintiff should not recover punitive damages of Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

7.     Plaintiff should not recover punitive damages of Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.     Plaintiff should not recover punitive damages of Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.     Plaintiff should not recover punitive damages of Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10.    A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

11.    A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

12.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

13.     Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

     (c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     (d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

     (e)     The award of punitive damages in this case constituted a deprivation of property without due process of law.

14.     Plaintiff's attempt to impose punitive damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.     The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

17.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

18.     Defendants avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

## MENTAL ANGUISH DEFENSES

1.     Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the follow grounds:

     (a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

     (b)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

(c)     Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(d)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)     Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages, or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f)     Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)     The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)     Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages, or the determination of such damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(i)     An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

2.      Plaintiff's claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of the Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

(b)     The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

(c)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

(d)     An award of damages in this case would constitute a deprivation of property without due process of law.

(e)     The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of its rights of equal protection and due process.

(g)     The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors without regard to the respective enormity of alleged legal misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(h)     The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama Law with no predetermined limit and no guidelines of any sort on the amount of such damages that a jury may impose, violates this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

3.     Mental anguish damages are remote and metaphysical in nature; they are more sentimental than substantial; depending largely upon physical and nervous condition, the suffering of one under precisely the same circumstances would be no test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which any such injury can be justly compensated or even approximately measured; easily falls within all the objections to speculative damages, which are universally excluded because of their uncertain character, such damages are imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder or fact would be made to punish the Defendant and not to compensate the Plaintiff.

4.     The award of discretionary, compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages , and , it constitutes a deprivation of property without the due process of the law.

5.     Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

6.     The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, cannot be upheld, because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant.  As such, these damages violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

7.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss. See, e.g., *Ala. Code Section 7-2-715; Lloyd Wood Coal Co. v. Clark Equipment Co.* 543 So.2d 671 (Ala. 1989), *Ford Motor Co. v. Rice,* 726 So.2d 626 (Ala. 1998), and *Ex parte Grand Manor, Inc.,* 778 So.2d 173 (Ala. 2000).

8.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation.  If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result. See, e.g., *Restatement of the Law of Contracts,* Section 353.

## JURY TRIAL DEMANDED

s/ *William E. Pipkin, Jr.*
_____
William E. Pipkin, Jr., Esq. (PIPKW5690)
Attorney for Royal Truck Leasing, LLC

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

s/ *Brandi B. Frederick*
_____
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Royal Truck Leasing, LLC

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## CERTIFICATE OF SERVICE

I hereby certify that I have on July 15, 2022 served a copy of the above and foregoing on counsel for all parties by:

X    Using the Court's E-filing system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com
Attorneys for Dunnavant Plaintiff

Calvin Poole III, Esq.
Attorney for Plaintiff
Poole & Poole
P. O. Box 308
Greenville, AL  36037
Calvin@poolelaw.com
Attorney for Dunnavant Plaintiff

Kenneth A. Dowdy, Esq.
The Law Office of Kenneth A. Dowdy
2700 Rogers Drive, Ste. 204
Homewood, AL 35209
kdowdy@geico.com
Attorney for GEICO


Via United States Mail, postage prepaid and properly addressed to the following:

State of Alabama Attorney General
500 Dexter Ave.
Montgomery, Alabama 36130-0001

Royal Truck Leasing Answer to First Amended Complaint (Doc. 9)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Asmat Investment, LLC
dba Asmat Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

Samsara Inc.
c/o 1505 Corporation 112
C T Corporation System
330 N Brand Blvd., Ste 700
Glendale, CA 91203

Amguard Insurance Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Brandi B. Frederick

Of Counsel

AlaFile E-Notice

10-CV-2022-900034.00

To:  HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROYAL TRUCK LEASING, LLC (PRO SE)
2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA, 95833-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:    7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:    7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMALLEY JACK III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:     7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:      7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:    7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/15/2022 2:36:13 PM

Notice Date:    7/15/2022 2:36:13 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/15/2022 2:40 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

**STATE OF ALABAMA**    Revised 3/5/08    Cas
Unified Judicial System
10-BUTLER    ☐ District Court    ☑ Circuit Court    CV2

## CIVIL MOTION COVER SHEET

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL
PARENT, NEXT FRIEND AND LEGAL R

*Name of Filing Party:*D003 - HANSEN & ADKINS, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BRANDI BRANTON FREDERICK

PO Box 11927

BIRMINGHAM, AL 35202

*Attorney Bar No.:* BRA121

☐ Oral Arguments Requested

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐

Date:

7/15/2022 2:39:29 PM

Signature of Attorney or Party
/s/ BRANDI BRANTON FREDERICK

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/15/2022 2:40 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

**BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,**

      **Plaintiff,**

v.

**HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,**

      **Defendants.**

**CIVIL ACTION NO. 10-CV-2022-900034**

---

### HANSEN & ADKINS, INC.'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 9)

COMES NOW the Defendant, HANSEN & ADKINS, INC., and moves this Court, pursuant to Rule 12(b)(6) to Dismiss Plaintiff's First Amended Complaint (Doc. 9) for failure to state a claim upon which relief can be granted. In support of this Motion, Hansen & Adkins, Inc. submits the following:

### I.    <u>STANDARD OF REVIEW</u>

The Alabama Supreme Court outlined the proper standard for considering a motion to dismiss under Rule 12(b)(6), stating:

> In considering whether a complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., a court "must accept the allegations of the

complaint as true." *Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.*, 828 So.2d 285, 288 (Ala.2002) (emphasis omitted). " 'The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief.' " *Smith v. National Sec. Ins. Co.*, 860 So.2d 343, 345 (Ala.2003) (*quoting Nance v. Matthews*, 622 So.2d 297, 299 (Ala.1993)). In determining whether this is true, a court considers only whether the plaintiff may possibly prevail, not whether the plaintiff will ultimately prevail. *Id.* Put another way, " 'a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.' " *Id.* (emphasis added).

*Crosslin v. Health Care Authority of City of Huntsville*, 5 So. 3d 1193, 1195 (Ala. 2008).

## II.    MOTION

1.    Plaintiff's First Amended Complaint does not identify Hansen & Adkins, Inc. as a Party in the caption or Statement of Parties. *See* Doc. 9 ¶¶ 1-11.

2.    Plaintiff's First Amended Complaint does not assert any allegations regarding or related to Hansen & Adkins, Inc. *See* Doc. 9.

3.    Plaintiff's First Amended Complaint does not assert any allegations regarding or related to any act or omission of Hansen & Adkins, Inc. *See* Doc. 9.

4.    The only place Hansen & Adkins, Inc. is mentioned in Plaintiff's First Amended Complaint (Doc. 9) is in the Certificate of Service. *See* Doc.9 p. 18.

5.    Notwithstanding the foregoing, Hansen & Adkins, Inc. is listed as D003 in the Court's Party list for this case on Alacourt.com, and Hansen & Adkins, Inc. was served with a summons and copy of Plaintiffs' First Amended Complaint (Doc. 9). *See* Doc. 28.

6.    However, Plaintiffs' First Amended Complaint fails to state a claim against Hansen & Adkins, Inc.

7.      It appears the identification of Hansen & Adkins, Inc. on the Certificate of Service and service of the First Amended Complaint (Doc. 9) on Hansen & Adkins, Inc. may have been a clerical error.

8.      Regardless, as Plaintiff's First Amended Complaint does not state a claim upon which relief can be granted against Hansen & Adkins, Inc., it is due to be dismissed.

WHEREFORE, Hansen & Adkins, Inc. respectfully moves this Court to dismiss Plaintiff's First Amended Complaint (Doc. 9) as to any and all claims against Hansen & Adkins, Inc.

Respectfully submitted this 15th day of June, 2022.

s/ William E. Pipkin, Jr.
William E. Pipkin, Jr., Esq. (PIPKW5690)
Attorney for Hansen & Adkins, Inc.

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

s/ Brandi B. Frederick
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Hansen & Adkins, Inc.

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have on July 15, 2022 served a copy of the above and foregoing on counsel for all parties by:

X    Using the E-filing system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com
Attorneys for Dunnavant Plaintiff

Calvin Poole III, Esq.
Attorney for Plaintiff
Poole & Poole
P. O. Box 308
Greenville, AL  36037
Calvin@poolelaw.com
Attorney for Dunnavant Plaintiff

Kenneth A. Dowdy, Esq.
The Law Office of Kenneth A. Dowdy
2700 Rogers Drive, Ste. 204
Homewood, AL 35209
kdowdy@geico.com
Attorney for GEICO

Via United States Mail, postage prepaid and properly addressed to the following:

Asmat Investment, LLC
dba Asmat Express
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive, Suite E
Clarkston, GA 30021

Mamuye Ayane Takelu
929 Glynn Oaks Drive
Clarkston, GA 30021

4

Samsara Inc.
c/o 1505 Corporation 112
C T Corporation System
330 N Brand Blvd., Ste 700
Glendale, CA 91203

Amguard Insurance Company
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

s/ *Brandi B. Frederick*

Of Counsel



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: BRANDI BRANTON FREDERICK
bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HANSEN & ADKINS, INC. (PRO SE)
C/O CSC, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
     C/O ALEBACHEW ADEME, RA
     887 N INDIAN CREEK DR #E
     CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:       7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:        7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/15/2022 2:39:28 PM

**D003 HANSEN & ADKINS, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/15/2022 2:39:28 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/18/2022 9:59 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as the, custodial parent, and next friend, and legal representative of J.A.D. and N.P.D., minor children who are now deceased, | ) ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) Civil Action No.: 2022-900034 |
| HANSEN & ADKINS AUTO TRANSPORT, INC., et al. | ) ) ) |
| Defendants | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Amguard Insurance Company and for Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint, states as follows:

### Statement of the Parties

1.      Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

2.      Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

3.      Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

4.      Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

5.      Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

6.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

7.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

8.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

9.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

10.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

11.    Defendant admits that it is a foreign corporation with its principal place of business in Pennsylvania.  It also admits it was doing business in Alabama at the time of the subject incident. Defendant is without sufficient information to confirm or deny the remainder of the allegations contained in this paragraph.  Therefore, the remainder of the allegations in this paragraph are denied.

## Jurisdiction

12.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

13.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

14.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

15.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

16.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

17.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

18.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

19.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

20.    Defendant denies this paragraph.

21.    Defendant denies this paragraph.

**Statement of the Facts**

22.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

23.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

24.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

25.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

26.    Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

27.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

28.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

29.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

30.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

31.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

32.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

## COUNT ONE

**(Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)**

33.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

34.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

35.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT TWO

**(Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")**

36.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

37.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

38.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

39.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT THREE

**(Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto**

**Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")**

40.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

41.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

42.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

43.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

44.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

45.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

46.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

47.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

48.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

49.    The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

**COUNT FOUR**

**(Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")**

50.    Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

51.    The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

52.    The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph. The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph

53.    The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

54.    The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

**COUNT FIVE**

**(Broker Liability – Hansen & Adkins Auto Logistics "HAAL")**

55.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

56.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

57.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

58.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

59.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

60.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

61.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT SIX

**(Negligence and Wantonness – Royal Truck)**

62.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

63.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

64.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

65.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.  The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

66.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

67.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

68.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

69.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

70.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.  The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

71.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT SEVEN

### (AEMLD – Samsara)

72.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

73.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

74.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

75.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

76.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT EIGHT

### (Negligence and Wantonness – Samsara)

77.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

78.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

79.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

80.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

81.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT NINE

**(Negligence and Wantonness – Takelu)**

82.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

83.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

84.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

85.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT TEN

**(Respondeat Superior – Asmat)**

86.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

87.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

88.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

89.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT ELEVEN

### (Direct Negligence and Wantonness – Asmat)

90.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

91.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

92.     The allegations in this paragraph are not directed to this Defendant.  However, to the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, it denies the allegations in this paragraph.

## COUNT TWELVE

### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

93.     Defendant incorporates its responses to all preceding paragraphs as if set forth herein.

94.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

95.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

96.     Defendant is without sufficient information to confirm or deny the allegations contained in this paragraph.  Therefore, the allegations in this paragraph are denied.

Defendant denies all unnumbered paragraphs in the First Amended Complaint, including all paragraphs beginning "wherefore" and denies that Plaintiffs are entitled to relief.   To the extent any allegation in the complaint is not expressly admitted, it is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against DEFENDANT upon which relief can be granted.

### SECOND DEFENSE

DEFENDANT pleads the general issue.

### THIRD DEFENSE

DEFENDANT pleads not guilty.

### FOURTH DEFENSE

DEFENDANT pleads the sudden emergency doctrine.

### FIFTH DEFENSE

DEFENDANT denies all material allegations of the Complaint and demands strict proof thereof.

### SIXTH DEFENSE

DEFENDANT denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

### SEVENTH DEFENSE

DEFENDANT pleads the protections of Ala. Code 6-11-20 and 6-11-21.

### EIGHTH DEFENSE

DEFENDANT asserts that it is entitled to a set off or credit in the amount of the limits of available insurance proceeds for and/or any settlement amounts paid or available by any alleged tortfeasor, party or potential party to this litigation.

## NINTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

DEFENDANT reserves the right to supplement this Answer until such time as discovery is complete.

## ELEVENTH DEFENSE

This DEFENDANT affirmatively avers non-duplication of benefits as per applicable contract and applicable law.

## TWELFTH DEFENSE

Plaintiff's injuries were not the result of any acts or omissions of Defendants but were the result of acts or omissions of other persons.

## THIRTEENTH DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged conduct of Defendants and the Plaintiff's injuries.

## FOURTEENTH DEFENSE

DEFENDANT denies that it was guilty of any conduct or inaction which proximately caused or contributed to the cause of Plaintiff's injuries and damages.

## FIFTEENTH DEFENSE

DEFENDANT pleads intervening and/or superseding cause.

## SIXTEENTH DEFENSE

DEFENDANT contests the extent of damages.

## SEVENTH DEFENSE

The Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

## EIGHTEENTH DEFENSE

DEFENDANT pleads the defense of last clear chance.

## NINETEENTH DEFENSE

DEFENDANT alleges payment from a collateral source.

## TWENTIETH DEFENSE

DEFENDANT pleads that this claim is not ripe for adjudication.

## TWENTY-FIRST DEFENSE

As concerns all claims for punitive damages, DEFENDANT avers that such claims and such requisite burden of proof violate DEFENDANT's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. DEFENDANT affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of DEFENDANT which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates

DEFENDANT's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTY-SECOND DEFENSE

DEFENDANT affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate DEFENDANT's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTY-THIRD DEFENSE

DEFENDANT affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of DEFENDANT's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTY-FOURTH DEFENSE

DEFENDANT affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect DEFENDANT against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate DEFENDANT's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTY-FIFTH DEFENSE

DEFENDANT affirmatively avers that the Plaintiff's claim for punitive damages would violate DEFENDANT's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by *State Farm Automobile Ins. Co. V. Campbell*, 123 S. Ct. 1513 (April 7, 2003).

## TWENTY-SIXTH DEFENSE

Unless DEFENDANT's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate DEFENDANT's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages against DEFENDANT cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages against DEFENDANT cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of DEFENDANT, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate DEFENDANT's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-NINTH DEFENSE

Any award of punitive damages based on anything other than DEFENDANT's conduct in connection with the accident that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect DEFENDANT against impermissible multiple punishment for the same wrong and against

punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama.  In addition, any such award would violate principles of comity under the laws of the State of Alabama.

## THIRTIETH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of DEFENDANT and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of DEFENDANT in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

## THIRY-FIRST DEFENSE

This DEFENDANT affirmatively avers setoff for all collateral sources as allowed by law.

## THIRTY-SECOND DEFENSE

DEFENDANT denies that it was negligent or wanton on the occasion complained of in the Plaintiff's Complaint and denies that any negligence or wantonness on its part proximately caused or contributed to the alleged injuries and damages.

## THIRTY-THIRD DEFENSE

DEFENDANT asserts the defense of lack of personal or subject matter jurisdiction.

## THIRTY-FOURTH DEFENSE

DEFENDANT pleads the affirmative defense of lack of standing.

### THIRTY-FIFTH DEFENSE

DEFENDANT adopts in full all defenses raised by or available to Defendant Hansen & Adkins Auto Transport, Inc. as if fully and completely set forth in full herein.

### THIRTY-SIXTH DEFENSE

DEFENDANT adopts in full all defenses raised by or available to Defendant ASMAT Investments, LLC as if fully and completely set forth in full herein.

### THIRTY-SEVENTH DEFENSE

DEFENDANT adopts in full all defenses raised by or available to Defendant Mamuye Ayane Takelu as if fully and completely set forth in full herein.

### THIRTY-EIGHTH DEFENSE

DEFENDANT adopts in full all defenses raised by or available to Defendant Geico Casualty Company as if fully and completely set forth in full herein.

### THIRTY-NINTH DEFENSE

DEFENDANT adopts in full all defenses raised by or available to all defendants as if fully and completely set forth in full herein.

### FORTIETH DEFENSE

This DEFENDANT affirmatively avers that Plaintiff has not proven that she is entitled to recover damages from an uninsured or underinsured motorist and therefore is not entitled to recover from this Defendant at this time.

### FORTY-FIRST DEFENSE

This DEFENDANT affirmatively avers that the claim against this Defendant is premature as a matter of law.

### FORTY-SECOND DEFENSE

This DEFENDANT affirmatively avers that any liability against this Defendant is limited and restricted by the terms and conditions of any applicable insurance policy.

## FORTY-THIRD DEFENSE

This DEFENDANT affirmatively avers monetary limitations upon recovery by contract as well as by applicable law.

## FORTY-FOURTH DEFENSE

This DEFENDANT affirmatively avers failure of conditions precedent to the maintenance of this lawsuit.

## FORTY-FIFTH DEFENSE

This DEFENDANT affirmatively avers that Plaintiff has not complied with all of the conditions necessary to proceed forward against this Defendant at this time.

## FORTY-SIXTH DEFENSE

DEFENDANT pleads the affirmative defense of improper or inconvenient venue.

## FORTY-SEVENTH DEFENSE

DEFENDANT states that the Plaintiffs are not an insured of this Defendant and this Defendant is not legally obligated to the Plaintiffs to any extent or degree now or in the future on account of the alleged incident made the basis of the complaint.

## FORTY-EIGHTH DEFENSE

Any injuries Plaintiff sustained were proximately caused by the negligence, fault, or actions of persons or entities other than Defendant, over whom Defendant had no control and for whose fault or negligence Defendant is not responsible.

## FORTY-NINTH DEFENSE

Defendant has performed its duties as required under any alleged insurance policy at issue.

## FIFTIETH DEFENSE

Defendant pleads contributory negligence.

## FIFTY-FIRST DEFENSE

Defendant reserves the right to Amend its Answer up until such time as Discovery is completed.

Dated: July 18, 2022

Respectfully submitted,

*Attorneys for Defendant*
*AmGuard Insurance Company*

/s/ Joseph R. Duncan, Jr.
Jeremy Gaddy
Joseph R. Duncan, Jr.
Justin R. Nolen
Clark, May, Price, Lawley, Duncan & Paul, LLC
P.O. Box 43408
3070 Green Valley Road
Birmingham, AL 35243
Telephone: 205-267-6601

## Jury Demand

Defendant demands a trial by struck jury.

/s/ Joseph R. Duncan, Jr.
OF COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have mailed a copy of the foregoing via United States First Class Mail postage prepaid to the following on this 18th day of July, 2022:

Jack Smalley, III
Walton W. Hickman
Earle W. Long, IV
Long & Long, PC
3600 Springhill Memorial Drive
Mobile, AL
trip@longandlong.com
walton@longandlong.com
earle@longandlong.com
*Counsel for Plaintiffs*

Kenneth A. Dowdy
Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Co.
2700 Rogers Drive, STE 204
Homewood, AL 35209
kdowdy@geico.com
*Counsel for Defendant, Geico Casualty Company*

Joseph E.B. Stewart
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Ste. 100
Birmingham, AL 35226
jstewart@maplaw.com
*Counsel for Defendant Hansen & Adkins Auto Transport, Inc.*

Jannea S. Rogers
ADAMS AND REESE LLP
Post Office Box 1348
Mobile, AL 36633
251-433-3234
Jannea.rogers@arlaw.com
*Counsel for Defendants, Asmat
Investment, LLC d/b/a Asmat Express and
Mamuye Ayane Takelu*

                                           */s/ Joseph R. Duncan, Jr.*
                                           Of Counsel



AlaFile E-Notice

10-CV-2022-900034.00

To:  JEREMY SCOTT GADDY
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:      7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:   SAMSARA, INC. (PRO SE)
      C/O CT CORPORATION SYSTEM
      330 N BRAND BLVD #700
      GLENDALE, CA, 91203-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:    7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  AMGUARD INSURANCE COMPANY (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:      7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:    7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:    7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/18/2022 9:58:57 AM

Notice Date:     7/18/2022 9:58:57 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/18/2022 2:25 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

| **STATE OF ALABAMA** | Revised 3/5/08 | Cas |
|---|---|---|

Unified Judicial System

10-BUTLER   ☐ District Court   ☑ Circuit Court   CV2

# CIVIL MOTION COVER SHEET

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

*Name of Filing Party:* D001 - WOODFORK JAMES B.
D004 - HANSEN & ADKINS AUTO LOGISTICS, INC.
D005 - ROYAL TRUCK LEASING, LLC

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BRANDI BRANTON FREDERICK

PO Box 11927

BIRMINGHAM, AL 35202

*Attorney Bar No.:* BRA121

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.* | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date:<br>7/18/2022 2:23:00 PM | Signature of Attorney or Party<br>/s/ BRANDI BRANTON FREDERICK |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled Motion to Dismiss that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/18/2022 2:25 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| KIMBERLY HARRIS, AS PERSONAL REPRESENTATIVE AND MOTHER TO MAKENZIE BURDETTE, A DECEASED MINOR, <br><br> PLAINTIFF(S), <br><br> V. <br><br> HANSEN & ADKINS AUTO TRANSPORT, ET AL., <br><br> DEFENDANT(S). | CIVIL ACTION NO. 10-CV-2021-900055.80 |
| JAMES MAYS AND DOROTHY MAYS, <br><br> PLAINTIFF(S), <br><br> V. <br><br> JAMES B. WOODFORK, HANSEN & ADKINS AUTO TRANSPORT, INC., ET AL., <br><br> DEFENDANT(S). | CIVIL ACTION NO. 10-CV-2022-900013 |
| CANDICE L. GULLEY, ET AL., <br><br> PLAINTIFF(S), <br><br> V. <br><br> HANSEN & ADKINS AUTO TRANSPORT, INC., ET AL., <br><br> DEFENDANT(S). | CIVIL ACTION NO. 10-CV-2022-900033 |

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:    10-CV-2022-900034
Motion to Consolidate

| | |
|---|---|
| BRANDY LEE DUNNAVANT, AS MOTHER, SOLE LEGAL CUSTODIAN, AND NEXT FRIEND OF J.A.D. AND N.P.D, MINOR CHILDREN WHO ARE NOW DECEASED, | |
| PLAINTIFF(S), | CIVIL ACTION NO. 10-CV-2022-900034 |
| V. | |
| JAMES B. WOODFORK, ET AL., | |
| DEFENDANT(S). | |
| HAYLE MORGAN, ET AL., | |
| PLAINTIFF(S), | |
| V. | CIVIL ACTION NO. 10-CV-2022-90035 |
| JAMES B. WOODFORK, ET AL., | |
| DEFENDANT(S). | |

## MOTION TO CONSOLIDATE

COME NOW, Defendants James B. Woodfork ("Woodfork"), Royal Truck Leasing LLC ("Royal"), and Hansen & Adkins Auto Logistics, Inc. ("HAAL"), (collectively "Defendants"), by and through the undersigned counsel, and move this Court, pursuant to Rule 42, Ala. R. Civ. P., to consolidate this action with the following cases:

1.   *Kimberly Harris v. James B. Woodfork, et al.*, 10-CV-2021-900055.80, before the Circuit Court of Butler County, currently proceeding before the Hon. Cleveland Poole (hereafter "*Harris*" matter);

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:   10-CV-2022-900034
Motion to Consolidate

2.      *James Mays and Dorothy Mays v. James B. Woodfork, et al.*, 10-CV-2022-90013,

before the Circuit Court of Butler County, currently proceeding before the Hon.

Cleveland Poole (hereafter "*Mays*" matter);

3.      *Candice Gulley, et al. v. James B. Woodfork, et al.*, 10-CV-2022-900033, before the

Circuit Court of Butler County, currently proceeding before the Hon. Adrian D.

Johnson (hereafter "*Gulley*" matter); and

4.      *Hayle Morgan, et al. v. James B. Woodfork, et al.*, 10-CV-2022-900035, before the

Circuit Court of Butler County, currently proceeding before the Hon. Adrian D.

Johnson (hereafter "*Morgan*" matter).

In support of this Motion, Defendants state as follows:

## INTRODUCTION

Each of these cases involve wrongful death and/or injury claims arising from a series of

automobile accidents that occurred on June 19, 2021.  A majority of the represented decedents were

in the same vehicle while two are from a separate series of collisions.[1]  Each case currently includes

common party defendants and at least one of the represented decedents has two separate individuals

making a claim on their behalf in two different lawsuits.[2]  In discovery, each case will have common

law and expert witnesses, common evidence, and identical questions of law and fact.  Additionally,

the Plaintiffs in the *Gulley* and *Dunnavant* matters have filed a motion to consolidate those cases, but

---

[1] The *Gulley*, *Dunnavant*, and *Harris* matters all involve the same vehicle and the same accident cluster.  The *Morgan* and *Mays* matters involve separate vehicles and separate accident clusters.

[2] The *Gulley* matter names as a Plaintiff "Donald A. Burdette as the custodial parent of M.B., a minor child who is now deceased;" while in the *Harris* matter, Plaintiff Kimberly Harris identifies herself as the "Personal Representative and Mother to Makenzie Burdette, a Deceased Minor" and upon information and belief, Donald Burdette and Kimberly Harris are the parents of the same child, "Makenzie Burdette" or "M.B."

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:   10-CV-2022-900034
Motion to Consolidate

excluded the *Harris*, *Morgan*, and *Mays* cases from their request for consolidation.[3]  However,

because of the identical questions of law and fact, Defendants move this Court to have all cases

consolidated with *Harris v. Hansen & Adkins Auto Transport, Inc.*, Case No. 10-CV-2021-

900055.80 for pretrial proceedings only, preserving the issue of consolidated trials to be decided

after the close of discovery.[4]

## FACTS

1.      All of the Plaintiffs' claims in these cases arise out of the same salient set of facts: a

series of automobile accidents involving at least twelve vehicles that occurred on June 19, 2021

along Interstate 65 in rural Butler County, Alabama.

2.      These accidents resulted in the loss of several lives, personal injuries, and property

damage. As a result, there are at least nine different Plaintiffs representing eight different deceased

minors in five different lawsuits filed to date.[5]

3.      Two of the lawsuits involve claims on behalf of a common decedent. Upon

information and belief, the *Harris* matter and the *Gulley* matter both assert claims based on the death

of minor Makenzie Burdette.

---

[3] A hearing on the pending motion to consolidate the *Gulley* matter and *Dunnavant* matter is set at 9:00 a.m. on July 25, 2022 before the Honorable Adrian D. Johnson.

[4] Defendants file this motion to consolidate in each of the above-styled cases, but because *Harris v. Hansen & Adkins Auto Transport, Inc., et al.* was the first case filed, on August 6, 2021, and has the lowest case number, the later-filed actions would be properly consolidated with the *Harris* matter.

[5] *Harris v. Hansen & Adkins Auto Transport, Inc., et al.*, 10-CV-2021-900055.08 filed August 6, 2021 (hereafter the "Harris matter"), which was previously removed to the United States District Court for the Middle District of Alabama, and then remanded; *Mays, et al. v. James B. Woodfork, Hansen & Adkins Auto Transport, Inc., et al.*, 10-CV-2022-90013, filed February 17, 2022, (hereafter the "*Mays* matter"); *Gulley, et al v. Hansen & Adkins Auto Transport, Inc., et al.*, 10-CV-900033, filed April 27, 2022, (hereafter the "*Gulley* matter"); *Dunnavant v. Hansen & Adkins Auto Transport, Inc. et al.*, 10-CV-900034, filed April 27, 2022 (hereafter the "*Dunnavant* matter"); and *Morgan, et al. v. Hansen & Adkins Auto Transport, Inc. et al.*, 10-CV-900035 filed April 27, 2022 (hereafter the "*Morgan* matter").

DOCUMENT 63

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:   10-CV-2022-900034
Motion to Consolidate

4.      All of these cases will have common witnesses, including those who observed the accidents, first responders, and investigating agencies and officers who responded to the scene and/or interviewed witnesses after the fact.[6]

5.      All of the cases have common defendants.[7]

6.      All cases are in the early phases of discovery, with no depositions having been taken, so the procedural posture is consistent across all five cases.  Therefore, the commonality of parties, witnesses, current procedural postures, and questions of fact and law support consolidation.

## **ARGUMENT**

7.      Alabama Rules of Civil Procedure 42 provides:

(a) **Consolidation**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Ala. R. Civ. P. 42(a).

8.      The Alabama Supreme Court has stated:

"We have said that '[c]ircuit judges have broad powers under the Alabama Rules of Civil Procedure ... to order actions consolidated.' " *Ex parte Flexible Prods. Co.*, 915 So.2d [34] at 39 [(Ala. 2005)] (*quoting State v. Reynolds*, 887 So.2d 848, 854 (Ala.2004)). "[Rule 42(a)] specifically recognizes the propriety of consolidation, as well as the trial court's discretion to order consolidation as necessary to reduce costs or delay." *Owens–Corning Fiberglass Corp. v. James*, 646 So.2d 669, 674 (Ala.1994).

---

[6] The National Transportation Safety Board sent 8-10 investigating officers to Butler County to investigate the accidents and were assisted by other local law enforcement agencies, including the Butler County Sheriff's Department and the Alabama Law Enforcement Agency. Moreover, Butler County EMA, local fire departments, and other first responders from various agencies were present immediately following the subject accidents.

[7] The *Harris* matter names seven defendants: James Woodfork ("Woodfork"), Asmat Investments, LLC ("Asmat"), Mamuye Ayane Takelu ("Takelu"), HAAT, Royal, HAAL, and Hansen & Adkins, Inc. ("HAI"); the *Mays* matter names four defendants: Woodfork, Takelu, Asmat, and HAAT; the *Gulley* matter names nine defendants: Woodfork, Woodfork Enterprises, Inc. ("WEI"), HAI, HAAL, Royal, HAAT, Asmat, Takelu, and Samsara, Inc. ("Samsara"); the *Dunnavant* matter names ten defendants: Woodfork, WEI, HAI, HAAL, Royal, Asmat, Takelu, Samsara, Geico Casualty Company ("GEICO"), and Amguard Insurance Company ("Amguard"); and the *Morgan* matter names the same nine defendants as the *Gulley* matter.

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:   10-CV-2022-900034
Motion to Consolidate

*Ex parte Novartis Pharms. Corp.*, 991 So. 2d 1263, 1274 (Ala. 2008).

9.      The Committee comments to Rule 42 provide "Some practical examples of compelling cases for consolidation include actions by … persons very similarly situated whose claims for relief arise from the same accident." Ala. R. Civ. P. 42 Committee Comments on 1973 Adoption.

10.     The Plaintiffs in four of the five pending cases[8] have already consented to consolidation of the cases for discovery when those four cases were pending before the United States District Court for the Middle District of Alabama. See Exhibit 1 – Doc. 50-1 Joint Agreed Motion to Consolidate All Matters for Discovery.

11.     The Alabama Supreme Court has specifically held that "Federal cases construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure, which were patterned after the Federal Rules of Civil Procedure." *Ex parte Novartis Pharms. Corp.*, 975 So. 2d at 300 *citing Borders v. City of Huntsville*, 875 So.2d 1168, 1176 n. 2 (Ala.2003).

12.     Federal appellate courts have routinely found where two or more cases arise out of the same automobile collision which involve common questions of law and fact, the trial court has discretion to consolidate the actions where there is no showing of prejudice. *See generally Polito v. Molasky*, 123 F.2d 258, (8th Cir. 1941), *cert. denied* 315 U.S. 804 (1942). In exercising its discretion to consolidate actions, the Court should consider the risk of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple

---

[8] The *Gulley* matter, was originally filed in the United States District Court for the Middle District of Alabama on August 6, 2021, Case No.  2:21-cv-00524-ECM-JTA; the *Dunnavant* matter was originally filed in the United States District Court for the Middle District of Alabama on August 10, 2021, Case No. 2:21-cv-00530-ECM-JTA; the *Harris* matter was originally filed in the Circuit Court for Butler County, Alabama on August 6, 2021, before it was removed to the United States District Court for the Middle District of Alabama on September 9, 2021, Case No. 2:21-cv-00602-WKW-KFP; and the *Morgan* matter was originally filed in the United States District Court for the Middle District of Alabama

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:    10-CV-2022-900034
Motion to Consolidate

lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense

required for multiple suits versus a single suit. *In re Cree, Inc.*, *Securities Litigation*, 219 F.R.D. 369,

370 (M.D.N.C. Dec. 17, 2003).

13.    Consolidation offers efficiency and convenience. Consolidation for discovery will

result in one series of depositions of dozens of people and avoid the cost and expense of taking the

same depositions across five different matters.

14.    Defendants ask that the Court preserve the issue of a consolidated trials until the close

of discovery so that the Parties can better ascertain whether the consolidation of the matters for trial

will result in any prejudice.

## CONCLUSION

15.    Because the five cases involve common questions of fact and law, and include claims

against common defendants, Defendants move the Court to Order the consolidation of the *Mays*

matter, *Gulley* matter*, Dunnavant* matter, and *Morgan* matter with this *Harris* matter, 2021-CV-

900055.08 before the Circuit Court of Butler County, which was filed first in time.

Respectfully submitted,

s/*William E. Pipkin, Jr.*

William E. Pipkin, Jr. (PIP005)
Attorney for Defendants James B. Woodfork, Royal
Truck Leasing, LLC, and Hansen & Adkins Auto
Logistics, Inc.

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

on October 1, 2021, Case No. 2:21-cv-00652.

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:   10-CV-2022-900034
Motion to Consolidate

s/ *Brandi B. Frederick*
_____
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Defendants James B. Woodfork, Royal
Truck Leasing, LLC, and Hansen & Adkins Auto
Logistics, Inc.

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Ste. 100
Birmingham, AL 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

---

**Defendant Respectfully Requests Oral Argument**

**Oral Argument is set for**

**Monday, July 25, 2022**

---

DOCUMENT 63

Brandy Lee Dunnavant, v James B. Woodfork, et al.
Civil Action No.:   10-CV-2022-900034
Motion to Consolidate

## CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by using the Court's Electronic Filing system, which will send notification of such to the following:

Calvin Poole, III
Poole & Poole
Post Office Box 308
600 East Commerce Street
Greenville, AL   36037-0308
Email Address: calvin@poolelaw.com
    Attorney For: Brandy Dunnavant

Earle W. Long, IV
Jack Smalley, III
Walton W. Hickman
Long & Long, P.C.
3600 Springhill Memorial Drive North
Mobile, AL  36608
Email Address: earle@lwpc.com; trip@longandlong.com; walton@longandlong.com
    Attorney For: Brandy Dunnavant

Jeremy Gaddy
Joseph R. Duncan
Justin R. Nolen
Clark, May, Price, Lawley, Duncan & Paul, LLC
P.O. Box 42408
Birmingham, AL 35243
Email Address: jgaddy@clarkmayprice.com; jduncan@clarkmayprice.com
                jnolen@clarkmayprice.com
    Attorney For: AmGuard Insurance Company

s/ *Brandi B. Frederick*
_____
OF COUNSEL



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: BRANDI BRANTON FREDERICK
bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:       7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
C/O ALEBACHEW ADEME, RA
887 N INDIAN CREEK DR #E
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
     C/O CT CORPORATION SYSTEM
     330 N BRAND BLVD #700
     GLENDALE, CA, 91203-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:    7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:     7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/18/2022 2:24:23 PM

**D001 WOODFORK JAMES B.**

**D004 HANSEN & ADKINS AUTO LOGISTICS, INC.**

**D005 ROYAL TRUCK LEASING, LLC**

MOTION FOR CONSOLIDATION

[Filer: FREDERICK BRANDI BRANTON]

Notice Date:      7/18/2022 2:24:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/21/2022 7:41 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as | * |
| Custodial Parent, Next Friend and Legal | * |
| Representative of J.A.D. and N.P.D., minor | * |
| Children who are now deceased, | * |
| | *    Case No. 10-cv-2022-900034 |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| HANSEN & ADKINS AUTO | * |
| TRANSPORT, INC., et al., | * |
| | * |
| Defendants. | * |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ASMAT INVESTEMENT, LLC TO BRANDY LEE DUNNAVANT'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, ASMAT INVESTEMENT, LLC, hereinafter referred to as "Defendant Asmat", by and through undersigned counsel and pursuant to the Alabama Rules of Civil Procedure, responds to First Amended Complaint of Brandy Lee Dunnavant as follows:

### Statement of the Parties

1.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 1 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

2.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 2 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

3.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 3 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

1

4.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 4 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

5.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 5 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

6.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 5 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

7.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 7 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

8.      Defendant Asmat admits that it is limited liability company organized and existing with its principal place of business in Clarkston, Georgia and Alebachew Ademe is a Georgia citizen and the single member of the limited liability company but denies all remaining statements and demands strict proof thereof.

9.      Defendant Asmat admits that Defendant Takelu is over the age of nineteen years and is a resident citizen of Clarkston, Georgia but denies all remaining statements and demands strict proof thereof.

10.     Defendant Asmat is without knowledge as to the statements contained in Paragraph 10 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

11.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 11 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

## JURISDICTION

12.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 12 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

13.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 13 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

14.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 14 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

15.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 15 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

16.      Defendant Asmat denies the statements contained in Paragraph 16 of Brandy Lee Dunnavant's First Amended Complaint and demands strict proof thereof.

17.      Defendant Asmat is without knowledge as to the statements contained in Paragraph 17 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

18.     Defendant Asmat is without knowledge as to the statements contained in Paragraph 18 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

19.     Defendant Asmat is without knowledge as to the statements contained in Paragraph 19 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

20.     Defendant Asmat is without knowledge as to the statements contained in Paragraph 20 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

21.     Defendant Asmat admits the statements contained in Paragraph 21 of Brandy Lee Dunnavant's First Amended Complaint.

### Statement of the Facts

22.     Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 22 of Brandy Lee Dunnavant's First Amended Complaint as they relate to the travel path of the Plaintiff and, therefore, denies same and demands strict proof thereof. As to the incident itself, Defendant Asmat admits the incident occurred on I-65 in Butler County, Alabama.

23.     Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 23 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

24.     Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 24 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

25.    Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 25 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

26.    Defendant Asmat admits that Defendant Takelu was operating his tractor/trailer under Asmat's DOT number on the date of the accident, but is without sufficient knowledge to confirm or deny the remaining statements as set forth in Paragraph 26 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

27.    Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 27 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

28.    Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 28 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

29.    Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 29 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

30.    Defendant Asmat is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 30 of Brandy Lee Dunnavant's First Amended Complaint and therefore, denies same and demands strict proof thereof.  Defendant Asmat admits that children in the Ranch van were killed.

31.    Defendant Asmat is without sufficient knowledge to confirm or deny the allegations as set forth in Paragraph 31 of Brandy Lee Dunnavant's First Amended Complaint and, therefore,

denies same and demands strict proof thereof. Defendant Asmat admits that children in the Ranch van were killed.

32.    Defendant Asmat is without sufficient knowledge to confirm or deny the allegations as set forth in Paragraph 32 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof. Defendant Asmat admits that children in the Ranch van were killed.

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

33.    Defendant Asmat reavers and realleges his responses with regarding to Paragraphs 1-32 above.

34.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 34 and all subparts thereto of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

35.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 35 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

36.    Defendant Asmat reavers and realleges his responses with regarding to Paragraphs 1-35 above.

37.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 37 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

38.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 38 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

39.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 39 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT THREE
**(Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")**

40.    Defendant Asmat reavers and realleges his responses with regarding to Paragraphs 1-39 above.

41.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 41 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

42.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 42 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

43.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 43 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

44.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 44 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

45.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 45 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

46.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 46 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

47.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 47 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

48.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 48 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

49.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 49 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT FOUR
**(Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")**

50.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-49 above.

51.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 51 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant.  However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

52.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 52 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

53.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 53 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

54.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 54 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT FIVE
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

55.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-54 above.

56.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 56 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

57.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 57 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

58.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 58 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

59.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 59 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

60.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 60 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

61.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 61 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

62.    Defendant Asmat realleges and reavers his responses to Paragraphs 1-61 above.

63.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 63 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

64.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 64 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

65.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 65 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

66.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 66 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

67.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 67 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

68.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 68 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

69.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 69 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

70.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 70 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

71.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 71 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT SEVEN
### (AEMLD – Samsara)

72.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-72 above.

73.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 73 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

74.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 74 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

75.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 75 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

76.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 76 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

77.    Defendant Asmat realleges and reavers his responses to Paragraphs 1-76 above.

78.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 78 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

79.    Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 79 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

80.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 80 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

81.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 81 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT NINE
### (Negligence and Wantonness – Asmat)

82.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-81 above.

83.     Defendant Asmat denies the allegations of Paragraph 83 and all subparts thereto of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

84.     Defendant Asmat denies the allegations of Paragraph 84 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

85.     Defendant Asmat denies the allegations of Paragraph 85 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT TEN

**(Respondeat Superior – Asmat)**

86.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-85 above.

87.     Defendant Asmat denies the allegations of Paragraph 87 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

88.     Defendant Asmat denies the allegations of Paragraph 88 of Plaintiffs' First Amended Complaint as relate to this Defendant demands strict proof thereof.

89.     Defendant Asmat denies the allegations of Paragraph 89 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT ELEVEN
**(Direct Negligence and Wantonness – Asmat)**

90.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-90 above.

91.     Defendant Asmat denies the allegations of Paragraph 91 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

92.     Defendant Asmat denies the allegations of Paragraph 92 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT TWELVE
**(Uninsured/Underinsured Motorist Coverage – Geico and Amguard)**

93.     Defendant Asmat realleges and reavers his responses to Paragraphs 1-92 above.

94.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 94 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

95.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 95 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

96.     Defendant Asmat is without specific knowledge to admit or deny the allegations of Paragraph 96 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Asmat denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

97.     All other allegations not specifically herein admitted are hereby denied and strict proof thereof demanded.

## AFFIRMATIVE DEFENSES

1.     As and for a first affirmative defense, this Defendant alleges the First Amended Complaint herein fails to sufficiently constitute a cause of action against this Defendant or fails to state facts upon which a claim can be based.

17

2.      As and for a second separate affirmative defense, this Defendant alleges the damages suffered by the Plaintiff, if any, were the result of the acts or omissions of the parties, named or unnamed in this action, for which this Defendant bears no responsibility.

3.      As and for a third separate affirmative defense, this Defendant alleges the damages suffered by the Plaintiff, if any, were the result of the negligence and failure to use reasonable diligence in performing the acts required of other parties or nonparties.

4.      As and for a fourth separate affirmative defense, this Defendant alleges that other parties or nonparties herein were guilty of contributory fault and negligence in the matters alleged in the First Amended Complaint, and such contributory fault and negligence proximately caused the damages complained of herein.

5.      As and for a fifth separate affirmative defense, this Defendant alleges the conduct of other parties or nonparties to this action, including but not limited to negligent operation of a motor vehicle on a federal highway in violation of the law, as well as other violations of the law.

6.      As and for a sixth separate affirmative defense, this Defendant alleges other parties or nonparties failed and refused to comply with legal conditions precedent to this action, including but not limited to compliance with all rules of the road and laws related to operation of a motor vehicle on a public highway.

7.      As and for a seventh separate affirmative defense, this Defendant alleges any alleged conduct or omission by this Defendant was not the cause in fact or proximate cause of any injury alleged by Plaintiff.

8.      As and for an eighth separate affirmative defense, this Defendant alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded.

9.      As and for a ninth separate affirmative defense, this Defendant alleges any recovery by the Plaintiff must be offset, reduced, abated or apportioned to the extent that the other party or non-party's action caused or contributed to damages, if any.

10.     As and for a tenth separate affirmative defense, this Defendant alleges it is not liable for damages, if any, caused by an independent contractor or entity independent to the contracts referenced within the First Amended Complaint.

11.     As and for an eleventh separate affirmative defense, this Defendant alleges that the First Amended Complaint and each cause of action are uncertain.

12.     As and for a twelfth separate affirmative defense, this Defendant alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded, and asserts herein all constitutional defenses to an award to punitive damages, including those as set forth within Article I, Sections 1, 6, 11, 13, 15, and 22 of the Constitution of the State of Alabama, separately and severally, as well as Article I, Sections 8 and 10, and for the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately and severally, of the Constitution of the United States of America.

13.     As for a thirteenth separate affirmative defense, this Defendant alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded, to the extent such damages sought are in excess of comparable maximums established by the Alabama Legislature and the Code of Alabama, §§ 13-A-5-11, 13A-5-12, 6-11-20, 6-11-

21, 6-11-23, and 6-11-24, as well as the case law directed to punitive damages as set forth not only in *BMW of North America, Inc., v. Gore,* 517 U. S. 559 (1996), but also *Goodyear Tire and Rubber Co., v. Vinson,* 749 So.2d 393 (Ala. 1999).

14.     As and for a fourteenth separate affirmative defense, this Defendant alleges this Court lacks subject matter and personal jurisdiction over this action.

15.     As and for a fifteenth separate affirmative defense, this Defendant readopts and realleges the defenses asserted by other defendants as if fully stated herein.

16.     As and for a sixteenth separate affirmative defense, this Defendant asserts the accident and all damages and injuries therefrom were the result of adverse weather conditions which no party or nonparty could have anticipated, prepared for or responded to and as such the weather was an intervening cause which was the proximate cause of the motor vehicle accident at issue.

17.     As and for a seventeenth separate affirmative defense, this Defendant asserts the accident and all damages and injuries therefrom were the result of a sudden emergency which was created as a result of the adverse weather event and the actions of parties or nonparties to create a intervening cause which was the proximate cause of the motor vehicle accident at issue.

18.     As and for an eighteenth separate affirmative defense, this Defendant asserts the accident and all damages and injuries therefrom were not the result of any negligent, careless or reckless behavior and that all actions of this Defendant were reasonable under the circumstances and not the cause in fact of the motor vehicle accident at issue.

19.     As and for a nineteenth separate affirmative defense, this Defendant alleges that because the First Amended Complaint herein is couched in conclusory terms, it cannot fully

anticipate all affirmative defenses that may be applicable to the within action.  Accordingly, the

right to assert additional affirmative defenses, if and to the extent that such affirmative defenses

are applicable, is hereby reserved.

Respectfully submitted,


/s/ Jannea S. Rogers
JANNEA S. ROGERS
BLAKE T. RICHARDSON
jannea.rogers@arlaw.com
blake.richardson@arlaw.com
Attorney for Defendants, Asmat
Investement, LLC d/b/a Asmat Express and
Mamuye Ayane Takelu


OF COUNSEL:
Adams and Reese LLP
Post Office Box 1348
Mobile, Alabama 36633
T:  (251) 433-3234
F:  (251) 438-7733

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of July, 2022, I served a copy of the foregoing pleading upon all counsel of record via U.S. mail, first class postage prepaid, and/or electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jack Smalley, III
Walton W. Hickman
Earle W. Long, IV
Long & Long, P.C.
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
(251) 445-6000
trip@longandlong.com
walton@longandlong.com
earle@longandlong.com
*Attorneys for Dunnavant Plaintiffs*

Richard Wayne Lewis
Joseph E.B. Stewart
Brandi Branton Frederick
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

William Eugene Pipkin, Jr.
Austill, Lewis & Pipkin
P.O. Box 2885
Mobile, Alabama 3665
bpipkin@maplaw.com
*Attorneys for James B. Woodfork, Woodfork Enterprises, Inc., Hansen & Adkins, Inc., Hansen & Adkins Auto Logistics, Inc., Royal Truck Leasing, LLC*

Jeremy Scott Gaddy
Clark, May, Price, Lawley, Duncan
& Paul, LLC
3070 Green Valley Road
Birmingham, Alabama 35243
Jgaddy@clarkmayprice.com

Joseph Robert Duncan, Jr.
Clark, May, Price, Lawley, Duncan
& Paul, LLC
P.O. Box 43408
Birmingham, Alabama 35243
jgaddy@clarkmayprice.com
*Attorneys for Amguard Insurance Company*

Kenneth Alden Dowdy
Law Office of Kenneth A. Dowdy
2700 Rogers Driver, Suite 204
Homewood, Alabama 35209
kdowdy@geico.com
*Attorney for Geico Casualty Company*

*/s/ Jannea S. Rogers*
OF COUNSEL



AlaFile E-Notice

10-CV-2022-900034.00

To: JANNEA SUZANNE ROGERS
jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:     7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS (PRO SE)
     C/O ALEBACHEW ADEME, RA
     887 N INDIAN CREEK DR #E
     CLARKSTON, GA, 30021-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:    7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:     7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:     7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:    7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:     7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:      7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:      7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:     7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:    7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

 AlaFile E-Notice

10-CV-2022-900034.00

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:    7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:      7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:40:50 PM

Notice Date:     7/21/2022 7:40:50 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/21/2022 7:42 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as     * <br> Custodial Parent, Next Friend and Legal     * <br> Representative of J.A.D. and N.P.D., minor     * <br> Children who are now deceased,     * <br>     *     Case No. 10-cv-2022-900034 <br>     Plaintiffs,     * <br>     * <br> v.     * <br>     * <br> HANSEN & ADKINS AUTO     * <br> TRANSPORT, INC., et al.,     * <br>     * <br>     Defendants.     * | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MAMUYE AYANE TAKELU TO BRANDY LEE DUNNAVANT'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, MAMUYE AYANE TAKELU, hereinafter referred to as "Defendant Takelu", by and through undersigned counsel and pursuant to the Alabama Rules of Civil Procedure, responds to First Amended Complaint of Brandy Lee Dunnavant as follows:

### Statement of the Parties

1.  Defendant Takelu is without knowledge as to the statements contained in Paragraph 1 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

2.  Defendant Takelu is without knowledge as to the statements contained in Paragraph 2 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

3.  Defendant Takelu is without knowledge as to the statements contained in Paragraph 3 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

4.      Defendant Takelu is without knowledge as to the statements contained in Paragraph 4 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

5.      Defendant Takelu is without knowledge as to the statements contained in Paragraph 5 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

6.      Defendant Takleu is without knowledge as to the statements contained in Paragraph 5 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

7.      Defendant Takleu is without knowledge as to the statements contained in Paragraph 7 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

8.      Defendant Takelu admits that he is over the age of nineteen years, is a resident citizen of Clarkston, Georgia and that he was driving his tractor/trailer at the time of the incident. Defendant Takelu denies all the remaining allegations of this paragraph and demands strict proof thereof

9.      Defendant Takelu is without knowledge as to the statements contained in Paragraph 9 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

10.      Defendant Takelu is without knowledge as to the statements contained in Paragraph 10 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

2

11.     Defendant Takelu is without knowledge as to the statements contained in Paragraph 11 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

## JURISDICTION

12.     Defendant Takelu is without knowledge as to the statements contained in Paragraph 12 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

13.     Defendant Takelu is without knowledge as to the statements contained in Paragraph 13 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

14.     Defendant Takelu is without knowledge as to the statements contained in Paragraph 14 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

15.     Defendant Takelu is without knowledge as to the statements contained in Paragraph 15 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

16.     Defendant Takelu is without knowledge as to the statements contained in Paragraph 16 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

17.     Defendant Takelu denies the statements contained in Paragraph 17 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

18.    Defendant Takelu is without knowledge as to the statements contained in Paragraph 18 and all subparts thereto of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

19.    Defendant Takelu is without knowledge as to the statements contained in Paragraph 19 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

20.    Defendant Takelu is without knowledge as to the statements contained in Paragraph 20 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

21.    Defendant Takelu admits the statements contained in Paragraph 21 of Brandy Lee Dunnavant's First Amended Complaint.

**Statement of the Facts**

22.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 22 of Brandy Lee Dunnavant's First Amended Complaint as they relate to the travel path of the Plaintiff and, therefore, denies same and demands strict proof thereof. As to the incident itself, Defendant Takelu admits the incident occurred on I-65 in Butler County, Alabama.

23.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 23 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

24.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 24 of Brandy Lee Dunnavant's First Amended Complaint as

they relate to the travel path of other vehicles and, therefore, denies same and demands strict proof thereof.

25.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 25 of Brandy Lee Dunnavant's First Amended Complaint as they relate to the travel path of other vehicles and, therefore, denies same and demands strict proof thereof.

26.    Defendant Takelu admits that he was operating his tractor/trailer which was travelling northbound on I-65 on the date of the accident, and was operating the same under Asmat's DOT number, but denies all remaining statements contained in Paragraph 26 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, demands strict proof thereof.

27.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 27 of Brandy Lee Dunnavant's First Amended Complaint as they relate to other vehicles operating on I-65 immediately prior to the incident and, therefore, denies same and demands strict proof thereof.

28.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 28 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.

29.    Defendant Takelu denies the statements contained in Paragraph 29 of Brandy Lee Dunnavant's First Amended Complaint and demands strict proof thereof.

30.    Defendant Takelu is without sufficient knowledge to confirm or deny the statements as set forth in Paragraph 30 of Brandy Lee Dunnavant's First Amended Complaint and therefore, denies same and demands strict proof thereof.  Defendant Takelu admits that children in the Ranch van were killed.

31.    Defendant Takelu is without sufficient knowledge to confirm or deny the allegations as set forth in Paragraph 31 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.  Defendant Takelu admits that children in the Ranch van were killed.

32.    Defendant Takelu is without sufficient knowledge to confirm or deny the allegations as set forth in Paragraph 32 of Brandy Lee Dunnavant's First Amended Complaint and, therefore, denies same and demands strict proof thereof.  Defendant Takelu admits that children in the Ranch van were killed.

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

33.    Defendant Takelu reavers and realleges his responses with regarding to Paragraphs 1-32 above.

34.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 34 and all subparts thereto of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

35.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 35 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

36.    Defendant Takelu reavers and realleges his responses with regarding to Paragraphs 1-35 above.

37.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 37 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

38.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 38 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

39.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 39 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT THREE
### (Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")

40.    Defendant Takelu reavers and realleges his responses with regarding to Paragraphs 1-39 above.

41.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 41 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

42.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 42 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

43.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 43 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

44.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 44 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

45.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 45 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

46.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 46 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

47.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 47 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

48.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 48 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

49.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 49 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

<u>COUNT FOUR</u>
**(Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")**

50.     Defendant Takelu realleges and reavers his responses to Paragraphs 1-49 above.

51.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 51 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant.  However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

52.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 52 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

53.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 53 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

54.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 54 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT FIVE
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

55.     Defendant Takelu realleges and reavers his responses to Paragraphs 1-54 above.

56.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 56 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

57.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 57 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

58.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 58 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

59.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 59 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

60.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 60 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

61.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 61 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

62.     Defendant Takelu realleges and reavers his responses to Paragraphs 1-61 above.

63.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 63 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

64.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 64 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

65.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 65 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

66.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 66 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

67.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 67 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

68.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 68 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

69.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 69 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

70.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 70 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

71.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 71 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT SEVEN
### (AEMLD – Samsara)

72.     Defendant Takelu realleges and reavers his responses to Paragraphs 1-72 above.

73.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 73 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

13

74.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 74 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

75.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 75 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

76.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 76 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

77.    Defendant Takelu realleges and reavers his responses to Paragraphs 1-76 above.

78.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 78 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

79.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 79 of Plaintiffs' First Amended Complaint and further states it does not appear these

allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

80.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 80 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

81.     Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 81 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT NINE
### (Negligence and Wantonness – Takelu)

82.     Defendant Takelu realleges and reavers his responses to Paragraphs 1-81 above.

83.     Defendant Takelu denies the allegations of Paragraph 83 and all subparts thereto of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

84.     Defendant Takelu denies the allegations of Paragraph 84 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

85.     Defendant Takelu denies the allegations of Paragraph 85 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT TEN
### (Respondeat Superior – Asmat)

86.    Defendant Takelu realleges and reavers his responses to Paragraphs 1-85 above.

87.    Defendant Takelu denies the allegations of Paragraph 87 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

88.    Defendant Takelu denies the allegations of Paragraph 88 of Plaintiffs' First Amended Complaint as relate to this Defendant demands strict proof thereof.

89.    Defendant Takelu denies the allegations of Paragraph 89 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT ELEVEN
### (Direct Negligence and Wantonness – Asmat)

90.    Defendant Takelu realleges and reavers his responses to Paragraphs 1-90 above.

91.    Defendant Takelu denies the allegations of Paragraph 91 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

92.    Defendant Takelu denies the allegations of Paragraph 92 of Plaintiffs' First Amended Complaint as relate to this Defendant and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

<div align="center">

**COUNT TWELVE**
**(Uninsured/Underinsured Motorist Coverage – Geico and Amguard)**

</div>

93.    Defendant Takelu realleges and reavers his responses to Paragraphs 1-92 above.

94.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 94 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

95.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 95 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

96.    Defendant Takelu is without specific knowledge to admit or deny the allegations of Paragraph 96 of Plaintiffs' First Amended Complaint and further states it does not appear these allegations are directed to this Defendant. However, in an abundance of caution, Defendant Takelu denies same and demands strict proof thereof.

The Paragraph beginning "WHEREFORE" and ending "cost of this action" does not appear to require a response, but, to the extent this Paragraph requires a response, Defendant denies the allegations contained therein and demands strict proof thereof.

97.    All other allegations not specifically herein admitted are hereby denied and strict proof thereof demanded.

## AFFIRMATIVE DEFENSES

1.     As and for a first affirmative defense, this Defendant alleges the First Amended Complaint herein fails to sufficiently constitute a cause of action against this Defendant or fails to state facts upon which a claim can be based.

2.     As and for a second separate affirmative defense, this Defendant alleges the damages suffered by the Plaintiff, if any, were the result of the acts or omissions of the parties, named or unnamed in this action, for which this Defendant bears no responsibility.

3.     As and for a third separate affirmative defense, this Defendant alleges the damages suffered by the Plaintiff, if any, were the result of the negligence and failure to use reasonable diligence in performing the acts required of other parties or nonparties.

4.     As and for a fourth separate affirmative defense, this Defendant alleges that other parties or nonparties herein were guilty of contributory fault and negligence in the matters alleged in the First Amended Complaint, and such contributory fault and negligence proximately caused the damages complained of herein.

5.     As and for a fifth separate affirmative defense, this Defendant alleges the conduct of other parties or nonparties to this action, including but not limited to negligent operation of a motor vehicle on a federal highway in violation of the law, as well as other violations of the law.

6.     As and for a sixth separate affirmative defense, this Defendant alleges other parties or nonparties failed and refused to comply with legal conditions precedent to this action, including but not limited to compliance with all rules of the road and laws related to operation of a motor vehicle on a public highway.

7.      As and for a seventh separate affirmative defense, this Defendant alleges any alleged conduct or omission by this Defendant was not the cause in fact or proximate cause of any injury alleged by Plaintiff.

8.      As and for an eighth separate affirmative defense, this Defendant alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded.

9.      As and for a ninth separate affirmative defense, this Defendant alleges any recovery by the Plaintiff must be offset, reduced, abated or apportioned to the extent that the other party or non-party's action caused or contributed to damages, if any.

10.     As and for a tenth separate affirmative defense, this Defendant alleges it is not liable for damages, if any, caused by an independent contractor or entity independent to the contracts referenced within the First Amended Complaint.

11.     As and for an eleventh separate affirmative defense, this Defendant alleges that the First Amended Complaint and each cause of action are uncertain.

12.     As and for a twelfth separate affirmative defense, this Defendant alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded, and asserts herein all constitutional defenses to an award to punitive damages, including those as set forth within Article I, Sections 1, 6, 11, 13, 15, and 22 of the Constitution of the State of Alabama, separately and severally, as well as Article I, Sections 8 and 10, and for the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately and severally, of the Constitution of the United States of America.

13.    As for a thirteenth separate affirmative defense, this Defendant alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded, to the extent such damages sought are in excess of comparable maximums established by the Alabama Legislature and the Code of Alabama, §§ 13-A-5-11, 13A-5-12, 6-11-20, 6-11-21, 6-11-23, and 6-11-24, as well as the case law directed to punitive damages as set forth not only in *BMW of North America, Inc., v. Gore,* 517 U. S. 559 (1996), but also *Goodyear Tire and Rubber Co., v. Vinson,* 749 So.2d 393 (Ala. 1999).

14.    As and for a fourteenth separate affirmative defense, this Defendant alleges this Court lacks subject matter and personal jurisdiction over this action.

15.    As and for a fifteenth separate affirmative defense, this Defendant readopts and realleges the defenses asserted by other defendants as if fully stated herein.

16.    As and for a sixteenth separate affirmative defense, this Defendant asserts the accident and all damages and injuries therefrom were the result of adverse weather conditions which no party or nonparty could have anticipated, prepared for or responded to and as such the weather was an intervening cause which was the proximate cause of the motor vehicle accident at issue.

17.    As and for a seventeenth separate affirmative defense, this Defendant asserts the accident and all damages and injuries therefrom were the result of a sudden emergency which was created as a result of the adverse weather event and the actions of parties or nonparties to create a intervening cause which was the proximate cause of the motor vehicle accident at issue.

18.    As and for an eighteenth separate affirmative defense, this Defendant asserts the accident and all damages and injuries therefrom were not the result of any negligent, careless or

20

reckless behavior and that all actions of this Defendant were reasonable under the circumstances and not the cause in fact of the motor vehicle accident at issue.

19.     As and for a nineteenth separate affirmative defense, this Defendant alleges that because the First Amended Complaint herein is couched in conclusory terms, it cannot fully anticipate all affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Respectfully submitted,

*/s/ Jannea S. Rogers*
JANNEA S. ROGERS
BLAKE T. RICHARDSON
jannea.rogers@arlaw.com
blake.richardson@arlaw.com
*Attorney for Defendants, Asmat Investement, LLC d/b/a Asmat Express and Mamuye Ayane Takelu*

**OF COUNSEL:**
Adams and Reese LLP
Post Office Box 1348
Mobile, Alabama 36633
T:  (251) 433-3234
F:  (251) 438-7733

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of July, 2022, I served a copy of the foregoing pleading upon all counsel of record via U.S. mail, first class postage prepaid, and/or electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jack Smalley, III
Walton W. Hickman
Earle W. Long, IV
Long & Long, P.C.
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
(251) 445-6000
trip@longandlong.com
walton@longandlong.com
earle@longandlong.com
*Attorneys for Dunnavant Plaintiffs*

Richard Wayne Lewis
Joseph E.B. Stewart
Brandi Branton Frederick
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

William Eugene Pipkin, Jr.
Austill, Lewis & Pipkin
P.O. Box 2885
Mobile, Alabama 3665
bpipkin@maplaw.com
*Attorneys for James B. Woodfork, Woodfork Enterprises, Inc., Hansen & Adkins, Inc., Hansen & Adkins Auto Logistics, Inc., Royal Truck Leasing, LLC*

Jeremy Scott Gaddy
Clark, May, Price, Lawley, Duncan
& Paul, LLC
3070 Green Valley Road
Birmingham, Alabama 35243
Jgaddy@clarkmayprice.com

Joseph Robert Duncan, Jr.
Clark, May, Price, Lawley, Duncan
& Paul, LLC
P.O. Box 43408
Birmingham, Alabama 35243
jgaddy@clarkmayprice.com
*Attorneys for Amguard Insurance Company*

Kenneth Alden Dowdy
Law Office of Kenneth A. Dowdy
2700 Rogers Driver, Suite 204
Homewood, Alabama 35209
kdowdy@geico.com
*Attorney for Geico Casualty Company*

*/s/ Jannea S. Rogers*
OF COUNSEL



AlaFile E-Notice

10-CV-2022-900034.00

To:   JANNEA SUZANNE ROGERS
      jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  TAKELU MAMUYE AYANE (PRO SE)
929 GLYNN OAKS DRIVE
CLARKSTON, GA, 30021-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:    7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:      7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:      7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:    7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:    7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 7/21/2022 7:41:46 PM

Notice Date:     7/21/2022 7:41:46 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/22/2022 4:47 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

**STATE OF ALABAMA**    Revised 3/5/08    Cas

Unified Judicial System

10-BUTLER    ☐ District Court    ☑ Circuit Court    CV2

| | |
|---|---|
| BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R | **CIVIL MOTION COVER SHEET** |
| | *Name of Filing Party:* D008 - SAMSARA, INC. |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

☐ Oral Arguments Requested

SCOTT BURNETT SMITH

200 CLINTON AVE. WEST, STE. 900

HUNTSVILLE, AL 35801

*Attorney Bar No.:* SMI219

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $    0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:

7/22/2022 4:46:42 PM | Signature of Attorney or Party
/s/ SCOTT BURNETT SMITH |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/22/2022 4:47 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| Brandy Lee Dunnavant, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 10-CV-2022-900034 |
| | ) |
| Hansen & Adkins Auto Transport, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### Defendant Samsara Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Samsara Inc. moves under Alabama Rule of Civil Procedure 12(b)(2) to dismiss all claims against it for lack of personal jurisdiction. In support of this motion, Samsara submits the Affidavits of Colin Tick and George Bonaci. *See* Exhibits 1 & 2.

There are no purposeful, suit-related contacts between Samsara and Alabama. The Samsara devices installed on the Hansen & Adkins truck involved in the June 19 accident at issue in this case were designed by Samsara in California, sold to Hansen & Adkins in California, and brought to Alabama by the unilateral act of Hansen & Adkins. All aspects of the sale to Hansen & Adkins took place in California. The only reason the Samsara devices ended up in Alabama was that the Hansen & Adkins truck on which they were installed happened to be driving in Alabama; it was not because of any purposeful action by Samsara directed at Alabama. There are no other contacts between Samsara and Alabama that would give rise to jurisdiction. Thus, this Court may not exercise jurisdiction over Samsara.

**ARGUMENT**

Samsara is not subject to jurisdiction in Alabama. This Court's exercise of personal jurisdiction must comport with Alabama's long-arm rule[1] and the Fourteenth Amendment. *See Pruitt v. AAA Interstate Transp., LLC*, --- So. 3d ----, 2022 WL 189306, at *3 (Ala. Jan. 21, 2022). Plaintiffs bear the burden to both sufficiently plead jurisdictional facts in their complaint and prove jurisdiction. *See Ex parte McNeese Title, LLC*, 82 So. 3d 670, 674 (Ala. 2011).

Personal jurisdiction may be general or specific. *Elliott v. Van Kleef*, 830 So. 2d 726, 730 (Ala. 2002). Plaintiffs do not assert that Samsara is subject to general jurisdiction in Alabama. *See* Am. Compl. ¶ 18. Nor can they. Samsara is a Delaware corporation with its principal place of business in California, so it is not "at home" in Alabama. Bonaci Aff. ¶ 9; *Daimler AG v Bauman*, 571 U.S. 117, 122, 137 (2014).

Samsara is not subject to specific jurisdiction in Alabama, either. To prove specific jurisdiction, Plaintiffs must satisfy the three-part test in *Hinrichs v. General Motors of Canada, Ltd.*, 222 So. 3d 1114, 1121–22 (Ala. 2016). First, Plaintiffs must show that Samsara has "purposefully availed" itself of the privilege of conducting business in Alabama. *Id.* at 1122. Second, Plaintiffs must show that their claims "arise out of or relate to" Samsara's purposeful contacts with Alabama. *Id.* Third, if the first two prongs are satisfied, the Court considers whether the exercise of personal jurisdiction in Alabama "comports with fair play and substantial justice." *Id.*; *see Elliot*, 830 So. 2d at 731. Plaintiffs cannot meet any of the three prongs here.

---

[1] Alabama's long-arm rule permits this Court to exercise jurisdiction over Samsara to the extent "not inconsistent with the constitution of this state or the Constitution of the United States." ALA. R. CIV. P. 4.2(b).

2

## I.    Samsara has not "purposefully availed" itself of the privilege of doing business in Alabama.

"Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Ex parte Gudel AG*, 183 So. 3d 147, 153 (Ala. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Id. See also Walden v. Fiore*, 571 U.S. 277, 284 (2014). Thus, where the defendant "deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum," purposeful availment is met. *Id.*

Samsara has not purposefully availed itself of the privilege of doing business in Alabama. Samsara is a Delaware corporation with its principal place of business in California. Bonaci Aff. ¶ 9. It has not engaged in significant activities within Alabama or created continuing obligations between itself and Alabamians. For example:

- Samsara is not and has never been licensed or registered to do business in Alabama. *Id.* ¶ 10.

- Samsara does not and has never had an agent authorized to accept service of process in Alabama. *Id.* ¶ 11.

- Samsara does not and has not ever owned, rented, or leased real property in Alabama. *Id.* ¶ 12.

- Samsara does not and has never had any offices, stores, or other facilities in Alabama. *Id.* ¶ 13.

- Samsara does not and has never designed or manufactured any products in Alabama. *Id.* ¶ 14.

- Samsara has a website accessible to anyone with an internet connection where users can buy its products and have them shipped to them, but that website is not specifically targeted to Alabama customers. *Id.* ¶ 16.

- Less than 2 percent of Samsara's customers have an Alabama address. *Id.* ¶ 17.

Thus, Samsara has not "engaged in significant activities" in Alabama that would create a "substantial connection" with this State.

Nor can Plaintiffs establish purposeful availment based on the Samsara devices installed in the truck involved in the June 19 accident, for two reasons. First, the Alabama Supreme Court has held that, even if a defendant engages in substantial sales in Alabama and knows that some of its products will be sold in Alabama, there is no jurisdiction where the product at issue was not sold in Alabama. *See Hinrichs*, 222 So. 3d at 1126, 1138, 1141. Second, "a defendant will not be haled into a jurisdiction as the result of the unilateral activity of a third party." *Gudel*, 183 So. 3d at 153 (quotation omitted).

**Sale Outside of Alabama:** Samsara designs and manufactures after-market telematics devices (Vehicle Gateways or "VGs")[2] and dashboard cameras ("dash cams") that its customers install on trucks and other vehicles. Bonaci Aff. ¶ 5. The VG and dash cams here were not designed, manufactured, or sold in Alabama. Bonaci Aff. ¶ 14; Tick Aff. ¶ 6–8, 10. *See Hinrichs*, 222 So. 3d at 1141 ("Here, there simply is no 'suit-related conduct' that creates a substantial connection between GM Canada and Alabama if the vehicle was not sold in Alabama, even though Hinrichs was injured in Alabama."). California-based Samsara sold VGs and dash cams to California-based Hansen & Adkins in California after being introduced by a California-based intermediary. Tick Aff. ¶ 6–8, 10. All communications relevant to the transaction occurred

---

[2] A VG monitors engine diagnostics, fuel efficiency, driver productivity, and safety and transmits that information to a cloud-based "hub" that fleet operators can view.

4

exclusively in California; none took place in Alabama or were directed to Alabama. *Id.* ¶ 7. Samsara did not conduct any training of Hansen & Adkins employees in Alabama. *Id.* ¶ 13. Nor did it knowingly interact with anyone from Hansen & Adkins based in Alabama. *Id.* ¶ 14.

**Unilateral Action:** The only reason a Samsara VG and dash cam was in Alabama was because the Hansen & Adkins truck on which the VG and dash cam were installed happened to be driving through Alabama. This is the kind of "unilateral activity of another party" that cannot constitute purposeful availment. *Hinrichs*, 222 So. 3d at 1122. Further, mere foreseeability that a Samsara VG and dash cam may end up in Alabama through the stream of commerce is not enough. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). But there is not even foreseeability here. Colin Tick, the Samsara employee responsible for the Hansen & Adkins customer account, did not even know that Hansen & Adkins had any facilities, routes, or operations in Alabama until learning about the June 19 accident. Tick Aff. ¶ 17–18. Because Plaintiffs cannot show that Samsara purposefully availed itself of the privilege of conducting business in Alabama, jurisdiction fails.

## II. This lawsuit does not "arise out of or relate to" any of Samsara's purposeful contacts with Alabama.

Plaintiffs likewise cannot show that their claims "arise out of or relate to" any of Samsara's purposeful contacts with Alabama. Under the second prong, "the action must arise out of or relate to the foreign defendant's activities in the forum state." *Hinrichs*, 222 So. 3d at 1122 (quotation omitted). There must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Stated differently, for an exercise of specific jurisdiction to be valid, there must be a relationship

among the defendant, the forum, and the litigation." *Hinrichs*, 222 So. 3d at 1122 (quotation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781 (internal citation omitted). *See also Goodyear*, 564 U.S. at 927 ("A corporation's continuous activity of some sorts within a state … is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (quotation omitted)). And as stated, Samsara's suit-related contacts must be purposeful. "[A] defendant will not be haled into a jurisdiction as the result of the unilateral activity of a third party." *Gudel*, 183 So. 3d at 153.

Samsara has no purposeful, suit-related contact with Alabama. The only suit-related contact between Samsara and Alabama is the VG and dash cam installed on the Hansen & Adkins truck involved in the June 19 accident. As explained, this is not a purposeful contact. The only reason VG and dash cam reached Alabama is "the unilateral activity of a third party." *Id.*

Plaintiffs' other jurisdictional allegations do not relate to this lawsuit. The allegation that Samsara has sold other products in Alabama and derives revenue from such sales has nothing to do with the June 19 accident. *See Bristol-Meyers*, 137 S. Ct. at 1781; *Goodyear*, 564 U.S. at 927 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *World-Wide*, 444 U.S. at 299 ("[F]inancial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State."). Similarly, allegations about Samsara's customer service and training for unnamed Alabama customers (and not Hansen & Adkins) are not related to the product liability claims against Samsara. *See* Am. Compl. ¶¶ 18.c, 22.d, 75. The allegation that Samsara was monitoring Defendant Woodfork's driving in Alabama on the day of the crash is irrelevant because it was

merely fortuitous that Woodfork was driving in Alabama that day. *See Hinrichs*, 222 So. 3d at 1122. It is also untrue. Samsara does not "monitor" Hansen & Adkins's dash cam footage or other customer data; the footage and other data is merely uploaded to the cloud so the customer can view it. Bonaci Aff. ¶ 8. The allegation that driving recordings are uploaded to the cloud is also insufficient because the customer, not Samsara, owns that footage, which is stored in Amazon Web Services servers in Oregon, not Alabama. *Id.* Samsara thus has no purposeful, suit-related contacts with Alabama.

The decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), does not change the analysis. In *Ford*, the Supreme Court held that Ford's contacts with the forum States were related to the plaintiffs' claims because Ford "had systemically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Id.* at 1028. "Ford's extensive marketing and servicing operations in the forum states generated a sufficient relationship to the suit" even though the vehicles at issue were sold out-of-state. *Tyler v. Ford Motor Co.*, 2021 WL 5361069, at *3 (M.D. Ala. 2021) (applying *Ford*).

Here, however, Plaintiffs do not and could not allege that Samsara "systemically served a market in" Alabama. *Ford*, 141 S. Ct. at 1028. Moreover, even after *Ford*, the Alabama Supreme Court has declined to find the necessary relationship for specific jurisdiction just because a defendant conducts business nationwide, performs services for Alabama customers, and maintains a website accessible to potential customers and job applicants in Alabama (or anywhere else). *See Pruitt*, 2022 WL 189306, at *3–4 (citing *Ford* but nonetheless finding that the defendant's only suit-related conduct was transporting a crane truck out of state that eventually injured Alabama plaintiffs). Likewise, the allegations that Samsara has sold its products and provides customer

service and training to unnamed Alabama customers do not bear any connection to Plaintiffs' claims. Am. Compl. ¶ 18.c, 18.d.

Moreover, critical to the analysis in *Ford* was that the Court could not rule out the possibility that Ford's marketing efforts and the availability of Ford services in the plaintiffs' home States influenced them to buy the vehicles that injured them. *See Ford*, 141 S. Ct. at 1029. Here, by contrast, Samsara has conclusively shown that the sale of the VG and dash cam to Hansen & Adkins (not Plaintiffs) originated and was completed in California, not Alabama. Thus, Plaintiffs cannot connect any of Samsara's alleged marketing or sales activities in Alabama to their injuries. Because Samsara has no purposeful, suit-related contacts with Alabama, this Court cannot exercise jurisdiction over Samsara.

### III. Finding jurisdiction over Samsara would not comport with "fair play and substantial justice."

Finally, this Court "must examine whether the exercise of jurisdiction over [Samsara] comports with fair play and substantial justice," considering "the burden on [Samsara], [Alabama's] interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficient resolution of controversies, and furthering fundamental social policies." *Hinrichs*, 222 So. 3d at 1122 (quotation omitted). This prong is satisfied where a defendant shows "that its limited contact with Alabama is wholly unrelated to the [Plaintiffs'] claims." *Gudel*, 183 So. 3d at 157.

This Court's exercise of jurisdiction over Samsara would not comport with "fair play and substantial justice." As explained, Samsara's limited contact with Alabama has no relationship with this lawsuit, making it unfair to force Samsara to litigate here. *See Gudel*, 183 So. 3d at 157. Moreover, the burden on Samsara in litigating in Alabama would be great. Samsara is based in California and has no experience litigating in Alabama. The relevant documents and witnesses for

8

the Plaintiffs' product liability claims are in California and Taiwan, where Samsara's products are designed and manufactured. Thus, this Court's exercise of jurisdiction over Samsara would not comport with "fair play and substantial justice."

<div align="center">CONCLUSION</div>

Because Plaintiffs cannot establish any of the elements for this Court to exercise personal jurisdiction over Samsara, all claims against Samsara should be dismissed.

Dated:  July 22, 2022

Respectfully submitted,

/s/ Scott Burnett Smith
Scott Burnett Smith
Hunter W. Pearce
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com
hpearce@bradley.com

/s/ Charles A. Stewart III
Charles A. Stewart III
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
(334) 956-7700
(334) 956-7701 (fax)
cstewart@bradley.com

*Attorneys for Samsara Inc.*

## CERTIFICATE OF SERVICE

     I certify that on this the 22nd day of July 2022, I electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to:

Jack Smalley III
Earle W. Long IV
Walton W. Hickman
LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, AL 36608
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

Calvin Poole, III
POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
(334) 382-3123
calvin@poolelaw.com

*Attorneys for Plaintiffs*

Jannea S. Rogers
Blake T. Richardson
ADAMS AND REESE LLP
Post Office Box 1348
Mobile, Alabama 36633
T: (251) 433-3234
F: (251) 438-7733
jannea.rogers@arlaw.com
blake.richardson@arlaw.com
*Attorneys for Defendants, Asmat Investment, LLC d/b/a Asmat Express and Mamuye Ayane Asmat*

Jeremy Scott Gaddy
Joseph R. Duncan, Jr.
Justin R. Nolen
CLARK, MAY, PRICE, LAWLEY, DUNCAN & PAUL, LLC
P. O. Box 43408
3070 Green Valley Road
Birmingham, AL 35243

Richard Wayne Lewis
Joseph E.B. Stewart
Brandi B. Frederick
AUSTILL LEWIS PIPKIN & MADDOX, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
r-lewis@maplaw.com
j-stewart@maplaw.com
bfrederick@maplaw.com

William Eugene Pipkin, Jr.
AUSTILL, LEWIS & PIPKIN
P.O. Box 2885
Mobile, Alabama 3665
bpipkin@maplaw.com
*Attorneys for James B. Woodfork, Woodfork Enterprises, Inc., Hansen & Adkins, Inc. Hansen & Adkins Auto Logistics, Inc., Hansen & Adkins Auto Transport, Inc. Royal Truck Leasing, Inc.*

Kenneth Alden Dowdy
Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Co.
2700 Rogers Drive, STE 204
Homewood, AL 35209
kdowdy@geico.com
*Attorney for Defendant, GEICO Casualty Company*

10

Jgaddy@clarkmayprice.com
*Attorney for Defendant, Amguard Insurance
Company*

s/ Scott Burnett Smith
OF COUNSEL

ELECTRONICALLY FILED
7/22/2022 4:47 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

# Exhibit 1

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| Candice L. Gulley, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 10-CV-2022-900033 |
| | ) |
| Samsara Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF COLIN TICK

STATE OF CALIFORNIA                        )
                                               :
CITY OF CARLSBAD AND COUNTY OF SAN DIEGO )

Before me, the undersigned authority in and for said county and state, personally appeared Colin Tick who, first duly sworn, deposes and says on oath, as follows:

1.      My name is Colin Tick, and I am over the age of 21 years and competent to testify to the matters contained herein, which are true and correct to the best of my knowledge, information, and belief.

2.      I am a Director of Regional Sales for Enterprise, West at Samsara Inc. I have been in that role since March 2022. Previously, I served as a Regional Sales Manager for the Western U.S. region for several years. In that role, I and my team spend most of our time with companies headquartered in Pacific and Mountain Time Zones.

3.      This affidavit is based on my personal knowledge and review of Samsara's business records, communications relevant to the customer account of Hansen & Adkins, Inc, and other information relayed to me by Samsara personnel having knowledge of the relevant subject matter.

4.      I am authorized to make this affidavit on behalf of Samsara.

5. From roughly November 26, 2019–April 1, 2022, I was the primary Samsara employee responsible for onboarding the Hansen & Adkins customer account.

6. Vidmatics, LLC, a California-based reseller of Samsara's products, introduced Hansen & Adkins to Samsara to purchase dashboard cameras ("dash cams") for their vehicles.

7. All communications relevant to the transaction took place exclusively in California. None took place in Alabama or were directed to Alabama.

8. Vidmatics has the primary relationship with Hansen & Adkins, handled much of the customer communications, and Vidmatics's CEO is listed as the referral source for the deal.

9. Hansen & Adkins's first order with Samsara was placed on November 26, 2019.

10. Samsara had no in-person meetings with Hansen & Adkins in Alabama. Samsara had in-person meetings with Hansen & Adkins leading up to the sale at either Samsara's California headquarters or Hansen & Adkins's California headquarters.

11. Samsara had no in-person meetings with Hansen & Adkins after the sale.

12. If a Hansen & Adkins driver happened to have called Samsara's support line while in Alabama, Samsara personnel would have treated them the same as if they had been calling in from any other location. If a Samsara-equipped Hansen & Adkins vehicle drives through Alabama, the Samsara platform would capture information about the trip in the same manner as if it had been driving through any other state.

13. Samsara did not conduct any training of Hansen & Adkins employees in Alabama.

14. Samsara never knowingly interacted with anyone from Hansen & Adkins based in Alabama.

15. After the sale, Samsara had roughly seven primary points of contact with Hansen & Adkins, all of whom were based in one of three different states (California, South Carolina, and Texas), none of which was Alabama.

2

16.    All of Samsara's communications with Hansen & Adkins related to the June 19, 2021, Alabama accident were after the accident occurred.

17.    Before learning about the June 19 accident, I was unaware that Hansen & Adkins had any facilities in Alabama.

18.    Before learning about the June 19 accident, I was unaware that Hansen & Adkins had any routes or operations in Alabama.

19.    Samsara has two sales employees who live in Alabama but those sales employees were not involved in the sale or marketing of the VG or dash cam installed on the Hansen & Adkins truck involved in the June 19 accident. One of those employees was hired after the June 19 accident. The other was hired shortly before the June 19 accident and well after Samsara sold the dash cam at issue to Hansen & Adkins.

FURTHER AFFIANT SAYETH NOT.

_____
Colin Tick

    Sworn and subscribed to before me, the undersigned, this the 2 1 day of July, 2022, by

Colin Tick.

PLEASE SEE ATTACHED
CALIFORNIA
✓JURAT
ACKNOWLEDGEMENT

[NOTARIAL SEAL]

_____
Notary Public

My Commission expires:_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this _2/st_ day of _July_ , 20_22_ by _Colin James Tick_ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

AJAY SINGH
COMM # 2372403
ALAMEDA County
California Notary Public
Comm Exp Aug. 26, 2025

(Seal)                          Signature _____

# Exhibit 2

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| Candice L. Gulley, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 10-CV-2022-900033 |
| | ) |
| Samsara Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF GEORGE BONACI

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | : |
| CITY OF CAMAS AND CLARK COUNTY | ) |

Before me, the undersigned authority in and for said county and state, personally appeared George Bonaci who, first duly sworn, deposes and says on oath, as follows:

1.      My name is George Bonaci, and I am over the age of 21 years and competent to testify to the matters contained herein, which are true and correct to the best of my knowledge, information, and belief.

2.      I am the Senior Director of Growth Marketing for Samsara Inc.

3.      This affidavit is based on my personal knowledge and review of Samsara's business records, communications, and other information relayed to me by Samsara personnel having knowledge of the relevant subject matter.

4.      I am authorized to make this affidavit on behalf of Samsara.

5.      Samsara was founded in 2015. Samsara designs and manufactures telematics devices (Vehicle Gateways or "VGs") and dashboard cameras ("dash cams") that are equipped for trucks and other vehicles.

6.      Samsara's VGs and dash cams are after-market products that are added to the customer's vehicles after purchase to collect and provide to a customer fleet manager information about the operation of those vehicles. For example, VGs are typically affixed to a secure position inside the vehicle cab using zip ties and collect and provide telematics information about vehicle trips (such as speed and location). Dash cams are typically affixed to the vehicles' windshields and, depending on the model, record inward and outward facing trip footage. The VGs and dash cams are not components of the vehicles, are not installed during the manufacture of those vehicles, and are not intended to control or otherwise affect any of the vehicles' systems (*e.g.*, the braking system) or performance. The VGs and dash cams do not provide weather or traffic alerts.

7.      The majority of Samsara's customers are trucking companies and other entities that own fleets of vehicles.

8.      A dash cam records footage of the vehicle in use, and certain of those recordings are uploaded and stored in Samsara's cloud environment. Samsara does not monitor those recordings. The customer owns those recordings and can access them and use them to coach their drivers on how to operate more safely. Samsara's cloud environment is operated by Amazon Web Services, and the data of Samsara's US customers are stored in Amazon's facilities in Oregon.

9.      Samsara is a Delaware corporation with its principal place of business in San Francisco, California.

10.     Samsara is not and has never been licensed or registered to do business in Alabama.

11.     Samsara does not and has never had an agent authorized to accept service of process in Alabama.

12.     Samsara does not and has not ever owned, rented, or leased real property in Alabama.

13.    Samsara does not and has never had any offices, stores, or other facilities in Alabama.

14.    Samsara does not and has never designed or manufactured any products in Alabama. Samsara's platform is primarily designed in California and its products are manufactured in Taiwan.

15.    I am unaware of any Alabama-specific warnings, warranties, or instructions that accompany Samsara's products.

16.    Samsara has a website accessible to anyone with an internet connection where users can buy its products and have them shipped to them. That website is not specifically targeted to Alabama customers.

17.    Of Samsara's more than 20,000 customers, less than 2% have an Alabama address.

FURTHER AFFIANT SAYETH NOT.

George Bonaci

Sworn and subscribed to before me, the undersigned, this the 22 day of July, 2022, by

George Bonaci.

Notary Public

[NOTARIAL SEAL]

My Commission expires: 11/09/2025

4



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SCOTT BURNETT SMITH
     ssmith@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:      7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
330 N BRAND BLVD #700
GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   STEWART JOSEPH EDWARD BIS
      jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:      7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: RICE BRUCE MILLER
bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:46:41 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    7/22/2022 4:46:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/22/2022 4:49 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

**STATE OF ALABAMA**
Revised 3/5/08

Unified Judicial System

10-BUTLER     ☐ District Court   ☑ Circuit Court    CV2

Case

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

# CIVIL MOTION COVER SHEET

*Name of Filing Party:*D008 - SAMSARA, INC.

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

SCOTT BURNETT SMITH

200 CLINTON AVE. WEST, STE. 900

HUNTSVILLE, AL 35801

*Attorney Bar No.:* SMI219

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☑ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule     (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>7/22/2022 4:49:20 PM | Signature of Attorney or Party<br>/s/ SCOTT BURNETT SMITH |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/22/2022 4:49 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| Brandy Lee Dunnavant, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 10-CV-2022-900034 |
| | ) |
| Samsara Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT SAMSARA INC.'S MOTION TO STAY MERITS DISCOVERY

Defendant Samsara Inc. moves under Alabama Rule of Civil Procedure 26(c) to stay merits discovery as to Samsara pending a ruling on its motion to dismiss. Samsara offers the following in support of its motion.

1.      Under the "principle of judicial parsimony," this Court "has discretion to stay discovery on other issues until the critical issue has been decided." *Ex parte Windom*, 776 So. 2d 799, 803 (Ala. 2000) (granting mandamus because trial court should have limited discovery to the issue of venue in light of the defendant's motion to transfer) (quoting 8 Charles Alan Wright et al., *Federal Practice & Procedure* § 2040 (1994)). Thus, this Court "may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." *Id.*

2.      Samsara has challenged this Court's jurisdiction under Rule 12(b)(2). Its challenge is substantial. Samsara has shown that it has no purposeful, case-related contacts with Alabama. The Samsara VG and dash cam installed on the Hansen & Adkins truck involved in the June 19 accident was sold in California and brought to Alabama by the unilateral act of another party. Samsara's motion, if granted, would end this case as to Samsara.

3.      Staying merits discovery as to Samsara would be the most efficient use of the parties' and the Court's resources. Plaintiffs should not be allowed to impose the burden and expense of full-blown discovery on Samsara in light of Samsara's dispositive challenge to this Court's jurisdiction. No party will be a prejudiced by a stay on merits discovery pending a ruling on Samsara's motion to dismiss. An order staying merits discovery as to Samsara would not prohibit Plaintiffs from seeking discovery from other parties. These considerations counsel in favor of a stay.

4.      Samsara consulted with Plaintiffs' counsel about the substance of this motion prior to filing. Plaintiffs object to the relief sought.

WHEREFORE, Samsara asks the Court to stay merits discovery as to Samsara pending a ruling on Samsara's motion to dismiss.

Dated:  July 22, 2022

                                        Respectfully submitted,


                                        /s/ Scott Burnett Smith
                                        Scott Burnett Smith
                                        Hunter W. Pearce
                                        BRADLEY ARANT BOULT CUMMINGS LLP
                                        200 Clinton Avenue West, Suite 900
                                        Huntsville, AL 35801-4900
                                        (256) 517-5100
                                        (256) 517-5200 (fax)
                                        ssmith@bradley.com
                                        hpearce@bradley.com


                                        /s/ Charles A. Stewart III
                                        Charles A. Stewart III
                                        BRADLEY ARANT BOULT CUMMINGS LLP
                                        445 Dexter Avenue, Suite 9075
                                        Montgomery, AL 36104
                                        (334) 956-7700
                                        (334) 956-7701 (fax)
                                        cstewart@bradley.com

                                        *Attorneys for Samsara Inc.*


## CERTIFICATE OF SERVICE

        I certify that on this the 22nd day of July 2022, I electronically filed the foregoing with the
Clerk of Court using the Alafile system which will send notification of such filing to:

| | |
|---|---|
| Jack Smalley III | Richard Wayne Lewis |
| Earle W. Long IV | Joseph E.B. Stewart |
| Walton W. Hickman | Brandi B. Frederick |
| LONG & LONG, PC | AUSTILL LEWIS PIPKIN & MADDOX, P.C. |
| 3600 Springhill Memorial Drive N | 600 Century Park South, Suite 100 |
| Mobile, AL 36608 | Birmingham, Alabama 35226 |
| trip@longandlong.com | r-lewis@maplaw.com |
| earle@longandlong.com | j-stewart@maplaw.com |
| walton@longandlong.com | bfrederick@maplaw.com |
| | |
| Calvin Poole, III | William Eugene Pipkin, Jr. |
| POOLE & POOLE | AUSTILL, LEWIS & PIPKIN |
| P.O. Box 308 | P.O. Box 2885 |
| Greenville, AL 36037 | Mobile, Alabama 3665 |

3

(334) 382-3123
calvin@poolelaw.com

*Attorneys for Plaintiffs*

Jannea S. Rogers
Blake T. Richardson
ADAMS AND REESE LLP
Post Office Box 1348
Mobile, Alabama 36633
T:  (251) 433-3234
F:  (251) 438-7733
jannea.rogers@arlaw.com
blake.richardson@arlaw.com
*Attorneys for Defendants, Asmat*
*Investment, LLC d/b/a Asmat Express and*
*Mamuye Ayane Asmat*

Jeremy Scott Gaddy
Joseph R. Duncan, Jr.
Justin R. Nolen
CLARK,     MAY,     PRICE,     LAWLEY,
DUNCAN & PAUL, LLC
P. O. Box 43408
3070 Green Valley Road
Birmingham, AL  35243
Jgaddy@clarkmayprice.com
*Attorney for Defendant, Amguard Insurance*
*Company*

bpipkin@maplaw.com
*Attorneys for James B. Woodfork, Woodfork*
*Enterprises, Inc., Hansen & Adkins, Inc.*
*Hansen & Adkins Auto Logistics, Inc.,*
*Hansen & Adkins Auto Transport, Inc.*
*Royal Truck Leasing, Inc.*

Kenneth Alden Dowdy
Law Office of Kenneth A. Dowdy
Employees    of    Government    Employees
Insurance Co.
2700 Rogers Drive, STE 204
Homewood, AL  35209
kdowdy@geico.com
*Attorney for Defendant,  GEICO  Casualty*
*Company*

s/ Scott Burnett Smith
OF COUNSEL

4



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SCOTT BURNETT SMITH
ssmith@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:      7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SAMSARA, INC. (PRO SE)
     C/O CT CORPORATION SYSTEM
     330 N BRAND BLVD #700
     GLENDALE, CA, 91203-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:    7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:        7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   STEWART JOSEPH EDWARD BIS
      jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:    7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:        7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/22/2022 4:48:41 PM

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Notice Date:     7/22/2022 4:48:41 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

| | |
|---|---|
| Hearing Date: | 09/12/2022 |
| Hearing Time: | 09:00:00 AM          Central Time |
| Location: | Lowndes County Courthouse |
| Notice Date: | 8/5/2022 11:16:55 AM |

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
earle@longandlong.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM            Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM            Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  POOLE CALVIN III
     calvin@poolelaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM            Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM          Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM              Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM          Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    09/12/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    09/12/2022
Hearing Time:    09:00:00 AM               Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: RICE BRUCE MILLER
bruce@ricericeyates.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

| | |
|---|---|
| Hearing Date: | 09/12/2022 |
| Hearing Time: | 09:00:00 AM          Central Time |
| Location: | Lowndes County Courthouse |
| Notice Date: | 8/5/2022 11:16:55 AM |

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    09/12/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMITH SCOTT BURNETT
     ssmith@bradley.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    09/12/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PEARCE HUNTER WADE
hpearce@bradley.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM                 Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
kdowdy@geico.com

---

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   09/12/2022
Hearing Time:   09:00:00 AM          Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

| | |
|---|---|
| Hearing Date: | 09/12/2022 |
| Hearing Time: | 09:00:00 AM          Central Time |
| Location: | Lowndes County Courthouse |
| Notice Date: | 8/5/2022 11:16:55 AM |

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  CLERK BUTLER
     clerk.butler@alacourt.gov

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO STAY

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    09/12/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/5/2022 11:16:55 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**STATE OF ALABAMA**     Revised 3/5/08     Cas

**Unified Judicial System**

10-BUTLER     ☐ District Court    ☑ Circuit Court     CV2

ELECTRONICALLY FILED
7/29/2022 10:21 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

| | |
|---|---|
| BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D006 - ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS<br>D007 - TAKELU MAMUYE AYANE |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BLAKE TUCKER RICHARDSON

11 NORTH WATER STREET, SUITE 23200

MOBILE, AL 36602

*Attorney Bar No.:* RIC105

☐ Oral Arguments Requested

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion to Correct Clerk's Docket |
| | pursuant to Rule   n/a    (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees.)   ☐ | Date:<br><br>7/29/2022 10:21:36 AM | Signature of Attorney or Party<br>/s/ BLAKE TUCKER RICHARDSON |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/29/2022 10:21 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as<br>Custodial Parent, Next Friend and Legal<br>Representative of J.A.D. and N.P.D., minor<br>Children who are now deceased,<br><br>　　　Plaintiffs,<br><br>v.<br><br>HANSEN & ADKINS AUTO<br>TRANSPORT, INC., et al.,<br><br>　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*　Case No. 10-cv-2022-900034<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## MOTION TO CORRECT CLERK'S DOCKET

Comes now undersigned counsel, attorney for Defendants Mamuye Ayane Takelu and Asmat Investement, LLC and requests that this Court enter an Order correcting the docket in this matter and as grounds therefore, states as follows:

1.　　　On July 21, 2022, undersigned filed Answers on behalf of the aforementioned Defendants, which was the initiating document filed on their behalf. The document was docketed and undersigned counsel were listed by the Clerk as the attorneys for the said Defendants.

2.　　　On July 28, 2022, the paralegal for undersigned received a phone call from Bruce Rice a retired attorney from Rice, Rice and Yates in Oxford, AL. Mr. Rice indicated that he had received an Alafile notification of the filing and in an attempt to understand why he received it, he called the Clerk's office and was told that he was co-counsel of the undersigned and was associated as representing the Defendants. The paralegal later discovered that when the Clerk assigned the bar numbers for the respective attorneys, Blake Richardson's bar number (RIC105) was transposed and entered as Mr. Rice's bar number (RIC015).

3.      The Clerk's office indicated that a motion would be necessary in order to direct the Clerk to change this association.

WHEREFORE, undersigned requests that this Court enter an order directing the Clerk to change the association for Defendants from Mr. Rice's bar number to that of Mr. Richardson.

Respectfully submitted,

/s/Blake T. Richardson
JANNEA S. ROGERS
BLAKE T. RICHARDSON
AARON G. McLEOD
jannea.rogers@arlaw.com
blake.richardson@arlaw.com
aaron.mcleod@arlaw.com
*Attorney for Defendants, Asmat Investement, LLC d/b/a Asmat Express and Mamuye Ayane Takelu*

**OF COUNSEL:**
Adams and Reese LLP
Post Office Box 1348
Mobile, Alabama 36633
T:  (251) 433-3234
F:  (251) 438-7733

## CERTIFICATE OF SERVICE

I hereby certify that, on the 29th day of July, 2022, I served a copy of the foregoing pleading upon all counsel of record via U.S. mail, first class postage prepaid, and/or electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jere L. Beasley
J. Greg Allen
J. Cole Portis
Benjamin E. Baker, Jr.
Beasley Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36104
(334) 269-2343
jere.beasley@beasleyallen.com
greg.allen@beasleyallen.com
cole.portis@beasleyallen.com
ben.baker@beasleyallen.com
*Attorneys for Gulley Plaintiffs*

Jack Smalley, III
Walton W. Hickman
Earle W. Long, IV
Long & Long, P.C.
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
(251) 445-6000
trip@longandlong.com
walton@longandlong.com
earle@longandlong.com
*Attorneys for Dunnavant Plaintiffs*

Erik S. Heninger, Esq.
James C. Sparrows
James A. Stewart
Heninger Garrison Davis, LLC
P.O. Box 11310
Birmingham, Alabama 35203
erik@hgdlawfirm.com
jcsparrow@hgdlawfirm.com
jstewart@hdglawfirm.com
*Attorneys for Harris Plaintiffs*

Kenneth B. Cole, Jr.
CONCHIN, COLE, JORDAN & SHERROD
404 Commerce Court, SW
huntsville, AL 35801
kenny@alainjurylaw.com
andrew@alainjurylaw.com
*Attorneys for Morgan Plaintiffs*

Richard Wayne Lewis
Joseph E.B. Stewart
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
r-lewis@maplaw.com
j-stewart@maplaw.com

William Eugene Pipkin, Jr.
Austill, Lewis & Pipkin
P.O. Box 2885
Mobile, Alabama 3665
bpipkin@maplaw.com
*Attorneys for Hansen & Adkins Auto Transport, Inc.*

Jeremy Scott Gaddy
Clark, May, Price, Lawley, Duncan & Paul, LLC
3070 Green Valley Road
Birmingham, Alabama 35243
Jgaddy@clarkmayprice.com

Joseph Robert Duncan, Jr.
Clark, May, Price, Lawley, Duncan
    & Paul, LLC
P.O. Box 43408
Birmingham, Alabama 35243
jduncan@clarkmayprice.com

Justin Nolen
Clark, May, Price
30707 Green Valley Road
Birmingham, Alabama 35243
*Attorneys for Amguard Insurance Company*

Kenneth Alden Dowdy
Law Office of Kenneth A. Dowdy
2700 Rogers Driver, Suite 204
Homewood, Alabama 35209
kdowdy@geico.com
*Attorney for Geico Casualty Company*


                               ***/s/Blake T. Richardson***
                               OF COUNSEL



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  BLAKE TUCKER RICHARDSON
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**
**D007 TAKELU MAMUYE AYANE**
MOTION TO CORRECT CLERK'S DOCKET
[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:     7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**
**D007 TAKELU MAMUYE AYANE**
MOTION TO CORRECT CLERK'S DOCKET
[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**
**D007 TAKELU MAMUYE AYANE**
MOTION TO CORRECT CLERK'S DOCKET
[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:     7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:     7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**
**D007 TAKELU MAMUYE AYANE**
MOTION TO CORRECT CLERK'S DOCKET
[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMITH SCOTT BURNETT
ssmith@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:     7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 7/29/2022 10:21:58 AM

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**D007 TAKELU MAMUYE AYANE**

MOTION TO CORRECT CLERK'S DOCKET

[Filer: RICHARDSON BLAKE TUCKER]

Notice Date:    7/29/2022 10:21:58 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/29/2022 11:59 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY,

| | | |
|---|---|---|
| BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL REPRESENTATIVE OF J.A.D. AND N.P.D, DECEASED MINORS, | * * * * * | |
| Plaintiff, | * * | CIVIL ACTION NO. |
| v. | * * | CV-2022-900034 |
| JAMES B. WOODFORK; ET AL., | * * | |
| Defendants. | * | |

## NOTICE OF APPEARANCE

COMES NOW the undersigned, CALVIN POOLE, III, with Poole & Poole, and files this Notice of Appearance as additional counsel for Plaintiff, Brandy Lee Dunnavant, as the Custodial Parent, Next Friend and Legal Representative of J.A.D. and N.P.D., deceased minors, and would request the Clerk of Court to note same on all future pleadings.

Respectfully submitted,

/s/ Calvin Poole
CALVIN POOLE III  (POO-003)
Attorney for Plaintiffs, Dunnavant

POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
T: (334) 382-3123
calvin@poolelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2022, a copy of the foregoing has been electronically filed with the Clerk of the Court using the AlaFile e-filing system, which will send notification to the following:

| | |
|---|---|
| Jack "Trip" Smalley, III, Esq.<br>Walton W. Hickman, Esq.<br>Earle W. Long, IV, Esq.<br>Long & Long, P.C.<br>3600 Springhill Memorial Drive N<br>Mobile, AL 36608<br>*Attorneys for Plaintiffs, Dunnavant* | William E. Pipkin, Jr., Esq.<br>Austill, Lewis, Pipkin & Maddox, P.C.<br>P.O. Box 2885<br>Mobile, Alabama 36652-2885<br>*Attorney for Defendants, James B. Woodfork;*<br>*Woodfork Enterprises, Inc.;*<br>*Hansen & Adkins Logistics, Inc.; and Royal*<br>*Truck Leasing, LLC*<br><br>Richard W. Lewis, Esq.<br>Joseph E.B. Stewart, Esq.<br>Brandi B. Frederick, Esq.<br>Austill, Lewis, Pipkin & Maddox, P.C.<br>600 Century Park South, Suite 100<br>Birmingham, Alabama 35226<br>*Attorneys for Defendants, James B. Woodfork;*<br>*Woodfork Enterprises, Inc.;*<br>*Hansen & Adkins Logistics, Inc.; and Royal*<br>*Truck Leasing, LLC* |
| Jannea S. Rogers, Esq.<br>Blake T. Richardson, Esq.<br>Adams and Reese LLP<br>P.O. Box 1348<br>Mobile, Alabama 36633<br>*Attorney for Defendant, Asmat Investment,*<br>*LLC d/b/a Asmat Express*<br>*and Mamuye Ayane Takelu* | Charles "Chuck" A. Stewart, III<br>Bradley Arant Boult Cummings, LLP<br>445 Dexter Avenue, Suite 9075<br>Montgomery, AL 36104<br>*Attorney for Defendant, Samsara, Inc.* |
| Kenneth A. Dowdy, Esq.<br>The Law Office of Kenneth A. Dowdy<br>Employees of Government Employees<br>Insurance Company<br>2700 Rogers Drive, Ste 204<br>Homewood, AL 35209<br>*Attorney for Defendant, Geico Casualty*<br>*Company* | Jeremy Gaddy, Esq.<br>Clark, May, Price, Lawley, Duncan<br>& Paul, LLC<br>P.O. Box 43408<br>3070 Green Valley Road<br>Birmingham, AL 35243<br>*Attorney for Defendant, Amguard Insurance*<br>*Company* |

*/s/ Calvin Poole*
CALVIN POOLE III

2



AlaFile E-Notice

10-CV-2022-900034.00

To:  CALVIN POOLE III
     calvin@poolelaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:    7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMALLEY JACK III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:      7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:    7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:    7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:      7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:    7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMITH SCOTT BURNETT
ssmith@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:    7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 11:59:41 AM

Notice Date:     7/29/2022 11:59:41 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
7/29/2022 4:00 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| Brandy Lee Dunnavant, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 10-CV-2022-900034 |
| | ) |
| Samsara Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF APPEARANCE

COMES NOW Hunter W. Pearce of the law firm Bradley Arant Boult Cummings LLP and

hereby enters his appearance as additional counsel of record on behalf of Defendant Samsara, Inc.

The Clerk of the Court and counsel are hereby requested to forward copies of all dockets, notices,

pleadings motions or other documents to the undersigned as additional counsel of record for the

above-named party. This limited appearance is made without waiver of Samsara's jurisdictional

objections, which Samsara has previously raised in a motion to dismiss for lack of personal

jurisdiction.


Dated: July 29, 2022


Respectfully submitted,


/s/ Hunter W. Pearce
Scott Burnett Smith (SMI219)
Hunter W. Pearce (PEA053)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com
hpearce@bradley.com

Charles A. Stewart III
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
(334) 956-7700
(334) 956-7701 (fax)
cstewart@bradley.com

*Attorneys for Samsara Inc.*

## CERTIFICATE OF SERVICE

I certify that on this the 29th day of July 2022, I electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to:

Jack Smalley III
Earle W. Long IV
Walton W. Hickman
LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, AL 36608
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

Calvin Poole, III
POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
(334) 382-3123
calvin@poolelaw.com

*Attorneys for Plaintiffs*

Jannea S. Rogers
Blake T. Richardson
ADAMS AND REESE LLP
Post Office Box 1348
Mobile, Alabama 36633
T:  (251) 433-3234
F:  (251) 438-7733
jannea.rogers@arlaw.com
blake.richardson@arlaw.com
*Attorneys for Defendants, Asmat*

Richard Wayne Lewis
Joseph E.B. Stewart
Brandi B. Frederick
AUSTILL LEWIS PIPKIN & MADDOX, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
r-lewis@maplaw.com
j-stewart@maplaw.com
bfrederick@maplaw.com

William Eugene Pipkin, Jr.
AUSTILL, LEWIS & PIPKIN
P.O. Box 2885
Mobile, Alabama 3665
bpipkin@maplaw.com
*Attorneys for James B. Woodfork, Woodfork
Enterprises, Inc., Hansen & Adkins, Inc.
Hansen & Adkins Auto Logistics, Inc.,
Hansen & Adkins Auto Transport, Inc.
Royal Truck Leasing, Inc.*

Kenneth Alden Dowdy
Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Co.
2700 Rogers Drive, STE 204
Homewood, AL  35209
kdowdy@geico.com
*Attorney for Defendant, GEICO Casualty Company*

2

*Investment, LLC d/b/a Asmat Express and*
*Mamuye Ayane Asmat*

Jeremy Scott Gaddy
Joseph R. Duncan, Jr.
Justin R. Nolen
CLARK,    MAY,    PRICE,    LAWLEY,
DUNCAN & PAUL, LLC
P. O. Box 43408
3070 Green Valley Road
Birmingham, AL  35243
Jgaddy@clarkmayprice.com
*Attorney for Defendant, Amguard Insurance*
*Company*

s/ Hunter W Pearce
OF COUNSEL

3



AlaFile E-Notice

10-CV-2022-900034.00

To:  HUNTER WADE PEARCE
     hpearce@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:    7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:    7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:      7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:    7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:    7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICHARDSON BLAKE TUCKER
     blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMITH SCOTT BURNETT
     ssmith@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:     7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:    7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
      jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 7/29/2022 4:00:37 PM

Notice Date:      7/29/2022 4:00:37 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/1/2022 10:57 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, Plaintiffs, | ) ) ) ) ) | |
| V. | ) ) | Case No.:    CV-2022-900034.00 |
| WOODFORK JAMES B., WOODFORK ENTERPRISES, INC., HANSEN & ADKINS, INC., HANSEN & ADKINS AUTO LOGISTICS, INC. ET AL, Defendants. | ) ) ) ) ) ) | |

## CONSOLIDATION AND SCHEDULING ORDER

This matter came before the Court for hearing on July 25, 2022, upon the Motion to Consolidate filed by and through counsel for Defendant Hansen & Adkins Auto Logistics, Inc., et al. Upon careful consideration of the pleadings and arguments of counsel, the Court finds that following actions pending in the Circuit Court of Butler County referenced by case numbers CV-2021-900055.80, CV-2022-900013, CV-2022-900033, CV-2022-900034, CV-2022-900035 arise from a series of automobile accidents which occurred on June 19, 2021, and that all cases involve common questions of law and fact. The Court finds consolidation of the above referenced actions for the purpose of discovery and pretrial motions to be in the best interest of judicial economy.  It is therefore ORDERED that pursuant to the provisions of Rule 42(a) *Alabama Rules of Civil Procedure*, the matters of CV-2021-900055.80, CV-2022-900013, CV-2022-900033, CV-2022-900034, CV-2022-900035 shall all be consolidated under the matter of *Gulley, et al., v. Woodfork, et al*., CV-2022-90033. The Court hereby reserves the issue of consolidation for the purposes of trial and will address bifurcation of any actions upon the conclusion of discovery.

The following scheduling order is hereby entered.  Any previous orders setting dates or deadlines are null and void.  The dates given herein are controlling and the attorneys and parties are **ORDERED** to fully and timely comply with every deadline in this Order unless modification is mutually agreed on by all parties, except for dispositive motion deadline which shall not be extended.

1.  The case is set for trial on the jury trial term beginning on or about November 6, **2023**, at 9:00 a.m., at the Butler County Courthouse in Greenville, Alabama.

2.  Plaintiff's experts identified and Rule 26 disclosures by November 7, 2022.

3.  Defendant's experts identified and Rule 26 disclosures by December 7, 2022.

4.  A list of the names and addresses of all witnesses expected to be called as trial witnesses by September 5, 2023.

5.  All discovery, including depositions, shall be initiated in time to be completed on or before July 31, 2023.

6.  All dispositive motions including requests for mandatory mediation shall be filed by August 31, 2023.

7.  The Pretrial Conference will be set by separate Order for October of 2023, or an approved jointly prepared Pretrial Order shall be submitted on or by the Pretrial Conference. The estimated length of trial shall be included in the Pretrial Order and shall list all causes of action, defenses, stipulations, agreements, and anticipated legal issues including evidentiary matters.

8.  Exhibits shall be numbered and swapped by October 30, 2023.

9.  The Court requests any written requested Jury Charges to be filed prior to jury selection.


**DONE this 1st day of August, 2022.**


                                        /s/ **ADRIAN D JOHNSON**
                                        **CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMALLEY JACK III
     trip@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER
[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

---

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:   GRANTED
Judge:         ADJ

Notice Date:   8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: RICE BRUCE MILLER
bruce@ricericeyates.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMITH SCOTT BURNETT
ssmith@bradley.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   PEARCE HUNTER WADE
     hpearce@bradley.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/1/2022 10:57:53 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/1/2022 10:57:53 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/2/2022 2:42 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

J.A.D., A MINOR WHO IS NOW )
DECEASED BRANDY LEE DUN, )
N.P.D., A MINOR WHO IS NOW )
DECEASED BRANDY LEE DUN, )
Plaintiffs, )
)
V.                                          )   Case No.:        CV-2022-900034.00
)
WOODFORK JAMES B.,                          )
WOODFORK ENTERPRISES, INC.,                 )
HANSEN & ADKINS, INC.,                      )
HANSEN & ADKINS AUTO LOGISTICS, )
INC. ET AL,                                 )
Defendants.                                 )

## ORDER

MOTION TO CORRECT CLERK'S DOCKET filed by ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS and TAKELU MAMUYE AYANE is hereby GRANTED. The Circuit Clerk is hereby ordered to correct the entry of the Mr. Blake T. Richardson's bar number as being (RIC105) in reflecting his representation of Defendants Mamuye Ayane Takelu and Asmat Investment, LLC.

**DONE this 2nd day of August, 2022.**

/s/ **ADRIAN D JOHNSON**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            ADJ

Notice Date:      8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   STEWART JOSEPH EDWARD BIS
      jstewart@maplaw.com

---

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
bruce@ricericeyates.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICHARDSON BLAKE TUCKER
     blake.richardson@arlaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMITH SCOTT BURNETT
ssmith@bradley.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PEARCE HUNTER WADE
hpearce@bradley.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

---

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/2/2022 2:42:54 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            ADJ

Notice Date:      8/2/2022 2:42:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/5/2022 11:09 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

|  |  |  |  |
|---|---|---|---|
| J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) | | |
| N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| V. | ) | Case No.: | CV-2022-900034.00 |
| | ) | | |
| WOODFORK JAMES B., | ) | | |
| WOODFORK ENTERPRISES, INC., | ) | | |
| HANSEN & ADKINS, INC., | ) | | |
| HANSEN & ADKINS AUTO LOGISTICS, INC. ET AL, | ) | | |
| Defendants. | ) | | |

## ORDER

This matter came before the Court for hearing on July 25, 2022, upon Defendant Hansen & Adkins, Inc's Rule 12(b)(6) Motion to Dismiss and the Plaintiff's Joint Response thereto. The parties concede that the inclusion of Hansen & Adkins, Inc., in this action was the result of a clerical error, which has been addressed by naming and serving the appropriate parties Hansen & Adkins Auto Transport, Inc., and Hansen & Adkins Auto Logistics, Inc. with the summons and complaint. Therefore, pursuant to the provisions of Rule 41, *Ala. R. Civ. P.*, Defendant Hansen & Adkins, Inc., is hereby dismissed **without** prejudice.

**DONE this 5th day of August, 2022.**

**/s/ ADRIAN D JOHNSON**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | ADJ |
| Notice Date: | 8/5/2022 11:09:48 AM |

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:  GRANTED
Judge:        ADJ

Notice Date:  8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition: GRANTED
Judge: ADJ

Notice Date: 8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:   GRANTED
Judge:         ADJ

Notice Date:   8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER
[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SMITH SCOTT BURNETT
     ssmith@bradley.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: PEARCE HUNTER WADE
hpearce@bradley.com

---

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           ADJ

Notice Date:     8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:09:48 AM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          ADJ

Notice Date:    8/5/2022 11:09:48 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/5/2022 11:16 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

|  |  |  |  |
|---|---|---|---|
| J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) | | |
| N.P.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN, | ) | | |
| Plaintiffs, | ) | | |
|  | ) | | |
| V. | ) | Case No.: | CV-2022-900034.00 |
|  | ) | | |
| WOODFORK JAMES B., | ) | | |
| WOODFORK ENTERPRISES, INC., | ) | | |
| HANSEN & ADKINS, INC., | ) | | |
| HANSEN & ADKINS AUTO LOGISTICS, INC. ET AL, | ) | | |
| Defendants. | ) | | |

## ORDER

Defendant SAMSARA INC.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Stay Discovery is hereby set for hearing September 12, 2022 at 9:00 A.M at the Lowndes County Courthouse in Hayneville, Alabama.

**DONE this 5th day of August, 2022.**

/s/ **ADRIAN D JOHNSON**
**CIRCUIT JUDGE**



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:    ADJ

Notice Date:    8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:      OTHER
Judge:            ADJ

Notice Date:      8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:   OTHER
Judge:         ADJ

Notice Date:   8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

---

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
bruce@ricericeyates.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMITH SCOTT BURNETT
ssmith@bradley.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PEARCE HUNTER WADE
     hpearce@bradley.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          ADJ

Notice Date:    8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

A court action was entered in the above case on 8/5/2022 11:16:38 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           ADJ

Notice Date:     8/5/2022 11:16:38 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**MATTIE GOMILLION**
CLERK OF THE CIRCUIT COURT
P. O. BOX 236
700 COURT SQUARE
GREENVILLE, ALABAMA 36037

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



quadient

FIRST-CLASS MAIL
IMI
**$008.76** ᵍ
06/15/2022 ZIP 36037
043M31232549

US POSTAGE

7019 0700 0001 3436 8540

JUL 27 2022

1st Notice
2nd Notice
Return



−R−T−S−   300214200−1N       07/18/22

Asmat Investi
d/b/a: Asmat
c/o Alebache
887 N. Indian
Clarkston, Ga.

RETURN  TO  SENDER
        UNCLAIMED
UNABLE  TO  FORWARD
RETURN  TO  SENDER



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was not served on 7/27/2022

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**Corresponding To**

UNCLAIMED CERT MAIL

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was not served on 7/27/2022

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**Corresponding To**

UNCLAIMED CERT MAIL

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was not served on 7/27/2022

**D006 ASMAT INVESTMENT, LLC DBA ASMAT EXPRESS**

**Corresponding To**

UNCLAIMED CERT MAIL

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/10/2022 2:23 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

IN THE CIRCUIT COURT
OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| BRANDY LEE DUNNAVANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-2022-900034 |
| | ) | |
| JAMES B. WOODFORK; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

### NOTICE OF APPEARANCE

---

Riley A. McDaniel of the law firm of Bradley Arant Boult Cummings LLP files this

appearance as additional counsel of record for Defendant Samsara, Inc., in the above-styled cause,

and hereby requests that all future pleadings, orders, discovery, and correspondence be served

upon him in this case.

Respectfully submitted this 10th day of August 2022.

/s/ Riley A. McDaniel
Riley A. McDaniel (MCD082)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
rmcdaniel@bradley.com

*Attorney for Defendant Samsara, Inc.*

OF COUNSEL:
Charles A. Stewart III (STE067)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:    (334) 956-7700
Facsimile:    (334) 956-7701
Email:    cstewart@bradley.com

Scott Burnett Smith (SMI219)
Hunter Wade Pearce (PEA053)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone:      (256) 517-5100
Facsimile:      (256) 517-5254
Email:          ssmith@bradley.com
                hpearce@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing and/or by placing a copy of same in the U.S. Mail, postage prepaid, and properly addressed, to the following:

*Attorneys for Plaintiffs*
Jack Smalley III, Esq.
Earle W. Long IV, Esq.
Walton W. Hickman, Esq.
LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, AL 36608
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

Calvin Poole III, Esq.
POOLE & POOLE
P. O. Box 308
Greenville, AL 36037
calvin@poolelaw.com

*Attorneys for Defendants Asmat Investment, LLC d/b/a Asmat Express and Mamuye Ayane Takelu*
Jannea S. Rogers, Esq.
Blake T. Richardson, Esq.
ADAMS AND REESE LLP
P. O. Box 1348
Mobile, AL 36633
jannea.rogers@arlaw.com
blake.richardson@arlaw.com

*Attorney for Defendant GEICO Casualty Company*
Kenneth A. Dowdy, Esq.
THE LAW OFFICE OF KENNETH A. DOWDY
Employees of Government Employees
    Insurance Company
2700 Rogers Drive, Suite 204
Homewood, AL 35209
kdowdy@geico.com

*Attorneys for Defendant Amguard Insurance Company*
Jeremy S. Gaddy, Esq.
Joseph R. Duncan, Jr., Esq.
Justin R. Nolen, Esq.
CLARK, MAY, PRICE, LAWLEY,
    DUNCAN & PAUL, LLC
3070 Green Valley Road
Birmingham, AL 35243
jgaddy@clarkmayprice.com
jduncan@clarkmayprice.com
jnolen@clarkmayprice.com

*Attorneys for Defendants James B. Woodfork; Woodfork Enterprises, Inc., Hansen & Adkins Auto Logistics, Inc., Royal Truck Leasing, LLC*
William E. Pipkin, Jr., Esq.
AUSTILL, LEWIS, PIPKIN & MADDOX, P.C.
P. O. Box 2885
Mobile, AL 36652-2885
bpipkin@maplaw.com

Richard W. Lewis, Esq.
Joseph E. B. Stewart, Esq.
Brandi B. Frederick, Esq.
AUSTILL, LEWIS, PIPKIN & MADDOX, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

*/s/ Riley A. McDaniel*
OF COUNSEL

3



AlaFile E-Notice

10-CV-2022-900034.00

To: RILEY ALEXANDER MCDANIEL
    rmcdaniel@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  POOLE CALVIN III
     calvin@poolelaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:     8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:      8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:      8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: RICE BRUCE MILLER
bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:     8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:      8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMITH SCOTT BURNETT
ssmith@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PEARCE HUNTER WADE
     hpearce@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:     8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:    8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 2:23:49 PM

Notice Date:     8/10/2022 2:23:49 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/10/2022 3:14 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

IN THE CIRCUIT COURT
OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| BRANDY LEE DUNNAVANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-2022-900034 |
| | ) | |
| JAMES B. WOODFORK; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## NOTICE OF APPEARANCE

---

Charles A. Stewart III of the law firm of Bradley Arant Boult Cummings LLP files this appearance as additional counsel of record for Defendant Samsara, Inc., in the above-styled cause, and hereby requests that all future pleadings, orders, discovery, and correspondence be served upon him in this case.

Respectfully submitted this 10th day of August 2022.

/s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:     (334) 956-7700
Facsimile:     (334) 956-7701
Email:          cstewart@bradley.com

*Attorney for Defendant Samsara, Inc.*

OF COUNSEL:
Scott Burnett Smith (SMI219)
Hunter Wade Pearce (PEA053)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone:     (256) 517-5100
Facsimile:     (256) 517-5254
Email:          ssmith@bradley.com
                hpearce@bradley.com

4887-7620-2541.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing and/or by placing a copy of same in the U.S. Mail, postage prepaid, and properly addressed, to the following:

**Attorneys for Plaintiffs**
Jack Smalley III, Esq.
Earle W. Long IV, Esq.
Walton W. Hickman, Esq.
LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, AL 36608
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

Calvin Poole III, Esq.
POOLE & POOLE
P. O. Box 308
Greenville, AL 36037
calvin@poolelaw.com

**Attorneys for Defendants Asmat Investment, LLC d/b/a Asmat Express and Mamuye Ayane Takelu**
Jannea S. Rogers, Esq.
Blake T. Richardson, Esq.
ADAMS AND REESE LLP
P. O. Box 1348
Mobile, AL 36633
jannea.rogers@arlaw.com
blake.richardson@arlaw.com

**Attorney for Defendant GEICO Casualty Company**
Kenneth A. Dowdy, Esq.
THE LAW OFFICE OF KENNETH A. DOWDY
Employees of Government Employees
    Insurance Company
2700 Rogers Drive, Suite 204
Homewood, AL 35209
kdowdy@geico.com

**Attorneys for Defendant Amguard Insurance Company**
Jeremy S. Gaddy, Esq.
Joseph R. Duncan, Jr., Esq.
Justin R. Nolen, Esq.
CLARK, MAY, PRICE, LAWLEY,
    DUNCAN & PAUL, LLC
3070 Green Valley Road
Birmingham, AL 35243
jgaddy@clarkmayprice.com
jduncan@clarkmayprice.com
jnolen@clarkmayprice.com

**Attorneys for Defendants James B. Woodfork; Woodfork Enterprises, Inc., Hansen & Adkins Auto Logistics, Inc., Royal Truck Leasing, LLC**
William E. Pipkin, Jr., Esq.
AUSTILL, LEWIS, PIPKIN & MADDOX, P.C.
P. O. Box 2885
Mobile, AL 36652-2885
bpipkin@maplaw.com

Richard W. Lewis, Esq.
Joseph E. B. Stewart, Esq.
Brandi B. Frederick, Esq.
AUSTILL, LEWIS, PIPKIN & MADDOX, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

/s/ Charles A. Stewart III
OF COUNSEL

2

AlaFile E-Notice

10-CV-2022-900034.00

To:  CHARLES A. STEWART III
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:    8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:      8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  POOLE CALVIN III
     calvin@poolelaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To: PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:    8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:    8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROGERS JANNEA SUZANNE
      jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:    8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  SMITH SCOTT BURNETT
     ssmith@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PEARCE HUNTER WADE
     hpearce@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:    8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  MCDANIEL RILEY ALEXANDER
     rmcdaniel@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:     8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following NOTICE OF APPEARANCE was FILED on 8/10/2022 3:15:08 PM

Notice Date:    8/10/2022 3:15:08 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/17/2022 5:06 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| CANDICE L. GULLEY, ET AL., | |
| PLAINTIFF(S), | |
| V. | CIVIL ACTION NO. 10-CV-2022-900033 |
| HANSEN & ADKINS AUTO TRANSPORT, INC., ET AL., | |
| DEFENDANT(S). | |
| KIMBERLY HARRIS, AS PERSONAL REPRESENTATIVE AND MOTHER TO MAKENZIE BURDETTE, A DECEASED MINOR, | |
| PLAINTIFF(S), | |
| V. | CIVIL ACTION NO. 10-CV-2021-900055.80 |
| HANSEN & ADKINS AUTO TRANSPORT, ET AL., | |
| DEFENDANT(S). | |
| JAMES MAYS AND DOROTHY MAYS, | |
| PLAINTIFF(S), | |
| V. | CIVIL ACTION NO. 10-CV-2022-900013 |
| JAMES B. WOODFORK, HANSEN & ADKINS AUTO TRANSPORT, INC., ET AL., | |
| DEFENDANT(S). | |

| | |
|---|---|
| BRANDY LEE DUNNAVANT, AS MOTHER, SOLE LEGAL CUSTODIAN, AND NEXT FRIEND OF J.A.D. AND N.P.D, MINOR CHILDREN WHO ARE NOW DECEASED, | |
| PLAINTIFF(S), | CIVIL ACTION NO. 10-CV-2022-900034 |
| V. | |
| JAMES B. WOODFORK, ET AL., | |
| DEFENDANT(S). | |
| HAYLE MORGAN, ET AL., | |
| PLAINTIFF(S), | |
| V. | CIVIL ACTION NO. 10-CV-2022-90035 |
| JAMES B. WOODFORK, ET AL., | |
| DEFENDANT(S). | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

COMES NOW, Defendant  James B. Woodfork, by and through the undersigned counsel, and files this Notice of Service of the following discovery documents:

- Defendant's Supplemental Responses to Gulley Plaintiffs' First Interrogatories.
- Defendant's Supplemental Responses to Gulley Plaintiffs' First Request for Production.

Respectfully submitted,

s/ *William E. Pipkin, Jr.*

William E. Pipkin, Jr.  (PIP005)
Attorney for Defendant, James B. Woodfork

**OF COUNSEL:**

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Drawer 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South
Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 17th day of August, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

_____    Using the Electronic Filing system which will send notification of such to the following:

| | |
|---|---|
| Jere L. Beasley, Esq.<br>J. Greg Allen, Esq.<br>J. Cole Portis, Esq.<br>Benjamin E. Baker, Jr., Esq.<br>Stephanie S. Monplaisir, Esq.<br>Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.<br>P. O. Box 4160<br>Montgomery, AL  36104<br>jere.beasley@beasleyallen.com<br>greg.allen@beasleyallen.com<br>cole.portis@beasleyallen.com<br>ben.baker@beasleyallen.com<br>stephanie.monplaisir@beasleyallen.com<br>*Attorneys for Gulley Plaintiffs* | Earle W. Long, IV, Esq.<br>Jack Smalley, III, Esq.<br>Walton W. Hickman, Esq.<br>Long & Long, P.C.<br>3600 Springhill Memorial Drive N.<br>Mobile, AL  36608<br>trip@longandlong.com<br>walton@longandlong.com<br>earle@longandlong.com<br>*Attorneys for Dunnavant Plaintiffs* |
| Erik S. Heninger, Esq.<br>James C. Sparrow, Esq.<br>James A. Stewart, Esq.<br>Heninger Garrison Davis, LLC<br>P. O. Box 11310<br>Birmingham, AL  35203<br>erik@hgdlawfirm.com<br>jcsparrow@hgdlawfirm.com<br>*Attorneys for Harris Plaintiffs* | Kenneth B. Cole, Jr., Esq.<br>Andrew F. Banks, Esq.<br>Gary V. Conchin, Esq.<br>Conchin, Cole, Jordan & Sherrod<br>2404 Commerce Court, SW<br>Huntsville, AL  35801<br>kenny@alainjurylaw.com<br>andrew@alainjurylaw.com<br>gary@alainjurylaw.com<br>*Attorneys for Morgan Plaintiffs* |
| Jeremy S. Gaddy, Esq.<br>Joseph R. Duncan, Jr., Esq.<br>Justin R. Nolen, Esq.<br>Clark, May, Price, Lawley, Duncan & Paul, LLC | Kenneth A. Dowdy, Esq.<br>Law Office Of Kenneth A. Dowdy<br>2700 Rogers Drive, Suite 204<br>Homewood, AL  35209<br>kdowdy@geico.com |

| | |
|---|---|
| 30707 Green Valley Road<br>P. O. Box 43408<br>Birmingham, AL  35243<br>jgaddy@clarkmayprice.com<br>jduncan@clarkmayprice.com<br>jnolen@clarkmayprice.com<br>*Attorneys for Amguard Insurance Company* | *Attorney for Geico Casualty Company* |
| Jannea S. Rogers, Esq.<br>Blake T. Richardson, Esq.<br>Aaron G. McLeod, Esq.<br>Adams And Reese LLP<br>11 B, Water St., Suite 23299<br>Post Office Box 1348<br>Mobile, AL  36602<br>Jannea.rogers@arlaw.com<br>Blake.Richardson@arlaw.com<br>*Attorneys for Asmat Defendants* | Calvin Poole, III, Esq.<br>Poole & Poole<br>Post Office Box 308<br>600 East Commerce Street<br>Greenville, AL 36037-0308<br>calvin@poolelaw.com<br>*Attorney for Plaintiffs* |
| Charles A. Stewart, III, Esq.<br>Riley A. McDaniel, Esq.<br>Bradley Arant Boult Cummings, LLP<br>445 Dexter Avenue, Suite 9075<br>Montgomery, AL 36104<br>cstewart@bradley.com<br>rmcdaniel@bradley.com<br>*Attorneys for Samsara, Inc.* | Scott Burnett Smith, Esq.<br>Hunter Wade Pearce, Esq.<br>Bradley Arant Boult Cummings, LLC<br>200 Clinton Avenue West, Suite 900<br>Huntsville, AL 35801-4900<br>ssmith@bradley.com<br>hpearce@bradley.com<br>*Attorneys for Samsara, Inc.* |
| Gary V. Conchin, Esq.<br>Kenneth B. Cole, Jr., Esq.<br>Andrew F. Banks, Esq.<br>Conchin, Cole, Jordan & Sherrod<br>2404 Commerce Court<br>Huntsville, AL  35801<br>gary@alainjurylaw.com<br>kenny@alainjurylaw.com<br>andrew@alainjurylaw.com<br>*Attorneys for Morgan Plaintiffs* | William J. Parks, III, Esq.<br>Will Parks, P.C.<br>107 East Laurel Street<br>Scottsboro, AL  35768<br>wparks@scottsborolawyer.com<br>*Attorney for Morgan Plaintiffs* |

| Charles James, Esq.<br>Serious Injury Law Group, P.C.<br>418 Adams Street<br>Montgomery, AL  36104<br>chuck@seriouslawyers.com<br>*Attorney for Mays Plaintiffs* | |

s/ *William E. Pipkin, Jr.*
OF COUNSEL



AlaFile E-Notice

10-CV-2022-900034.00

To:  WILLIAM E. PIPKIN, JR. JR.
     bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:     8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To:  SMALLEY JACK III
     trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:     8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:     8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:   FREDERICK BRANDI BRANTON
      bfrederick@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:     8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

 **AlaFile E-Notice**

10-CV-2022-900034.00

To: STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:     8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

 AlaFile E-Notice

10-CV-2022-900034.00

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICE BRUCE MILLER
bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  SMITH SCOTT BURNETT
ssmith@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:     8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PEARCE HUNTER WADE
     hpearce@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: MCDANIEL RILEY ALEXANDER
rmcdaniel@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  DOWDY KENNETH ALDEN
     kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:    8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
      jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following discovery was FILED on 8/17/2022 5:07:07 PM

Notice Date:      8/17/2022 5:07:07 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
8/29/2022 3:56 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS    *
THE CUSTODIAL PARENT, NEXT   *
FRIEND, AND LEGAL    *
REPRESENTATIVE OF J.A.D AND   *
N.P.D., MINOR CHILDREN WHO   *
ARE NOW DECEASED;    *
  *
Plaintiff,    *
  *
v.    *
  *
HANSEN & ADKINS AUTO    *
TRANSPORT, INC.; ROYAL    *
TRUCK LEASING LLC; HANSEN &   *
ADKINS AUTO LOGISTICS, INC.;   *
JAMES B. WOODFORK;    *
WOODFORK ENTERPRISES, INC.;   *
ASMAT INVESTMENT, LLC;    *
MAMUYE AYANE TAKELU;    *
SAMSARA, INC.; GEICO    *
CASUALTY COMPANY; AND    *
AMGUARD INSURANCE    *
COMPANY; VOLVO GROUP    *
NORTH AMERICA, LLC d/b/a    *
VOLVO TRUCKS NORTH    *
AMERICA;    *
  *
Defendants.    *

CIVIL ACTION NO.

CV-2022-900034

**JURY TRIAL DEMANDED**

**CONSOLIDATED WITH**
**Gulley; et al. v. Woodfork; et al.**
**CV-2022-900033**
**Harris v. Asmat Investment, LLC; et al.**
**CV-2021-900055.80**
**Mays; et al. v. Hansen & Adkins; et al.**
**CV-2022-900013**
**Morgan; et al. v. Woodfork; et al.**
**CV-2022-900035**

## SECOND AMENDED COMPLAINT

## STATEMENT OF THE PARTIES

1.     Plaintiff, Brandy Lee Dunnavant, is over the age of nineteen years and is a resident citizen of Mobile County, Alabama. She brings this claim as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D., her deceased minor children, who were also resident citizens of Alabama.

2.     Defendant Hansen & Adkins Auto Transport, Inc. ("HAAT") is a citizen of California as it is believed to be incorporated, organized, and existing with its principal place of

business in Los Alamitos, California. HAAT is an interstate motor carrier with 41 terminals throughout the United States with over 1200 tractors and over 900 drivers. At the time of the subject incident, said Defendant was doing business in the State of Alabama. Steven L. Hansen and Louie R. Adkins are owners and/or officers of Hansen & Adkins Auto Transport, Inc.

3.      Defendant Royal Truck Leasing LLC ("Royal Truck") owned the subject 2020 Volvo Truck tractor/trailer driven by Hansen's driver and leased the equipment to Defendant Hansen. Upon information and belief, Steven L. Hansen and Louie R. Adkins are the members of Royal Truck. Steven L. Hansen is a citizen of California. Louie R. Adkins is a citizen of California. Therefore, Royal Truck is a citizen of California.

4.      Defendant Hansen & Adkins Auto Logistics, Inc. (f/k/a Harbor Auto Transport, Inc.) ("HAAL") is a citizen of California as it is believed to be incorporated, organized, and existing with its principal place of business in Los Alamotis, California. Hansen's driver, James Woodfork, filled out employment and training papers with Harbor Auto Transport's logo at the top. Harbor Auto Transport changed its name to Hansen & Adkins Auto Logistics, Inc. on December 20, 2021. Steven L. Hansen and Louie R. Adkins are owners and/or officers of Hansen & Adkins Auto Logistics.

5.      Defendant James B. Woodfork was driving for Hansen & Adkins in a truck and trailer leased from Royal Truck when he caused the wreck at issue. Woodfork is a resident citizen of Jefferson County, Alabama.

6.      Defendant Woodfork Enterprises, Inc. is a motor transportation company owned and operated by James B. Woodfork. It is a citizen of Alabama as it is incorporated in Alabama and has its principal place of business at 708 Alice Street SW, Bessemer, AL 35022.

7.      Defendant Asmat Investment, LLC dba Asmat Express ("Asmat") is a citizen of Georgia as it is believed to be a limited liability company organized and existing with its principal

place of business in Clarkson, Georgia. Alebachew Ademe is believed to be the single member of the LLC and is believed to be a citizen of Georgia. At the time of the subject incident, said Defendant was doing business in the State of Alabama.

8.      Defendant Mamuye Ayane Takelu ("Takelu"), is over the age of nineteen years and is believed to be a resident citizen of Clarkson, Georgia. Defendant Takelu was driving the Asmat truck and doing business in the State of Alabama.

9.      Defendant Samsara, Inc., who designed, manufactured, sold, and monitored the safety alert dashcam, is incorporated in Delaware and has its principal place of business at 350 Rhode Island Street, 4th Floor, San Francisco, CA 94103.

10.     Defendant Geico Casualty Company ("Geico") is a Nebraska corporation with its principal place of business in Maryland. At the time of the subject incident, Geico was doing business in Alabama. Geico is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

11.     Defendant Amguard Insurance Company ("Amguard") is a Pennsylvania corporation with its principal place of business in Pennsylvania. At the time of the subject incident, Amguard was doing business in Alabama. Amguard is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

12.     Defendant Volvo Group North America, LLC d/b/a Volvo Trucks North America (hereinafter "Volvo") is a Delaware corporation with its headquarters and principal place of business in North Carolina. Volvo does business in the State of Alabama and can be served via its Registered Agent for service, or on the person designated by law to accept such service, as follows: CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

## JURISIDICTION

13.     James B. Woodfork and his trucking company, Woodfork Enterprises, are subject to this Court's general jurisdiction as they are both domiciled in Alabama.

14.     HAAT is subject to this Court's specific personal jurisdiction based on the following facts:

a)     HAAT has a trucking terminal in Birmingham, Alabama where Defendant Woodfork was based;

b)     HAAT hires, fires, trains, controls its drivers' loads, and inspects and maintains its trucks and trailers at this Birmingham terminal;

c)     HAAT employs Alabama residents, including Woodfork, who operate its trucks and trailers on Alabama highways;

d)     HAAT has contacts with the State of Alabama; derives revenue from the State of Alabama; and was doing business in Alabama by operating and monitoring their driver and truck in Alabama at the time of this crash.  Exercising personal jurisdiction over HAAT would be fair, reasonable, and consistent with the Due Process Clause.

15.     Defendant Royal Truck leased the subject truck and trailer Woodfork was driving to HAAT for a period of five years.  Royal Truck is subject to specific jurisdiction in Alabama as it:

a)     Entered into a contract with HAAT knowing it would apply to a truck and trailer driven on Alabama highways by Alabama drivers;

b)     Has an ongoing relationship with the HAAT Birmingham terminal where it regularly communicates with Alabama employees regarding its leased trucks and trailers being driven in Alabama;

c)     Makes safety decisions related to its truck and trailers being driven in Alabama, including which safety features were originally ordered on the truck and trailer;

d)     Has contacts with the State of Alabama; derives revenue from the State of Alabama; and is doing business in Alabama.  Exercising personal jurisdiction over Royal Truck would be fair, reasonable, and consistent with the Due Process Clause.

16.    Defendant HAAL is a broker for Hansen & Adkins and is inextricably intertwined with the day-to-day operations at the HAAT Birmingham terminal.  HAAL is subject to this Court's specific jurisdiction as it:

a)    Has employees stationed at the Birmingham terminal who work with HAAT in scheduling driver loads and dispatching HAAT drivers;

b)    Is the logistics branch of HAAT, including at the Birmingham terminal;

c)    HAAL was involved in background checks, selection, hiring, and retention of Alabama driver, James B. Woodfork;

d)    HAAL has contacts with the State of Alabama; derives revenue from the State of Alabama; and is doing business in Alabama.  Exercising personal jurisdiction over HAAL would be fair, reasonable, and consistent with the Due Process Clause.

17.    Defendant Asmat had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating their truck in Alabama at the time of this crash.

18.    Defendant Takelu had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating the Asmat truck in Alabama at the time of this crash.

19.    Defendant Samsara, Inc. is subject to specific personal jurisdiction in Alabama because it:

a)    Designed, manufactured, and sold a collision avoidance system, including a dashcam and ECU communicator, to Hansen & Adkins knowing it would be installed on a truck that was domiciled and monitored in Alabama;

b)      Samsara monitors driver activity in Alabama, including James B. Woodfork on the day of the crash, and stores that data in its Cloud;

c)      Samsara provides initial and ongoing training to its Alabama trucking customers and their drivers on how to use Samsara technology, including to HAAT's Birmingham terminal;

d)      Samsara provides 24/7 customer service to its Alabama trucking customers and their drivers;

e)      Samsara routinely sells its products in Alabama; derives revenue from the State of Alabama; and is doing business in Alabama. Exercising personal jurisdiction over Royal Truck would be fair, reasonable, and consistent with the Due Process Clause.

20.     Defendant Geico had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by selling insurance in this State via agent or otherwise.

21.     Defendant Amguard had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by selling insurance in this State via agent or otherwise.

22.     Defendant Volvo is subject to specific jurisdiction in Alabama because it:

a)      Manufactured the subject truck and put it into the stream of commerce expecting that it would be sold, used, driven, and/or serviced in the State of Alabama;

b)      Was engaged in the business of designing, manufacturing, construction, assembling, marketing, warranting, repairing, distributing, selling, leasing, and servicing tractor trucks just like the subject truck, as well as component parts in the State of Alabama;

c)      Has authorized agents who worked under the Volvo brand name providing authorized service, repair and rebuilding work on tractor trucks in the State of Alabama, selling tractor trucks in the State of Alabama, and marketing and advertising tractor trucks in the State of Alabama. These contacts with the State of Alabama are for-profit, and have occurred for many years prior to June 19, 2021;

d)    Engaged in foreseeable, intentional, and/or systematic contacts within Alabama;

e)    Purposefully availed itself of the privileges and benefits of conducting business in Alabama, including but not limited to selling its trucks and equipment through at least 5 Alabama dealers;

f)    Operating service centers and warranty work centers in the State of Alabama;

g)    Maintaining a registered agent for service of process in Alabama. Exercising personal jurisdiction over Volvo would be fair, reasonable, and consistent with the Due Process Clause.

23.    Venue is proper in Butler County pursuant to *Alabama Code* §6-3-7 and Rule 82 of the *Alabama Rules of Civil Procedure*.

## STATEMENT OF THE FACTS

24.    On June 19, 2021, Candice Gulley was driving a 2017 Ford Transit van on behalf of the Alabama Sheriff's Girls Ranch ("Ranch van") north on Interstate 65 near Greenville in Butler County, Alabama. The Ranch van was occupied by eight children under the age of nineteen years, including Plaintiff Dunnavant's minor children, J.A.D. and N.P.D.

25.    Ms. Gulley and all of the children were properly wearing their seatbelt restraint systems at the time of the crash.

26.    Just prior to the crash, the Ranch van was traveling in the left lane alongside a 2020 Volvo Truck tractor/trailer combination owned by Defendant Royal Truck and operated by Defendant HAAT and its driver and agent, James B. Woodfork, dba Woodfork Enterprises, Inc., traveling north in the righthand (outside) lane.

27.    The Ranch van was in the left lane adjacent to the trailer portion of the Hansen Volvo 18-wheeler.

28.    Behind the Hansen truck and the Ranch van was the 18-wheeler operated by Mamuye Takelu who was employed by Asmat.  At all times material, Defendant Takelu was operating the 18-wheeler under the authority of Asmat and under Asmat's DOT number.

29.    As the vehicles approached a bridge on Interstate 65 over Pigeon Creek Road near milepost 138, traffic north of the bridge had slowed and stopped forming a que due to a series of minor crashes.

30.    The Hansen truck failed to stop for the traffic and struck a 2020 Ford Explorer SUV and then veered into the left lane striking the Ranch van occupied by J.A.D., N.P.D., and others.

31.    After being struck by the Hansen truck, the Ranch van was struck by the Asmat/Takelu 18-wheeler from the rear.

32.    A fire erupted during the collision which ultimately consumed the Ranch van, the 18-wheelers and other vehicles, as well as the children in the Ranch van.

33.    Ms. Gulley was pulled from the Ranch van wreckage by bystanders.  She then ran around the Ranch van to try to help the children escape the burning van.  Because of the fire and the significant damage caused to the Ranch van by the Hansen and Asmat trucks, she was unable to extricate any of the children.

34.    All the children were killed by the fire.

## COUNT ONE
**(Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)**

35.    Plaintiff incorporates the above allegations.

36.    HAAT's agent and driver, James B. Woodfork, dba Woodfork Enterprises, Inc., negligently and wantonly operated his vehicle within the line and scope of his employment with HAAT by:

a)    Failing to comply with the Alabama Rules of the Road;

8

b)    Failing to maintain his vehicle at a safe operating speed;

c)    To keep a proper lookout;

d)    Being distracted and not paying proper attention;

e)    Driving the 18-wheeler too fast for the conditions at the time;

f)    Failing to comply with Code of Alabama § 32-5A-88 and § 32-5A-170;

g)    Violating other numerous rules and regulations yet to be discovered in the course of this case.

37.    As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

38.    Plaintiff incorporates the above allegations

39.    This Count is based on Respondeat Superior in that at all times material hereto, Defendant Woodfork was an employee of HAAT and was acting as agent, employee and/or servant of HAAT and was acting within the line and scope of his employment with HAAT.

40.    Defendant Woodfork was an agent of HAAT at the aforesaid time and place. Therefore, Defendant HAAT, is liable for the negligent and/or wanton acts of Defendant Woodfork as set out in paragraph 35.

41.    As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT THREE
**(Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport
"HAAT" and Hansen & Adkins Auto Logistics "HAAL")**

42.    Plaintiff incorporates the above allegations.

43.    Defendants HAAT and HAAL are the entities listed on Defendant James B.
Woodfork's employment paperwork.

44.    Defendants HAAT and HAAL are in the trucking business which requires the
hauling of cargo by trucks on federal, state, and county roads and/or highways.  HAAT's DOT
number is 568253 and HAAL's DOT number is 1312746.

45.    Defendants HAAT and HAAL had a duty to Plaintiffs and the motoring public to
hire competent drivers.  Part of this duty included running thorough background checks and
verifying employment of potential drivers.

46.    Defendants HAAT and HAAL had a duty to ensure the competency of its drivers
by properly training and supervising all drivers operating vehicles in the line and scope of
employment with HAAT.

47.    The acts and/or omissions of HAAT and HAAL constitute negligent and/or wanton
hiring, retention, training, monitoring, and supervision.

48.    Defendants HAAT and HAAL negligently and/or wantonly hired, retained, failed
to enforce, train, supervise, monitor, and implement policies and procedures that would prevent or
allow Defendant Woodfork to operate the subject truck and trailer in a manner causing it to crash
with the Girls Ranch van.

49.    Defendant Woodfork was operating the subject tractor trailer owned by Royal
Truck and leased by HAAT, despite his many safety infractions within the last two years while
driving for HAAT; the previous revocation of his license; and his admission in his hiring
paperwork that he had never been to a formal driving school.

50.    Due to the failures of Defendants HAAT and HAAL, the subject vehicle was being negligently and wantonly operated by James Woodfork, an incompetent driver.

51.    As a proximate consequence of the negligent and wanton acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

<div align="center">

**COUNT FOUR**
**(Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")**

</div>

52.    Plaintiff incorporates the above allegations.

53.    HAAT negligently and wantonly failed to properly maintain the truck and trailer in a safe working condition.

54.    HAAT negligently and wantonly failed to equip the subject truck with computer aided technologies (CTA) such as automatic braking systems, warning systems, and other avoidance systems.

55.    HAAT installed a Samsara dash camera and ECU communicator on the subject truck that allowed them to actively monitor their truck driver and truck while the truck was moving and to coach the driver on hazards.  This technology also allowed HAAT to monitor weather conditions.  However, HAAT negligently and wantonly failed to adequately monitor the road hazards at the time of the accident and failed to coach their agent and driver on how to mitigate or avoid those hazards.

56.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT FIVE
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

57.     Plaintiff incorporates the above allegations.

58.     Defendant HAAL owed a duty to members of the traveling public to use reasonable care to investigate and evaluate, on an ongoing basis, the competency and safety record of any carrier hired to transport freight.

59.     Defendant HAAL negligently and/or wantonly chose to endanger the motoring public by contracting with or continuing to contract with HAAT and Defendant Woodfork.

60.     Defendant HAAL knew, or should have known HAAT and Woodfork were not competent to perform the terms of the contract on the date of the subject wreck because of numerous safety violations and Woodfork's previous driving record and lack of formal driving training.  Nevertheless, Defendant HAAL negligently and/or wantonly chose to turn a blind eye and allow HAAT and Woodfork to continue to operate because it was financially beneficial to all involved.

61.     Defendant HAAL had a continuing duty to ensure that HAAT and Woodfork were complying with local/state/federal laws and the Federal Motor Carrier Safety Regulations throughout the duration of its relationship with both defendants.

62.     Since Defendant HAAL is located at the same address as Defendant HAAT, run by the same owners, and has employees working at the HAAT Birmingham terminal, Defendant HAAL knew or should have known that Woodfork was driving the HAAT truck and trailer and the time of the accident.

63.     As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

64.     Plaintiff incorporates the above allegations.

65.     Royal Truck owned the subject truck and trailer and leased it to HAAT for a period of five years.

66.     Royal Truck negligently and wantonly failed to properly maintain the truck and trailer in a safe working condition.

67.     Royal Truck negligently and wantonly failed to equip the subject truck with computer aided technologies (CTA) such as automatic braking systems, warning systems, and other avoidance systems.

68.     Royal Truck negligently and wantonly entrusted the truck and trailer to HAAT and James Woodfork.

69.     At all times material, Royal Truck knew or should have known that HAAT's drivers were continuously receiving a high number of safety violations, including James Woodfork, as Royal Truck was owned and operated by the same two people operating HAAT.

70.     Royal Truck knew, or should have known, that leasing its truck and trailer to a motor carrier and/or contractor to perform the hazardous job of delivering automobiles, unless it is skillfully and carefully done, could result in physical harm.

71.     Royal Truck had an ongoing duty to continue to confirm whether the motor carrier and driver of its truck and trailer were competent to drive the leased truck and trailer throughout the five year duration of the contract.

72.    Royal Truck breached this duty by failing to determine, during the course of the contract, that HAAT and Woodfork were receiving safety violations and were no longer competent to operate the truck and trailer.

73.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT SEVEN
### (AEMLD – Samsara)

74.    Plaintiff incorporates the above allegations.

75.    Samsara designed, engineered, tested, manufactured, distributed, marketed, and sold the subject dashcam and ECU communicator for the purpose of detecting and alerting the driver and their trucking company to driving hazards so that wrecks like the one in this case could be avoided.

76.    Samsara reasonably expected the subject dashcam and ECU communicator to reach the ultimate user or consumer in the condition that it was in at the time of the incident.

77.    At the time of this accident, the Samsara dashcam and ECU communicator were defective in design, manufacture, and/or warnings as it did not timely and properly alert Woodfork or HAAT to the dangerous driving conditions in front of him.

78.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

79.    Plaintiff incorporates the above allegations.

80.    Samsara advertises that its technology results in an 83% reduction in at-fault incidents, including those caused by following too closely as the Samsara system is supposed to alert to this violation.

81.    Samsara negligently and wantonly designed, engineered, tested, manufactured, distributed, marketed, and sold the subject dashcam and ECU communicator for the purpose of detecting and alerting the driver and their trucking company to driving hazards so that wrecks like the one in this case could be avoided.

82.    Samsara negligently and wantonly monitored Defendant Woodfork's driving habits and the driving hazards on the day of the wreck.  As a consequence, Samsara failed to timely and properly alert Woodfork and HAAT as to the hazardous conditions in front him at the time of the wreck, which constitutes a conscious disregard for the safety of others.

83.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT NINE
### (Negligence and Wantonness – Takelu)

84.    Plaintiff incorporates the above allegations.

85.    Defendant Asmat's driver and agent, Defendant Takelu, negligently and wantonly operated the Asmat 18-wheeler vehicle within the line and scope of his employment so as to cause a collision between their vehicle and the Ranch van by:

a)    Failing to comply with the Alabama Rules of the Road;

15

b)    Failing to maintain their vehicle at the safe operating speed;

c)    Failing to keep a proper lookout;

d)    Following too close under Code of Alabama § 32-5A-89;

e)    Being distracted and not paying proper attention;

f)    Failing to comply with Code of Alabama § 32-5A-88 and § 32-5A-170;

g)    Violating other numerous rules and regulations yet to be discovered in the course of this case.

86.    The Asmat truck was not properly maintained and was not equipped with accident avoidance and other safety systems and technology.

87.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT TEN
### (Respondeat Superior - Asmat)

88.    Plaintiff incorporates the above allegations.

89.    This Count is based on Respondeat Superior in that at all times material hereto, Defendant Takelu was an employee of Asmat and was acting as agent, employee and/or servant of Asmat and was acting within the line and scope of his employment with Asmat.

90.    Defendant Takelu was an agent of Asmat at the aforesaid time and place. Therefore, Defendant Asmat is liable for the negligent and/or wanton acts of Defendant Takelu.

91.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

16

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT ELEVEN
### (Direct Negligence and Wantonness – Asmat)

92.     Plaintiff incorporates the above allegations.

93.     The Asmat truck negligently and wantonly maintained the subject truck and failed to equip it with accident avoidance and other safety systems and technology.

94.     As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT TWELVE
### (AEMLD – Volvo)

95.     Plaintiff incorporates the above allegations.

96.     Volvo designed, engineered, tested, manufactured, distributed, marketed, and sold the subject truck without collision avoidance technology, such as automatic emergency braking or frontal collision warnings.

97.     The subject Volvo truck was unreasonably dangerous in its inability to adequately warn the driver and brake to avoid frontal collisions.

98.     Safer and feasible collision avoidance technology was available for the subject 2020 Volvo truck as Volvo made this technology standard equipment on other Volvo trucks but not on the subject truck.

99.     Volvo reasonably expected the subject truck to reach the ultimate user or consumer in the condition that it was in at the time of the incident.

17

100.    At the time of this accident, the subject truck was defective in design, manufacture, and/or warnings as it did not timely and properly alert Woodfork to the dangerous driving conditions in front of him and did not timely brake to avoid colliding with the vehicles in front of him.

101.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT THIRTEEN
### (Negligence and Wantonness – Volvo)

102.    Plaintiff incorporates the above allegations.

103.    Volvo made collision avoidance technology, called Volvo Active Driver Assist, standard equipment on its VNR and VNL series trucks as early as 2017 but made it optional equipment for the subject VAH truck involved in the accident.

104.    Volvo Active Driver Assist combines camera and radar sensors to detect vehicles in front of the truck and then displays audible and visual warnings to the driver, including a red warning light that flashes to reflect on the windshield.  If the driver does not take action, Volvo Active Driver Assist will automatically engage the brakes to help the driver mitigate the potential collision.

105.    Volvo Active Driver Assist also works with cruise control to help the driver maintain a set following distance behind the vehicle in front.  If the vehicle in front slows down, Volvo Active Driver Assis will alert the driver, reduce the engine throttle, apply the engine brake, downshift, and apply the foundation brakes and brake lights to help the driver maintain a safe following distance.

106.    Volvo knew well before this accident that its Active Driver Assist technology would help mitigate the potential for collisions by providing data about what is going on in front of the truck. Volvo knew this technology would improve safety not only for truck drivers, but for all motorists.

107.    Volvo promised in its 2020 VAH brochure that "the VAH is packed with active safety technology to prevent accidents, starting with Volvo Active Driver Assist," which had "the ability to completely stop in emergency braking situations."

108.    Volvo's decision to not include collision avoidance technology on the subject VAH truck constitutes a conscious disregard for the safety of others.

109.    As a proximate consequence of the negligent acts and omissions described herein, the minor Plaintiffs were wrongfully killed.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D. and N.P.D., plus the costs of this action.

## COUNT FOURTEEN
### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

110.    Plaintiff incorporates the above allegations.

111.    At the times and places set forth herein above, Plaintiffs J.A.D. and N.P.D. were insured under the terms and provisions of a policy or policies of insurance Defendants Geico and Amguard issued to them, which provided them with uninsured/underinsured motorist benefits.

112.    At the times and places set forth herein above, the at-fault parties were uninsured and/or underinsured drivers/motorists under the terms and provisions of the above-described policy or policies of insurance.

113.    At the times and places set forth herein above, the said policy or policies of insurance were in full force and effect and, under the said terms and provisions of said policy or

19

policies, the Defendants Geico and Amguard agreed to pay all sums which Plaintiffs would be legally entitled to recover as damages from the owner or operator of any such uninsured motor vehicle because of bodily injury, including but not limited to, all actual and punitive damages.

WHEREFORE, Plaintiff claims all damages allowed under the Alabama Wrongful Death Act for the deaths of J.A.D and N.P.D., plus the costs of this action.

Respectfully submitted,

/s/ Jack Smalley III
JACK SMALLEY III              (SMA014)
EARLE W. LONG IV             (LON026)
WALTON W. HICKMAN        (HIC022)
Attorneys for Plaintiff, Dunnavant

LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
T: (251) 445-6000
F: (251) 445-0282
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

/s/ Calvin Poole
CALVIN POOLE III
Attorney for Plaintiff, Dunnavant

POOLE & POOLE
P.O. Box 308
Greenville, AL 36037
T: (334) 382-3123
calvin@poolelaw.com

## PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL

/s/ Jack Smalley III
JACK SMALLEY III

20

**SERVE ADDITIONAL DEFENDANTS VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

**VOLVO GROUP NORTH AMERICA, LLC**
**d/b/a VOLVO TRUCKS NORTH AMERICA**
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, Alabama 36104

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2022, a copy of the foregoing has been electronically filed with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to the following:

| *Attorneys for Plaintiffs, Gulley; Burdette; Norman; Albea; and Riggs:* | *Attorneys for Plaintiff, Kimberly Harris:* |
|---|---|
| Jere L. Beasley, Esq. | Erik S. Heninger, Esq. |
| J. Greg Allen, Esq. | James C. Sparrows, Esq. |
| J. Cole Portis, Esq. | James A. Stewart, Esq. |
| Benjamin E. Baker, Jr., Esq. | Heninger Garrison Davis, LLC |
| Stephanie Monplaisir, Esq. | P.O. Box 11310 |
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | Birmingham, Alabama 35203 |
| P.O. Box 4160 | |
| Montgomery, Alabama 36104 | |
| *Attorneys for Plaintiff, Morgan; Fox; and Whited:* | *Attorneys for Defendants, Woodfork; Woodfork Enterprises, Inc.; Hansen & Adkins Logistics, Inc.; Hansen & Adkins Auto Transport, Inc.; and Royal Truck Leasing, LLC:* |
| Andrew F. Banks, Esq. | William Eugene Pipkin, Jr., Esq. |
| Kenneth B. Cole, Jr., Esq. | Austill, Lewis & Pipkin |
| Gary V. Conchin, Esq. | P.O. Box 2885 |
| Conchin, Cole, Jordan & Sherrod | Mobile, Alabama 3665 |
| 2404 Commerce Court | |
| Huntsville, Alabama 35801 | Richard Wayne Lewis, Esq. |
| | Joseph Edward Bishop Stewart, Esq. |
| | Brandi B. Frederick, Esq. |
| | Austill, Lewis & Pipkin & Maddox, P.C. |
| | 600 Century Park South, Suite 100 |
| | Birmingham, Alabama 35226 |

| *Attorneys for Defendants, Asmat Investments, LLC and Mamuye Takelu:* | *Attorneys for Defendants, Samsara, Inc.:* |
|---|---|
| Jannea S. Rogers, Esq.<br>Blake T. Richardson, Esq.<br>Adams and Reese LLP<br>P.O. Box 1348<br>Mobile, Alabama 36633 | Charles "Chuck" A. Stewart, III<br>Bradley Arant Boult Cummings, LLP<br>445 Dexter Avenue, Suite 9075<br>Montgomery, AL 36104<br><br>Hunter W. Pearce, Esq.<br>Bradley Arant Boult Cummings, LLP<br>200 Clinton Avenue West, Suite 900<br>Huntsville, AL 35801-4900<br><br>Riley A. McDaniel, Esq.<br>Bradley Arant Boult Cummings, LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203 |

*/s/ Jack Smalley III*
JACK SMALLEY III



AlaFile E-Notice

10-CV-2022-900034.00

To:  JACK SMALLEY III
     trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: LONG EARLE WALTER IV
earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:        8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
walton@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  POOLE CALVIN III
     calvin@poolelaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  FREDERICK BRANDI BRANTON
     bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:      8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: SMITH SCOTT BURNETT
ssmith@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  PEARCE HUNTER WADE
     hpearce@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  MCDANIEL RILEY ALEXANDER
     rmcdaniel@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: STEWART CHARLES ANDREW II
cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:     8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following complaint was FILED on 8/29/2022 3:56:54 PM

Notice Date:    8/29/2022 3:56:54 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>10-CV-2022-900034.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R

**NOTICE TO:** VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS, C/O CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605,
MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JACK SMALLEY III
                                                                                                                                              ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3600 Springhill Memorial Drive N, MOBILE, AL 36608                                  .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of J.A.D., A MINOR WHO IS NOW DECEASED BRANDY LEE DUN

pursuant to the Alabama Rules of the Civil Procedure.                                       *[Name(s)]*

| 08/29/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JACK SMALLEY III
                                              *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                            .
                                                                                          *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .
                    *(Date)*

|  |  |  |
|---|---|---|
| | | *(Address of Server)* |
| *(Type of Process Server)* | *(Server's Signature)* | |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Volvo Group North America LLC
DBA Volvo Trucks 40 CT Corp Systems
2 North Jackson St. Ste 605
Montgomery, AL 36104

CN-22-9-34 (D011)

9590 9402 7526 2098 1000 37

2. Article Number (Transfer from service label)

7021 0950 0000 4357 7109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
X _____ ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

---

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7021 0950 0000 4357 7109
7021 0950 0000 4357 7109

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees    9.41  CN-22-9-34 (D011)

Sent To  Volvo Group North America LLC DBA Volvo Trucks
Street and Apt. No., or PO Box No.  2 North Jackson St. Ste 605
City, State, ZIP+4  Montgomery, AL 36104

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

ELECTRONICALLY FILED
8/30/2022 3:35 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

**STATE OF ALABAMA**    Revised 3/5/08    Cas...

Unified Judicial System

10-BUTLER    ☐ District Court    ☑ Circuit Court    CV2...

| BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* D008 - SAMSARA, INC. |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*    ☐ Oral Arguments Requested

SCOTT BURNETT SMITH

200 CLINTON AVE. WEST, STE. 900

HUNTSVILLE, AL 35801

*Attorney Bar No.:* SMI219

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____    (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:

8/30/2022 3:34:07 PM | Signature of Attorney or Party
/s/ SCOTT BURNETT SMITH |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/30/2022 3:55 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| CANDICE L. GULLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-2022-900033 |
| | ) | |
| HANSEN & ADKINS AUTO TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————— | ) | |
| | ) | |
| BRANDY LEE DUNNAVANT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-2022-900034 |
| | ) | |
| JAMES B. WOODFORK; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————— | ) | |
| | ) | |
| HAYLE MORGAN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-2022-900035 |
| | ) | |
| JAMES B. WOODFORK; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

### DEFENDANT SAMSARA INC.'S MOTION TO DISMISS PLAINTIFF BRANDY LEE DUNNAVANT'S SECOND AMENDED COMPLAINT DATED AUGUST 29, 2022

Defendant Samsara Inc. moves under Alabama Rule of Civil Procedure 12(b)(2) to dismiss

all claims against it for lack of personal jurisdiction. In support of this motion, Samsara submits

the Affidavits of Colin Tick and George Bonaci. *See* Exhibits 1 & 2.

There are no purposeful, suit-related contacts between Samsara and Alabama. The Samsara devices installed on the Hansen & Adkins truck involved in the June 19 accident at issue in this case were designed by Samsara in California, sold to Hansen & Adkins in California, and brought to Alabama by the unilateral act of Hansen & Adkins. All aspects of the sale to Hansen & Adkins took place in California. The only reason the Samsara devices ended up in Alabama was that the Hansen & Adkins truck on which they were installed happened to be driving in Alabama; it was not because of any purposeful action by Samsara directed at Alabama. There are no other contacts between Samsara and Alabama that would give rise to jurisdiction. Thus, this Court may not exercise jurisdiction over Samsara.

## ARGUMENT

Samsara is not subject to jurisdiction in Alabama. This Court's exercise of personal jurisdiction must comport with Alabama's long-arm rule[1] and the Fourteenth Amendment. *See Pruitt v. AAA Interstate Transp., LLC*, --- So. 3d ----, 2022 WL 189306, at *3 (Ala. Jan. 21, 2022). Plaintiffs bear the burden to both sufficiently plead jurisdictional facts in their complaint and prove jurisdiction. *See Ex parte McNeese Title, LLC*, 82 So. 3d 670, 674 (Ala. 2011).

Personal jurisdiction may be general or specific. *Elliott v. Van Kleef*, 830 So. 2d 726, 730 (Ala. 2002). Plaintiffs do not assert that Samsara is subject to general jurisdiction in Alabama. *See* Second Am. Compl. ¶ 19. Nor can they. Samsara is a Delaware corporation with its principal place of business in California, so it is not "at home" in Alabama. Bonaci Aff. ¶ 9; *Daimler AG v Bauman*, 571 U.S. 117, 122, 137 (2014).

---

[1] Alabama's long-arm rule permits this Court to exercise jurisdiction over Samsara to the extent "not inconsistent with the constitution of this state or the Constitution of the United States." ALA. R. CIV. P. 4.2(b).

4861-4039-5312.2

Samsara is not subject to specific jurisdiction in Alabama, either. To prove specific jurisdiction, Plaintiffs must satisfy the three-part test in *Hinrichs v. General Motors of Canada, Ltd.*, 222 So. 3d 1114, 1121–22 (Ala. 2016). First, Plaintiffs must show that Samsara has "purposefully availed" itself of the privilege of conducting business in Alabama. *Id.* at 1122. Second, Plaintiffs must show that their claims "arise out of or relate to" Samsara's purposeful contacts with Alabama. *Id.* Third, if the first two prongs are satisfied, the Court considers whether the exercise of personal jurisdiction in Alabama "comports with fair play and substantial justice." *Id.*; *see Elliot*, 830 So. 2d at 731. Plaintiffs cannot meet any of the three prongs here.

**I.    Samsara has not "purposefully availed" itself of the privilege of doing business in Alabama.**

"Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Ex parte Gudel AG*, 183 So. 3d 147, 153 (Ala. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Id. See also Walden v. Fiore*, 571 U.S. 277, 284 (2014). Thus, where the defendant "deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum," purposeful availment is met. *Id.*

Samsara has not purposefully availed itself of the privilege of doing business in Alabama. Samsara is a Delaware corporation with its principal place of business in California. Bonaci Aff. ¶ 9. It has not engaged in significant activities within Alabama or created continuing obligations between itself and Alabamians. For example:

- Samsara is not and has never been licensed or registered to do business in Alabama. *Id.* ¶ 10.

- Samsara does not and has never had an agent authorized to accept service of process in Alabama. *Id.* ¶ 11.

- Samsara does not and has not ever owned, rented, or leased real property in Alabama. *Id.* ¶ 12.

- Samsara does not and has never had any offices, stores, or other facilities in Alabama. *Id.* ¶ 13.

- Samsara does not and has never designed or manufactured any products in Alabama. *Id.* ¶ 14.

- Samsara has a website accessible to anyone with an internet connection where users can buy its products and have them shipped to them, but that website is not specifically targeted to Alabama customers. *Id.* ¶ 16.

- Less than 2 percent of Samsara's customers have an Alabama address. *Id.* ¶ 17.

Thus, Samsara has not "engaged in significant activities" in Alabama that would create a "substantial connection" with this State.

Nor can Plaintiffs establish purposeful availment based on the Samsara devices installed in the truck involved in the June 19 accident, for two reasons. First, the Alabama Supreme Court has held that, even if a defendant engages in substantial sales in Alabama and knows that some of its products will be sold in Alabama, there is no jurisdiction where the product at issue was not sold in Alabama. *See Hinrichs*, 222 So. 3d at 1126, 1138, 1141. Second, "a defendant will not be haled into a jurisdiction as the result of the unilateral activity of a third party." *Gudel*, 183 So. 3d at 153 (quotation omitted).

**Sale Outside of Alabama:** Samsara designs and manufactures after-market telematics devices (Vehicle Gateways or "VGs")[2] and dashboard cameras ("dash cams") that its customers

---

[2] A VG monitors engine diagnostics, fuel efficiency, driver productivity, and safety and transmits that information to a cloud-based "hub" that fleet operators can view.

install on trucks and other vehicles. Bonaci Aff. ¶ 5. The VG and dash cams here were not designed, manufactured, or sold in Alabama. Bonaci Aff. ¶ 14; Tick Aff. ¶ 6–8, 10. *See Hinrichs*, 222 So. 3d at 1141 ("Here, there simply is no 'suit-related conduct' that creates a substantial connection between GM Canada and Alabama if the vehicle was not sold in Alabama, even though Hinrichs was injured in Alabama."). California-based Samsara sold VGs and dash cams to California-based Hansen & Adkins in California after being introduced by a California-based intermediary. Tick Aff. ¶ 6–8, 10. All communications relevant to the transaction occurred exclusively in California; none took place in Alabama or were directed to Alabama. *Id.* ¶ 7. Samsara did not conduct any training of Hansen & Adkins employees in Alabama. *Id.* ¶ 13. Nor did it knowingly interact with anyone from Hansen & Adkins based in Alabama. *Id.* ¶ 14.

**Unilateral Action:** The only reason a Samsara VG and dash cam was in Alabama was because the Hansen & Adkins truck on which the VG and dash cam were installed happened to be driving through Alabama. This is the kind of "unilateral activity of another party" that cannot constitute purposeful availment. *Hinrichs*, 222 So. 3d at 1122. Further, mere foreseeability that a Samsara VG and dash cam may end up in Alabama through the stream of commerce is not enough. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). But there is not even foreseeability here. Colin Tick, the Samsara employee responsible for the Hansen & Adkins customer account, did not even know that Hansen & Adkins had any facilities, routes, or operations in Alabama until learning about the June 19 accident. Tick Aff. ¶ 17–18. Because Plaintiffs cannot show that Samsara purposefully availed itself of the privilege of conducting business in Alabama, jurisdiction fails.

4861-4039-5312.2

**II.     This lawsuit does not "arise out of or relate to" any of Samsara's purposeful contacts with Alabama.**

Plaintiffs likewise cannot show that their claims "arise out of or relate to" any of Samsara's purposeful contacts with Alabama. Under the second prong, "the action must arise out of or relate to the foreign defendant's activities in the forum state." *Hinrichs*, 222 So. 3d at 1122 (quotation omitted). There must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Stated differently, for an exercise of specific jurisdiction to be valid, there must be a relationship among the defendant, the forum, and the litigation." *Hinrichs*, 222 So. 3d at 1122 (quotation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781 (internal citation omitted). *See also Goodyear*, 564 U.S. at 927 ("A corporation's continuous activity of some sorts within a state … is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (quotation omitted)). And as stated, Samsara's suit-related contacts must be purposeful. "[A] defendant will not be haled into a jurisdiction as the result of the unilateral activity of a third party." *Gudel*, 183 So. 3d at 153.

Samsara has no purposeful, suit-related contact with Alabama. The only suit-related contact between Samsara and Alabama is the VG and dash cam installed on the Hansen & Adkins truck involved in the June 19 accident. As explained, this is not a purposeful contact. The only reason VG and dash cam reached Alabama is "the unilateral activity of a third party." *Id.*

Plaintiffs' other jurisdictional allegations do not relate to this lawsuit. The allegation that Samsara has sold other products in Alabama and derives revenue from such sales has nothing to

6

do with the June 19 accident. *See Bristol-Meyers*, 137 S. Ct. at 1781; *Goodyear*, 564 U.S. at 927 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *World-Wide*, 444 U.S. at 299 ("[F]inancial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State."). Similarly, allegations about Samsara's customer service and training for unnamed Alabama customers (and not Hansen & Adkins) are not related to the product liability claims against Samsara. *See* Second Am. Compl. ¶¶ 19.c, 19.d, 77. The allegation that Samsara was monitoring Defendant Woodfork's driving in Alabama on the day of the crash is irrelevant because it was merely fortuitous that Woodfork was driving in Alabama that day. *See Hinrichs*, 222 So. 3d at 1122. It is also untrue. Samsara does not "monitor" Hansen & Adkins's dash cam footage or other customer data; the footage and other data is merely uploaded to the cloud so the customer can view it. Bonaci Aff. ¶ 8. The allegation that driving recordings are uploaded to the cloud is also insufficient because the customer, not Samsara, owns that footage, which is stored in Amazon Web Services servers in Oregon, not Alabama. *Id.* Samsara thus has no purposeful, suit-related contacts with Alabama.

The decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), does not change the analysis. In *Ford*, the Supreme Court held that Ford's contacts with the forum States were related to the plaintiffs' claims because Ford "had systemically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Id.* at 1028. "Ford's extensive marketing and servicing operations in the forum states generated a sufficient relationship to the suit" even though the

vehicles at issue were sold out-of-state. *Tyler v. Ford Motor Co.*, 2021 WL 5361069, at *3 (M.D. Ala. 2021) (applying *Ford*).

Here, however, Plaintiffs do not and could not allege that Samsara "systemically served a market in" Alabama. *Ford*, 141 S. Ct. at 1028. Moreover, even after *Ford*, the Alabama Supreme Court has declined to find the necessary relationship for specific jurisdiction just because a defendant conducts business nationwide, performs services for Alabama customers, and maintains a website accessible to potential customers and job applicants in Alabama (or anywhere else). *See Pruitt*, 2022 WL 189306, at *3–4 (citing *Ford* but nonetheless finding that the defendant's only suit-related conduct was transporting a crane truck out of state that eventually injured Alabama plaintiffs). Likewise, the allegations that Samsara has sold its products and provides customer service and training to unnamed Alabama customers do not bear any connection to Plaintiffs' claims. Second Am. Compl. ¶ 19.c, 19.d, 19.e.

Moreover, critical to the analysis in *Ford* was that the Court could not rule out the possibility that Ford's marketing efforts and the availability of Ford services in the plaintiffs' home States influenced them to buy the vehicles that injured them. *See Ford*, 141 S. Ct. at 1029. Here, by contrast, Samsara has conclusively shown that the sale of the VG and dash cam to Hansen & Adkins (not Plaintiffs) originated and was completed in California, not Alabama. Thus, Plaintiffs cannot connect any of Samsara's alleged marketing or sales activities in Alabama to their injuries. Because Samsara has no purposeful, suit-related contacts with Alabama, this Court cannot exercise jurisdiction over Samsara.

### III.  Finding jurisdiction over Samsara would not comport with "fair play and substantial justice."

Finally, this Court "must examine whether the exercise of jurisdiction over [Samsara] comports with fair play and substantial justice," considering "the burden on [Samsara],

[Alabama's] interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficient resolution of controversies, and furthering fundamental social policies." *Hinrichs*, 222 So. 3d at 1122 (quotation omitted). This prong is satisfied where a defendant shows "that its limited contact with Alabama is wholly unrelated to the [Plaintiffs'] claims." *Gudel*, 183 So. 3d at 157.

This Court's exercise of jurisdiction over Samsara would not comport with "fair play and substantial justice." As explained, Samsara's limited contact with Alabama has no relationship with this lawsuit, making it unfair to force Samsara to litigate here. *See Gudel*, 183 So. 3d at 157. Moreover, the burden on Samsara in litigating in Alabama would be great. Samsara is based in California and has no experience litigating in Alabama. The relevant documents and witnesses for the Plaintiffs' product liability claims are in California and Taiwan, where Samsara's products are designed and manufactured. Thus, this Court's exercise of jurisdiction over Samsara would not comport with "fair play and substantial justice."

## CONCLUSION

Because Plaintiffs cannot establish any of the elements for this Court to exercise personal jurisdiction over Samsara, all claims against Samsara should be dismissed.

Dated:  August 30, 2022

Respectfully submitted,

/s/ Scott Burnett Smith
Scott Burnett Smith
Hunter W. Pearce
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com
hpearce@bradley.com

/s/ Charles A. Stewart III
Charles A. Stewart III
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
(334) 956-7700
(334) 956-7701 (fax)
cstewart@bradley.com

/s/ Riley A. McDaniel
Riley A. McDaniel (MCD082)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:     (205) 521-8000
Facsimile:     (205) 521-8800
Email:          rmcdaniel@bradley.com

**Attorneys for Defendant Samsara, Inc.**

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing and/or by placing a copy of same in the U.S. Mail, postage prepaid, and properly addressed, to the following:

***Attorneys for Gulley Plaintiffs***
Jere L. Beasley, Esq.
J. Greg Allen, Esq.
J. Cole Portis, Esq.
Benjamin E. Baker, Jr., Esq.
Stephanie Monplaisir, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104
jere.beasley@beasleyallen.com
greg.allen@beasleyallen.com
cole.portis@beasleyallen.com
ben.baker@beasleyallen.com
stephanie.monplaisir@beasleyallen.com

Calvin Poole III, Esq.
POOLE & POOLE
P. O. Box 308
Greenville, AL 36037
calvin@poolelaw.com

***Attorneys for Morgan Plaintiffs***
Kenneth B. Cole, Jr., Esq.
Gary V. Conchin, Esq.
Andrew F. Banks, Esq.
CONCHIN, COLE, JORDAN & SHERROD
2404 Commerce Court, SW
Huntsville, AL 35801
kenny@alainjurylaw.com
gary@alainjurylaw.com
andrew@alainjurylaw.com

William J. Parks, III, Esq.
Will Parks, P.C.
107 East Laurel Street
Scottsboro, AL 35768
wparks@scottsborolawyer.com

***Attorneys for Dunnavant Plaintiffs***
Jack Smalley III, Esq.
Earle W. Long IV, Esq.
Walton W. Hickman, Esq.
LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, AL 36608
trip@longandlong.com
earle@longandlong.com
walton@longandlong.com

***Attorney for Defendant GEICO Casualty Company***
Kenneth A. Dowdy, Esq.
THE LAW OFFICE OF KENNETH A. DOWDY
Employees of Government Employees
    Insurance Company
2700 Rogers Drive, Suite 204
Homewood, AL 35209
kdowdy@geico.com

***Attorneys for Defendant Amguard Insurance Company***
Jeremy S. Gaddy, Esq.
Joseph R. Duncan, Jr., Esq.
Justin R. Nolen, Esq.
CLARK, MAY, PRICE, LAWLEY,
    DUNCAN & PAUL, LLC
3070 Green Valley Road
Birmingham, AL 35243
jgaddy@clarkmayprice.com
jduncan@clarkmayprice.com
jnolen@clarkmayprice.com

4861-4039-5312.2

**Attorneys for Defendants James B.
Woodfork; Woodfork Enterprises; Hansen
& Adkins Auto Logistics, Inc.; and Royal
Truck Leasing, LLC**
William E. Pipkin, Jr., Esq.
AUSTILL, LEWIS, PIPKIN & MADDOX, P.C.
P. O. Box 2885
Mobile, AL 36652-2885
bpipkin@maplaw.com

Richard W. Lewis, Esq.
Joseph E.B. Stewart, Esq.
Brandi B. Frederick, Esq.
AUSTILL, LEWIS, PIPKIN & MADDOX, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

and, by U.S. Mail to:

Volvo Group North America, LLC
d/b/a Volvo Trucks North America
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**Attorneys for Defendants Asmat
Investment, LLC d/b/a Asmat Express
and Mamuye Ayane Takelu**
Jannea S. Rogers, Esq.
Blake T. Richardson, Esq.
ADAMS AND REESE LLP
P. O. Box 1348
Mobile, AL 36633
jannea.rogers@arlaw.com
blake.richardson@arlaw.com

*/s/Scott Burnett Smith*
OF COUNSEL

12

ELECTRONICALLY FILED
8/30/2022 3:35 PM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

# Exhibit 1

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

Candice L. Gulley, *et al.*,                    )
                                                )
    Plaintiffs,                              )
                                                )
v.                                              )    Case No. 10-CV-2022-900033
                                                )
Samsara Inc., *et al.*,                         )
                                                )
    Defendants.                              )

### <u>AFFIDAVIT OF COLIN TICK</u>

STATE OF CALIFORNIA                                )
                                                   :
CITY OF CARLSBAD AND COUNTY OF SAN DIEGO )

Before me, the undersigned authority in and for said county and state, personally appeared Colin Tick who, first duly sworn, deposes and says on oath, as follows:

1.      My name is Colin Tick, and I am over the age of 21 years and competent to testify to the matters contained herein, which are true and correct to the best of my knowledge, information, and belief.

2.      I am a Director of Regional Sales for Enterprise, West at Samsara Inc. I have been in that role since March 2022. Previously, I served as a Regional Sales Manager for the Western U.S. region for several years. In that role, I and my team spend most of our time with companies headquartered in Pacific and Mountain Time Zones.

3.      This affidavit is based on my personal knowledge and review of Samsara's business records, communications relevant to the customer account of Hansen & Adkins, Inc, and other information relayed to me by Samsara personnel having knowledge of the relevant subject matter.

4.      I am authorized to make this affidavit on behalf of Samsara.

5.    From roughly November 26, 2019–April 1, 2022, I was the primary Samsara employee responsible for onboarding the Hansen & Adkins customer account.

6.    Vidmatics, LLC, a California-based reseller of Samsara's products, introduced Hansen & Adkins to Samsara to purchase dashboard cameras ("dash cams") for their vehicles.

7.    All communications relevant to the transaction took place exclusively in California. None took place in Alabama or were directed to Alabama.

8.    Vidmatics has the primary relationship with Hansen & Adkins, handled much of the customer communications, and Vidmatics's CEO is listed as the referral source for the deal.

9.    Hansen & Adkins's first order with Samsara was placed on November 26, 2019.

10.    Samsara had no in-person meetings with Hansen & Adkins in Alabama. Samsara had in-person meetings with Hansen & Adkins leading up to the sale at either Samsara's California headquarters or Hansen & Adkins's California headquarters.

11.    Samsara had no in-person meetings with Hansen & Adkins after the sale.

12.    If a Hansen & Adkins driver happened to have called Samsara's support line while in Alabama, Samsara personnel would have treated them the same as if they had been calling in from any other location. If a Samsara-equipped Hansen & Adkins vehicle drives through Alabama, the Samsara platform would capture information about the trip in the same manner as if it had been driving through any other state.

13.    Samsara did not conduct any training of Hansen & Adkins employees in Alabama.

14.    Samsara never knowingly interacted with anyone from Hansen & Adkins based in Alabama.

15.    After the sale, Samsara had roughly seven primary points of contact with Hansen & Adkins, all of whom were based in one of three different states (California, South Carolina, and Texas), none of which was Alabama.

2

16.    All of Samsara's communications with Hansen & Adkins related to the June 19, 2021, Alabama accident were after the accident occurred.

17.    Before learning about the June 19 accident, I was unaware that Hansen & Adkins had any facilities in Alabama.

18.    Before learning about the June 19 accident, I was unaware that Hansen & Adkins had any routes or operations in Alabama.

19.    Samsara has two sales employees who live in Alabama but those sales employees were not involved in the sale or marketing of the VG or dash cam installed on the Hansen & Adkins truck involved in the June 19 accident. One of those employees was hired after the June 19 accident. The other was hired shortly before the June 19 accident and well after Samsara sold the dash cam at issue to Hansen & Adkins.

FURTHER AFFIANT SAYETH NOT.

_____
Colin Tick

Sworn and subscribed to before me, the undersigned, this the 21 day of July, 2022, by

Colin Tick.

PLEASE SEE ATTACHED
CALIFORNIA
✓JURAT
ACKNOWLEDGEMENT

_____
Notary Public

[NOTARIAL SEAL]

My Commission expires:_____

4

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this _2/st_
day of _July_ , 20_22_ by _Colin James_
_Tick_ ,
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

AJAY SINGH
COMM # 2372403
ALAMEDA County
California Notary Public
Comm Exp Aug. 26, 2025

(Seal)                    Signature _____

# Exhibit 2

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

Candice L. Gulley, *et al.*,     )
                          )
     Plaintiffs,        )
                          )
v.                     )  Case No. 10-CV-2022-900033
                          )
Samsara Inc., *et al.*,       )
                          )
     Defendants.      )

## AFFIDAVIT OF GEORGE BONACI

STATE OF WASHINGTON        )
                               :
CITY OF CAMAS AND CLARK COUNTY   )

Before me, the undersigned authority in and for said county and state, personally appeared George Bonaci who, first duly sworn, deposes and says on oath, as follows:

1.     My name is George Bonaci, and I am over the age of 21 years and competent to testify to the matters contained herein, which are true and correct to the best of my knowledge, information, and belief.

2.     I am the Senior Director of Growth Marketing for Samsara Inc.

3.     This affidavit is based on my personal knowledge and review of Samsara's business records, communications, and other information relayed to me by Samsara personnel having knowledge of the relevant subject matter.

4.     I am authorized to make this affidavit on behalf of Samsara.

5.     Samsara was founded in 2015. Samsara designs and manufactures telematics devices (Vehicle Gateways or "VGs") and dashboard cameras ("dash cams") that are equipped for trucks and other vehicles.

6.      Samsara's VGs and dash cams are after-market products that are added to the customer's vehicles after purchase to collect and provide to a customer fleet manager information about the operation of those vehicles. For example, VGs are typically affixed to a secure position inside the vehicle cab using zip ties and collect and provide telematics information about vehicle trips (such as speed and location). Dash cams are typically affixed to the vehicles' windshields and, depending on the model, record inward and outward facing trip footage. The VGs and dash cams are not components of the vehicles, are not installed during the manufacture of those vehicles, and are not intended to control or otherwise affect any of the vehicles' systems (*e.g.*, the braking system) or performance. The VGs and dash cams do not provide weather or traffic alerts.

7.      The majority of Samsara's customers are trucking companies and other entities that own fleets of vehicles.

8.      A dash cam records footage of the vehicle in use, and certain of those recordings are uploaded and stored in Samsara's cloud environment. Samsara does not monitor those recordings. The customer owns those recordings and can access them and use them to coach their drivers on how to operate more safely. Samsara's cloud environment is operated by Amazon Web Services, and the data of Samsara's US customers are stored in Amazon's facilities in Oregon.

9.      Samsara is a Delaware corporation with its principal place of business in San Francisco, California.

10.      Samsara is not and has never been licensed or registered to do business in Alabama.

11.      Samsara does not and has never had an agent authorized to accept service of process in Alabama.

12.      Samsara does not and has not ever owned, rented, or leased real property in Alabama.

13.    Samsara does not and has never had any offices, stores, or other facilities in Alabama.

14.    Samsara does not and has never designed or manufactured any products in Alabama. Samsara's platform is primarily designed in California and its products are manufactured in Taiwan.

15.    I am unaware of any Alabama-specific warnings, warranties, or instructions that accompany Samsara's products.

16.    Samsara has a website accessible to anyone with an internet connection where users can buy its products and have them shipped to them. That website is not specifically targeted to Alabama customers.

17.    Of Samsara's more than 20,000 customers, less than 2% have an Alabama address.

FURTHER AFFIANT SAYETH NOT.

_____
George Bonaci

Sworn and subscribed to before me, the undersigned, this the ⁷⁷ day of July, 2022, by

George Bonaci.

_____
Notary Public

[NOTARIAL SEAL]    My Commission expires: 11/07/2025

4



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  SCOTT BURNETT SMITH
     ssmith@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS (PR
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   LONG EARLE WALTER IV
      earle@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:   POOLE CALVIN III
      calvin@poolelaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:      8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART JOSEPH EDWARD BIS
     jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  ROGERS JANNEA SUZANNE
     jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
     bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PEARCE HUNTER WADE
hpearce@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  MCDANIEL RILEY ALEXANDER
     rmcdaniel@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  STEWART CHARLES ANDREW II
cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:    8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter was FILED on 8/30/2022 3:35:23 PM

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Notice Date:     8/30/2022 3:35:23 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    10/03/2022
Hearing Time:    09:00:00 AM          Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LONG EARLE WALTER IV
earle@longandlong.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    10/03/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: HICKMAN WALTON WARD
walton@longandlong.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:     10/03/2022
Hearing Time:     09:00:00 AM          Central Time
Location:         Lowndes County Courthouse

Notice Date:      8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  POOLE CALVIN III
    calvin@poolelaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

| | | |
|---|---|---|
| Hearing Date: | 10/03/2022 | |
| Hearing Time: | 09:00:00 AM | Central Time |
| Location: | Lowndes County Courthouse | |

Notice Date:   8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  PIPKIN WILLIAM EUGENE JR.
     bpipkin@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   10/03/2022
Hearing Time:   09:00:00 AM          Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  FREDERICK BRANDI BRANTON
bfrederick@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:     10/03/2022
Hearing Time:     09:00:00 AM                    Central Time
Location:         Lowndes County Courthouse

Notice Date:      8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: STEWART JOSEPH EDWARD BIS
jstewart@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:     10/03/2022
Hearing Time:     09:00:00 AM            Central Time
Location:         Lowndes County Courthouse

Notice Date:      8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: LEWIS RICHARD WAYNE
r-lewis@maplaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

| | | |
|---|---|---|
| Hearing Date: | 10/03/2022 | |
| Hearing Time: | 09:00:00 AM | Central Time |
| Location: | Lowndes County Courthouse | |

Notice Date:  8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:     10/03/2022
Hearing Time:     09:00:00 AM            Central Time
Location:         Lowndes County Courthouse

Notice Date:      8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICE BRUCE MILLER
bruce@ricericeyates.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   10/03/2022
Hearing Time:   09:00:00 AM            Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   10/03/2022
Hearing Time:   09:00:00 AM            Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: SMITH SCOTT BURNETT
ssmith@bradley.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    10/03/2022
Hearing Time:    09:00:00 AM          Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: PEARCE HUNTER WADE
hpearce@bradley.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:     10/03/2022
Hearing Time:     09:00:00 AM          Central Time
Location:         Lowndes County Courthouse

Notice Date:      8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: MCDANIEL RILEY ALEXANDER
rmcdaniel@bradley.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

| | |
|---|---|
| Hearing Date: | 10/03/2022 |
| Hearing Time: | 09:00:00 AM          Central Time |
| Location: | Lowndes County Courthouse |
| Notice Date: | 8/31/2022 8:51:10 AM |

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: STEWART CHARLES ANDREW II
cstewart@babc.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    10/03/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  DOWDY KENNETH ALDEN
kdowdy@geico.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

| | | |
|---|---|---|
| Hearing Date: | 10/03/2022 | |
| Hearing Time: | 09:00:00 AM | Central Time |
| Location: | Lowndes County Courthouse | |

Notice Date:    8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To: GADDY JEREMY SCOTT
jgaddy@clarkmayprice.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:    10/03/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Lowndes County Courthouse

Notice Date:     8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

Judge: ADRIAN D JOHNSON

To:  VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS (PR
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following matter is SET FOR HEARING

**D008 SAMSARA, INC.**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SMITH SCOTT BURNETT]

Hearing Date:   10/03/2022
Hearing Time:   09:00:00 AM              Central Time
Location:       Lowndes County Courthouse

Notice Date:    8/31/2022 8:51:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Volvo Group North America LLC
DBA Volvo Trucks % CT Corp Systems
2 North Jackson St. Ste 605
Montgomery, AL 36104

9590 9402 7526 2098 1000 37

2. Article Number (Transfer from service label)

7021 0950 0000 4357 7109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Julie
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Houston Ferguson   9/1/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

(D011
CV-22-9-34

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED
9/7/2022 10:00 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY ALABAMA

|  |  |
|---|---|
| **BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.** |
| | **10-CV-2022-900034.00** |
| **HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,** | **\*JURY TRIAL DEMANDED\*** |
| **Defendants.** | |

### HANSEN & ADKINS AUTO LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. 100)

COMES NOW Defendant, HANSEN & ADKINS AUTO LOGISTICS, INC. ("HAAL" or "Defendant"), and files this Answer to Plaintiff's Second Amended Complaint (Doc. 100) and responds as follows:

### Statement of the Parties

1.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint and therefore denies same.

2.     The allegations in Paragraph 2 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint and therefore denies same.

3.     The allegations in Paragraph 3 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint, including the allegations regarding the undefined term "Hansen," and therefore denies same.

4.     Defendant admits its principal place of business is in Los Alamotis, California and it is a citizen of California.  Defendant admits it changed its name from Harbor Auto Transport to Hansen & Adkins Auto Logistics, Inc. on December 20, 2021. Defendant admits Steven L. Hansen and Louie R. Adkins are officers of Defendant.  Defendant lacks sufficient information to admit or deny the allegations regarding the undefined term "Hansen," and therefore denies same. In addition to the express admissions and denials, the remaining allegations in Paragraph 4 of Plaintiff's Second Amended Complaint are denied.

5.     The allegations in Paragraph 5 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint, including the allegations regarding the undefined term "Hansen & Adkins," and therefore denies same.

6.     The allegations in Paragraph 6 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 6 of Plaintiff's Second Amended Complaint, and therefore denies same.

7.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7

of Plaintiff's Second Amended Complaint and therefore denies same.

8.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8

of Plaintiff's Second Amended Complaint and therefore denies same.

9.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9

of Plaintiff's Second Amended Complaint and therefore denies same.

10.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

10 of Plaintiff's Second Amended Complaint and therefore denies same.

11.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

11 of Plaintiff's Second Amended Complaint and therefore denies same.

12.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

12 of Plaintiff's Second Amended Complaint and therefore denies same.

## JURISDICTION

13.    The allegations in paragraph 13 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 13 of Plaintiff's Second Amended Complaint and therefore denies same.

14.    The allegations in Paragraph 14 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint, and therefore denies same.

15.     The allegations in Paragraph 15 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Second Amended Complaint, and therefore denies same.

16.     Denied.

17.     The allegations in Paragraph 17 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint and therefore denies same.

18.     The allegations in Paragraph 18 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint and therefore denies same.

19.     The allegations in Paragraph 19 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint and therefore denies same.

20.     The allegations in Paragraph 20 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint and therefore denies same.

21.    The allegations in Paragraph 21 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint and therefore denies same.

22.    The allegations in Paragraph 22 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint and therefore denies same.

23.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint and therefore denies same.

## STATEMENT OF FACTS

24.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint and therefore denies same.

25.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint and therefore denies same.

26.    The allegations in Paragraph 26 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint and therefore denies same.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

27.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint and therefore denies same.

28.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint and therefore denies same.

29.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint and therefore denies same.

30.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint and therefore denies same.

31.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint and therefore denies same.

32.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint and therefore denies same.

33.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint and therefore denies same.

34.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint and therefore denies same.

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

35.    Defendant adopts and realleges its responses to Paragraphs 1 – 34 of Plaintiff's Second Amended Complaint, by reference, as if set forth fully herein.

36.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 36 of Plaintiff's Second Amended Complaint and therefore denies same.

37.    Defendant denies all material allegations against it in paragraph 37 and denies any negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 37 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

38.    Defendant adopts and realleges its responses to Paragraphs 1 – 37 of Plaintiff's Second Amended Complaint, by reference, as if set forth fully herein.

39.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiff's Second Amended Complaint and therefore denies same.

40.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Second Amended Complaint and therefore denies same.

41.    Defendant denies all material allegations against it in paragraph 41 and denies any negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever

against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 41 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands

strict proof thereof.

## COUNT THREE
### (Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")

42.    Defendant adopts and realleges its responses to Paragraphs 1 – 41 of Plaintiff's

Second Amended Complaint, by reference, as if set forth fully herein.

43.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

43 of Plaintiff's Second Amended Complaint and therefore denies same.

44.    Defendant admits it is a freight shipping broker and its DOT number is 1312746.

Except as expressly admitted, the allegations in Paragraph 44 of Plaintiff's Second Amended

Complaint are denied and/or are not addressed to Defendant, thus no response is required by

Defendant.    To the extent Defendant is required to plead in response to these allegations in

Paragraph 44 that are not addressed to it, Defendant lacks sufficient information to admit or deny the

allegations and therefore denies same.

45.    Defendant denies breaching any duties owed to Plaintiffs.    The allegations in

Paragraph 45 of Plaintiff's Second Amended Complaint are legal conclusions to which no response

is required.    To the extent a responsive pleading is required, denied.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

46.    Defendant denies breaching any duties owed to Plaintiffs. The allegations in Paragraph 46 of Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a responsive pleading is required, denied.

47.    Denied.

48.    Denied.

49.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 49 of Plaintiffs' Second Amended Complaint and therefore denies same.

50.    Denied.

51.    Defendant denies all material allegations against it in Paragraph 51 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff' alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 51 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT FOUR
**(Direct Negligence and Wantonness – Hansen & Adkins Auto Transport "HAAT")**

52.    Defendant adopts and realleges its responses to Paragraphs 1-52 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

53.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint and therefore denies same.

54.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint and therefore denies same.

55.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint and therefore denies same.

56.    Defendant denies all material allegations against it in Paragraph 56 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 56 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## <u>COUNT FIVE</u>
### (Broker Liability – Hansen & Adkins Auto Logistics "HAAL")

57.    Defendant adopts and realleges its responses to Paragraphs 1-57 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

58.     Defendant denies breaching any duties owed to Plaintiffs.  The allegations in Paragraph 58 of Plaintiffs' Second Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, denied.

59.     Denied.

60.     Denied.

61.     Defendant denies breaching any duties owed to Plaintiffs.  The allegations in Paragraph 61 of Plaintiffs' Second Amended Complaint are legal conclusions to which no response is required.  To the extent a responsive pleading is required, denied.

62.     Denied.

63.     Defendant denies all material allegations against it in Paragraph 63 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 63 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## COUNT SIX
### (Negligence and Wantonness – Royal Truck)

64.     Defendant adopts and realleges its responses to Paragraphs 1-63 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

65.     The allegations in Paragraph 65 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 65, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

66.     The allegations in Paragraph 66 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 66, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

67.     The allegations in Paragraph 67 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 67, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

68.     The allegations in Paragraph 68 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 68, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

69.     The allegations in Paragraph 69 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

allegations in Paragraph 69, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

70.     The allegations in Paragraph 70 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 70, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

71.     The allegations in Paragraph 71 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 71, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

72.     The allegations in Paragraph 72 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 72, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

73.     Defendant denies all material allegations against it in Paragraph 73 of Plaintiff's

Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable

conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged

injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 73 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT SEVEN
### (AEMLD – Samsara)

74.    Defendant adopts and realleges its responses to Paragraphs 1-73 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

75.    The allegations in Paragraph 75 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 75, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

76.    The allegations in Paragraph 76 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 76, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

77.    The allegations in Paragraph 77 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 77, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

78.    Defendant denies all material allegations against it in Paragraph 78 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 78 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT EIGHT
### (Negligence and Wantonness – Samsara)

79.     Defendant adopts and realleges its responses to Paragraphs 1-78 of Plaintiff's Second

Amended Complaint by reference, as if set forth fully herein.

80.     The allegations in Paragraph 80 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 80, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

81.     The allegations in Paragraph 81 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 81, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

82.     The allegations in Paragraph 82 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 82, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

83.     Defendant denies all material allegations against it in Paragraph 83 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 83 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT NINE
### (Negligence and Wantonness – Takelu)

84.     Defendant adopts and realleges its responses to Paragraphs 1-84 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

85.     The allegations in Paragraph 85 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 85, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

86.     The allegations in Paragraph 86 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 86, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

87.    Defendant denies all material allegations against it in Paragraph 87 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 87 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT TEN
### (Respondeat Superior – Asmat)

88.    Defendant adopts and realleges its responses to Paragraphs 1-87 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

89.    The allegations in Paragraph 89 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 89, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

90.    The allegations in Paragraph 90 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 90, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

91.     Defendant denies all material allegations against it in Paragraph 91 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 91 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT ELEVEN
### (Direct Negligence and Wantonness – Asmat)

92.     Defendant adopts and realleges its responses to Paragraphs 1-91 of Plaintiff's Second Amended Complaint by reference, as if set forth fully herein.

93.     The allegations in Paragraph 93 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 93, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

94.     Defendant denies all material allegations against it in Paragraph 94 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 94 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT TWELVE
### (AEMLD – Volvo)

95.     Defendant adopts and realleges its responses to Paragraphs 1-94 of Plaintiff's Second

Amended complaint by reference, as if set forth fully herein.

96.     The allegations in Paragraph 96 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 96, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

97.     The allegations in Paragraph 97 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 97, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

98.     The allegations in Paragraph 98 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 98, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

99.     The allegations in Paragraph 99 of Plaintiff's Second Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 99, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

100.    The allegations in Paragraph 100 of Plaintiff's Second Amended Complaint do not require a response by Defendant. To the extent Defendant is required to plead in response to allegations in Paragraph 100, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

101.    Defendant denies all material allegations against it in Paragraph 101 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 101 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

## COUNT THIRTEEN
### (Negligence and Wantonness – Volvo)

102.    Defendant adopts and realleges its responses to Paragraphs 1-101 of Plaintiff's Second Amended complaint by reference, as if set forth fully herein.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

103.    The allegations in Paragraph 103 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 103, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

104.    The allegations in Paragraph 104 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 104, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

105.    The allegations in Paragraph 105 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 105, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

106.    The allegations in Paragraph 106 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 106, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

107.    The allegations in Paragraph 107 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to allegations in Paragraph 107, Defendant lacks information sufficient to admit or deny the allegations and therefore denies same.

108.    The allegations in Paragraph 108 of Plaintiff's Second Amended Complaint do not require a response by Defendant.  To the extent Defendant is required to plead in response to

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

allegations in Paragraph1086, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

109.    Defendant denies all material allegations against it in Paragraph 109 of Plaintiff's

Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable

conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged

injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the

Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies

Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 109 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## COUNT FOURTEEN
### (Uninsured/Underinsured Motorist Coverage – Geico and Amguard)

110.    Defendant adopts and realleges its responses to Paragraphs 1-109 of Plaintiff's

Second Amended Complaint by reference, as if set forth fully herein.

111.    The allegations in Paragraph 111 of Plaintiff's Second Amended Complaint do not

require a response by Defendant.  To the extent Defendant is required to plead in response to

allegations in Paragraph 111, Defendant lacks information sufficient to admit or deny the allegations

and therefore denies same.

112.    Defendant denies all material allegations against it in Paragraph 112 of Plaintiff's

Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

conduct. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 112 of

Plaintiff's Second Amended Complaint and therefore denies same.

113.    Defendant denies all material allegations against it in Paragraph 113 of Plaintiff's

Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable

conduct. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 113 of

Plaintiff's Second Amended Complaint and therefore denies same.

With regard to the unnumbered paragraph following Paragraph 113 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second

Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against

Defendant and demands strict proof thereof.

## ADDITIONAL DEFENSES

### First Defense

Defendant preserves all defenses pursuant to Rule 12(b) of the Alabama Rules of Civil

Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of

jurisdiction over the person; (c) venue; (d) insufficiency of process; (e) insufficiency of service of

process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party

under Rule 19.

### Second Defense

Defendant denies each and every material averment not previously admitted hereinabove and

demands strict proof thereof.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Third Defense

Defendant pleads the general issue.

### Fourth Defense

Defendant pleads the applicable statute of limitations.

### Fifth Defense

Defendant pleads all applicable defenses under Rule 8 of the Alabama Rules of Civil Procedure, including but not limited to: lack of standing, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, fraud, illegality, laches, license, payment, release, unclean hands, the statute of limitations, waiver, accord and satisfaction, ratification, acquiescence, recoupment, setoff, the doctrine of estoppel, equitable estoppel, judicial estoppel, administrative estoppel, ratification and/or acquiescence.

### Sixth Defense

Defendant denies it breached any legal duty allegedly owed to Plaintiff.

### Seventh Defense

Defendant denies it was guilty of negligence and/or wanton conduct on the occasion complained of and denies any negligence and/or wanton conduct on its part proximately caused said accident and/or Plaintiff's alleged injuries.

### Eighth Defense

Defendant denies there is any causal relationship between its alleged activities and the accidents and/or Plaintiff's alleged injuries.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Ninth Defense

The accidents and/or Plaintiff's alleged injuries were proximately caused by Plaintiff's negligence and/or negligence per se and/or the intervening acts and/or supervening of others on the occasion made the subject of this action.

### Tenth Defense

The accidents and Plaintiff's alleged injuries were the result of an efficient intervening and/or supervening cause or causes and/or were not proximately caused by any negligence and/or wantonness of Defendant; therefor Defendant pleads efficient intervening and/or supervening cause.

### Eleventh Defense

Plaintiff was guilty of contributory negligence and/or contributory negligence per se, which proximately caused the accidents and/or alleged injuries and damages complained of.

### Twelfth Defense

Plaintiff's claims are barred by assumption of the risk.

### Thirteenth Defense

Any injuries or damages Plaintiff may have sustained, as alleged in Plaintiff's Second Amended Complaint, to the extent not caused by Plaintiff's own negligence and fault, were proximately caused by the negligence, fault or actions of persons or entities other than Defendant, over whom Defendant had no control, and for whose negligence, fault and actions Defendant is not responsible.

### Fourteenth Defense

Plaintiff had the last clear chance to avoid the accident and/or accidents.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Fifteenth Defense

The subsequent negligence of Plaintiff and/or third parties cuts off any duty allegedly owed by Defendant and/or proximately caused the accident and/or accidents.

## Sixteenth Defense

The facts and circumstances surrounding the accidents made the basis of Plaintiff's Second Amended Complaint demonstrate Defendant had been placed in a sudden emergency due to no fault of Defendant; therefore, Plaintiff is not entitled to any recovery against Defendant under the Sudden Emergency Doctrine.

## Seventeenth Defense

Defendant did not engage in any conduct with a reckless or conscious disregard of the rights or safety of others.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate the claims of damages, the existence of such damages being hereby denied.

## Nineteenth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

## Twentieth Defense

Defendant denies Plaintiff has been injured to the nature and extent claimed in the Complaint and therefore contest damages.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## Twenty-First Defense

Plaintiff is not entitled to recover or collect any damages from Defendant, which were paid, or are payable by any collateral source. Further, Defendant claims a credit and set-off from any settlement or payment to Plaintiff from any co-Defendant or collateral source.

## Twenty-Second Defense

Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) in response to Plaintiff's punitive damage claims.

## Twenty-Third Defense

Defendant pleads Ala. Code § 6-11-21 (1975) (Cap) in response to Plaintiff's punitive damage claims.

## Twenty-Fourth Defense

Plaintiff's claims for damages and relief sought by Plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

## Twenty-Fifth Defense

Defendant denies that Plaintiff is entitled to a recovery of damages.

## Twenty-Sixth Defense

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Twenty-Seventh Defense

Defendant denies Plaintiff is entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

### Twenty-Eighth Defense

Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case and/or in accordance with the Court's scheduling order.

### Twenty-Ninth Defense

To the extent that they are not caused by or related to a physical injury, Plaintiff cannot recover of Defendant for mental anguish.

### Thirtieth Defense

Plaintiff has failed to name indispensable parties under Rule 19, ARCP.

### Thirty-First Defense

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

### Thirty-Second Defense

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

### Thirty-Third Defense

Plaintiff's claims are preempted by federal law, including without limitation, the Federal

Aviation Administration Authorization Act, 49 U.S.C. § 14501(c)(1) ("FAAAA").

### CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES

Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's

claim for punitive damages:

1.    The claim for punitive damages as sought by the Complaint violates the Fourteenth
      Amendment of the Constitution of the United States in that the procedures pursuant to which
      punitive damages are awarded failed to provide specific standards for the amount of an
      award of punitive damages thereby violating the defendants' rights of substantive due
      process.

2.    The claim for punitive damages as sought by the Complaint violates the Constitution of the
      State of Alabama in that the procedures pursuant to which punitive damages are awarded fail
      to provide specific standards for the amount of an award of punitive damages thereby
      violating the defendants' rights of substantive due process.

3.    Plaintiff should not recover punitive damages from the defendants for punitive damages
      violate the Constitution of the United States and the Constitution of the State of Alabama.

4.    Plaintiff should not recover punitive damages of Defendant for that the award of punitive
      damages violates due process afforded by the Fifth and Fourteenth Amendments to the
      United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State
      of Alabama.

5.    Plaintiff should not recover punitive damages of Defendant for that the assessment of
      punitive damages violates the equal protection clause of the Fourteenth Amendment to the
      United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State
      of Alabama.

6.    Plaintiff should not recover punitive damages of Defendant for that the assessment of
      punitive damages violates the equal protection clause of the Fourteenth Amendment to the
      United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State
      of Alabama.

7.    Plaintiff should not recover punitive damages of Defendant for that an assessment of
      punitive damages in excess of the amount that would be assessed under the criminal statutes

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.    Plaintiff should not recover punitive damages of Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.    Plaintiff should not recover punitive damages of Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10.    A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

11.    A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

12.    Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same

or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

13.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)    The award of punitive damages in this case constituted a deprivation of property without due process of law.

14.    Plaintiff's attempt to impose punitive damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.    The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

17.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

18.    Defendants avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

## MENTAL ANGUISH DEFENSES

1.    Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the follow grounds:

(a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(b)    The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(c)    Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(d)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages, or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

   (g) The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

   (h) Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages, or the determination of such damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

   (i) An award of such damages in this case would constitute a deprivation of property without due process of law.

   (j) The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

2. Plaintiff's claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of the Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

   (a) The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

   (b) The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

   (c) The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

   (d) An award of damages in this case would constitute a deprivation of property without due process of law.

   (e) The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of its rights of equal protection and due process.

(g)     The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors without regard to the respective enormity of alleged legal misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(h)     The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama Law with no predetermined limit and no guidelines of any sort on the amount of such damages that a jury may impose, violates this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

3.     Mental anguish damages are remote and metaphysical in nature; they are more sentimental than substantial; depending largely upon physical and nervous condition, the suffering of one under precisely the same circumstances would be no test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which any such injury can be justly compensated or even approximately measured; easily falls within all the objections to speculative damages, which are universally excluded because of their uncertain character, such damages are

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder or fact would be made to punish the Defendant and not to compensate the Plaintiff.

4.      The award of discretionary, compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages , and , it constitutes a deprivation of property without the due process of the law.

5.      Plaintiff's claim for mental anguish or emotional distress damages without accompanying physical or bodily injury is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

6.      The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, cannot be upheld, because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant. As such, these damages violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

7.      The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss. See, e.g., *Ala. Code Section 7-2-715; Lloyd Wood Coal Co. v. Clark Equipment Co.* 543 So.2d 671 (Ala. 1989), *Ford Motor Co. v. Rice,* 726 So.2d 626 (Ala. 1998), and *Ex parte Grand Manor, Inc.,* 778 So.2d 173 (Ala. 2000).

8.      The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation.  If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result.  See, e.g., *Restatement of the Law of Contracts,* Section 353.

## JURY TRIAL DEMANDED

s/ *William E. Pipkin, Jr.*
William E. Pipkin, Jr., Esq. (PIPKW5690)
Attorney for Hansen & Adkins Auto Logistics, Inc.

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com


s/ *Brandi B. Frederick*
Richard W. Lewis (LEW016)
Joseph E.B. Stewart (STE140)
Brandi B. Frederick (BRA121)
Attorneys for Hansen & Adkins Auto Logistics, Inc.


OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Phone: (205) 870-3767
Fax: (205) 870-3768
E-Mail: r-lewis@maplaw.com; jstewart@maplaw.com; bfrederick@maplaw.com

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

## CERTIFICATE OF SERVICE

I hereby certify that I have on September 7, 2022 served a copy of the above and foregoing on counsel for all parties by:

X    Using the Court's E-filing system which will send notification of such to the following:

Walton W. Hickman
Earle W. Long, IV
Jack Smalley, III
Long & Long, P.C.
P.O. Box 2746
Mobile, AL 36652
walton@longandlong.com;
earle@longandlong.com;
trip@longandlong.com
Attorneys for Dunnavant Plaintiff

Calvin Poole III, Esq.
Attorney for Plaintiff
Poole & Poole
P. O. Box 308
Greenville, AL  36037
Calvin@poolelaw.com
Attorney for Dunnavant Plaintiff

Kenneth A. Dowdy, Esq.
The Law Office of Kenneth A. Dowdy
2700 Rogers Drive, Ste. 204
Homewood, AL 35209
kdowdy@geico.com
Attorney for GEICO

Jannea S. Rogers, Esq.
Blake T. Richardson, Esq.
ADAMS AND REESE LLP
P. O. Box 1348
Mobile, AL 36633
jannea.rogers@arlaw.com
blake.richardson@arlaw.com

Scott Burnett Smith
Hunter W. Pearce
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
ssmith@bradley.com;
hpearce@bradley.com

Charles A. Stewart III
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com

Riley A. McDaniel (MCD082)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
rmcdaniel@bradley.com

Jeremy S. Gaddy, Esq.
Joseph R. Duncan, Jr., Esq.
Justin R. Nolen, Esq.
CLARK, MAY, PRICE, LAWLEY,
DUNCAN & PAUL, LLC
3070 Green Valley Road
Birmingham, AL 35243
jgaddy@clarkmayprice.com
jduncan@clarkmayprice.com
jnolen@clarkmayprice.com

Hansen & Adkins Auto Logistics Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

Via United States Mail, postage prepaid and properly addressed to the following:

State of Alabama Attorney General
500 Dexter Ave.
Montgomery, Alabama 36130-0001

**VOLVO GROUP NORTH AMERICA, LLC**
**d/b/a VOLVO TRUCKS NORTH AMERICA**
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, Alabama 36104

/s/ *Brandi B. Frederick*

Of Counsel



AlaFile E-Notice

10-CV-2022-900034.00

To: BRANDI BRANTON FREDERICK
bfrederick@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  VOLVO GROUP NORTH AMERICA LLC DBA VOLVO TRUCKS (PR
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To: SMALLEY JACK III
trip@longandlong.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  LONG EARLE WALTER IV
     earle@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  HICKMAN WALTON WARD
     walton@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  POOLE CALVIN III
     calvin@poolelaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

 **AlaFile E-Notice**

10-CV-2022-900034.00

To: PIPKIN WILLIAM EUGENE JR.
bpipkin@maplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:    9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:   STEWART JOSEPH EDWARD BIS
      jstewart@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:      9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:  LEWIS RICHARD WAYNE
     r-lewis@maplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To: ROGERS JANNEA SUZANNE
jannea.rogers@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:    9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

AlaFile E-Notice

10-CV-2022-900034.00

To:   RICE BRUCE MILLER
      bruce@ricericeyates.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:    9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  RICHARDSON BLAKE TUCKER
blake.richardson@arlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:      9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



AlaFile E-Notice

10-CV-2022-900034.00

To:  SMITH SCOTT BURNETT
     ssmith@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:    9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To:  PEARCE HUNTER WADE
hpearce@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To: MCDANIEL RILEY ALEXANDER
rmcdaniel@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To: STEWART CHARLES ANDREW II
cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:    9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



**AlaFile E-Notice**

10-CV-2022-900034.00

To: DOWDY KENNETH ALDEN
kdowdy@geico.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

**AlaFile E-Notice**

10-CV-2022-900034.00

To:  GADDY JEREMY SCOTT
     jgaddy@clarkmayprice.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

BRANDY LEE DUNNAVANT, AS THE CUSTODIAL PARENT, NEXT FRIEND AND LEGAL R
10-CV-2022-900034.00

The following answer was FILED on 9/7/2022 10:00:10 AM

Notice Date:     9/7/2022 10:00:10 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

ELECTRONICALLY FILED
9/7/2022 10:14 AM
10-CV-2022-900034.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY ALABAMA

| | |
|---|---|
| **BRANDY LEE DUNNAVANT, as the custodial parent, next friend, and legal representative of J.A.D. and N.P.D, minor children who are now deceased,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**HANSEN & ADKINS AUTO TRANSPORT, INC.; ROYAL TRUCK LEASING LLC; HANSEN & ADKINS AUTO LOGISTICS, INC.; JAMES B. WOODFORK, WOODFORK ENTERPRISES, INC.; ASMAT INVESTMENT, LLC; MAMUYE AYANE TAKELU; SAMSARA, INC.; GEICO CASUALTY COMPANY; AND AMGUARD INSURANCE COMPANY, et al.,**<br><br>      **Defendants.** | **CIVIL ACTION NO.**<br>**10-CV-2022-900034.00**<br><br>**\*JURY TRIAL DEMANDED\*** |

## ROYAL TRUCK LEASING LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. 100)

COMES NOW Defendant, ROYAL TRUCK LEASING LLC ("Royal" or "Defendant"), and files this Answer to Plaintiff's Second Amended Complaint (Doc. 100) and responds as follows:

### Statement of the Parties

1.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint and therefore denies same.

2.      The allegations in Paragraph 2 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

3.      Defendant admits it owned the 2020 Volvo Truck tractor/trailer involved in the accident.  Defendant admits it leased the 2020 Volvo Truck tractor/trailer to Hansen & Adkins Auto Transport, Inc.  Defendant admits Steven L. Hansen and Louie R. Adkins are its members, are resident citizens of California, and that Defendant is a citizen of California.  Defendant lacks sufficient information to admit or deny the allegations regarding the undefined term "Hansen," and therefore denies same. In addition to the express admissions and denials, the remaining allegations in Paragraph 3 of Plaintiff's Second Amended Complaint are denied.

4.      The allegations in Paragraph 4 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint, including the allegations regarding the undefined term "Hansen & Adkins," and therefore denies same.

5.      Defendant admits it leased the truck and trailer to Hansen & Adkins Auto Transport, Inc. Except as expressly admitted, the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint, and therefore denies same.

6.      The allegations in Paragraph 6 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Second Amended Complaint, and therefore denies same.

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint and therefore denies same.

8.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Second Amended Complaint and therefore denies same.

9.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint and therefore denies same.

10.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Second Amended Complaint and therefore denies same.

11.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Second Amended Complaint and therefore denies same.

12.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint and therefore denies same.

## JURISDICTION

13.     The allegations in paragraph 13 of Plaintiff's Second Amended complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint and therefore denies same.

14.     The allegations in Paragraph 14 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint, and therefore denies same.

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

15.    Defendant admits it leased the subject truck and trailer to Hansen & Adkins Auto

Transport, Inc. for a 5-year term.  Except as expressly admitted, the allegations in Paragraph 15 of

Plaintiff's Second Amended Complaint are denied.

16.    The allegations in Paragraph 16 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 16 of Plaintiff's Second Amended Complaint and therefore denies same.

17.    The allegations in Paragraph 17 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 17 of Plaintiff's Second Amended Complaint and therefore denies same.

18.    The allegations in Paragraph 18 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 18 of Plaintiff's Second Amended Complaint and therefore denies same.

19.    The allegations in Paragraph 19 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

required to respond, Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 19 of Plaintiff's Second Amended Complaint and therefore denies same.

20.    The allegations in Paragraph 20 of Plaintiff's Second Amended Complaint are not

addressed to Defendant, thus no response is required by Defendant.  To the extent Defendant is

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint and therefore denies same.

21.    The allegations in Paragraph 21 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant. To the extent Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint and therefore denies same.

22.    The allegations in Paragraph 22 of Plaintiff's Second Amended Complaint are not addressed to Defendant, thus no response is required by Defendant. To the extend Defendant is required to respond, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint and therefore denies same.

23.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint and therefore denies same.

## STATEMENT OF FACTS

24.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint and therefore denies same.

25.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint and therefore denies same.

26.    Defendant admits it owned the 2020 Volvo Truck tractor/trailer operated by Hansen & Adkins Auto Transport, Inc. Except as expressly admitted Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

27.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint and therefore denies same.

28.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint and therefore denies same.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint and therefore denies same.

30.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint and therefore denies same.

31.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint and therefore denies same.

32.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint and therefore denies same.

33.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint and therefore denies same.

34.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint and therefore denies same.

## COUNT ONE
### (Negligence and Wantonness – James B. Woodfork and Woodfork Enterprises, Inc.)

35.     Defendant adopts and realleges its responses to Paragraphs 1 – 34 of Plaintiff's Second Amended Complaint, by reference, as if set forth fully herein.

36.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 36 of Plaintiff's Second Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

37.    Defendant denies all material allegations against it in paragraph 37 and denies any

negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny

the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies

Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any

damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever

against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 37 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands

strict proof thereof.

## COUNT TWO
### (Respondeat Superior – Hansen & Adkins Auto Transport "HAAT")

38.    Defendant adopts and realleges its responses to Paragraphs 1 – 37 of Plaintiff's

Second Amended Complaint, by reference, as if set forth fully herein.

39.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

39 of Plaintiff's Second Amended Complaint and therefore denies same.

40.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

40 of Plaintiff's Second Amended Complaint and therefore denies same.

41.    Defendant denies all material allegations against it in paragraph 41 and denies any

negligent, wanton or otherwise actionable conduct and lacks sufficient information to admit or deny

the allegations regarding Plaintiff's alleged injuries, and therefore denies same. Defendant denies

Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

---

damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever

against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following paragraph 41 of Plaintiff's Second

Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Complaint,

and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands

strict proof thereof.

## COUNT THREE
**(Negligent Hiring, Training, Supervision, Retention – Hansen & Adkins Auto Transport "HAAT" and Hansen & Adkins Auto Logistics "HAAL")**

42.    Defendant adopts and realleges its responses to Paragraphs 1 – 41 of Plaintiff's

Second Amended Complaint, by reference, as if set forth fully herein.

43.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

43 of Plaintiff's Second Amended Complaint and therefore denies same.

44.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph

44 of Plaintiff's Second Amended Complaint and therefore denies same.

45.    The allegations in Paragraph 45 of Plaintiff's Second Amended Complaint are legal

conclusions to which no response is required.  To the extent a responsive pleading is required,

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiff's

Second Amended Complaint and therefore denies same.

46.    The allegations in Paragraph 46 of Plaintiff's Second Amended Complaint are legal

conclusions to which no response is required. To the extent a responsive pleading is required,

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 46 of Plaintiff's

Second Amended Complaint and therefore denies same.

Royal Truck Leasing Answer to Second Amended Complaint (Doc. 100)
Civil Action No. 10-CV-2022-900034.000
Plaintiff Dunnavant

47.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint and therefore denies same.

48.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 48 of Plaintiff's Second Amended Complaint and therefore denies same.

49.     Defendant admits it leased the tractor trailer to Hansen & Adkins Auto Transport, Inc. Except as expressly admitted, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 49 of Plaintiffs' Second Amended Complaint and therefore denies same.

50.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 50 of Plaintiffs' Second Amended Complaint and therefore denies same.

51.     Defendant denies all material allegations against it in Paragraph 51 of Plaintiff's Second Amended Complaint and further denies any negligent, wanton, or otherwise actionable conduct and lacks sufficient information to admit or deny the allegations regarding Plaintiff' alleged injuries, and therefore denies same. Defendant denies Plaintiff is entitled to the relief requested in the Complaint, Defendant denies it is liable for any damages claimed by Plaintiff, and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.

With regard to the unnumbered paragraph following Paragraph 51 of Plaintiff's Second Amended Complaint, Defendant denies Plaintiff is entitled to the relief requested in the Second Amended Complaint and further denies Plaintiff is entitled to any recovery whatsoever against Defendant and demands strict proof thereof.